UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Hon. Thomas L. Ludington<br>United States District Judge |
| v. | |
| JAMES D. PIERON, JR., | Hon. Patricia Morris<br>United States Magistrate Judge |
| Defendant. | |
| _____/ | |

Bill of Particulars

To demonstrate that James D. Pieron, Jr., willfully attempted to evade paying the federal income taxes he owed for 2008 and 2009, and that he committed affirmative acts of evasion in furtherance of his attempt to evade his tax obligations, the government intends to present evidence of the following at trial:

1.  For several years, including 2008 and part of 2009, James D. Pieron, Jr., was a U.S. citizen residing in Switzerland and, as such, was required to annually report to the IRS if he had any foreign bank accounts, but he failed to file those reports while he was living in Switzerland.

2.  For several years, including 2008 and part of 2009, James D. Pieron, Jr., was a U.S. citizen residing in Switzerland and, as such, was required to annually file federal income tax returns and pay the taxes owed on his income.

1

Between 1998 and 2009, while Pieron lived in Switzerland, the only federal income tax return that Pieron filed was for the year 2000. He reported on that return that he had negative income and no tax due.

3. Pieron received taxable income in 2008, for which federal income tax was due and owing on April 15, 2009. Pieron did not timely file a federal income tax return for 2008, request an extension, nor timely pay any federal income tax owed by him. Pieron had the means to pay his federal income tax for 2008 because he had received approximately $10,000,000 between December of 2006 and April of 2007, and $5,250,000 between December of 2008 and May 2009. He had sufficient funds available in April 2009 to pay his tax liability for 2008.

4. In July of 2009, Pieron completed and submitted an application to open a personal account with Peregrine Financial Group, Inc., on which Pieron stated that he did not have a social security identification number and that he was not a U.S. citizen. In connection with his application to open the same account, Pieron submitted an IRS form W8BEN from which he withheld his social security number and on which he stated falsely, but subject to the penalty for perjury, that he was "not a U.S. person."

5. In November of 2009, Pieron wired $750,000 from a Swiss bank account held by a business that was solely-owned by Pieron to an account at a bank

2

in Mount Pleasant, Michigan held by IB Technologies, Inc., another business owned by Pieron.

6.     Also in November of 2009, Pieron filed his federal income tax returns for tax years 2001, 2003, 2004, 2005 and 2006, and paid taxes, penalties and interest totaling approximately $10,000, based on those returns.

7.     Throughout 2009, Pieron received personal income for which federal income tax was due and owing on April 15, 2010.  Pieron did not timely file a federal income tax return for 2009, request an extension, nor timely pay any federal income tax owed by him.  Rather, throughout 2010 and 2011, Pieron chose to spend money that he could have used to pay his federal income taxes to make optional expenditures, such as to invest in his business interests, engage in luxury travel costing over $200,000, buy a $38,000 piano, purchase a new Volkswagen and spend $20,000 on wine.  Pieron used a bank account for one of his businesses, Komplique, Inc., to pay many of these expenses, including his Volkswagen, piano, and wine purchases.

8.     On April 15, 2010, the date that his 2009 income tax return was due, Pieron transferred $65,000 between two personal bank accounts, but did not use any of the funds to pay the taxes he owed at that time.

9. In April of 2010, Pieron transferred $250,000 from IB Technologies, Inc., to his personal bank account and then transferred $250,000 from his personal account to Navitas Investments, LLC.

10. At various times in 2010, Pieron made wire transfers from Swiss bank accounts to his personal bank account in Mt. Pleasant, Michigan. Pieron did not use the funds to pay his tax liabilities. Rather, in August 2010, he transferred over $100,000 to Navitas Investments, LLC.

11. In November of 2010, approximately five weeks before he filed his 2008 and 2009 returns, Pieron withdrew approximately $820,000 from one of his personal foreign bank accounts. Later in November of 2010, Pieron transferred $800,000 from his personal Swiss bank account to an account in Mount Pleasant, Michigan, for his solely owned business entity, Komplique, Inc.

12. In June of 2010, Pieron contacted American Tax Solutions, Inc., seeking assistance in the preparation of his tax returns for 2007, 2008 and 2009. Pieron provided spreadsheets, rather than source documents, to ATSI for use in preparing those tax returns. Based on the information provided by Pieron, ATSI prepared income tax returns for Pieron for tax years 2007, 2008 and 2009.

13. In January of 2011, Pieron signed and mailed his 2007, 2008 and 2009 federal income tax returns to the IRS. All of his income tax returns showed that he

owed federal income taxes, but Pieron only paid the taxes that he claimed he owed for 2007, despite having funds available to pay his taxes for 2008 and 2009.

14. Shortly before he filed his 2007, 2008 and 2009 returns, Pieron retained the services of Kim Pavlik, a CPA with an accounting firm in Saginaw, Michigan. Pieron gave Pavlik spreadsheets with information that was different from the information that was on the spreadsheets Pieron had provided to ATSI. The spreadsheets that Pieron provided to Pavlik also did not include information about Pieron's foreign bank accounts.

15. In February of 2011, the IRS issued a Notice of Balance Due to Pieron for his 2008 and 2009 income tax liability. At that time, Pieron had approximately $1 million in the bank accounts for IB Technologies, Inc., and Komplique, Inc., in addition to money in his personal account, but Pieron did not pay any part of the taxes he owed to the U.S. for 2008 or 2009.

16. In July and August of 2011, Pieron received shareholder loan repayments totaling over $427,000 from IB Technologies, Inc.  Pieron deposited $350,000 of that money into his account for Komplique, Inc.  Pieron deposited most of the remaining money into his personal accounts at multiple banks.

17. In January of 2012, Pieron signed and submitted to the IRS amended tax returns for 2008 and 2009, both of which reported that he owed income tax for those years, but he did not submit any payment to the IRS with those returns.

Instead, Pieron submitted to the IRS a request for an installment agreement and acknowledged that he owed $444,880 for his 2008 and 2009 federal income taxes. Pieron's request for an installment agreement included a collection information statement on which Pieron only reported an interest in one vehicle, a Volkswagen, claimed that he had $3,500 in bank accounts, and valued his equity interest in Komplique, Inc. and Navitas Investments, LLC at $1,000 per entity. At that time, Pieron's equity interests in Komplique, Inc. and Navitas Investments, LLC, was far more than $1,000 per entity. When Pieron filed his collection information statement, the bank accounts for Komplique, Inc. held over $200,000. Pieron also failed to report that he had an interest in and use of a Mercedes Benz that he had purchased in 2009 for over $100,000 and titled in the name of Komplique, Inc.

18. In the spring of 2012, Pieron gave Pavlik a new spreadsheet that included incomplete information about Pieron's foreign bank accounts. In May of 2012, Pavlik mailed Pieron unsigned Foreign Bank Account Reports with instructions for Pieron to sign and file the reports with the IRS. Pieron did not file the reports until after he learned he was under criminal investigation. The reports that Pieron eventually did file with the IRS disclosed a bank account that Pieron had not included on the spreadsheet that he gave to Pavlik in the spring of 2012. On his FBAR report for 2009, Pieron falsely stated that the maximum balance in a

Swiss bank account for one of his businesses was $250,000 during 2009. In fact, the maximum balance in that account was at least $749,975 in 2009.

19. In April 2014, Pieron submitted to the IRS an offer in compromise for his personal income taxes for 2007 to 2011, offering to pay a total of $30,000 to satisfy his tax liabilities for all of those years. Pieron's offer in compromise included a collection information statement on which Pieron did not fully disclose his assets and a supplemental statement that contained false and misleading information.

The government reserves the right to amend this voluntarily filed bill of particulars.

Respectfully submitted,

Date: August 1, 2018

Matthew Schneider
United States Attorney

s/Jules M. DePorre
Jules M. DePorre (P73999)
Assistant U. S. Attorney
600 Church Street
Flint, Michigan 48502-1280
(810) 766-5026
jules.deporre@usdoj.gov

s/Janet L. Parker
Janet L. Parker (P34931)
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
janet.parker2@usdoj.gov

Certificate

On August 1, 2018 I filed the above document by using the Clerk of the Court's ECF system. The ECF system will automatically serve counsel of record.

s/Janet L. Parker