## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

         CASE NO. 18-20489
*Plaintiff,*

         DISTRICT JUDGE THOMAS L. LUDINGTON
*v.*         MAGISTRATE JUDGE PATRICIA T. MORRIS

JAMES D. PIERON, JR.,

     *Defendant.*

_____/

## CRIMINAL TRIAL NOTICE, SCHEDULING ORDER, AND ORDER DETERMINING EXCLUDABLE DELAY

The purpose of this order is to:

  (1)  Provide for Discovery and Inspection of Documents;
  (2)  Establish a Plea Cut-off Date;
  (3)  Establish a Motion Cut-off Date;
  (4)  Set Guidelines for Other Pretrial Matters; and
  (5)  Set a Final Status Conference and Trial Date.

This order is also intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses.  To the extent it is in conflict with any administrative order, this order shall govern.

The following deadlines shall apply in this case:

| | |
|---|---|
| Motion Cutoff: | **October 31, 2018** |
| Plea Cutoff: | **November 7, 2018** |
| Motion Hearing Date: | **Will be set if motions are filed** |
| Witness Lists, Proposed Voir Dire Jury Instructions, List of Exhibits: | **1 week prior to trial** |
| Final Pretrial Conference: | **November 14, 2018 at 4:00 p.m.** |
| Trial Date and Time: | **December 4, 2018 at 8:30 a.m.** |

## 1.   PLEA HEARING

Criminal defendants have the option of consenting to entering a plea of guilty before Magistrate Judge Patricia T. Morris on the plea hearing date established on page one of this order. It is the Court's preference that all plea acceptance hearings be held before Magistrate Judge Morris.

Magistrate Judge Morris will submit a report and recommendation addressing the defendant's plea of guilty. After the time period for objections has expired, Judge Ludington will review the report and recommendation and will have a transcript of the plea hearing available for review. If Judge Ludington adopts the report and recommendation on the defendant's plea of guilty, any sentencing recommendation or agreement will then be taken under advisement until sentencing.

A sample copy of the consent form is attached to this document. Defense counsel is to notify Judge Morris and the Assistant U.S. Attorney **no later than 48 hours before the plea hearing date** as to whether the defendant will or will not consent to plea before Magistrate Judge Morris. An executable consent form will be furnished to defense counsel by the United States Attorney's office when a written Rule 11 Agreement has been completed.

To facilitate this process, it is **ORDERED** that upon the filing of a consent signed by the defendant, defense counsel, and counsel for the government, this case is **REFERRED** to Magistrate Judge Morris to:

    A.    conduct a plea hearing pursuant to Federal Rule of Criminal Procedure 11.

    B.    issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3), making the following findings:

        i.    whether the Defendant is competent to enter a plea;

        ii.    whether the Defendant knowingly and voluntarily wishes to enter a plea to the charge(s);

iii.     whether the Defendant understands the charge(s); and

iv.     whether the Court should accept the plea of guilty.

The plea hearing date contained in this scheduling order is not a hearing date.  It is the responsibility of the attorneys to contact Magistrate Judge Morris's Chambers to schedule a plea hearing before the plea cutoff.  The case manager, Kristen Castaneda, can be reached at 989-894-8821.

## 2.     ATTORNEY CONFERENCE AND DISCLOSURE

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy.

*Upon the request of defense counsel, government counsel shall:*

A.     Provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1); and

B.     Permit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972).  A list of such evidence shall be prepared and signed by all counsel.  Copies of the items which have been disclosed shall be initialed or otherwise marked.

Nothing in this order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

## 3.     DISCLOSURE DECLINED

If counsel for the government determines that it would be detrimental to the government's interest to make any of the disclosures set forth in **Section 2 - Attorney Conference and Disclosure**, the government must file a motion within fourteen days of the

arraignment seeking relief from this order and setting forth the specific reasons for the relief sought.

**4**.    **CONTINUING DUTY**

The duty to disclose is continuing, even throughout trial.

**5**.    **DISCOVERY BY THE GOVERNMENT**

This order is not designed to preclude discovery by the government under the Federal Rules of Criminal Procedure or to alter Defendant's obligation, if any, under Rule 16(b).

**6.   E-FILING**

A.    **Mandatory E-Filing**.  All attorneys must obtain a PACER account and become a registered user of allow participation in the Case Management/Electronic Case Filing (CM/ECF) system.  All attorneys should familiarize themselves with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.  Except as specified otherwise in this Court's ECF Policies and Procedures, or by other court order, all papers (not simply cases) filed after November 30, 2005, ***must be filed electronically***.

B.    **Courtesy Copies**.  Attorneys shall furnish to chambers paper copies of **appendices** in support of motions that have been e-filed, limited to the following material: (1) exhibits that contain materials that cannot be adequately understood in copied form (e.g., color photographs, color graphs and charts; and (2) appendices that exceed 50 pages in length.  Paper copies of appendices may be sent by ordinary mail posted within one (1) business day of the e-filing date to Judge Ludington's attention at 1000 Washington Avenue, Room 214, P.O. Box 913, Bay City, Michigan 48706.

C.    **Submitting Documents to Chambers**.  Any document required to be "submitted to chambers" as opposed to "filed with the Court" shall be accomplished through CM/ECF via the "proposed order" link located under the Utilities section.  All documents

should be submitted in either Word or WordPerfect version and should comply with the requirements set forth in Local Rule 5.1.

       D.    **Privacy Protection for Filings Made With the Court**.  Please note that Federal Rule of Criminal Procedure 49.1 requires the parties to redact certain information, including but not limited to social-security numbers and birth dates, from electronic or paper filed documents.  It is the parties' responsibility to maintain compliance with this rule and neither the Clerk's Office nor the Court reviews papers to ensure personal information has not been made public.

## 7.    INITIAL SCHEDULING CONFERENCE

An initial scheduling conference was held **August 3, 2018**.

The current maximum trial date in this case is **December 10, 2018**. Judge Ludington has set a plea cutoff date of **November 7, 2018**, and a trial date of **December 4, 2018**. Since the discovery material has not yet been provided, and taking into consideration the amount of material that will need to be reviewed, Defense counsel stated that additional time will be needed to receive and review the discovery material and discuss with Defendant how best to proceed in this matter. Government counsel did not oppose the request, and both counsel agreed that this additional time be deemed an "interest of justice" excludable delay for purposes of the Speedy Trial Act. The Court finds this to be a reasonable request and further finds that the ends of justice served by a continuance outweigh the best interests of the public and Defendant in a speedy trial.  Accordingly, **IT IS ORDERED** that the time period from **October 9, 2018**, to **December 4, 2018**, be excluded for the purpose of computing the time limits under §3161(g), pursuant to 18 U.S.C. § 3161(h)(7)(A).

## 8.    MOTIONS

All pre-trial motions are to be filed on or before **October 31, 2018**.

9.      **JURY SELECTION**

The parties are reminded of the availability of the Magistrate Judge to conduct jury selection.  If the parties wish to proceed with selection before the undersigned Magistrate Judge, the consent form must be signed by all parties and submitted to Judge Ludington's chambers for approval and referral.

10.     **EXHIBITS**

A.      <u>**Marking of Exhibits**</u>

Counsel are required to mark all proposed exhibits in advance of trial.  The preferred method is to use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used by each party.  Numbers used by one party shall not be used by other parties.

B.      <u>**List of Exhibits**</u>

A list of proposed exhibits shall be submitted directly to Judge Ludington's chambers by each of the parties one week prior to trial.  However, no later than one (1) week before the final status conference, each party shall make available for inspection all exhibits which that party will introduce at trial.  This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

C.      <u>**Foundation for Exhibits**</u>

When a party has inspected an exhibit which the opposing party intends to introduce in evidence, the foundation for its receipt into evidence will be deemed established unless the objecting party files a notice with the Court at or before the final status conference that the foundation for admission into evidence of the exhibit will be contested.

D.     **Objections to Exhibits**

This order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of foundation.

E.     **Scientific Analysis**

When a defendant has been made aware of the existence of the scientific analysis of an exhibit, the results of the analysis and the opinion of the scientist will be admitted into evidence unless the defendant files a motion with the Court by the date of the final status conference, that the scientific analysis of the exhibit will be contested.  The motion shall state whether the expert is desired as a witness at the hearing to be scheduled on the motion.

F.     **Custody and Record of Admitted Exhibits**

Counsel are required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during and after trial.

G.     **Voluminous Exhibits**

If exhibits are voluminous, exhibits used for each witness should be bound separately and binders should be provided to the Court and each juror.

H.     **Preparing Exhibits For Jury Deliberation**

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.  Such exhibits should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

I.     **Full Disclosure**

The Court requires full disclosure to opposing counsel of demonstrative evidence, computer generated visual or animated evidence, and the full disclosure of underlying data at least one week before the start of trial.

J.   **Publication of Exhibits During Trial**

The Court encourages parties to use electronic projection to publish exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously.  Parties are responsible for providing equipment for such purpose.  If photographs and documentary exhibits are not published electronically, then the party must prepare exhibit books for the Court and each juror.  Whether or not exhibits are published electronically, a separate exhibit book should be prepared and made available to a witness who is to be questioned about an exhibit.

Should either party require assistance with electronic exhibits or electronic evidence, please contact the Court's Information Technology Department at 313-234-2618 or 313-234-5537.

K.   **Penalty**

Failure to abide by the provisions of this order may preclude the introduction of exhibits by the offending party at trial.

**11**.   **WITNESS LIST**

One week prior to trial each party shall submit directly to Judge Ludington's chambers a list of witnesses, described by name and description, which it reasonably anticipates will be called to testify at trial, noting the approximate amount of time the party anticipates will be needed for the proponent's examination of each witness.  The list shall have attached to it a statement that the list has been served on opposing counsel.  This list and proof of service are **NOT** to be electronically filed or otherwise submitted to the Clerk's Office.

**12**.   **JURY INSTRUCTIONS**

The parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.  One week prior to trial, the parties are to submit directly to Judge Ludington's

chambers a single set of proposed instructions and any objections or commentary.  All proposed jury instructions are to be submitted to chambers in typewritten form (double spaced) compatible with WordPerfect version 12.0; each instruction shall contain references to authority (*e.g.*, "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page.  In addition, each party shall separately submit directly to Judge Ludington's chambers any additional proposed instruction (in the same form) to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

One week before the first day of trial, Defendant shall also furnish to the Court the "defense theory" (*see* Sixth Circuit Pattern Jury Instructions 6.01) if the Defendant desires such an instruction.  The defense theory is to be submitted in typewritten form (double spaced) compatible with Word or WordPerfect.

**13**.   **VOIR DIRE**

In jury cases, the Court will conduct the initial voir dire.  Counsel may be permitted to question prospective jurors.

**14**.   **JUROR NOTE TAKING**

Jurors will be allowed to take notes but will receive limiting instructions.

**15.   ALTERNATE JURORS**

If more than twelve (12) jurors are selected, alternate jurors shall be removed by lot at the conclusion, unless a party objects to this process at or before the final status conference. If objections are made, the last jurors drawn during the selection process shall be deemed the alternate jurors.

**16**.   **BENCH TRIAL**

In bench trials, proposed findings of fact and conclusions of law must be submitted at the commencement of trial.

**17**.   **CONTINUANCES**

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses.  Please notify this Court if Court intervention is necessary to secure witness attendance.  Otherwise, witnesses will be expected to be available when called.

**18**.   **FINAL PRETRIAL CONFERENCE**

At the final pretrial conference counsel shall be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

A.   Anticipated evidentiary issues;

B.   Length of trial;

C.   Stipulations which may make it unnecessary to call foundation witnesses;

D.   Stipulations which may make it unnecessary to prove facts that are uncontested;

E.   Stipulations which may make it unnecessary to admit certain exhibits;

F.   Peremptory challenges; and

G.   Special arrangements (handicapped parties/witnesses, A/V needs, interpreters, etc.).

**PLEASE NOTE: At the final pretrial conference, the Court will request an outline of any effective plea offers by the Assistant United States Attorney and solicit Defendant and his/her counsel's confirmation that a plea offer was rejected.**

Date: August 3, 2018                              S/ KRISTEN R. CASTANEDA
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## <u>CERTIFICATION</u>

I hereby certify that this Order was electronically filed on this date using the Court's CM/ECF system, which serves a copy on all counsel of record.

Date:  August 3, 2018                          By s/ Kristen Castaneda
                                               Case Manager

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| Exhibit No. | Description | Date Offered | Objected To | Received |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA

          CASE NO.

*v.*

          DISTRICT JUDGE THOMAS L. LUDINGTON
          MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/


## CONSENT TO ENTER GUILTY PLEA
## <u>BEFORE A UNITED STATES MAGISTRATE JUDGE</u>

The Defendant voluntarily consents to permit United States Magistrate Judge Morris to

conduct a plea hearing according to the procedures outlined in Rule 11 of the Federal Rules of

Criminal Procedure.  The Defendant understands that if the plea of guilty is accepted by United

States District Judge Ludington, Judge Ludington will decide whether to accept or reject any

Rule 11 plea agreement and will adjudicate guilt and impose sentence.


_____         Date:  _____
Defendant


_____         Date:  _____
Defense Counsel


_____         Date:  _____
Assistant U.S. Attorney

MIED (Rev. 01/16) Consent to Jury Selection Proceedings Being Conducted by U.S. Magistrate Judge – CRIMINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                Plaintiff,                 Case No.

v.                                         Honorable

                                         Magistrate Judge

                Defendant(s).

_____/

**CONSENT TO JURY SELECTION PROCEEDINGS
BEING CONDUCTED BY UNITED STATES MAGISTRATE JUDGE**

      In accordance with E.D. Mich. LR 72.1(a)(2)(I), the parties in this case hereby voluntarily waive their right to jury selection being conducted by the District Judge to whom this case is assigned, and consent to this proceeding being conducted by a Magistrate Judge.

_____    _____
Counsel for Plaintiff(s)                       Counsel for Defendant

                                            _____
                                            Defendant

**ORDER OF REFERENCE**

      In accordance with the foregoing consent of the parties, and pursuant to the Local Rule,

      IT IS ORDERED that jury selection proceedings shall take place before United States Magistrate Judge _____ on _____ at _____.

Date: _____            _____

                                              United States District Judge