# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 1:18-cr-20489 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JAMES D. PIERON, JR., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr., by and through undersigned counsel, and respectfully moves this Honorable Court to dismiss the Indictment of July 18, 2018. The Indictment must be dismissed for failure to comply with Federal Rules of Criminal Procedure 7(c)(1) and 7(c)(2), and the constitutional requirements embodied therein, as argued in detail in the Memorandum in Support of Motion to Dismiss Indictment filed herewith.

Respectfully submitted,

MINNS & ARNETT

 /s/ Ashley Blair Arnett
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

**Page 1**

Kenneth R. Sasse, PLLC

Kenneth R. Sasse
State Bar. No. P24365
27 E. Flint Street, 2nd Floor
Lake Orion, Michigan 48362
Telephone: (248) 821-7325

***Attorneys for James Pieron, Jr.***

## CERTIFICATE OF CONFERENCE

On October 12, 2018 undersigned spoke with Janet Parker, AUSA. The Government is opposed to this Motion.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett

**Page 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS INDICTMENT**

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr. ("Defendant" or "Pieron"), by and through undersigned counsel, and submits this Memorandum in Support of Motion to Dismiss Indictment filed herewith. The Indictment of July 18, 2018 must be dismissed for failure to comply with Federal Rules of Criminal Procedure 7(c)(1) and 7(c)(2), and the constitutional requirements embodied therein.

**BACKGROUND**

On July 18, 2018, Pieron was charged with tax evasion in a single count indictment. The indictment consists of one sentence:

> From approximately April 2009 and continuing to present, in the Eastern District of Michigan and elsewhere, James D. Pieron, Jr., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. § 7201.

(Indictment of 07/18/18.)

Pieron was arraigned on August 1, 2018, thirteen days after his indictment on July 18, 2018.

## ARGUMENT

I. THE INDICTMENT DOES NOT STATE THE ESSENTIAL ELEMENTS OF THE CRIME.

    A. <u>An Indictment Must Be Sufficiently Specific to Inform the Defendant of the Nature of the Charges; This Indictment Is Defective for Failure To Include All Elements of the Charged Crime</u>.

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged," and failure to state the essential elements of the indicted crime requires its dismissal. *Russell v. United States*, 369 U.S. 749 (1962) (reversing defendants' convictions where indictment insufficiently informed them of the allegations against them). An indictment is only considered sufficient if it (1) identifies the elements of the crime; (2) fairly informs the criminal defendant of the charge, so that he or she may prepare a defense; and (3) enables the defendant to evaluate if there is a double jeopardy problem. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Conversely, an indictment is insufficient if it does not provide the defendant with a reasonable measure of certainty as to the nature of the purported crime, even if the indictment follows or quotes the statute, "unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Russell*, 369 U.S. at 765. As the Supreme Court stated in *Russell*:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand

jury which indicted him.

*Id.* at 770. The rule that the indictment must charge every essential element of the crime in question is also set out in Rule 7 of the Federal Rules of Criminal Procedure, which provides in pertinent part:

(c) Nature and Contents.

(1) In General. The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.…

Fed. R. Crim. P. 7(c)(1). Adherence to this Rule is a constitutional requirement. *Fountain v. United States*, 953 F. Supp. 836, 842 (E.D. Mich. 1996) (two-pronged test stated in *Russell* is required in order to pass constitutional muster).

If an indictment charges tax evasion, it must include the 26 U.S.C. § 7201 elements. The government must demonstrate the existence of a tax deficiency, that the defendant acted willfully, and that the defendant took an affirmative step to elude or defeat the payment of tax. "In order to convict a defendant under § 7201, the government must show beyond a reasonable doubt: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or an attempted evasion of the tax." *United States v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997).

When the court examines an indictment for dismissal based on insufficiency, it asks whether the defendant has been adequately put on notice of the purported crime.

Page 3

> In reviewing an indictment this court "must ask whether the omission complained of deprives the defendant of one of the protections which the guaranty of a grand jury indictment was meant to ensure." To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime. Whether an indictment adequately alleges the elements of the offense is a question of law subject to de novo review.

*United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176–77 (6th Cir. 1992). In determining whether the indictment's requirements have been met to inform the defendant of the offense, the courts use "a common sense construction." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (citations omitted). The Sixth Circuit Court of Appeals made clear in *Superior Growers* that "[a] bill of particulars cannot cure a legal deficiency; rather the proper result is dismissal of the indictment." *Id.*, 982 F.2d at 177. *See also United States v. Sturman*, 951 F.2d 1466 (6th Cir. 1991) (providing the defendant with a bill of particulars fails to save any deficiencies in the indictment). *Cf. United States v. Hunter*, 843 F. Supp. 235, 253 (E.D. Mich. 1994) (ordering, in answer to motion for bill of particulars, that government provide defendants with the specific statute on which the indictment was based).

These well-established principles apply to the Court's analysis in the present Motion to Dismiss. The one-sentence Indictment of July 18, 2018 does not set forth all elements of tax evasion and is wholly inadequate to provide Pieron of any measure of certainty as to the purported crime with which he is charged. Pieron is not informed of the tax he allegedly attempted to evade. Pieron is not informed of a single affirmative act. The Government makes a general statement that Pieron willfully attempted to evade and defeat the payment of income taxes for calendar years 2008 and 2009, even though both years are well past the statute of limitations. The Indictment says "by committing further affirmative acts of evasion" and

"approximately April 2009 and continuing to present."[1] What further affirmative acts? Reading the single-sentence Indictment, Pieron is unable to sufficiently ascertain the nature of the case against him and is unable to adequately prepare, or even begin to prepare, his defense. The Indictment begs more questions than it provides answers. The Government, on August 1, 2018, apparently indicating its understanding of the insufficiency of its July 18, 2018 Indictment, filed a document labeled "Bill of Particulars" with a library of alleged facts. Were any of these alleged facts submitted to the Grand Jury? The current record and the Indictment itself give us no clue. Regardless, nearly all of the numerous allegations do not appear in the Indictment; some appear to have little or no reference to the Indictment. In essence, the Government implies by its "Bill of Particulars" its own recognition that the Grand Jury's Indictment is not only inadequate, it is irrelevant. What is clear is that this "Bill of Particulars" cannot save the deficient Indictment.

The law pertaining to the sufficiency of an indictment requires dismissal of the Indictment here.

    B.    <u>The Indictment Is Insufficient in that It Does Not Describe the Government's Method of Proof</u>.

To prove a substantial tax due and owing in a tax evasion case, the United States may use the specific method of proof or a judicially approved indirect method of proof such as: net worth method of proof, the expenditures method of proof, the bank deposits method of proof, and in very limited circumstances, a hybrid. *Holland v. United States*, 348 U.S. 121 (1954); *United States v. Hart*, 70 F.3d 854, 860 (6th Cir. 1995). The use of indirect methods of proof requires careful scrutiny by the courts because circumstantial methods of proof impose hazards to the

---

[1] By representing to this Court that Pieron is "continuing to present" to evade and defraud, the Government appears to be arguing for an unlimited statute of limitations—or one that doesn't expire until at least up to July 18, 2018, which is the date the Government indicted Pieron.

innocent: "[T]he net worth method … require[s] the exercise of great care and restraint … Trial courts should approach these cases in the full realization that the taxpayer may be ensnared in a system which, though difficult for the prosecution to utilize, is equally hard for the defendant to refute." *Holland*, 348 U.S. at 129.  For this reason as well, "[c]harges should be especially clear, including, in addition to the formal instructions, a summary of the nature of the net worth method, the assumptions on which it rests, and the inferences available both for and against the accused." *Id.*

It is critical for a criminal tax defendant to be apprised of the method of proof on which the Government relies so that he or she can adequately prepare a defense.  Here, the Indictment does not put Pieron on notice as to which method of proof the Government is relying on.  Because Pieron is not informed of the Government's method of proof—much less the amount of tax due and owing, or the affirmative acts of evasion that were ostensibly committed—there is an unfair risk of surprise to Pieron.  The Indictment must be dismissed.

## II.     THE INDICTMENT MUST BE DISMISSED BECAUSE IT IS OUTSIDE OF THE STATUTE OF LIMITATIONS.

Statutes of limitations protect important public policy concerns. They are the primary guarantee against bringing stale criminal charges and exist for the protection of those who may have, during the period of limitations, lost the means of defense.  "These statutes provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *United States v. Marion*, 404 U.S. 307, 322 (1971).  Statutes of limitation may also have the effect of encouraging law enforcement to promptly investigate suspected criminal activity. *Toussie v. United States*, 397 U.S. 112, 115 (1970).  Because of these important concerns, "criminal limitations statutes are to be liberally interpreted in favor of repose." *Id.* at 115 (citations and internal quotation marks omitted).

Page 6

Pieron filed his 2009 tax return in January of 2011. The statute of limitations for 26 U.S.C. § 7201, tax evasion, is six years. 26 U.S.C. § 6531. The statute of limitations for the purported charge of tax evasion ran six years from January of 2011 in January of 2017. *See United States v. Habig*, 390 U.S. 222 (1968) (limitations on prosecution for attempted tax evasion by filing false return commenced running on date return was filed). Pieron filed his 2008 tax return in January of 2011. The statute of limitations on Pieron's 2008 tax return, even if he were properly charged with tax evasion, expired in January of 2017. *See United States v. McCarthy*, 445 F.2d 587, 592 (7th Cir. 1971) (prosecution terminated where government failed to reinstate tax evasion counts before statute of limitations ran). Pieron filed his amended tax returns for both the 2008 and 2009 tax years in January of 2012, meaning the statute of limitations for tax evasion if it is based off the amended returns expired in January of 2018.

The Government has not apprised Pieron of any affirmative acts he supposedly committed, much less any affirmative acts Pieron allegedly committed within the six-year statutory period for tax evasion. It merely announced, without a single express fact, that Pieron was allegedly still willfully violating the law as of the date of the Indictment, July 18, 2018.

Defendant has no way to defend against the Government's charge without guessing, and should not be required to speculate what the Grand Jury is accusing him of doing. Nor can the Court be required to fill in the blanks of an indictment. The Indictment must be dismissed.

## CONCLUSION

For the foregoing reasons, Pieron respectfully requests that this Court grant the Motion to Dismiss Indictment.

Respectfully submitted,

MINNS & ARNETT

   */s/ Ashley Blair Arnett*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

Kenneth R. Sasse, PLLC

Kenneth R. Sasse
State Bar. No. P24365
27 E. Flint Street, 2nd Floor
Lake Orion, Michigan 48362
Telephone: (248) 821-7325

**Attorneys for James Pieron, Jr.**

## CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

   */s/ Ashley Blair Arnett*
Ashley Blai