UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 18-20489
v                                            Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

                Defendant.

_____/

**ORDER GRANTING MOTION TO AUTHORIZE DISCLOSURE OF GRAND JURY MATERIAL**

On July 18, 2018, an indictment was returned charging James D. Pieron Jr. with one count of Tax Evasion. Defendant filed a motion for disclosure of grand jury materials. Disclosures of grand jury matters to defense counsel are governed by Rule 6(e)(3)(E). That section provides as follows:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> (i)      preliminarily to or in connection with a judicial proceeding;
>
> (ii)     at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

The Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). In order to show a particularized need for disclosure of grand jury materials, the moving party must show: "[T]he material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990).

Here, Defendant seeks disclosure of grand jury materials in order to prepare for his defense. Defendant represents that the Government does not oppose the motion, but that it is understood that the "Government is not waiving its protections under the Jencks Act at this time." ECF No. 15 at 1.

Accordingly, it is **ORDERED** that Defendant's motion for disclosure of grand jury materials, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that the United States is **DIRECTED** to disclose the materials identified in the motion subject to the following conditions:

1. Defense counsel may use the materials only as necessary in the representation of the defendant.
2. Counsel may make copies of or reveal the contents of the materials to defense counsel's legal assistants, defense investigators, defense experts, and other employees assisting in defense preparations in this case, provided that defense counsel instructs them that further disclosure is prohibited.
3. Defense counsel must retain custody of the materials provided at all times and any copies thereof, and shall not disclose or reveal the contents of those materials to any other persons, including in public filings, without further order of the Court. Counsel must return the materials and any copies made to the United States upon conclusion of the case, or upon termination as counsel for defendant.

                                                     s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: October 29, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2018.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager