# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO COMPEL

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr. ("Defendant" or "Pieron"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and in the event Defendant's Motion to Dismiss is not granted respectfully requests this Court to direct the United States to produce the Special Agent's Report of Special Agent Scott Hollabaugh, Individual Master Files, and all Internal Revenue Service correspondence in the Government's possession, for the reasons set forth in the Memorandum in Support of Motion to Compel filed herewith.

Respectfully submitted on October 31, 2018

                 MINNS & ARNETT

                 */s/ Ashley Blair Arnett*
                 Michael Louis Minns
                 State Bar No. 14184300
                 mike@minnslaw.com
                 Ashley Blair Arnett
                 State Bar No. 24064833
                 ashley@minnslaw.com
                 9119 S. Gessner, Suite 1
                 Houston, Texas 77074

Telephone: (713) 777-0772
Telecopy: (713) 777-0453

Kenneth R. Sasse, PLLC


*/s/ Kennet Sasse*
Kenneth R. Sasse
State Bar. No. P24365
27 E. Flint Street, 2nd Floor
Lake Orion, Michigan 48362
Telephone: (248) 821-7325

***Attorneys for James Pieron, Jr.***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL**

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr. ("Defendant" or "Pieron"), by and through undersigned counsel, and submits this Memorandum in Support of Defendant's Motion to Compel, respectfully asking this Court to direct the United States to produce the Special Agent's Report ("SAR") of Special Agent Scott Hollabaugh, Individual Master Files, and all Internal Revenue Service ("IRS") correspondence in the Government's possession.

**ARGUMENT**

**I.     SPECIAL AGENT'S REPORT**

In nearly every criminal tax case the SAR contains exculpatory information, which must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and/or significant Jencks Act material, which also must be disclosed when a government witness whose statement is contained in the document testifies at trial, 18 U.S.C. § 3500. Here, the SAR contains the Government's alleged evidence of willfulness related to the IRS's investigation of Pieron, which if inaccurate or

disprovable is also exculpatory. The information contained in the SAR is crucial to properly preparing the defense and must be disclosed.

**A.     Rule 16**

The SAR is more than a memorandum or mere summary of notes. It is the report used to decide whether or not to proceed with prosecution. The SAR is discoverable under Rule 16 of the Federal Rules of Criminal Procedure:

> (E) *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>     (i) the item is material to preparing the defense;
>     (ii) the government intends to use the item in its case-in-chief at trial; or
>     (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Under Rule 16, the SAR *must* be disclosed upon the defendant's request; it is a document the government will use in its case-in-chief at trial and/or is material to preparing the defense. A defendant is entitled to request disclosure of documents believed to be material, and to have the trial court make that determination.

Under Rule 16(a)(1)(E)(i), the defendant satisfies his or her initial burden of demonstrating materiality by showing the government is in possession of information that will be helpful to the defense. Both the U.S. Supreme Court and the Sixth Circuit Court of Appeals have determined that "material to preparing the defense" within the meaning of Rule 16 means the "documents material to the preparation of [the defendant's] defense against the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 463 (1996), *quoted in United States v. Patrick*, No. 16-CR-20390, 2017 WL 1036092, at *4 (E.D. Mich. Mar. 17, 2017) (internal citations and quotation marks omitted). *Accord United States v. White*, 492 F.3d 380, 413 (6th Cir. 2007) (defendants

demonstrated materiality by showing that in government witness' documents he cited defendants' convictions among his successes).

Here, the initial hurdle of showing materiality has been met; the SAR is necessarily material to the prosecution's case-in-chief or defense of the charge against Pieron.

**B.**     *Brady v. Maryland*

Likewise, the SAR must be disclosed under *Brady*:

> The heart of the holding in [*Brady v. Maryland*] is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence

*Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). If identified exculpatory evidence creates a reasonable doubt as to the defendant's culpability, it must be deemed material. *United States v. Agurs*, 427 U.S. 97, 112 (1976). Recently, reflecting on the *Brady* rule, the Sixth Circuit emphasized:

> Fifty years ago, the Supreme Court held in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), that the government must provide defendants with material, exculpatory evidence in its possession. Failure to do so results in a trial that is fundamentally unfair. The Supreme Court has never wavered from this principle. Yet nondisclosure of *Brady* material is still a perennial problem, as multiple scholarly accounts attest … So long as favorable evidence could very well affect the jury's decision, prosecutors *must* disclose it. And when they fail to do so, courts have a duty to order a retrial, allowing a jury to consider the previously concealed evidence.

*United States v. Tavera*, 719 F.3d 705, 708 (6th Cir. 2013). *See Application of Storer Commc'ns, Inc.*, 828 F.2d 330 (6th Cir. 1987) (prosecutor has a duty to disclose exculpatory material). The prosecution's *Brady* obligation is based in part on its advantage over the defense:

> The Supreme Court's rejection of the idea that the "prisoner still has the burden to discover the evidence" is based in part on the fact that the prosecution has the advantage of a large staff of investigators, prosecutors and grand jurors, as

> well as new technology…. That is one of the reasons that these investigators must assist the defendant who normally lacks this assistance and may wrongfully lose his liberty for years if the information they uncover remains undisclosed. The superior prosecutorial investigatory apparatus must turn over exculpatory information. The *Brady* rule imposes an independent duty to act on the government, like the duty to notify the defendant of the charges against him.

*Tavera*, 719 F.3d at 712.

Even if the government *inadvertently* suppresses impeaching *Brady* material, the appellate court will order a new trial if the failure to produce the evidence prejudiced the defendant. *Id.* at 710 (vacating district court judgment). *See United States v. McClellon*, 260 F. Supp. 3d 880, 886 (E.D. Mich. 2017) (citing standard that conviction must be reversed if a "reasonable probability" of a different result is shown, i.e., if the suppression of *Brady* material by the government undermines one's confidence in the outcome of the trial), *appeal dismissed*, No. 17-1703, 2017 WL 4317149 (6th Cir. July 20, 2017).

In *White*, the Sixth Circuit concluded that the government so succeeded in preventing the defendants from accessing the government witness' documents that "the government effectively foreclosed [the defendants] from making the requisite showing that the documents were material and favorable (whether exculpatory or impeaching), and that the suppression prejudiced them." 492 F.3d at 413. Adding to this obstacle was the district court's failure to fully explore the nature of the documents—an abuse of discretion that required vacation of the denial of a motion for new trial. *Id.* "[A]bsent more detailed examination," concluded the court of appeals, "we cannot know whether the government violated Defendants' Fifth Amendment Due Process rights in withholding the materials. Absent a more searching inquiry … we effectively permit the government to ride roughshod over the accused, stripping the accused of both sword and shield." *Id.*

The Government is not the arbiter of the question whether *Brady* material must be disclosed; the Court is. *United States v. Jones*, No. 10-20568, 2011 WL 551145, at *2 (E.D. Mich.

Feb. 9, 2011) ("[T]the Court retains the inherent authority to order the disclosure of Brady material prior to or during trial."); *United States v. Hart*, 760 F. Supp. 653, 654 (E.D. Mich. 1991) ("[T]he district court has general authority to order pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system.") (citation and internal quotation marks omitted)). The *Jones* and *Hart* courts quoted with approval the court of appeals in *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984), which "categorically rejected" an argument that the government gets to decide in the first instance when to turn *Brady* documents. *Jones*, 2011 WL 551145, at *2; *Hart*, 760 F. Supp. at 654. *See also United States v. Dado*, No. 09-20523-09, 2013 WL 183997 (E.D. Mich. Jan. 17, 2013) (special agent's memorandum explicitly affirmed a false claim of promise of immunity, which would have been useful for impeachment, such that the government suppressed favorable evidence that should have been disclosed under *Brady*).

When the Government withholds the SAR, it is customarily turned over to the court for in camera review to determine if any of it is exempt from defense review under the Federal Rules, Local Rules and the specific rules of the individual federal district judge. The Sixth Circuit has pointed out that review of the material in camera is a proper method for the court to make the determination whether a particular document must be disclosed. *See White*, 492 F.3d at 410 (in camera review of evidence sought may be appropriate even if defendant cannot articulate with specificity the information's materiality, if the defendant establishes a basis for the claim of materiality). *Accord United States v. Sturman*, 951 F.2d 1466 (6th Cir. 1991) (special agent's report was reviewed by district court).

When, as here, the defendant does not make a blanket demand but identifies a particular document or narrow set of information that prima facie contains material evidence, the Court's in camera review of the document is especially apt. *See Bies v. Sheldon*, 775 F.3d 386, 400 (6th Cir.

2014) (government's obligation is underscored when the defendant has specifically requested particular information); *White*, 492 F.3d at 413 (district court abused its discretion by failing to hold evidentiary hearing for more careful consideration of documents). *Accord Storer Commc'ns*, 828 F.2d at 335. *Cf. United States v. Koubriti*, 435 F. Supp. 2d 666, 682 (E.D. Mich. 2006) (denying "blanket request" for all *Brady* information), *aff'd*, 509 F.3d 746 (6th Cir. 2007).

If the prosecution claims that the SAR is exempt from discovery because it contains attorney impressions, advice, or work product, the fair and easy solution is for the Court to review the SAR and to redact those portions of the SAR that are privileged, disclosing the rest. *See West v. United States*, 274 F.2d 885, 889–90 (6th Cir. 1960) (district attorney produced agent's report for trial judge to examine in camera; judge examined report and excised portion deemed not required to be produced, preserving copies of both documents for appellate court's inspection). *Accord United States v. Deloitte LLP*, 610 F.3d 129 (D.C. Cir. 2010); *United States v. Wallace*, 326 F.3d 881 (7th Cir. 2003); *Price v. United States*, 335 F.2d 671, 676 (5th Cir. 1964). In addition to the Court's inherent authority to undertake such a review, in camera examination and redaction or excision are explicitly authorized by Federal Rule of Criminal Procedure 26.2.[1] *See Green v. United States*, No. CIV. 06-10488, 2006 WL 2269968, at *3 (E.D. Mich. Aug. 8, 2006) ("Rule 26.2(c) provides for an *in camera* inspection of certain statements for the presence of privileged

---

[1] Rule 26.2(c) provides:

> (c) Producing a Redacted Statement. If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

Fed. R. Crim. P. 26.2.

information, and, if that information is present, the court may excise that material before it is provided to the other party.").

Defendant has satisfied the initial burden of showing *Brady* materiality here. The Court should instruct the Government to turn over the SAR to the defense or to provide the Court with the SAR for in camera review prior to disclosure.

C.      **Jencks Act**

The special agent usually testifies. The Government in this case has not indicated that Special Agent Hollabaugh will not testify. It is also possible that the Defendant might call the Special Agent. The Jencks statute plainly requires production of the witness' statement "[a]fter a witness called by the United States has testified on direct examination," 18 U.S.C. § 3500(b), and further authorizes the district court to recess trial proceedings "for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial," *id*., § 3500(c). Thus, it has been longstanding practice for trial courts to allow a recess or continuance after Jencks material is provided in order for counsel to study the material and prepare examination. *See id*. ("Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial."). Most courts order Jencks Act evidence turned over before trial to avoid this waste of judicial resources and last-minute preparation by the defense.

> While technically the government may withhold Jencks Act material until the conclusion of the direct examination of the witness, the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial so that defense counsel may have an adequate opportunity to examine that which is not in dispute and the court may examine the

rest *in camera,* usually in chambers. This avoids the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination.

*United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992).

The defense is not asking the Government to turn over the work product of the lawyers who have worked on this case, or their research—only the SAR that undoubtedly contains *Brady* and/or Jencks Act material. Again, if the Government is genuinely doubtful that the SAR must be disclosed to Defendant, the Court should review the report in camera to determine its discoverability. The Jencks Act contemplates such a method of resolution.[2] *United States v. Conder*, 423 F.2d 904 (6th Cir. 1970) (district court, pursuant to subsection (c) of Jencks Act, conducted in camera inspection of statements and excised those portions considered unrelated to witness' direct testimony).

The logic against turning over this single report to the Court—if this Court does not order it turned over to the defense, which is the preferable and most common method—is that this Court, Defendant, and if necessary the Court of Appeals just has to take the Government's word that it contains no *Brady* and no Jencks Act material. And, absent relief now, this Court faces the potential for numerous motions for continuance, during trial, all of which could be dealt with before the jury is sworn in.

Special Agent Hollabaugh has contacted most, if not all, of the witnesses. The defense

---

[2] The relevant portion of the Jencks Act states:

If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness….

18 U.S.C. § 3500(c).

merely wants the report of the agent-in-charge so that the defense can have a barebones understanding of the Government's case, and prepare a defense against it—or even have frank discussions about it with Defendant to effectively give him competent counsel. For all of these reasons, the Court should compel disclosure of the SAR.

## II.    INDIVIDUAL MASTER FILE

The Government has provided some discovery. The discovery provided contains IRS account transcripts but no Individual Master File. The IRS Individual Mater file is a running record of all individual tax events it is more detailed than the IRS transcripts provided in discovery.

## III.    IRS CORRESPONDENCE

Pieron requests that the Court compel the Government to turn over all IRS correspondence to and from Pieron, from 2008 to present. Fed. R. Crim. P. 16(a)(1)(E)(iii). If there is no correspondence in the Government's possession, Defendant requests a statement that upon a search of the IRS records there is no correspondence sent to or received from Pieron.

## CONCLUSION

The Government has brought very serious felony charges against Defendant, requiring the utmost consideration and preparation. For the above reasons, the SAR, Individual Master File, and all correspondence between Pieron and the IRS must be tendered to the Defendant prior to the trial. If the Court does not immediately order the production of the SAR, the undersigned requests that it be submitted under seal so that it may be reviewed at a later time.

Further, for the foregoing reasons, Defendant asks that the Court order delivery of all previously disclosed documents in a readable and searchable format; production of all IMFs from 2008 to current; and disclosure of all IRS correspondence or a statement that no such correspondence exists.

Respectfully submitted on October 31, 2018

                                          MINNS & ARNETT

                                          */s/ Ashley Blair Arnett*
                                          Michael Louis Minns
                                          State Bar No. 14184300
                                          mike@minnslaw.com
                                          Ashley Blair Arnett
                                          State Bar No. 24064833
                                          ashley@minnslaw.com
                                          9119 S. Gessner, Suite 1
                                          Houston, Texas 77074
                                          Telephone: (713) 777-0772
                                          Telecopy: (713) 777-0453

                                          Kenneth R. Sasse, PLLC


                                          */s/ Kenneth Sasse*
                                          Kenneth R. Sasse
                                          State Bar. No. P24365
                                          27 E. Flint Street, 2nd Floor
                                          Lake Orion, Michigan 48362
                                          Telephone: (248) 821-7325

                                          ***Attorneys for James Pieron, Jr.***




## CERTIFICATE OF CONFERENCE

     On October 30, 2018 the undersigned emailed AUSA Janet Parker. Ms. Parker is opposed to the Motion to Compel.

                                          */s/ Ashley Blair Arnett*
                                          Ashley Blair Arnett

## CERTIFICATE OF SERVICE

This is to certify that on this the 31st day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett