UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr. ("Defendant" or "Pieron"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and in the event Defendant's Motion to Dismiss is not granted respectfully moves this Court to allow 60 minutes per side of attorney-conducted voir dire, in addition to the Court's voir dire, for the reasons set forth in the Memorandum in Support of Motion for Attorney-Conducted Voir Dire filed herewith. Respectfully submitted on October 31, 2018

                                                MINNS & ARNETT

                                                */s/ Ashley Blair Arnett*
                                                Michael Louis Minns
                                                State Bar No. 14184300
                                                mike@minnslaw.com
                                                Ashley Blair Arnett
                                                State Bar No. 24064833
                                                ashley@minnslaw.com
                                                9119 S. Gessner, Suite 1
                                                Houston, Texas 77074
                                                Telephone: (713) 777-0772
                                                Telecopy: (713) 777-0453

        Kenneth R. Sasse, PLLC

        */s/ Kenneth R. Sasse*
        Kenneth R. Sasse
        State Bar. No. P24365
        27 E. Flint Street, 2nd Floor
        Lake Orion, Michigan 48362
        Telephone: (248) 821-7325

        ***Attorneys for James Pieron, Jr.***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE**

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr. ("Defendant" or "Pieron"), by and through undersigned counsel, and submits this Memorandum in Support of Motion for Attorney-Conducted Voir Dire, respectfully moving this Court to allow 60 minutes per side of attorney-conducted voir dire, in addition to the Court's voir dire, for the reasons set forth below.

## INTRODUCTION

Pieron is charged with one count of tax evasion.

The undersigned requests that the Court permit each side 60 minutes of attorney-conducted voir dire, not as a substitute to the Court's voir dire, but as a complement to the Court's voir dire. Supplemental attorney-conducted voir dire will aide in obtaining an impartial jury, aide in counsel's meaningful use of peremptory challenges, and aide the Court when making rulings on challenges for cause.

**ARGUMENT**

There is an increasing amount of publicity generated by such high-profile prosecutions as those of Paul Manafort, Martha Stewart, Allen Stanford, and Kenneth Lay, creating a hostile environment for successful entrepreneurs who engage in complex financial enterprises. Most are legitimate business men and women; but these highly visible cases have made it difficult for a citizen accused of a tax offense to be presumed innocent. Add to that the harsh reality of political discussion today in American politics, and it is unlikely a case involving taxes can be fair unless significant steps are taken to insure that jurors are fair and impartial.

Voir dire is a critical phase of the criminal defendant's trial. *Gomez v. United States*, 490 U.S. 858, 876 (1989). Among the basic trial rights that can never be deemed harmless is the defendant's right to an impartial jury. *Gray v. Mississippi*, 481 U.S. 648, 668 (1987). "At stake is the party's right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during the voir dire of prospective jurors." *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976), *quoted in Hughes*, 258 F.3d at 457. Thus, when voir dire is improper, the error cannot be considered harmless when it results in denial of an impartial jury. *United States v. Blount*, 479 F.2d 650 (6th Cir. 1973) (judge failed to ask defense counsel's requested question).

The manner in which voir dire is conducted is undoubtedly within the trial court's discretion. *Skilling v. United States*, 561 U.S. 358, 386 (2010). *Accord Gonzalez v. United States*, 553 U.S. 242 (2008). *See Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) (trial court's management of voir dire is given deference). This deference notwithstanding, the trial court's discretion in how voir dire is conducted "is nevertheless subject to essential demands of fairness." *Wolfe v. Brigano*, 232 F.3d 499, 504 (6th Cir. 2000) (citation and internal quotation marks omitted).

Although "[n]o hard-and-fast formula dictates the necessary depth or breadth of *voir dire*," *Skilling*, 561 U.S. at 386, the trial court has broad authority to allow *the attorneys* to conduct voir dire in criminal cases, *United States v. Jayasundera*, No. CIV.A. 11-20078, 2011 WL 6307865, at *1 (E.D. Mich. Dec. 15, 2011). The Federal Rules of Criminal Procedure so state:

> (a) Examination.
>   (1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.
>   (2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to:
>     (A) ask further questions that the court considers proper; or
>     (B) submit further questions that the court may ask if it considers them proper.

Fed. R. Crim. P. 24(a). The Court should allow the attorneys to participate in voir dire as contemplated by Rule 24(a).

It has long been recognized that the psychology of potential jurors individually and the venire pool collectively affects how particular questions are answered and who is ultimately seated on a jury. Jurors' emotional makeup and attitudes often come through the volume, pitch, and intensity of the voice, eye contact or movements, and other body language, which can reveal more about a juror than the contents of an answer alone. *See generally* Nancy S. Marder, *Juror Bias, Voir Dire, and the Judge-Jury Relationship*, 90 Chi.-Kent L. Rev. 927 (2015); Herald P. Fahringer, *In the Valley of the Blind: A Primer on Jury Selection in a Criminal Case*, 43:4 Law & Contemporary Problems 116 (1980). Courts have consistently recognized that jurors are often unaware of their own prejudices and preconceptions and do not acknowledge them when asked general questions on voir dire such as whether there is any reason they cannot be fair and impartial. *E.g.*, *Dennis v. United States*, 339 U.S. 162, 181 (1950) (Frankfurter, J., dissenting).

For this among other reasons, reliance exclusively on examination by the trial court can be insufficient to produce the information necessary for meaningful exercise of jury challenges.

Commentators have shown that jurors often feel insulated by and from the trial judge and for this reason might not communicate their true feelings. *See* David Suggs & Bruce D. Sales, *Using Communication Cues to Evaluate Prospective Jurors During the Voir Dire*, 20 Ariz. L. Rev. 629 (1978). Venire persons might tend to state what they imagine the judge wants them to say, or give short answers framed to end the questioning. *Cathy E. Bennett, Psychological Methods of Jury Selection in the Typical Criminal Case*, 4 Crim. Def. 11, 13 (Apr. 1977). The voir dire process between counsel and prospective jurors, in contrast, is different. Counsel and venire persons more easily connect, resulting in a human response by the prospective juror that is often more revealing and honest than in judge-conducted voir dire "[A]ttorney-conducted voir dire is essential if hidden prejudices are to be uncovered because judges generally do not ask pressing and probing questions that truly explore the prospective juror's attitudes." Jon Van Dyke, *Voir Dire: How Should It Be Conducted To Ensure That Our Juries Are Representative and Impartial?*, 3 Hastings Const. L. Q. 65, 75 (1976). *See* Marder, *Juror Bias, Voir Dire, and the Judge-Jury Relationship*, 90 Chi.-Kent L. Rev. 927. *See Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 868 (2017) ("the Constitution at times demands that defendants be permitted to ask questions about racial bias during *voir dire*"). *See also United States v. Sypher*, 684 F.3d 622, 627 (6th Cir. 2012) (absent presumptive prejudice, voir dire is primary method to discern bias or prejudice).

Data obtained during voir dire by the attorneys is essential for the intelligent exercise of peremptory challenges; conversely, limited voir dire affects comprehensive use of peremptory challenges. The importance of peremptory challenges and challenges for cause has long been recognized. Although peremptory challenges may not be required by the U.S. Constitution, "the challenge is 'one of the most important of the rights secured to the accused' and "a necessary part of the trial by jury." *Swain v. Alabama*, 380 U.S. 202, 219 (1965) (*overruled on other grounds by*

*Batson v. Kentucky*, 476 U.S. 79 (1986)). The Sixth Circuit has said that "[t]he primary purpose of the voir dire of jurors is to make possible the empaneling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel." *United States v. Blount*, 479 F.2d 650, 651 (6th Cir. 1973). "[S]ince the purpose of voir dire is 'to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel,'" *United States v. Martinez*, 981 F.2d 867, 870 (6th Cir. 1992) (quoting *United States v. Anderson,* 562 F.2d 394, 398 (6th Cir. 1977)), it is an abuse of discretion for the trial court to so restrict voir dire that it "unduly impairs the defendant's ability to exercise his peremptory challenges or make his challenges for cause," *id.* at 870.

In this case, supplementing the Court's examination with attorney questioning is essential to provide the information necessary for the intelligent exercise of jury challenges. Prospective jurors have a very difficult and important role to fill, and their job is made even more challenging by societal attitudes that might result from high-profile financial prosecutions, as well as bias against attorneys. For these reasons, voir dire examination should be conducted at least in part by the attorneys in this case.

## CONCLUSION

Allowing counsel to participate in the voir dire process will not unnecessarily delay the proceedings and will have the positive impact of assuring the Government and the accused of a fair trial and an intelligent exercise of peremptory and cause challenges.

Respectfully submitted on October 31, 2018

                                            MINNS & ARNETT

                                            */s/ Ashley Blair Arnett*
                                            Michael Louis Minns
                                            State Bar No. 14184300
                                            mike@minnslaw.com

Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

Kenneth R. Sasse, PLLC


   */s/ Kenneth R. Sasse*
Kenneth R. Sasse
State Bar. No. P24365
27 E. Flint Street, 2nd Floor
Lake Orion, Michigan 48362
Telephone: (248) 821-7325

***Attorneys for James Pieron, Jr.***

Case 1:18-cr-20489-TLL-PTM ECF No. 22, PageID.100 Filed 10/31/18 Page 9 of 9

## CERTIFICATE OF CONFERENCE

On October 30, 2018, the undersigned email AUSA Janet Parker.  As of the filing of the motion AUSA Parker has not given her position on a Motion for Attorney Conducted Voir Dire.

>　*/s/ Ashley Blair Arnett*
>　Ashley Blair Arnett

## CERTIFICATE OF SERVICE

This is to certify that on this the 31st day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

>　*/s/ Ashley Blair Arnett*
>　Ashley Blair Arnett