UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Thomas L. Ludington<br>United States District Judge |
| v. | |
| JAMES D. PIERON, JR., | Patricia Morris<br>United States Magistrate Judge |
| Defendant. | |
| _____/ | |

GOVERMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT

Defendant James D. Pieron, Jr., has moved to dismiss the indictment against him. For the reasons discussed below, the defendant's motion should be denied.

Brief

James D. Pieron, Jr., has moved to dismiss the one count indictment against him. (R. 14: Motion, 44-53). The defendant's motion should be denied.

The indictment in this case states:

> From approximately April 2009 and continuing through the present, in the Eastern District of Michigan and elsewhere, JAMES D. PIERON, JR., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. §7201.

(R. 1: Indictment, 1-2). The indictment was returned on July 18, 2018 (*id*.), but remained sealed until Pieron's arraignment on August 1, 2018. (docket). That

1

same day, August 1, 2018, and before Pieron's arraignment began, the government voluntarily electronically filed a seven-page bill of particulars (R. 5: Bill of Particulars, 9-15), and served defense counsel with a paper copy of that bill of particulars at Pieron's arraignment. The bill of particulars contains a description of the acts and omissions committed by Pieron as he sought to evade his federal tax obligations and, in the process, provides a road map through the extensive documentary discovery provided to defense counsel by the government.

In support of his motion to dismiss the indictment, Pieron claims that the indictment does not state the essential elements of the offense charged under 26 U.S.C. §7201. (R. 14: Motion, 47-51). However, Pieron has not identified any element of that offense that is missing from the indictment.

As acknowledged by Pieron in his motion (R. 14: Motion, at 47-49), an indictment is sufficient "if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all of the elements of the offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). In another case where the defendant was charged with violating 26 U.S.C. §7201, this court told the jury that the three elements of an offense under §7201 were:

    (A)  First, income tax was due from the defendant.

    (B)  Second, the defendant committed an affirmative act constituting an evasion or an attempt to evade or defeat his tax obligation.

    (C) Third, in evading or attempting to evade or defeat his tax obligation, the defendant acted willfully.

(R. 52: Jury Instructions, 181-94, at 188, *United States v. Rae*, E.D. Mich., case number 13-CR-20621 (J. Ludington)). *Accord*, *e.g.*, *United States v. Hook*, 781 F.2d 1166, 1171, n. 4 (6th Cir. 1986); *United States v. Curtis*, 782 F.2d 593, 595 (6th Cir. 1986); and *United States v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997). The indictment in this case alleges all three of those elements.[1]

In addition, the indictment uses the words of the statute, 26 U.S.C. §7201, which states in relevant part, "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof" shall be guilty of a felony and sentenced accordingly. (R. 1: Indictment, 1-2). Therefore, the indictment is sufficient.

Pieron complains nevertheless that affirmative acts of evasion are not described in the indictment. (R. 14: Motion, at 49-50). However, he does not cite a Supreme Court or Sixth Circuit case that imposes such a requirement.

The statute on which the indictment is based, 26 U.S.C. §7201, does not contain an affirmative acts of evasion requirement. The requirement that an affirmative act of evasion be committed by the defendant has been inferred

---

[1] As the Sixth Circuit has observed, "It is the *jury instructions*, and not the indictment, that provide notice to the petit jury of the requirements for conviction." *Williams v. Haviland*, 467 F.3d 527, 534 (6th Cir. 2006) (italics in original).

judicially to distinguish felony tax evasion from a misdemeanor offense, the felony requiring proof that the defendant acted willfully (rather than negligently) in seeking to evade a tax obligation. *E.g.*, *Spies v. United States*, 317 U.S. 492, 499 (1943); *United States v. Hook*, 781 F.2d 1166, 1171, n. 4 (6th Cir. 1986) ("The affirmative act requirement distinguishes this felony from the Section 7203 misdemeanor offense."). Thus, the Sixth Circuit has affirmed convictions for violations of §7201 where the indictment did not allege that the defendant had committed an affirmative act of evasion. *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 578-80 (6th Cir. 2002) (noting that the defendant was aware of the government's affirmative acts evidence prior to trial and was able to present a defense to that evidence). *Accord*, *United States v. Lentsch*, 369 F.3d 948, 953 (6th Cir. 2004) (where jury is properly instructed on the elements of the offense, while defendant has actual notice of the charge and cannot demonstrate prejudicial surprise, omissions from charging document do not warrant reversal of conviction).

    Similarly, the Supreme Court has rejected a challenge to an indictment based on a claim that the facts that constituted a step toward commission of an attempt offense were not alleged in the indictment, holding that "an indictment alleging attempted illegal reentry … need not specifically allege a particular overt act or any other 'component part' of the offense." *United States v. Resendiz-Ponce*, 549

4

U.S. 102, 107 (2007). The Supreme Court also held that the indictment in that case was sufficient because it cited the statute and alleged that the defendant had attempted to enter the United States illegally. *Resendiz-Ponce*, 549 U.S. at 108.[2]

Pieron's attempt to convert the requirement that the government prove an affirmative act of evasion into a requirement that the affirmative acts of evasion be detailed in the indictment therefore is unavailing.

Moreover, Pieron cannot convincingly claim that he lacks adequate notice of the affirmative acts evidence that will be presented by the government at his trial. As discussed above, in addition to substantial discovery, the government voluntarily gave Pieron a seven-page bill of particulars that contains a description of the acts and omissions committed by Pieron as he sought to evade his federal tax obligations. (R. 5: Bill of Particulars, 9-15). That bill of particulars does not serve to rectify a deficiency in the Pieron indictment, for no such deficiency exists.

---

[2] As suggested by the analysis in cases such as *Spies* and *Resendiz-Ponce*, affirmative acts are similar to the overt acts often required to prove a conspiracy in that both overt acts and affirmative acts serve to manifest the requisite criminal intent. It is interesting to note, therefore, that there is no requirement that the overt acts that will be used to prove a conspiracy charge be alleged in an indictment. *United States v. Salmonese*, 352 F.3d 602, 619 (2d Cir 2003) (holding that the government may prove a conspiracy charge with evidence of uncharged overt acts consistent with the "core of criminality" alleged in the indictment). Likewise, evidence of overt acts need not be presented to the grand jury to be admissible at trial. *United States v. Atisha*, 804 F.2d 920, 927 (6th Cir. 1986) (Evidence of an overt act discovered by the government during trial was properly admitted as proof of the charge in the indictment.).

Rather, the bill of particular serves to assist Pieron in preparing his defense. Indeed, the bill of particulars, in combination with the discovery provided by the government, is a far more effective means of avoiding prejudicial surprise than an indictment listing one or a few affirmative acts of evasion would be. Again, Pieron's complaint is unfounded.

Likewise, Pieron's assertion that the indictment is deficient because it does not describe the government's method of proof is unfounded. Indeed, that assertion is at odds with much of the law he references regarding the necessary components of an indictment. More important, Pieron's assertion also is unsupported by any authority.[3]

Finally, Pieron is correct in stating that the statute of limitations applicable to violations of 26 U.S.C. §7201 is six years. 26 U.S.C. §6531(2). (R. 14: Motion, at 52). He acknowledges that he filed amended 2008 and 2009 tax returns in January of 2012. (*Id.*). However, Pieron is simply wrong in his assertion that the indictment is subject to dismissal on statute of limitations grounds. (R. 14: Motion, at 51-52). The limitations period begins to run when the last affirmative act of evasion is committed by a defendant. *United States v. Dandy*, 998 F.2d 1344, 1355-56 (6th Cir. 1993).

---

[3] Pieron's attempt to conflate the jury "charge" discussion in *Holland v. United States*, 348 U.S. 121 (1954), with the charge in the indictment is, at best, an inaccurate and misleading characterization of that case.

Pieron was indicted on July 18, 2018. (R. 1: Indictment, 1-3). He entered into multiple tolling agreements before he was indicted, the last of which tolled the running of the statute of limitations from January 9, 2018 until July 31, 2018. (exhibit 1). In addition, as one of his affirmative acts of evasion, Pieron mailed to the IRS a Form 9465 (Installment Agreement Request) with a Form 433-F (Collection Information Statement) containing false information. (exhibit 2). The date of signing handwritten on Pieron's Form 9465 is January 16, 2012. It is well-established that making a false statement to the IRS is an affirmative act of evasion. *E.g.*, *United States v. Beacon Brass Co.*, 344 U.S. 43, 44-46 (1952).

Based on these events and other evidence that the government anticipates presenting at trial, a jury will be able to find that Pieron committed affirmative acts of evasion within the six-year statute of limitations period, as extended by the tolling agreement, in Pieron's case. *See*, *United States v. Carlson*, 235 F.3d 466, 471 (9th Cir. 2000) (absence of jury instruction requiring jury to find that at least part of the defendant's evasive conduct fell within the statute of limitations was harmless given "ample evidence" that defendants had committed acts of evasion within the six year statute of limitations period). Therefore, this court should not, and indeed cannot, adjudicate the statute of limitations issue in the context of Pieron's motion to dismiss the indictment.

Conclusion

Accordingly, for all the reasons given above, James D. Pieron, Jr.'s motion to dismiss the indictment must be denied.

                                                      Respectfully submitted,

Date: November 2, 2018               Matthew Schneider
                                                             United States Attorney

| s/Jules M. DePorre | s/Janet L. Parker |
|---|---|
| Jules M. DePorre (P73999) | Janet L. Parker (P34931) |
| Assistant U. S. Attorney | Assistant U.S. Attorney |
| 600 Church Street | 101 First Street, Suite 200 |
| Flint, Michigan 48502-1280 | Bay City, MI 48708 |
| (810) 766-5026 | (989) 895-5712 |
| jules.deporre@usdoj.gov | janet.parker2@usdoj.gov |

Certificate

On November 2, 2018 I filed the this pleading by using the Clerk of the Court's ECF system. The ECF system will automatically serve counsel of record.

                                                      s/Janet L. Parker