UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| | Patricia T. Morris |
| JAMES D. PIERON, JR., | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

GOVERMENT'S OPPOSITION TO MOTION TO COMPEL

Defendant James D. Pieron, Jr., has filed a motion to compel. (R. 19: Defendant's Motion to Compel, 68-80). For the reasons discussed below, the defendant's motion should be denied in all respects.

Brief

James D. Pieron, Jr., has asked the court to compel the government to give the defendant a copy of the IRS criminal agent's special agents report, the "individual master file," and correspondence between the defendant and the IRS. (R. 19: Defendant's Motion to Compel, 68-80). The defendant's motion is meritless and should be denied.

In his motion to compel, Pieron argues at length that he is entitled to access to the IRS criminal agent's special agent report or SAR. His brief purports to be founded in part on Rule 16 of the Federal Rules of Criminal Procedure and

1

contains numerous case citations.[1]  However, he did not cite a single Sixth Circuit or Supreme Court case that required the government to disclose an IRS criminal agent's SAR.  Likewise, he failed to cite the controlling provision of Rule 16 the Federal Rules of Criminal Procedure, Rule 16(a)(2).

Rule 16(a)(2) expressly addresses documents such as the agent's SAR:

**Information Not Subject to Disclosure**. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500 [the Jencks Act].

The SAR prepared by an IRS special agent is quintessentially an internal document made in connection with the investigation and prosecution of a case. The SAR is prepared by a special agent and submitted to IRS criminal tax counsel, in addition to source documents used to substantiate the analysis in the SAR itself. If, after review, agency counsel is satisfied with the agent's report, the SAR is forwarded by counsel for the IRS to the Tax Division in the Department of Justice

---

[1] Pieron's citation to this court's unreported decision in *United States v. Dado*, 2013 WL 183997 (E.D. Mich. 2013), rather tellingly reveals the extent to which Pieron has struggled to substantiate his unsustainable claim that he should be given access to the case agent's SAR.  Pieron apparently overlooked the court's holding that Dado's "*Brady* violation claims lack merit," *Id*., at *11, and the Sixth Circuit's affirmance of this court's holding in *United States v. Dado*, 759 F.3d 550, 559-63 (6th Cir. 2014).

for further review by multiple attorneys. If the SAR is found to be satisfactory by DOJ Tax, the matter is then referred to either the U.S. Attorney's Office or a DOJ Tax trial attorney for prosecution.

Thus, under Rule 16(a)(2), the agent's SAR is not discoverable. *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979) (IRS agent's report not a Jencks Act statement); *United States v. Sturman*, 951 F.2d 1466, 1485-86 (6th Cir. 1991) (only the portion of the SAR that was a statement of the witness not otherwise provided in discovery subject to Jencks disclosure requirements).[2] Indeed, Rule 16(a)(2) explains why the defendant was unable to cite any Supreme Court or Sixth Circuit authority supporting his contention that the SAR is discoverable under Rule 16, the Jencks Act (currently inapplicable),[3] or *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Pieron's request for the compelled production of the SAR must be denied.

In contrast to Pieron's tortured argument made in support of his claim that he is entitled to access to the SAR, Pieron cites no authority in support of his quest

---

[2] The government already has provided substantial discovery to the defendant, including the documents that supported the SAR that resulted in the charge in this case, reports of interviews, and the grand jury testimony of the agent who wrote the SAR. That agent's testimony resulted in the charge in the indictment.

[3] *E.g., United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994) (Jencks Act controls the timing of *Brady* disclosures).

for disclosure of the IRS's "individual master file." (R. 19: Motion, at 78). In addition, Pieron claims inaccurately that the "individual master file" is more detailed than the IRS transcripts that he acknowledges have been provided to him in discovery.[4] Consequently, the court should not grant Pieron's request to compel production of the IRS's "individual master file."

Pieron also has asked the court to compel the government to provide him with copies of correspondence between him and the IRS from 2008 to the present. (R. 19: Motion, at 78). Pieron relies on Rule 16(a)(1)(E)(iii) in support of that portion of his motion to compel.

Rule 16(a)(1)(E)(iii) of the Federal Rules of Criminal Procedure provides for discovery of documents in the government's possession that were obtained from or belong to the defendant. The correspondence sent by the IRS to Pieron hardly meets that definition.

Conversely, no documents were obtained by the IRS from Pieron by means of a search warrant or other involuntary process. The discovery provided by the government to Pieron has included the returns and related documents he submitted to the IRS. In addition, Pieron has been given copies of the documents in the

---

[4] The case agent and IRS counsel have explained to the undersigned that an IRS "individual master file" is an internal document that contains the same information as the IRS transcripts, but in a coded form that can only be deciphered with the aid of a separate code book, whereas the transcripts are in readable English, at least by IRS standards.

4

government's possession that were sent to the IRS on Pieron's behalf by third parties.[5]

In addition to his mistaken reliance on Rule 16, Pieron's motion to compel also is premised on an apparent misapprehension of *Brady v. Maryland,* 373 U.S. 83 (1963). The Supreme Court's decision in *Brady* is directed toward implementing the government's constitutional obligation to afford each defendant with due process. The *Brady* decision achieves that result by requiring the government to make available to defendants information uniquely under the control of the government that has the potential to alter the reliability of a finding of guilt or the propriety of a punishment in the absence of disclosure. *E.g.*, *United States v. Boling*, 869 F.2d 965, 974 (6th Cir. 1989). The government is and will remain cognizant of its continuing *Brady* obligations.

However, *Brady* is not a discovery tool. *United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990) ("The Supreme Court has made clear that the *Brady* rule is not an evidentiary rule which grants broad discovery powers to a defendant and that '[t]here is no general constitutional right to discovery in a criminal case.'"),

---

[5] As discussed in the main text, if Pieron believes that those third parties have additional correspondence with the IRS or other documents relating to him that were not provided to his counsel by the government, he may seek those materials from those third parties and provide copies to the government as reciprocal discovery under Rule 16(b).

quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Accord, *United States v. Corrado*, 227 F.3d 528, 538-39 (6th Cir. 2000).[6] Likewise, "Brady was never intended to create pretrial remedies." *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971). Thus, *Brady* does not require the government to produce impeachment or exculpatory information that is not wholly within the prosecution's control, is known or should be known to the defendant, or is available from another source. *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998); *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000); *Corrado*, 227 F.2d at 538-39); *Spirko v. Mitchell*, 368 F.3d 603, 610 (6th Cir. 2004); *Fautenberry v. Mitchell*, 515 F.3d 614, 630 (6th Cir. 2008).

In sum, and contrary to Pieron's claims (*e.g.*, R. 19: Motion at 71), *Brady* is "not concerned with the accused's ability to prepare for trial." *Norris v. Schotten*, 146 F.3d 314, 334 (6th Cir. 1998). Likewise, access to Brady material is not required before a defendant can be required to decide to forego a trial and plead guilty. *United States v. Ruiz*, 536 U.S. 622, 629-33 (2002) (unanimous holding that neither *Brady* nor the Constitution require the government to disclose impeachment information prior to the entry of a guilty plea). Consequently,

---

[6] *Brady* is not a component of Rule 16 discovery, and vice versa.

Pieron's reliance on *Brady* in his motion to compel is simply misplaced and his motion should be denied.

## Conclusion

Accordingly, for all the reasons given above, James D. Pieron, Jr.'s motion to compel should be denied in all respects.

Respectfully submitted,

Date: November 14, 2018

Matthew Schneider
United States Attorney

s/Jules M. DePorre
Jules M. DePorre (P73999)
Assistant U. S. Attorney
600 Church Street
Flint, Michigan 48502-1280
(810) 766-5026
jules.deporre@usdoj.gov

s/Janet L. Parker
Janet L. Parker (P34931)
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
janet.parker2@usdoj.gov

## Certificate

On November 14, 2018 I filed this pleading by using the Clerk of the Court's ECF system. The ECF system will automatically serve counsel of record.

s/Janet L. Parker