UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 18-20489

v                                                Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

        Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

On July 18, 2018, the U.S. Government issued an indictment against Defendant James D. Pieron. ECF No. 1. It provides:

> From approximately April 2009 and continuing through the present, in the Eastern District of Michigan and elsewhere, JAMES D. PIERON, JR., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. §7201.

On August 1, 2018, the Government filed a Bill of Particulars outlining the following allegations. ECF No. 5. From 1998 to 2009, Defendant lived in Switzerland, but filed only one federal tax return. *Id.* at 1–2. Specifically, he did not file his 2008 or 2009 tax returns despite receiving approximately $10,000,000 between December 2006 and April 2007 and $5,250,000 between December 2008 and May 2009. *Id.* at 2. In November 2009, he wired $750,000 from his solely-owned Swiss bank account to a bank account held by IB Technologies, Inc., a company solely or partly owned by him. *Id.* at 2–3. Over the course of 2010, he transferred funds among various bank accounts in Switzerland and the United States. *Id.* at 3–4.

In June 2010, Defendant hired American Tax Solutions, Inc. to assist in preparing his tax returns for years 2007, 2008, and 2009 and provided them with the necessary spreadsheets containing his financial information. *Id.* at 4. He later hired a CPA, Kim Pavlik, but provided her

with different spreadsheet information that omitted information about his foreign bank accounts. *Id.* at 5.

In January 2011, he filed his 2007, 2008, and 2009 federal income tax returns, but only paid taxes for 2007. *Id.* The next month, the IRS issued a Notice of Balance Due to Defendant for his 2008 and 2009 taxes. *Id.* Though Defendant had approximately $1 million dollars at his disposal, he did not pay the taxes. *Id.*

In January 2012, he submitted amended tax returns to the IRS for 2008 and 2009, but did not include payment for the overdue taxes. *Id.* Rather, he requested to enter into an installment agreement with IRS. *Id.* at 5–6. Defendant misrepresented the value of his assets, including his interest in Komplique, Inc. and Navitas Investments, LLC and the existence of his Mercedes Benz that he purchased for $100,000. *Id.* at 6.

In 2012, Defendant filed a Foreign Bank Account Report with the IRS after he learned that he was under criminal investigation. *Id.* He falsely stated the maximum balance of one of his Swiss bank accounts during 2009 was $250,000 when in fact, it was at least $749,975. *Id.* at 7. In 2014, Defendant offered to pay the IRS $30,000 as payment for his taxes from 2007 to 2011. *Id.* However, this offer contained false information concerning the value of Defendant's assets. *Id.*

The Department of Justice Tax Division referred Defendant's case to the Government. ECF No. 23-2. The Government and Defendant entered into an agreement that tolled the statute of limitations from January 9, 2018 to June 30, 2018. *Id.* On June 20, 2018, the Parties entered into a second tolling agreement, extending the statute of limitations to July 31, 2018. *Id.* On July 18, 2018, the Government filed an indictment against Defendant.

**I.**

On October 12, 2018, Defendant filed a motion to dismiss the indictment. ECF No. 14. He claims that the indictment fails to state the essential elements of the crime and that the events alleged in the indictment fall outside the statute of limitations. *Id.* For the following reasons, Defendant's motion will be denied.

**II.**

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The Government's indictment satisfies this requirement. It is one sentence in length and free from superlatives and embellishments. Defendant argues that it is "bare-boned." ECF No. 25 at 1. It nonetheless complies with the rule.

In addition to complying with Rule 7(c), an indictment must also (1) include the elements of the offense, (2) notify the defendant of "what he must be prepared to meet," and (3) allow the defendant to "invoke a former conviction or acquittal in the event of a subsequent prosecution." *U.S. v. Cor-Bon Custom Bullet Co.*, 287 F.3d 579, 579 (6th Cir. 2002) (quoting *Russell v. U.S.*, 369 U.S. 749 (1962)).

Turning to the first factor, the elements of tax evasion under 26 U.S.C. §7201 are: (1) willfulness, (2) a tax deficiency, and (3) an affirmative act of evasion or attempted evasion. *U.S. v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997). The Sixth Circuit in *U.S. v. Cor-Bon Custom Bullet Co.* encountered this same issue in an indictment for tax evasion. 287 F.3d at 580. The indictment provided:

> On or about [date] in the Eastern District of Michigan, Southern Division, Defendants PETER PI, and COR-BON CUSTOM BULLET CO., will-fully attempted to evade and defeat a tax imposed under this title or the payment thereof on ammunition sales that were due and owing from COR-BON CUSTOM BULLET CO. for the [quarter and calendar year in question] in violation of Title 26, United States Code, sections 4181 and 7201.

*Id.* at 578. The defendant argued that the indictment was deficient because it failed to include any allegation of an affirmative act. *Id.* The court concluded that the omission constituted harmless error because it did not prejudice the defendant. *Id.* at 580.

Unlike the indictment in *Cor-Bon*, the indictment in the present case lists all three elements: willfulness, a tax deficiency, and an affirmative act. Defendant contends that the Government includes these elements by simply tracking the statutory language of §7201. ECF No. 25 at 2. However, the indictment may use language from the statute in question, provided the statute itself is unambiguous. *U.S. v. Carll*, 105 U.S. 611, 612 (1882). The Government's language in the indictment is drawn from 26 U.S.C. §7201 and Defendant has neither demonstrated nor argued that §7201 is ambiguous. Thus, the indictment's use of §7201's language is sufficient.

The second factor requires that the indictment sufficiently notify the defendant of what offense they are being charged with. *Cor-Bon Custom Bullet Co.*, 287 F.3d at 579. Here, the indictment clearly provides that the offense is for acts of tax evasion related to his 2008 and 2009 federal tax returns. ECF No. 1. Defendant contends that greater specificity is required, such as identifying specific instances of tax evasion. ECF No. 25 at 3. However, as discussed above, Rule 7(c) requires only a "plain, concise, and definite written statement." The indictment is brief, but sufficiently clear.

The third factor requires that the indictment put the defendant on notice as to whether they are being charged for a crime for which they were previously charged. *Cor-Bon Custom Bullet Co.*, 287 F.3d at 579. The indictment provides Defendant with this information. It informs Defendant that he is being charged for acts of tax evasion related to his 2008 and 2009 federal tax returns. ECF No. 1. This is adequate information for Defendant to determine whether he has previously been charged for these acts of tax evasion.

The Government also argues that its Bill of Particulars provides Defendant with the necessary information to prepare his defense. Defendant correctly argues that a Bill of Particulars cannot cure a deficient indictment. *Russell v. U.S.*, 369 U.S. 749, 769–770 (1962) As discussed above however, the indictment is sound. The Bill of Particulars bolsters the fact that Defendant has sufficient information to prepare his defense and is not prejudiced.

There has been a "drift of the law away from the rules of technical and formalized pleading." *Russell v. U.S.*, 369 U.S. 749, 762 (1962). Technicalities will not frustrate the legal process when there is no indication that Defendant would be prejudiced by the indictment as it currently stands. Any technical deficiencies that may exist would be "harmless error since the indictment sufficiently apprised the defendant of the charges against him to enable him to prepare a response." *U.S. v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1992).

## III.

Defendant's argument that the indictment falls outside the statute of limitations is without merit. ECF No. 14 at 6–7. As demonstrated by the Government, Defendant entered into two tolling agreements extending the statute of limitations. ECF No. 23 at 7. Defendant cannot now argue that the charges are untimely.

## IV.

Accordingly, **it is ORDERED** that Defendant's Motion to Dismiss Indictment, ECF No. 14, is **DENIED**.

Dated: November 27, 2018					s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2018.

                                              s/Kelly Winslow
                                              KELLY WINSLOW, Case Manager