UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 18-20489
v                                           Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

               Defendant.
_____/

**ORDER DENYING MOTION TO COMPEL, DENYING MOTION IN LIMINE, DENYING MOTION FOR SUPPLEMENTAL JUROR QUESTIONNAIRE, DENYING MOTION FOR ATTORNEY CONDUCTED VOIR DIRE AND DETERMINING EXCLUDABLE DELAY**

On July 18, 2018, the U.S. Government issued an indictment against Defendant James D. Pieron. ECF No. 1. It provides:

> From approximately April 2009 and continuing through the present, in the Eastern District of Michigan and elsewhere, JAMES D. PIERON, JR., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. §7201.

ECF No. 1 at 1–2. On August 1, 2018, the Government filed a Bill of Particulars further describing its allegations against Defendant. ECF No. 5. On October 12, 2018, Defendant filed a motion to dismiss the indictment, claiming that it failed to state the essential elements of the crime and was outside the statute of limitations. ECF No. 14. Defendant's motion was denied. ECF No. 31.

On October 31, 2018, Defendant filed four separate motions: a motion to compel, a motion in limine, a motion for a supplemental juror questionnaire, and a motion for attorney conducted voir dire. ECF Nos. 19–22. On November 14, 2018, the Government filed a response to each of Defendant's motions. ECF Nos. 27–30. If Defendant had chosen to file a reply, he would have had

to do so within 7 days after service of the Government's response. Local Rule 7.1(e)(2)(C). To date no relies have been filed.

Each of Defendant's four motions will be addressed in turn.

### I.

In his motion to compel, Defendant requests that the Government produce "the Special Agent's Report of Special Agent Scott Hollabaugh, Individual Master Files, and all Internal Revenue Service Correspondence in the Government's possession." ECF No. 19 at 1. Defendant contends that he is entitled to the Special Agent's Report ("SAR") under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, and the Jencks Act. *Id.* at 4.

### A.

Rule 16 requires the Government to disclose items to the Defendant that are material to preparing a defense, that the Government intends to use in its case in chief, or that belong to the Defendant. Fed. R. Crim. P. 16(a)(1)(E). Defendant contends, without more, that "the initial hurdle of showing materiality has been met; the SAR is necessarily material to the prosecution's case-in-chief or defense of the charge against Pieron." ECF No. 19 at 5.

Defendant does not account for Rule 16 (a)(2) which presents:

> Information Not Subject to Disclosure. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act].

Fed. R. Crim. P. 16(a)(2).

The SAR qualifies under this rule as material not subject to disclosure because it is an internal government document associated with an investigation. As explained by the Government,

> The SAR is prepared by a special agent and submitted to IRS criminal tax counsel…If, after review, agency counsel is satisfied with the agent's report, the SAR is forwarded by counsel for the IRS to the Tax Division in the Department of Justice for further review by multiple attorneys. If the SAR is found to be satisfactory by DOJ Tax, the matter is then referred to either the U.S. Attorney's Office or a DOJ Tax trial attorney for prosecution.

ECF No. 27 at 2. The SAR is intrinsically connected with the investigation by the Internal Revenue Service ("IRS") agents and attorneys with the Department of Justice ("DOJ"). As such, it is not subject to disclosure under Rule 16.

**B.**

Defendant further contends that the Government is obligated to disclose the SAR under *Brady v. Maryland*. ECF No. 19 at 5. Defendant quotes *U.S. v. Tavera* as stating "that the government must provide defendants with material, exculpatory evidence in its possession. Failure to do so results in a trial that is fundamentally unfair." 719 F.3d 705, 708 (6th Cir. 2013). However, the *Brady* rule is not a discovery tool. *United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990). It is intended to provide the defendant with exculpatory information that has "been known to the prosecution but unknown to the defense." *U.S. v. Agurs*, 427 U.S. 97, 103 (1976).

Here, the information in the SAR is not unknown to the defense. As stated by the Government,

> The government already has provided substantial discovery to the defendant, including the documents that supported the SAR that resulted in the charge in this case, reports of interviews, and the grand jury testimony of the agent who wrote the SAR. That agent's testimony resulted in the charge in the indictment.

ECF No. 27 at 3, n. 2. As characterized by the Government, the SAR provides no greater information than the supporting documents used to create the SAR. If the materials supporting the SAR are available to the Defendant, there is no reason to compel the Government to provide the SAR. Defendant has not made an argument to the contrary because Defendant elected not to file a reply to the Government's response.

- 4 -

**C.**

Defendant further contends that under the Jencks Act, the Government should furnish the SAR to him. The Jencks Act provides

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. §3500(b). Defendant argues that "[t]he Government in this case has not indicated that Special Agent Hollabaugh will not testify. It is also possible that the Defendant might call the Special Agent." Defendant continues by arguing that most courts order Jencks Act evidence to be submitted prior to trial.

The Government has not indicated that it intends to call Agent Hollabaugh as a witness. Thus, Defendant's request is not ripe and will not be granted.

**D.**

Defendant also requests that the Government provide the IRS Individual Master File. ECF No. 19 at 11. Defendant concedes that the Government has provided the IRS transcripts derived from the Individual Master File, but nonetheless still requests access to the Individual Master File. *Id.* The Government contends that an IRS individual master file is "an internal document that contains the same information as the IRS transcripts, but in a coded form that can only be deciphered with the aid of a separate code book, whereas the transcripts are in readable English, at least by IRS standards." ECF No. 27 at 4. Defendant does not refute this assertion. Defendant's request will be denied since the transcript apparently contains the same information as the Individual Master File.

**E.**

Defendant also requests that the Government provide all correspondence from 2008 to the present between the IRS and Defendant. ECF No. 19 at 11. Defendant cites to Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) which provides

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and…the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E)(iii). The Government contends that none of the IRS correspondence was obtained by a "search warrant or other involuntary process." ECF No. 27 at 4. Defendant has not refuted this claim nor has he presented any authority establishing that an email voluntarily sent by a defendant to a government agency qualifies as an "item obtained from or belong[ing] to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(iii). The Government further represents that it has already provided Defendant with "the returns and related documents he submitted to the IRS." ECF No. 27 at 4. As such, Defendant's request will be denied.

## II.

In his motion in limine, Defendant requests that the Government be precluded from presenting evidence concerning a prior charge against Defendant for tax evasion. ECF No. 20 at 3. Defendant explains that he was a former business partner with Trevor Cook, an individual found guilty of operating a Ponzi scheme. *Id.* Defendant contends that any mention of Cook or the Ponzi scheme would be impermissible under Federal Rules of Evidence 404(b) because the information is not relevant to the case at hand. *Id.*

In its response, the Government represents that it currently does not intend to offer any evidence under 404(b). ECF No. 28. Accordingly, Defendant's motion is not ripe and will not be granted.

**III.**

In its motion to submit a supplemental juror questionnaire, Defendant contends that a juror questionnaire is necessary to ensure that he receives a fair trial from an impartial jury. ECF No. 21 at 3. He specifically indicates that his previous involvement with Cook generated media attention that could potentially bias a jury. *Id.*

However, Defendant has not indicated that media coverage of the incident was specific to the geographic region where the jury will be from, the Northern Division of the Eastern District of Michigan. A jury questionnaire requires additional effort and expense and as such must be justified by more than a general assertion that one of Defendant's past associates received some media coverage.

**IV.**

In his motion for attorney-conducted voir dire, Defendant requests the opportunity for his attorney to conduct voir dire in addition to the Court's voir dire. ECF No. 22. It is standard practice for this Court to permit attorneys the opportunity to conduct voir dire. Accordingly, Defendant's motion will be denied as moot.

**V.**

Accordingly, it is **ORDERED** that Defendant's motion to compel, ECF No. 19, is **DENIED**.

Furthermore, it is **ORDERED** that Defendant's motion in limine, ECF No. 20, is **DENIED**.

Furthermore, it is **ORDERED** that Defendant's motion for a supplemental juror questionnaire, ECF No. 21, is **DENIED**.

Furthermore, it is **ORDERED** that Defendant's motion for attorney conducted voir dire, ECF No. 22, is **DENIED as moot**.

Furthermore, it is **ORDERED** that the scheduling order is amended as follows:

    Plea hearing/cutoff:    **February 5, 2019**

    Final pretrial conference:    **February 12, 2019 at 3:00 pm**

    Jury trial:    **February 26, 2019 at 8:30 am**

Furthermore, it is **ORDERED** that the time between December 19, 2018 and the trial date of February 26, 2019, is **EXCLUDED** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. Considering the factors listed in section (h)(7)(B) and the reasons given by counsel at the status conference on November 7, 2018, the Court finds that the ends of justice served by this delay outweigh the best interest of Defendant and the public in a speedy trial.

Dated: December 19, 2018                                    s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge