**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

**MOTION TO DISMISS WITH PREJUDICE**

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, James D. Pieron, Jr., by and through undersigned counsel, and respectfully moves this Honorable Court to dismiss the Indictment of July 18, 2018 with prejudice, for the Government's misconduct in violation of Defendant's constitutional rights, as argued in detail in the Memorandum in Support of Motion to Dismiss with Prejudice filed herewith.

Respectfully submitted on March 3, 2019

                                              MINNS & ARNETT

                                              */s/ Michael Louis Minns*
                                              Michael Louis Minns
                                              State Bar No. 14184300
                                              mike@minnslaw.com
                                              Ashley Blair Arnett
                                              State Bar No. 24064833
                                              ashley@minnslaw.com
                                              9119 S. Gessner, Suite 1
                                              Houston, Texas 77074
                                              Telephone: (713) 777-0772

        Telecopy: (713) 777-0453

        Kenneth R. Sasse, PLLC

        */s/ Kenneth R. Sasse*
        Kenneth R. Sasse
        State Bar. No. P24365
        27 E. Flint Street, 2nd Floor
        Lake Orion, Michigan 48362
        Telephone: (248) 821-7325

        ***Attorneys for James Pieron, Jr.***

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of March a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

        */s/ Ashley Blair Arnett*
        Ashley Blair Arnett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § § | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE**

**INTRODUCTION**

Defendant James D. Pieron, Jr. ("Defendant" or "Pieron"), through counsel, has moved this Court to dismiss the Indictment pending against him because his continued prosecution violates the basic right to Due Process of Law guaranteed to him by the Fifth Amendment to the United States Constitution.

**STATEMENT OF FACTS**

On July 18, 2018, Pieron was indicted on one count by a grand jury. The grand jury charged:

> From approximately April 2009 and continuing through the present, in the Eastern District of Michigan and elsewhere, JAMES D. PIERON, JR., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. § 7201.

(Indictment of 07/18/18.) The grand jury that indicted Pieron was falsely led to believe by the testimony of the case agent, Special Agent Scott Hollabaugh ("SA Hollabaugh"), that virtually no taxes had been paid by Pieron for 2008 or 2009. In fact, substantial amounts had been paid by this

1

time, including all taxes the IRS claimed Pieron owed for 2008. In fact, the IRS sent Pieron a letter on the same day—July 18, 2018—informing him he had a zero balance for 2008.

The charge that Pieron has willfully evaded payment of his 2008 and 2009 taxes can only be considered if the history of the Government's actions in this matter is ignored. Pieron and his representatives have repeatedly sought to determine what taxes, if any, are owed. Tax returns have been ignored. Offers to compromise have been ignored. Requests for payment plans have been ignored. Instead, Pieron has been indicted and charged as a criminal.

The defense has attempted to prepare to meet the vague charge of criminal activity stretching over a period of more than nine years. This effort, however, has been frustrated by the continued refusal of the Government to allow Pieron the basic information needed to defend himself. There have been repeated delays in providing documents to the defense. The Government is unable, or unwilling, to inform the defense as to what, if any, taxes it asserts are or were due and owing. Even now, in trial, the only thing that is clear about the Government's position is that it will withhold information until the information cannot be effectively utilized by the defense.

On the evening of Friday, March 1, 2019, the Government provided the defense with over 1,400 pages of documents. The vast majority of the documents should have been provided at the time of the arraignment in this case. Included were documents that are clearly of an exculpatory nature and the existence of which has been previously denied—repeatedly—by the Government. Included are: (1) 957 pages of documents from Peregrine Financial Group, Inc. ("Peregrine") that were apparently received by SA Hollabaugh on or about May 11, 2012 and which include documents that contradict the claims of the Government regarding a W-8BEN form; (2) Over 500 pages of certified Internal Revenue Service ("IRS") records including documents that contradict the testimony of IRS Revenue Agent Robert Miller ("Miller") and the Government's positions concerning the completeness of Foreign Bank and Financial Accounts ("FBARs") that have been

admitted into evidence but fail to provide the defense with Pieron's Amended 2011 Tax Return that this Court has ordered produced; and (3) six pages of records from American Tax Services, Inc. ("American Tax") also known as The Tax Defenders[1], that should have been provided long before, and would have been useful during, the cross-examination of Carol Nathan ("Nathan").

## ARGUMENT

The Government accused the Defendant of evasion.

There has been evasion in this case. Repeatedly. But the evasion, and the affirmative acts of evasion, have been those of the Government.

The Government has waited seven years after Pieron filed his 2008 and 2009 tax returns to indict him. The last six months of the delay can be blamed upon Pieron and his prior counsel's agreement to toll the statute of limitations. The remainder of the delay falls fully upon the Government. The length of the delay itself invites Due Process inquiry. *See, e.g., United States v. Marion*, 404 U.S. 307 (1971). It is the complete failure of the Government, during the period of the delay, to provide Pieron or his representatives with an opportunity to be heard or with a determination as to his tax liability for 2008 and 2009.

At the end of the session on March 1, 2019, this Court noted it was considering whether it was for the Court, or for an expert by way of testimony, to consider the correctness of the positions taken on Defendant's tax return. The easy answer is that this inquiry goes to an essential element of the offense and must be submitted for jury determination. *United States v. Gaudin*, 515 U.S. 506 (1995). The more fundamental issue, however, is why the Government should even be allowed to put Defendant in this position.

Congress has provided that a taxpayer shall have certain rights when dealing with the

---

[1] The Tax Defenders were a national tax assistant company, now out of business whose principals change names on occasion with a sales force of about 15 commissioned sales agents and one non-credentialed tax preparer.

3

Government over his tax obligations. Taxpayers' rights include the right to be informed, the right to challenge the position of the IRS, the right to be heard, the right to appeal, and the right to pay no more than the correct amount of the tax. 26 U.S.C. § 7803(a)(3). Pieron has been denied all these rights. To ignore his tax positions, right or wrong, and now claim that he evaded payment of a tax that was in dispute is a violation of rudimentary ideals of justice. A procedure that would allow the Government to completely and repeatedly ignore the rights of a taxpayer for a determination of tax owed and then brand him a criminal for failure to pay the tax that was never properly determined is fundamentally unfair. It violates the constitutional minimum "of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment." *Santosky v. Kramer*, 455 U.S. 745, 785 (1982).

Defendant had an absolute right to a determination by the IRS that the position taken by his accountant either was or was not correct. Likewise, he had a right to have the IRS determine whether he would be permitted to pay any taxes he did owe through a payment plan. To brand him a criminal because he failed to (or was tardy in) paying a tax that has not been determined is turning justice, and the Due Process Clause, on its head.

The unfairness of this proceeding has also resulted from—and is currently demonstrated by—the failure of the Government to meet its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16(a)(1)(B). Instead of preparing to meet the Government's case in a fair manner; the late disclosure of documents—including documents that previously been claimed not to exist—has unfairly undermined the defense.

On the evening of March 1, 2019, the Government produced numerous documents relevant and exculpatory to the defense, including some that clearly contradicted claims of the Government and its previously released witnesses. These included documents from Peregrine, certified records from the IRS, and documents from American Tax.

4

Defendant had previously received 46 pages of documents that the Government represented as being from Peregrine. On March 1, 2019, 957 Bates-stamped pages were turned over. Included within these documents—but from various locations—were the 46 pages previously provided. A cover letter from Peregrine to SA Hollabaugh, which apparently accompanied the documents, is dated May 11, 2012. These documents include at least 11 copies of the Defendant's United States passport—overwhelming evidence that he did not intentionally attempt to mislead Peregrine into believing he was not a United States citizen and thus not subject to withholding.[2] The Government has apparently been in possession of this evidence for over six years but, through intentional misconduct or gross negligence, has failed to produce it.

Also provided were certified copies of Internal Revenue documents. These totaled over 500 pages. The vast majority of these documents could have, and should have, been produced long ago. All should have been produced before trial. Instead, defense counsel is forced to spend time reviewing the documents for completeness in the middle of trial.

Defendant is still awaiting production of the court ordered certified amendment to the 2011 Tax Return, an essential exhibit for use at trial.

Also among the documents finally produced are accurate complete copies of the FBARs already submitted as Government exhibits. At the time these documents were offered, counsel for Defendant questioned whether there was not a missing attachment. The Government, and its

---

[2] The Government's allegation that Pieron misrepresented his citizenship is based on a single piece of paper that seemed to indicate that Pieron inaccurately represented to Peregrine that he was not a citizen. It is a form Peregrine erroneously sent Pieron, which is meant to be filled out by non-U.S. corporations and signed by non-U.S. citizens. Although it was the wrong form, someone filled it out. Simultaneously with that filing, Pieron gave Peregrine his United States passport, and prior to that filing Peregrine had already received other paperwork with Pieron's correct citizenship, and his U.S. passport (he gave them his passport numerous times), and his correct Social Security number. The late-disclosed documents demonstrate the truth of Pieron's representation to Peregrine that he is a U.S. citizen.

expert witness, Miller, assured counsel and the Court repeatedly that these documents were certified and complete. They were not. Miller swore under oath that the detached statements had not ever been part of the return; if they had been, he testified, they would have shown up on the transcript of the FBAR that he had carefully reviewed. On cross-examination and on redirect he again denied that these pages had been filed with the tax returns. The documents now obtained each contain the page defense counsel believed had been submitted with the FBAR filings, and are important to understanding these filings. Miller has testified about the FBARs and been released.

Documents were also produced from American Tax. These documents, had they been produced earlier, would have been used to question Carol Nathan as they included documents she authored. Unlike the Government objections to cross-examination about documents she did not author, no such objection could have been made to cross-examination on these documents. They should have been provided long ago. Instead, they were provided after Carol Nathan was excused as a witness.

Rule 16 of the Federal Rules of Criminal Procedure requires the Government, upon the defendant's request, to disclose and make available for inspection or copying certain written or recorded statements made by the defendant. Fed. R. Crim. P. 16(a)(1)(B). *Brady v. Maryland* imposes on the Government "a constitutional obligation to furnish a criminal defendant with any exculpatory evidence related to the defendant's guilt or possible punishment." *Robinson v. Mills*, 592 F.3d 730, 735 (6th Cir. 2010) (citing *Brady*, 373 U.S. at 87). The *Brady* obligation applies regardless of the prosecution's good faith or bad faith. *Brady*, 373 U.S. at 87. The defendant making a *Brady* claim must show that: (1) the evidence in question is favorable to the defense; (2) the government purposefully or inadvertently suppressed the relevant evidence; (3) the government's actions resulted in prejudice. *Robinson*, 592 F.3d at 735.

The complete IRS official record, including the attachments to the FBARs, is favorable to

6

Pieron.  The complete files from Peregrine and American Tax are exculpatory and/or impeachment evidence.  The Government withheld this information, which has prejudiced Pieron.

Again, that the prosecution did not intentionally withhold *Brady* evidence is not dispositive or even relevant, as a court in this District recently emphasized:

> Respondent initially argues that there was no *Brady* violation because the prosecution was unaware of Lieutenant Davis' corruption at the time of his trial.  Respondent is mistaken … *Brady's* obligation to disclose applies to exculpatory evidence that is known only to the police but withheld from the prosecution.  "[B]ecause the police are just as much an arm of the state as the prosecutor, the police inflict the same constitutional injury when they hide, conceal, destroy, withhold, or even fail to disclose material exculpatory information."

*McGowan v. Christiansen*, No. 2:09-CV-14539, ___ F. Supp. 3d ___, 2018 WL 6626545, at *5 (E.D. Mich. Dec. 18, 2018) (citations omitted), *appeal filed* (6th Cir. Jan. 18, 2019).  *See United States v. McClellon*, 260 F. Supp. 3d 880, 884–85 (E.D. Mich. 2017) (although AUSA could not be faulted for nondisclosure absent suggestion "he engaged in active suppression of his key witness's credibility blemishes, [the] 'prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case'" (citation omitted)), *appeal dismissed*, No. 17-1703, 2017 WL 4317149 (6th Cir. July 20, 2017).  "[T]he *Brady* duty extends to impeachment evidence as well as exculpatory evidence, and *Brady* suppression occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor." *Id.* at 885 (quoting *Youngblood v. W. Virginia*, 547 U.S. 867 (2006) (quoting *Kyles v. Whitley*, 514 U.S. 419 (1995))) (internal quotation marks omitted).

Miller's false testimony was prejudicial to the defense.  The prejudicial effect of the testimony outweighs any probative value—which is nil.  Pieron is not charged with an FBAR violation, which is a separate criminal offense.  FBAR filings have no effect on tax assessment.  FBARs in those years were not even sent into the IRS.  Moreover, the late-disclosed material is Jencks Act material that should have been disclosed prior to Miller's release.  The Government

7

had the official record from the IRS before Miller testified and was released.

The complete Peregrine financial documents include *Brady* material, intentionally withheld, a great deal of which would have directly impacted the cross-examination of now-released witnesses, and contradict representations by the Government. The Government released from its subpoena the witness who personally worked with Pieron, representing to this Court that the witness was duplicative and would not vouch for the fact that Peregrine knew Pieron was a U.S. citizen.[3] The Government's assertion to the jury and the witness' prospective testimony that Pieron falsified his citizenship must be cured. The allegation's prejudicial effect substantially outweighs any probative value. The form it sought to have admitted into evidence, on which the opening statement was based, is entirely irrelevant to tax payments. If there was a profit at Peregrine, a U.S. citizen need make no withholding. A foreigner must withhold. The statement on this was the exact opposite of the correct law, indicating that Pieron made a misrepresentation— he did not—that would have affected his withholding. The Government misled the jury on the law. Its purpose was to portray Pieron a liar as to a fact—citizenship—that the jury would find compelling (although it is immaterial to the charge of tax evasion). The accusation is based on equating an error on a confusing form to a falsehood, and in the vacuum of no other Peregrine evidence showing no falsehood. In light of the 957 Peregrine pages the Government had, it is impossible to find Pieron held himself out to Peregrine as having any citizenship other than U.S. citizenship.

The Government must be held responsible, and sanctioned, for these *Brady* violations. Dismissal is an appropriate remedy, even when the Jencks Act and/or *Brady* violations were not

---

[3] This representation was made at side bar by AUSA Jules DePorre and the defense team accepts his representation. However, the testimony of the witness still on the stand is based on seriously redacted files. One suspects they were redacted by SA Hollabaugh.

intentional on the part of the prosecutors. *United States v. Koubriti*, 336 F. Supp. 2d 676 (E.D. Mich. 2004) (where the government failed in its obligation to turn over documents and other information that were materially exculpatory of the defendants, the defendants' due process, fair trial and confrontation rights were violated, dismissal of one count and a new trial on another count were warranted). *See Harris v. Lafler*, 553 F.3d 1028 (6th Cir. 2009) (remanding with order to dismiss two claims based *Brady* claim). In *United States v. Glist*, 594 F.2d 1374 (10th Cir. 1979), the court held, "while there may have been no deliberate intention on the part of government agents to deceive, there was substantial fault by government representatives, enough to support dismissal." *Id.* at 1378. In *Glist*, as in the present case, the government had provided some discovery; there, that information included tape recordings of a company meeting where a tax fraud scheme was discussed, along with a transcript that purportedly contained all pertinent statements made. But after five days of trial, "it was revealed that a government agent had cut off the transcription 82 seconds before a clearly exculpatory statement by one of the defendants," and dismissal was warranted. *Id. See United States v. Struckman*, 611 F.3d 560 (9th Cir. 2010) (dismissal with prejudice appropriate remedy for *Brady* violation when prejudice results and prosecutorial misconduct was flagrant); *Gov't of Virgin Islands v. Fahie*, 419 F.3d 249 (3d Cir. 2005) (dismissal for *Brady* violation appropriate in cases of deliberate misconduct, because that penalty is both corrective and deterrent). As in *Glist*, in the case at bar, trial has begun, the jury has heard evidence, and only subsequently was it revealed that *Brady* information was withheld. The Court should dismiss the Indictment.

## CONCLUSION

The actions of the Government in this case, individually and collectively, have denied James Pieron his guarantee of Due Process of Law. There is no corrective action that this Court

can take that will act to restore his ability to fairly defend against the charge that has been made.

The Indictment should be dismissed.

Respectfully submitted on March 3, 2019

        MINNS & ARNETT

        */s/ Michael Louis Minns*
        Michael Louis Minns
        State Bar No. 14184300
        mike@minnslaw.com
        Ashley Blair Arnett
        State Bar No. 24064833
        ashley@minnslaw.com
        9119 S. Gessner, Suite 1
        Houston, Texas 77074
        Telephone: (713) 777-0772
        Telecopy: (713) 777-0453


        Kenneth R. Sasse, PLLC

        */s/ Kenneth R. Sasse*
        Kenneth R. Sasse
        State Bar. No. P24365
        27 E. Flint Street, 2nd Floor
        Lake Orion, Michigan 48362
        Telephone: (248) 821-7325

        ***Attorneys for James Pieron, Jr.***


## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of March a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

        */s/ Ashley Blair Arnett*
        Ashley Blair Arnett