UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES D. PIERON, JR.,

        Defendants.

_____/

Criminal No. 18-CR-20489

Judge Thomas L. Ludington

**GOVERNMENT'S MOTION FOR A *DAUBERT*-FRE RULE 702 HEARING**

Defendant James D. Pieron, Jr., has identified two potential witnesses as "experts" pursuant to Rule 702 of the Federal Rules of Evidence. (Mr. Braver and Dr. Gavin). For the reasons discussed below, the United States moves for a *Daubert* hearing to examine the testimony of those witnesses and determine the admissibility of their testimony, in whole or in part, at trial.

As required by the local court rule, the government sought the defendant's concurrence in the relief sought in this motion via email. Counsel did not respond before this motion was filed.

## Brief

James Pieron has identified two potential defense witnesses through which he intends to offer testimony pursuant to Rule 702 of the Federal Rules of Evidence: Mr. Braver and Dr. Gavin. As the proponents of proffered expert

1

testimony, the defendants bear the burden of proving its admissibility "by a preponderance of proof." *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n. 10 (1993)). As understood by the government, much or all of the contemplated testimony of the defendant's opinion witnesses is not admissible under Rule 702. The extent to which any of the proffered testimony is admissible should be determined with a *Daubert* hearing.

Rule 702 provides that a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" may testify in the form of an opinion or otherwise if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts and data, (c) the testimony is the product of reliable principles and methods, and (d) the witness has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The defendants must satisfy each of these requirements to establish the admissibility of all aspects of their experts' proffered testimony. *See*, *Nelson*, 243 F.3d at 251. Regarding the second requirement of Rule 702, in determining whether the expert's testimony is the product of reliable principles and methods, courts frequently consider the factors set forth by the Supreme Court in *Daubert*.

However, district courts are given "broad latitude" as to which factors to consider in a particular case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999).

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a court has an obligation to act as a "gate keeper" and screen opinion evidence offered under Rule 702 of the Federal Rules of Evidence to ensure that the evidence is both relevant and reliable. *Id.,* at 589-91, 597. This initially requires the court to perform a "preliminary assessment" of the validity of the reasoning or methodology underlying the testimony and determine whether that reasoning or methodology properly can be applied to the facts in issue. *Id.*, at 592-93. A district court's screening of expert witnesses should seek to "strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." *E.g.*, *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 176-77 (6th Cir. 2009).

Of course, the evidence that that the defendant seeks to present in this case is not scientific evidence. Rather, the defendant apparently seeks to offer opinions regarding the propriety under the tax laws of defendant's CPA applying a "theft loss" and "claim-of-right" theory to the defendant's amended income tax returns. The need for the court to exercise its gatekeeper function is especially critical because, in this case, the opinion testimony incorporates dubious legal concepts. Such opinion testimony creates a profound risk that the law-giving role of the court

will be usurped by the proffered testimony and thereby result in the jury being mislead and confused regarding the relevant factual issues and the applicable law.

Fundamentally, the defendant's proposed opinion testimony involve interpretations and conclusions of law which are not appropriate subjects of expert testimony. *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (proffered testimony that was "largely on purely legal matters and made up solely of legal conclusions" properly excluded). As the Sixth Circuit has noted, "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury, [that testimony] invades the province of the court to determine the applicable law and to instruct the jury as to that law." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). *Accord*, *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).

The issue that the jury must decide in this case is whether the defendant willfully sought to evade the payment of taxes he owed for 2008 and 2009. There is no reason to think that the defendant relied on Mr. Braver or Dr. Gavin in pursuing the course of conduct that has been the subject of the government's case-in-chief evidence. While the defendant's reliance on the advice of a CPA, if asserted, is somewhat relevant to the issues of willfulness, the legal accuracy of the CPA advice should not be bolstered by opinion testimony. Moreover, it is

particularly inappropriate to expose the jury to opinion testimony that, as the court has observed, is not consistent with the law.

## Conclusion

This court should fulfill its gatekeeper responsibility by conducting a *Daubert* hearing and exclude testimony by the defendant's purported experts regarding the law government theft loss, "claim-of-right" or other legal doctrines.

Respectfully submitted,

Dated: March 5, 2019

Matthew Schneider
United States Attorney

s/Jules M. DePorre (P73999)
Assistant U. S. Attorney
600 Church Street
Flint, Michigan 48502-1280
(810) 766-5026
jules.deporre@usdoj.gov

s/Janet L. Parker (P34931)
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
janet.parker2@usdoj.gov

## Certificate of Service

On March 5, 2019, I filed the pleading above and attached document using the court's ECF system. The system will automatically serve counsel of record.

s/Janet L. Parker