UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

                                        Case No. 18-20489
                                        Judge Thomas L. Ludington

JAMES D. PIERON, JR.,
    Defendant.
_____/

## MOTION FOR JUDGMENT OF ACQUITTAL

    James D. Pieron, Jr., through counsel, moves this Court to enter a judgment of acquittal. Defendant brings this motion pursuant to F. R. Crim. P. 29 and relies upon the arguments made in the accompanying Memorandum.

                                       Respectfully submitted,

                                       MINNS & ARNETT

                                       s/ Michael Louis Minns
                                       Michael Louis Minns
                                       State Bar No. 14184300
                                       mike@minnslaw.com
                                       Ashley Blair Arnett
                                       State Bar No. 24064833
                                       Ashley@minnslaw.com
                                       9119 S. Gessner, Suite 1
                                       Houston, Texas 77074
                                       Telephone: (713) 777-0772

/s Kenneth R. Sasse
Kenneth R. Sasse  P24365
Local counsel for James Pieron, Jr.
ksasse11@gmail.com
27 E. Flint St., 2nd Floor
Lake Orion, Michigan 48362

Dated: March 5, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

                                              Case No. 18-20489
                                              Judge Thomas L. Ludington

JAMES D. PIERON, JR.,
    Defendant.
_____/

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant James D. Pieron, Jr., through counsel, has moved this Court to enter a judgment of acquittal.  *F.R.Crim.P. 29(a)* requires this Court, upon motion of the defendant, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *Id.*   In determining the motion, the standard to be applied is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979);  *United States v. Humphrey,* 279 F.3d 372, 378 (6th Cir. 2002).

Conviction under the statute charged in this case can only result if the Government establishes three essential elements, beyond a reasonable doubt: first,

that income tax was due from the defendant; second, that the defendant committed an affirmative act constituting an evasion or an attempt to evade or defeat his tax obligation; and, third that in evading or attempting to evade or defeat his tax obligation, the defendant acted willfully. A consideration of these elements of the crime, and of the Government's evidence, requires a conclusion that a rational trier of fact could not find guilt beyond a reasonable doubt.

## I.

The Government must prove beyond a reasonable doubt that income tax was due from the Defendant.

Carol Nathan, the tax preparer for American Tax Solutions, determined that a tax was due and owing for 2008 and 2009. Ms. Nathan is not a Certified Public Accountant, does not possess an accounting degree, and has no background that would suggest that she is capable of performing the complex tax work required in this case.

Kim Pavlik, a partner in Andrews, Hooper and Pavlik determined that no tax was owing for 2008 and 2009. He is a Certified Public Accountant, has an accounting degree, has practiced at a high level for years, and is by all accounts a highly respected accountant.

The Government's attempt to show that a tax was due would badly fail even under a preponderance of the evidence test. It falls far short of proof beyond a

reasonable doubt.

## II.

The second element that must be established, beyond a reasonable doubt, is that the defendant committed an affirmative act constituting an evasion or an attempt to evade or defeat his tax obligation.

The Government is apparently asserting that the Defendant misrepresented information on his submissions to the Internal Revenue Service. However, the evidence has failed to establish any such claim. The Government does not claim that the valuations placed on Defendant's corporations were inaccurate. They acknowledge that other assets, such as a Mercedes that was eventually turned in when a second Mercedes was purchased, were properties of Defendant's corporations. While repeatedly suggesting that the forms contained false information they have failed to prove that they are actually inaccurate.

No reasonable juror could find this element beyond a reasonable doubt.

## III.

Finally, the Government must establish, beyond a reasonable doubt, that in evading or attempting to evade or defeat his tax obligation, the defendant acted willfully.

The Government has gone a perfect three for three. They have not established this element either.

The record establishes that the Defendant repeatedly sought to correctly determine any taxes owed from accountants and from the Internal Revenue Service.  He not only did not willfully evade the payment of his taxes he routinely took steps to try to accurately determine what, if any, taxes were owed.  The evidence that he willfully evaded his taxes is non-existent.

## IV.

A judgment of acquittal should be granted.

Respectfully submitted,

MINNS & ARNETT

s/ Michael Louis Minns
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
Ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772

s/ Kenneth R. Sasse
Kenneth R. Sasse  P24365
Local counsel for James Pieron, Jr.
ksasse11@gmail.com
27 E. Flint St., 2nd Floor
Lake Orion, Michigan 48362

Dated: March 5, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2019 I electronically filed the attached Motion For Judgment Of Acquittal with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record included in the ECF system.

s/ Ashley Blair Arnett
Ashley Blair Arnett
State Bar No. 24064833
Ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772

Dated:   March 5, 2019