UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 18-CR-20489

v.                                       Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

        Defendant.
_____/

**JURY INSTRUCTIONS**

March 6, 2019

I.  **GENERAL INSTRUCTIONS**

  (1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

  (2) I will start by explaining your duties and the general rules that apply in every criminal case.

  (3) Then I will explain some rules that you must follow in evaluating particular testimony and evidence.

  (4) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

  (5) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

  (6) Please listen very carefully to everything I say.

  (7) I have given each of you a copy of these instructions for your use while deliberating. They are available to each of you. If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

**Duties of Judge and Jury**

  (1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

  (2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions I am now providing. All the instructions are important, and you should consider them together as a whole.

  (3) The lawyers may talk about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

  (4) Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you

        may feel toward one side or the other influence your decision in any way.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

(1)      As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2)      Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)      This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)      The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)      Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**Penalty**

(1)      If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)      Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)      Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## II.     EVALUATION OF THE EVIDENCE

**Evidence**

- (1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

- (2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence.

- (3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

- (4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

- (5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Consideration of Evidence**

- (1) You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

- (2) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

- (3) The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**Direct and Circumstantial Evidence**

- (1) Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)   Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)   Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)   It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Witnesses – Credibility**

(1)   Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)   Let me suggest some things for you to consider in evaluating each witness' testimony.

   (A)   Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

   (B)   Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened?

   (C)   Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

   (D)   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

   (E)   Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

  (F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

  (G) And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Defendant's Election Not to Testify or Present Evidence**

(1) A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**Police/Agent Testimony**

You have heard testimony from witnesses who are police officers or agents. That testimony is to be judged by the same standards you use to evaluate the testimony of any other witness.

**Opinion Testimony**

(1) You have heard the testimony of Robert Miller, Judith Gustafson, and Megean Giolitti, who testified as opinion witnesses.

(2) You do not have to accept their opinions. In deciding how much weight to give to opinion testimony, you should consider the opinion witness's qualifications and

6

        how the witness reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)      Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**Number of Witnesses**

(1)      Another point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)      Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on the evidence, not the number of witnesses.

**Evidence Summaries Admitted In Evidence**

(1)      During the trial you have seen or heard summary evidence in the form of charts, calculations, testimony or similar material.   This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2)      But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**Presentation of Witnesses/Exhibits**

        The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Discussion With A Witness**

        It has been brought out that an attorney has talked with a witness. There is nothing wrong with an attorney or agent talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**Lawyer's Objections**

(1)      There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)      The lawyers for both sides objected to some of the things that were said or done

        during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

  (3)    Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Conclusion to Evaluation of Evidence**

  (1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

  (2)    But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

  (3)    Also keep in mind that whether anyone else should be prosecuted and convicted of the crime charged is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence you in any way.

## III.   <u>SUBSTANTIVE INSTRUCTIONS</u>

**Attempting to Evade and Defeat the Payment of Income Taxes**

  (1)    The indictment charges that from approximately April 2009 and continuing through July 18, 2018, James D. Pieron, Jr., willfully attempted to evade and defeat the payment of the income taxes due and owing by him to the United States for the calendar years 2008 and 2009, in violation of federal law.

  (2)    For you to find the defendant guilty of attempting to evade and defeat the payment of his income taxes for the years 2008 and 2009, the government must prove each of the following elements beyond a reasonable doubt:

      (A)    First, income tax was due from the defendant.

      (B)    Second, the defendant committed an affirmative act constituting an evasion or an attempt to evade or defeat his tax obligation.

      (C)    Third, in evading or attempting to evade or defeat his tax obligation, the defendant acted willfully.

 (3) Any conduct that is likely to have a misleading or concealing effect, such as hiding assets, covering-up sources of income, or handling one's affairs using means designed to avoid creating the usual type of records of one's financial transactions, and any conduct, the likely effect of which would be to mislead or conceal, can constitute an affirmative act. A lawful act can serve as an affirmative act if it is done with the intent to evade income tax.

 (4) An act or failure to act is "willful" for purposes of tax evasion if it is a voluntary, intentional violation of a known legal duty, rather than the result of an accident, mistake, or negligence.

 (5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty.

**Standards of Conduct for the IRS**

During this trial you have heard references to a law that has been called by some as "The Taxpayer Bill of Rights." That is not the only law that governs the conduct of the IRS and its personnel. IRS personnel must also comply with laws governing the conduct of criminal investigations, including laws governing the secrecy of criminal investigations, ethical rules regarding contact with people who are represented by a lawyer, and also the constitutional right of an individual to be protected from compelled self-incrimination. I say this to you, not because you need to understand and apply these different standards in arriving at a verdict in this case, but because it is fair that you know that different standards apply to the conduct of the IRS in different contexts.

**Good Faith**

 (1) The good faith of Defendant James Pieron, Jr. is a defense to the tax charge in Count 1 of the indictment because good faith is simply inconsistent with willfully attempting to evade or defeat any tax.

 (2) While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations.

 (3) In assessing the Defendant's good faith, you may consider his reliance on an accountant or professional tax advisor if you find that he has made a full disclosure of the facts to the accountant or advisor.

**Inferring Required Mental State**

 (1) Next, I want to explain something about proving a defendant's state of mind.

    (2)       Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

    (3)       But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

    (4)       You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**Closing Arguments**

    (1)       Shortly, we will hear the closing arguments of the attorneys. Please pay attention to the arguments, but remember that the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision only on the evidence.

    (2)       Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## IV.    **DELIBERATIONS AND CONCLUDING INSTRUCTIONS**

**Deliberations and Verdict**

    (1)       Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

    (2)       The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

**Communications with the Court**

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally

should be sent to me through your foreperson.

**Communications About Deliberations**

 (1) Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

 (2) During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or Web site such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**Exhibits and Transcripts of Testimony**

I will send the exhibits into the jury room when it is time for you to begin your deliberations. As I told you at the start of the trial, a written transcript of the testimony does not currently exist. Excerpts of the trial testimony will not be read to you nor made available to you during your deliberations absent exceptional circumstances.

**Decision Based Only on Evidence**

 (1) Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

 (2) For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

 (3) Make your decision based only on the evidence that you saw and heard here in court.

**Notes of Trial**

Some of you have taken notes during the trial. Whether or not you took notes, you should not be influenced by the notes of another juror, but you should rely on your own memory of what was said. Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

Whether you took notes or not, each of you must form and express your opinion as to the facts of the case.

**Unanimous Verdict Required**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

**Reaching Your Decision**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**Verdict Form**

(1) Each of you has been furnished with a copy of the verdict form to aid you in your deliberations. However, when you reach your decision, your foreperson should complete only the official verdict form. The official verdict form will be presented to you in a brown folder by the bailiff along with the exhibits admitted

      during the course of the trial.

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the official form. If you decide that the government has not proved the charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**Verdict Limited to Charge Against This Defendant**

(1) Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

(2) Also remember that whether anyone else should be prosecuted and convicted for that crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 18-CR-20489

v.                                   Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

        Defendant.
_____/

## **Verdict Form**

      As to the charge that James D. Pieron, Jr., willfully attempted to evade or defeat the payment of the income taxes due and owing by him to the United States for the calendar years 2008 and 2009, we, the jury, unanimously find the defendant:

_____ Not guilty.                                  _____ Guilty.

                                                      _____
                                                      Foreperson (print name)

Dated: March ____, 2019

                                                      _____
                                                      Signature