# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES D. PIERON, JR.,<br><br>　　　　　Defendant. | Case No. 18-cr-20489 (TLL)(PTM)<br>Hon. Thomas L. Ludington |

## MOTION FOR JUDGMENT OF ACQUITTAL

*Oral argument requested*

Defendant James D. Pieron, Jr. moves for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure because the government failed to meet its burden to prove that an affirmative act of evasion of payment occurred within the applicable statute of limitations period.

The factual and legal grounds for this motion are set forth in the brief. Oral argument is requested.

Pieron is also filing a motion for new trial under Rule 33. In the event this Court grants Pieron's motion for a judgment of acquittal, it should also "conditionally determine" whether the motion for a new trial should be granted. Fed. R. Crim. P. 29(d)(1).

Respectfully submitted,

HONIGMAN LLP

By: /s/ Patrick J. Hurford
Patrick J. Hurford (P82903)
Mark A. Pendery (P57683)
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7000
phurford@honigman.com

Dated: May 15, 2019

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES D. PIERON, JR., <br><br> Defendant. | Case No. 18-cr-20489 (TLL)(PTM) <br> Hon. Thomas L. Ludington |

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL**

## TABLE OF CONTENTS

**Table of Contents** ..................................................................................................... ii

**Table of Authorities** ............................................................................................... iii

**Preliminary Statement** ............................................................................................1

**Background** ..............................................................................................................2

**Argument** .................................................................................................................3

**Conclusion** ..............................................................................................................11

# **TABLE OF AUTHORITIES**

**CASES**     **PAGE(S)**

*Gross v. Comm'r of Internal Revenue*,
   272 F.3d 333 (6th Cir. 2001) ...................................................................................7

*Jackson v. Virginia*,
   443 U.S. 307 (1979)..................................................................................................4

*Musacchio v. United States*,
   136 S. Ct. 709 (2016)................................................................................................4

*Porta-John of America Inc. v. Unites States*,
   4 F.Supp.2d 688 (E.D. Mich. 1998) (Edmunds, J.)..................................................8

*Sansone v. United States*,
   380 U.S. 343 (1965)..............................................................................................4, 8

*United States v. Abner*,
   35 F.3d 251 (6th Cir. 1994) ......................................................................................4

*United States v. Haskins*,
   345 F.2d 111 (6th Cir. 1965) ....................................................................................5

*Unites States v. Mal*,
   942 F.2d 682 (9th Cir. 1991) ....................................................................................4

**STATUTES**

26 U.S.C. § 6531 ...........................................................................................................2

Federal Rule of Criminal Procedure 29 ........................................................................3

**MISCELLANEOUS**

Erik J. Bolinder, *What's It Worth - Important Issues in Business
   Valuations* ................................................................................................................6

Gerald R. Tucker, *Interpreting Business Valuations* ...................................................6

## Preliminary Statement

The government did not meet its burden to prove Pieron evaded or attempted to evade the payment of income tax within the statute of limitations period.

The only acts, falling within the limitations period, that could possibly constitute evasion or attempted evasion of payment fall within two categories. First, alleged misrepresentations to the IRS concerning Pieron's assets on an installment agreement request and offer in compromise. But the government failed to prove either of these documents contained a misrepresentation.

The second category is occupied by a single misstatement on a foreign bank account report ("FBAR") in 2012 concerning the 2009 maximum balance of one out of eleven foreign bank accounts. But there was no evidence offered that the misstatement could have possibly prevented or hindered the IRS from identifying Pieron's assets for collection purposes.

Given the evidence presented, no rational juror could conclude the government met its burden to prove beyond a reasonable doubt that Pieron committed an affirmative act of evasion within the limitations period.

Accordingly, this Court should enter a judgment of acquittal.

## Background

The indictment in this matter was returned on July 18, 2018. (R. 1: Indictment, at PgID 1–3.) The government later filed a bill of particulars. (R. 5: Bill of Particulars, at PgID 9–15.) Pieron timely filed a motion to dismiss the indictment. (R. 14: Mot. to Dismiss, at PgID 44–53.) The arguments for dismissal included a statute of limitations defense. (*Id.* at PgID 51–52.)

The government opposed the motion to dismiss on statute of limitations grounds, arguing it was improper to dismiss the indictment on such a basis. (R. 23: Gov. Opp'n to Mot. to Dismiss, at PgID 103–05.) The government did acknowledge it would have the burden to prove "Pieron committed affirmative acts of evasion within the six-year statute of limitations period, as extended by the tolling agreement, . . ." (*See* R. 23, at PgID 107.)

The applicable 6-year limitation period, 26 U.S.C. § 6531, combined with the tolling agreement (R. 23-12: Tolling Agreement, at PgID 110–11), created a limitation period of January 9, 2012 to July 18, 2018.

The motion to dismiss was denied. (R. 31: Order, at PgID 141–45.)

Prior to trial, Pieron continued to assert the limitations defense by submitting a jury instruction, requiring the government to prove an affirmative act of evasion after January 9, 2012. (Def.'s Proposed Jury Instructions, at 3, attached as Exhibit A.) This Court did not instruct the jury on the statute of limitations defense. (R.

2

55: Trial Tr. vol. 6, at PgID 1005–06 ("I do not understand there to be disputes of fact concerning events as outlined in the bill of particulars that would have been within—actionable within the statute of limitations, and for that reason, I've elected not to furnish that instruction.").)

Pieron continued to object to the instructions to preserve the statute of limitations issue. (R. 55: Trial Tr. vol. 6, at PgID 1004–06, 1084.)

On March 7, 2019, the jury found Pieron guilty of tax evasion. (R. 61: Trial Tr. vol. 7, at PgID 1121–23.) On the same day, Pieron sought and received an extension until May 6, 2019 to file a motion for acquittal pursuant to Rule 29. (*Id.* at PgID 1128.) Prior to May 6, 2019, the Court extended the deadline until May 15, 2019. (R. 63: Stipulated Order, at PgID 1242.)

## Argument

Pieron is entitled to a judgement of acquittal because no rational juror could have found the government met its burden of proving an affirmative act of evasion occurred within the limitations period (on or after January 9, 2012).

Pieron repeatedly raised the statute of limitations issue both before and during trial. "When a defendant presses a limitations defense, the Government then bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or

3

by establishing an exception to the limitations period." *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016).

Accordingly, Pieron is entitled to a judgment of acquittal if no "rational trier of fact" could find that the government met its burden to prove, beyond a reasonable doubt, an affirmative act of evasion occurred on or after January 9, 2012. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994).

In the evasion of payment context, an affirmative act of evasion "involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed." *Unites States v. Mal*, 942 F.2d 682, 687 (9th Cir. 1991). Merely failing to pay assessed taxes does *not* constitute evasion of payment. *Sansone v. United States*, 380 U.S. 343, 351 (1965). An affirmative act of evasion requires a "willful commission"—an omission does not constitute an affirmative act. *See Sansone v. United States*, 380 U.S. at 351.

The bill of particulars filed by the government lists only 3 purported affirmative acts of evasion that occurred on or after January 9, 2012. (R. 5: Bill of Particulars, at PgID 13–15.) As a result, the government's proofs are strictly limited to these three alleged events. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965) ("When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified.")

4

- January 16, 2012: Pieron signs an installment agreement request. (R. 54: Trial Tr. vol 5, at PgID 850–52; Gov. Ex. 45, attached hereto as Exhibit B.)

- August 6, 2012: Pieron files FBARs for 2005 to 2010. (R. 51: Trial Tr. vol. 2, at PgID 377–89, 394–96.)

- March 27, 2014: Pieron signs the offer in compromise doubt as to liability—offering to pay $30,000 for the payment of tax years 2007 through 2011. (R. 54: Trial Tr. vol. 5, at PgID 959–61; Gov. Exs. 46–47, attached hereto as Exhibits C–D.)

No rational juror could find the government met its burden of proving, beyond a reasonable doubt, any of these events constituted affirmative acts of evasion.

<u>January 16, 2012 installment agreement request</u>

In its bill of particulars, the government claims Pieron's installment agreement request contained misstatements concerning the value of Pieron's equity interests in Komplique, Inc. ("Komplique") and Navitas Investments, LLC ("Navitas"). (R. 5, at PgID 13–14.) The government also claimed Pieron's installment agreement request failed to report a 2009 Mercedes automobile owned by Komplique. (*Id.* at PgID 14.) The installment agreement request (IRS Form 9465) and the accompanying collection information statement (IRS Form 433-F) were entered into evidence at trial. (R. 54: Trial Tr. vol. 5, at PgID 850–52; Gov. Ex. 45.)

5

With respect to the value of Pieron's equity interests in Komplique and Navitas, the government offered no evidence at trial as to the value of either company; value is what Form 433-F specifically requests. (Gov. Ex. 45.)

There was no testimony concerning the value of the companies or Pieron's equity interests in them. There was no expert witness to explain to the jury how to value private or closely held entities or provide an opinion on value. Instead, the government presented evidence concerning the amount of cash that Komplique and Navitas held in various bank accounts. (*E.g.*, R. 51: Trial Tr. vol. 2, at PgID 421, 762, 774.)

It is axiomatic the value of a company (like the net worth of an individual) cannot be determined by looking at the balances in a couple of bank accounts. *See* Richard M. Teichner; Erik J. Bolinder, *What's It Worth - Important Issues in Business Valuations*, 52 Advocate 31, 34 (2009) (discussing the various approaches in determining business values); Gary A. Moll; Gerald R. Tucker, *Interpreting Business Valuations*, 19 Ohio Law. 22, 25 (2005) ("[A]dherence to [Rev. Ruling 59-60] forms the basis for a solid business valuation report and analysis."); *Gross v. Comm'r of Internal Revenue*, 272 F.3d 333, 348 (6th Cir. 2001) (pointing to Rev. Ruling 59–60 as "suggesting reliance upon a wide variety of factors in appraising the value of closely held corporations").

6

Because there was no evidence concerning the value of Komplique or Navitas Investments, no rationale juror could conclude Pieron misstated the value of his equity in these companies on his installment agreement request.

With respect to the 2009 Mercedes automobile, no evidence was presented at trial suggesting Pieron failed to list the automobile as a personal asset. As a preliminary matter, there was no evidence presented at trial that Pieron was required to list the 2009 Mercedes as a personal asset on Form 433-F. To the contrary, the evidence at trial established the Mercedes was a corporate asset—on August 28, 2009, the automobile was purchased with funds from Komplique and was titled in Komplique's name. (R. 53: Trial Tr. vol. 4, at PgID 724, 726–27, 755; Gov. Ex. 102, attached hereto as Exhibit E.)

No exhibits or testimony established how many miles the 2009 Mercedes was driven. No exhibits or testimony established how many miles could be attributed to Pieron's personal use. There was no evidence presented from which any rational juror could conclude the 2009 Mercedes was anything other than a business asset.[1]

---

[1] In order for the Internal Revenue Service to collect individual tax debt from the assets of a corporate entity, the government must establish the entity is an alter ego or instrumentality of the individual. *See Porta-John of America Inc. v. Unites States*, 4 F.Supp.2d 688, 700 (E.D. Mich. 1998) (Edmunds, J.). No evidence supporting any such conclusion was offered in this case.

Based on the evidence presented, and giving the government every reasonable inference, there is no evidence that Pieron either listed incorrect values for his equity in Navitas or Komplique or was required to (and therefore failed) to list the 2009 Mercedes as a personal asset.  Absent such evidence, no rational juror could conclude the government met its burden of proving, beyond a reasonable doubt, the installment agreement request constituted an affirmative act of evasion.

<u>August 6, 2012 filing of foreign bank account report for previous years</u>

With respect to the August 6, 2012 filing of FBARs for tax years 2005 through 2010, the only arguable affirmative act of evasion is the government's contention that, on the 2009 FBAR, "Pieron falsely stated . . . the maximum balance in a Swiss bank account for one of his businesses." (R. 5, at PgID 14–15.) [2]

At trial, the government presented evidence alleging Pieron misstated the maximum balance in JDFX Fund Management LTD's Credit Suisse account by approximately $500,000 for the year 2009 by listing a maximum account balance of $250,000, rather than approximately $750,000.  (R. 51: Trial Tr. vol. 2, at PgID 387–88; Gov. Exs. 19, 129, attached hereto as Exhibits F and G.)[3]

---

[2]  As noted above, the failure to file a FBAR is an omission, not an affirmative act of evasion. *See Sansone v. United States*, 380 U.S. at 351. Accordingly, the only affirmative act of evasion concerning the 2009 FBAR can be its actual filing on August 6, 2012.

[3]  The 2009 FBAR (filed in August 2012) listed 10 other foreign bank accounts with maximum balances of $1,000,000, $2,250,000, $2,100,000,

8

While there was general testimony suggesting that placing incorrect information on FBARs could limit the ability of the IRS to identify assets for collectability purposes (R. 51: Trial Tr. vol. 2, at PgID 389), the government presented no evidence as to how the filing of this particular 2009 FBAR in August 2012 could have limited the ability of the IRS to identify assets for collection in 2012 and beyond.

There was no evidence that the JDFX Fund Management LTD Credit Suisse account was even in existence during or after 2012. There was no testimony concerning how listing an incorrect 2009 maximum balance for the account affected (or even could affect) the ability of the IRS to collect taxes, particularly absent proof of the account's existence in 2012.

Indeed, the same JDFX Credit Suisse account was listed on the 2010 FBAR with a maximum balance of $350,000. (The 2010 FBAR was filed simultaneously with the 2009 FBAR.) There was no evidence the maximum balance was incorrect on the 2010 FBAR. There was no evidence as to how an incorrect 2009 maximum balance could affect the ability of the IRS to collect taxes in 2012 and beyond without evidence the 2010 FBAR was incorrectly stated.

---

$300,000, $3,800,000, $23,000, $100,000, $7,250,000, $1,000,000, and $660,000. (Gov. Ex. 19.)

9

Accordingly, no rational juror could conclude the government proved, beyond a reasonable doubt, that listing an incorrect 2009 maximum account balance in August 2012 was an affirmative act designed to conceal or hide assets from the IRS for the purpose of evading payment in 2012 and beyond.

<u>April 2014 offer in compromise</u>

The government contends that Pieron's offer in compromise included a collection information statement that did not fully disclose his assets and contained false and misleading information. (R. 5, at PgID 15.)

At trial, the government presented evidence that the offer in compromise (IRS Form 656-L) was signed by Pieron on March 27, 2014. (R. 54: Trial Tr. vol. 5, at PgID 859–60; Gov. Ex. 46.) A collection information statement accompanied the offer in compromise. (*Id.*, at PgID 860; Gov. Ex. 47.) That statement indicated Pieron had a PNC checking account with a $108 balance, an automobile worth $25,000, interests in Komplique worth $250,000, interests in Navitas worth $1,000, and used fitness equipment worth $25,000. (Gov. Ex. 47.) However, there was no evidence presented at trial establishing anything listed on the collection statement was misleading or incorrect.

There was no evidence that the balance of the checking account was misstated. There was no evidence that the value of Pieron's interests in Komplique

10

and Navitas were misstated because, as noted above, there was no evidence concerning the value of those entities or Pieron's interests in them.

The government suggested at trial the collection statement was misleading or incorrect because it did not list a 2013 or 2009 Mercedes automobile. (R. 54: Trial Tr. vol. 5, at PgID 860.) There was evidence that Pieron purchased automobiles on behalf of his businesses. (R. 52: Tr. Tr. vol. 3, at PgID 595–97; R. 53: Trial Tr. vol. 4, at PgID 724, 726–27, 755; Gov. Ex. 102; Gov. Exs. 170–72, attached hereto as Exhibit H.) But, for the same reasons noted above, there was no evidence that Pieron failed to list these automobiles as personal assets.

Accordingly, there was no evidence presented at trial concerning the existence of misstatements on Pieron's April 2014 offer in compromise (IRS Form 656-L). Therefore, no rational juror could have found the government met its burden to establish the filing of the 2014 offer in compromise was an affirmative act of evasion.

## Conclusion

For the reasons stated, no rational juror could have concluded the government met its burden of proving, beyond a reasonable doubt, an affirmative act of evasion within statute of limitations period. Accordingly, this Court must enter a judgment of acquittal.

11

        Respectfully submitted,

        HONIGMAN LLP

        By: /s/ Patrick J. Hurford
        Patrick J. Hurford (P82903)
        Mark A. Pendery (P57683)
        660 Woodward Avenue
        Detroit, MI 48226-3506
        313.465.7000
        phurford@honigman.com

Dated:  May 15, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Honigman LLP
660 Woodward Ave.
Detroit, MI  48226
313.465.7000
phurford@honigman.com