# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | Case 1:18-cr-20489 |
| Plaintiff, | § § | |
| v. | § § | |
| JAMES D. PIERON, JR., | § § | |
| Defendant. | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, through undersigned counsel, submits the following Proposed Jury Instructions.

Respectfully submitted on February 19, 2019

MINNS & ARNETT

/s/ Ashley Blair Arnett
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

Kenneth R. Sasse, PLLC

/s/ Kenneth R. Sasse
Kenneth R. Sasse
State Bar. No. P24365

                                                      27 E. Flint Street, 2nd Floor
                                                      Lake Orion, Michigan 48362
                                                      Telephone: (248) 821-7325

                                                      *Attorneys for James Pieron, Jr.*

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of February a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

                                                       /s/ *Ashley Blair Arnett*
                                                       Ashley Blair Arnett

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 1

### STATUTE OF LIMITATIONS

No criminal activity may be maintained unless brought within a specified period.

The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature had decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment.

In considering the evidence in this case, the date that you must consider is January 9, 2012. To be guilty of the crime alleged, the defendant must have committed an affirmative act of tax evasion after January 9, 2012. If you do not find, beyond a reasonable doubt, that the defendant committed an affirmative act of tax evasion after January 9, 2012, you must find him not guilty.

**AUTHORITY**: 26 U.S.C. § 6531; *Toussie v. United States*, 397 U.S. 112, 114 (1970); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993).

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 2

### 2.02 DEFINITION OF THE CRIME

(1) Count ONE of the indictment accuses the defendant of tax evasion of in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the defendant attempted to evade or defeat the payment of a tax;

    (B) Second, that the defendant did so willfully.

    (C) Third, that there was an additional tax due and owing.

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**AUTHORITY:**   Pattern Criminal Jury Instructions for the 6th Circuit Instruction 2.02.

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 3

WILLFULNESS

In order to sustain its burden of proof for the crime of attempt to evade or defeat payment income taxes as charged in Count 1 of the indictment, the government must prove beyond a reasonable doubt that Defendant James Pieron, Jr., acted "willfully".

An act is done willfully, as used in these instructions, only if it is done voluntarily and intentionally with the purpose of violating a known legal duty. An act done with bad faith or evil intent. The conduct of a defendant is not willful if the defendant acted through negligence, or gross negligence, inadvertence, justifiable excuse, mistake, or a good faith misunderstanding of the law.

A defendant acted willfully if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty. Thus, if the defendant acted in good faith he cannot be guilty of this crime. The burden to prove intent as with all other elements of the crime, rests with the government.

Negligent conduct is not sufficient to constitute willfulness.

**AUTHORITY**: *Cheek v. United States*, 498 U.S. 192, 203-07 (1991); *United States v. Williamson*, 746 F.3d 987, 991 (10th Cir. 2014); *United States v. Bishop*, 412 U.S. 346 (1973), *U.S. v. Rosenfield*, 469 F.2d 598 (3d Cir. 1972, Pa.), *United States v. Alt*, 996 F.2d 827, 828 (6th Cir. 1993); *U.S. v. Hogan*, 861 F.2d 312, 316 (1st Cir. 1988); *United States v. Aitken*, 755 F.2d 188, 191-193 (1st Cir. 1985).

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 4

### Good Faith Defense

The good faith of Defendant James Pieron, Jr. is a complete defense to the tax charge in Count 1 of the indictment because good faith is simply inconsistent with willfully attempting to evade or defeat any tax.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully attempt to evade or defeat tax.

If a person acts even without reasonable grounds for belief that his conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law or whether that person has willfully attempted to evade or defeat the tax. A good faith belief is one, which is honest and genuinely held. If a Defendant believes in good faith that he has done all the law requires, he or she lacks the required criminal intent and cannot be found guilty of a crime. This is true regardless of how unreasonable the beliefs are so long as the beliefs were held in good faith.

In determining whether or not the government has proven that the defendant willfully attempted to evade or defeat a tax or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully.

If the evidence in the case leaves the jury with a reasonable doubt as to whether Defendant James Pieron, Jr. acted in good faith or acted willfully in an attempt to evade or defeat a tax, the jury must acquit Defendant James Pieron, Jr.

**AUTHORITY**: *Cheek v. United States*, 498 U.S. 192 (1991); *United States* 387 F.3d 456, 459 (6th Cir. 2004); *United States v. Abboud*, 438 F.3d 554 (6th 2006).

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 5

One element the Government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to defraud. Evidence that the Defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

In order to rely on good faith defense, the defendant must in fact have some "belief", either that his own understanding was correct or that he in good faith relied on the tax advice of a qualified tax professional.

Good faith reliance on an accountant or professional tax advisor is a complete defense to willfulness in cases of tax fraud and evasion.

**Authority**: Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) § 5.9. *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Bishop*, 291 F.3d 1100 (9th Cir. 2002); *United States v. Walters*, 913 F.2d 388 (7th Cir. 1990); *United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988).