UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 18-20489

v                                           Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

        Defendant.
_____/

**ORDER DIRECTING GOVERNMENT TO FILE A RESPONSE TO DEFENDANT'S MOTION TO FILE UNDER SEAL**

On July 18, 2018, the U.S. Government issued an indictment against Defendant James D. Pieron alleging that he committed tax evasion. ECF No. 1. On March 7, 2019, a jury found Defendant guilty of tax evasion. Defendant has now filed a motion to file under seal documents in support of his Motion for Judgment of Acquittal and Motion for a New Trial. ECF No. 64, 66, 68.

**I.**

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.* 723 F.2d 470, 476 (6th Cir. 1983). This is because "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). The Sixth Circuit has explained

> That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases…the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases,

> "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)(citations omitted). This creates a "strong presumption in favor of openness" with regards to court records. *Brown & Williamson*, 710 F.2d at 1179. To overcome this presumption, "the proponent of sealing…must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group*, 825 F.3d 299 at 305–306 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

Defendant has not provided a detailed analysis justifying his motion to seal. Instead, he argues that "[t]he Unredacted Exhibits contain numerous instances of Pieron's social-security number, birth date, home address, and private financial information. The volume of such records would make effective redaction difficult." ECF No. 64 at PageID.1251.

Defendant also mentions that the Court has "previously required the filing under seal of documents containing similar information in this case." *Id.* at PageID.1244. Defendant is presumably referring to the Court's order directing the Government to file its draft tax loss assessment under seal. *See* ECF No. 59. However, that order by the Court did not implicate the same concerns that are implicated here. The Government's draft tax loss assessment is part of Defendant's presentence report. In contrast, the documents that Defendant seeks to seal would be used to support Defendant's post-trial motions. The public interest and the presumption against sealing the documents is much higher.

- 3 -

**II.**

Accordingly, the Government is **ORDERED** to file a response to Defendant's motion to seal, ECF No. 64, on or before **June 3, 2019**.

Dated: May 17, 2019                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge