UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 18-20489

v                                            Honorable Thomas L. Ludington

JAMES D. PIERON, JR.,

               Defendant.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING BY GOVERNMENT AND DEFENDANT

On July 18, 2018, an indictment was returned against Defendant James D. Pieron for tax evasion. ECF No. 1. On March 7, 2019, a jury found Defendant guilty of the offense. Mark S. Pendery and Patrick J. Hurford subsequently filed appearances to represent Defendant. ECF Nos. 50, 57. Defendant's trial counsel, Michael Minns, Ashley Arnett, and Kenneth Sasse, withdrew concurrently. ECF Nos. 56, 58, 72, 73. Defendant has filed a motion for judgment of acquittal and a motion for a new trial which remain pending. ECF No. 66, 68.

In April 2019, a status conference was conducted. The primary purpose of the conference was to address Federal Sentencing Guideline issues that the parties anticipated would need attention. The Government was directed to file a draft tax loss assessment and Defendant was directed to file a response. ECF No. 59.

**I.**

The July 18, 2018 indictment against Defendant provides:

From approximately April 2009 and continuing through the present, in the Eastern District of Michigan and elsewhere, JAMES D. PIERON, JR., willfully attempted to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion, all in violation of 26 U.S.C. §7201.

On August 1, 2018, the Government filed a Bill of Particulars. Before trial, the Government furnished a memo from a receiver about Pieron alleging the following facts. In 2003, Pieron joined or formed JDFX Technologies AG ("JDFX"), a currency trading company doing business in Zurich, Switzerland. ECF No. 36-6 at PageID.188. The memo did not identify where or when JDFX was organized. Pieron was its Chief Executive Officer until 2009. *Id.* From 2008 through 2009, an individual by the name of Trevor Cook paid $15.25 million to the Defendant for a 35% share in JDFX, though it is unclear whether the funds were transferred to JDFX or paid directly to the Defendant. *Id.* at PageID.195. Cook was later determined to be the perpetrator of a Ponzi scheme and is serving a federal sentence.

At trial, defense counsel explained that in June 2010, Defendant retained Carol Nathan of American Tax Solutions to prepare his tax returns for 2007, 2008, and 2009 after his stepfather recommended he receive professional assistance with the returns. Nathan concluded from the information furnished by the Defendant that he owed substantial taxes for the years 2008 and 2009.[1] To the Court's understanding, Defendant did not file the returns prepared by Nathan. Instead, in December 2010, Defendant retained C.P.A. Kim Pavlik. In January 2011, Defendant filed the tax returns for 2007, 2008, and 2009 with Pavlik's assistance. In January 2012, Pavlik prepared and Defendant filed amended returns for 2008 and 2009. In March 2014, Pavlik prepared and Defendant filed a second amended return, finding that Defendant did not owe any taxes for the years 2008 and 2009.

In April 2014, Pavlik prepared and Defendant filed an Offer of Compromise: Doubt as to Liability with the IRS. In the offer, Defendant was described as a victim of Cook's Ponzi scheme

---

[1] The Government's Trial Exhibit 40 reflected the Defendant's receipt of $9,346,617 for the sale of JDFX stock in 2008 with a tax basis of $6,675,034 and a long-term capital gain of $2,671,583. The Government's Trial Exhibit 42 reflected the Defendant's receipt of $4,450,460 for the sale of JDFX stock in 2009 with a tax basis of $3,276,786 and a long-term capital gain of $1,173,674.

and thus he argued that the claim of right doctrine applied. He explained that the trustee of a Ponzi scheme can clawback repayments from investors who had received income from the scheme. ECF No. 36-7 at PageID.208. These clawback repayments by investors "are not additional theft loss deductions, but are repayments of claim of right income." *Id.* He represented that the trustee in the Cook Ponzi scheme had clawed back repayment from multiple investors, but not Pieron. *Id.* Pavlik explained that because Pieron had no liquid assets, the trustee forgave the debt. *Id.* For this reason, Pavlik "recalculated Pieron's adjusted tax for the years 2008-2011, including the forgiveness of debt income, and excluding the JDFX gains under the claim of right rules." *Id.*

## II.

As earlier noted, on March 7, 2019, the jury found Defendant guilty of tax evasion. The next month, a status conference was held to address sentencing guideline issues with a focus on Federal Sentencing Guideline §2T1.1 and the determination of the Government's "tax loss." The Government was directed to file a Tax Loss Assessment and Defendant was directed to file a response. ECF No. 59. The Government concluded that Defendant's tax liability for 2008 was $2,517,958 and $777,320 for 2009. The Defendant, in response, concluded that he had no tax loss for 2008 and 2009.

The Government's theory is relatively straightforward – it simply adopts the form 1040s filed by the Defendant on January 16, 2012 for 2008 and 2009 as accurate – with the exception that it removes "the theft loss deduction and the basis for the sale of stock" for the sale of the JDFX stock to Trevor Cook. ECF No. 60 at PageID.1097. The result is $15,250,000 of long-term capital gain for the Defendant's sale of the JDFX stock reported by the Defendant to have occurred on January 4, 2008 and October 13, 2009. According to the Government, the tax due is $2,517,958 for 2008 and $777,320 for 2009. The Government offers no rationale, factually or legally, for its

contention that Defendant's cost basis in his JDFX stock is equal to zero, thus leading to the $15,250,000 of long-term capital gains.

The Defendant's response to the Government's submission is equally breathtaking, unexplained, as well as freshly minted. Defendant contends that the Government's tax loss for both 2008 and 2009 is zero. Why? For two reasons. First, because "bank records and source documents" which are not included with the submission prove that $15,250,000 of Cook's funds were actually deposited directly to JDFX and not the Defendant's bank account. Second, he explains that in fact only $5,250,000 was paid by Trevor Cook in 2008 and 2009 despite the (numerous) returns prepared that contradict the assertion. No explanation is offered for why all of the 2008 and 2009 returns prepared by the Defendant on January 16, 2012 with the assistance of C.P.A. Pavlik are wrong. And Defendant does not include any copies of the "bank" records or any copies of JDFX's corporate records that would corroborate the assertion that JDFX treasury stock was issued to Mr. Cook and not JDFX stock owned by the Defendant. That is, no corporate records reflecting the alleged recapitalization of JDFX with treasury stock are included.

Equally unexplained by both the Defendant and the Government are the relevance of the returns filed in January 2011 by Carol Nathan of American Tax Solutions and perhaps more importantly, the information furnished by the Defendant to Ms. Nathan or Defendant's later efforts to obtain the IRS's agreement to an installment agreement or a response to his filing of a Doubt as to Liability.

Accordingly, briefing is needed from the Government on at least the following matters:

1. To address why the July 16, 2012 filed 2008 and 2009 returns are the relevant returns assessing the Defendant's federal income tax liability and why no attention is given to the

    January 2011 amended returns *or* the Second Amended returns and offer in compromise made with the assistance of C.P.A. Pavlik.

2. To address, factually and legally, why the Government simply concludes that the JDFX stock sold by the Defendant to Mr. Cook had no cost basis.

Additionally, briefing is needed from Defendant addressing:

1. The factual assertion (with the submission of corroborating documents), that the sale of stock reported by the Defendant in two income tax returns filed for 2008 and 2009 was not the Defendant's sale of stock, but a recapitalization of JDFX and the issue of treasury stock.

2. The legal relevance of the amended tax returns filed by Defendant in January 2012, the second amended return filed in March 2014, and the Offer in Compromise filed in April 2014. Additionally, the factual assertion made by the Defendant in the May 2019 Response to the Government's Tax Loss Calculations that Cook only paid $5,200,000 for the JDFX stock in 2008 and 2009. As the Court understands the Internal Revenue Code, after the due date for a 1040 return has passed, the Internal Revenue Service has the discretion to accept or reject amended returns and may proceed to assess the tax by issuance of the notice of deficiency. Accordingly, why should the Court give any consideration to the returns filed after July 16, 2012 let alone the factual assertions made in the Response?

    Accordingly, the Government is **DIRECTED** to file supplemental briefing in response to the outlined issues on or before **June 21, 2019**.

    It is further ordered that Defendant is **DIRECTED** to file supplemental briefing in response to the outlined issues within **14 days** of receipt of the Government's supplemental briefing.

It is further **ORDERED** that the briefs not exceed 20 pages and that they identify the witnesses the parties will call at the sentencing hearing and the estimated time for direct examination.

Dated: June 7, 2019            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge