UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES D. PIERON, JR.,<br><br>        Defendant. | Case No. 18-cr-20489 (TLL)(PTM)<br>Hon. Thomas L. Ludington |

**REPLY BRIEF IN SUPPORT OF MOTION FOR ACQUITTAL**

# **TABLE OF CONTENTS**

Argument...................................................................................................................1

A.  No evidence presented at trial established Pieron committed an affirmative act of evasion after January 9, 2012. ...........................................................2

B.  The Court is not required to consider evidence outside the bill of particulars. ......................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Musacchio v. United States*,
  136 S. Ct. 709; 193 L. Ed. 2d 639 (2016)............................................................1

*United States v. Birmley*,
  529 F.2d 103 (6th Cir. 1976) ...............................................................................7

*United States v. Davis*,
  533 F.2d 921 (5th Cir. 1976) ...............................................................................2

*United States v. Garcia*,
  758 F.3d 714 (6th Cir. 2014) ...............................................................................5

*United States v. Green*,
  202 F.3d 869 (6th Cir. 2000) ...............................................................................7

*United States v. Haskins*,
  345 F.2d 111 (6th Cir. 1965) ...............................................................................6

*United States v. Mahoney*,
  949 F.2d 899 (6th Cir. 1991) ...............................................................................7

*United States v. Mal*,
  842 F.2d 682 (9th Cir. 1991) ........................................................................1, 3

**OTHER AUTHORITIES**

Fed. R. Crim. P. 7(f)..................................................................................................7

## Argument

Pieron is entitled to a judgement of acquittal because the government did not meet its burden to prove an affirmative act of evasion after January 9, 2012.

The government charged Pieron with tax evasion on an evasion of payment theory. (R. 1: Indictment, at PgID 1-2 (alleging Pieron "willfully attempted to evade and defeat the payment of income taxes due and owing . . . for the calendar years 2008 and 2009, by committing affirmative acts of evasion").)

To prevail, the government has the burden to prove (i) "income tax was due from [the] defendant," (ii) "the defendant committed an affirmative act constituting an evasion or attempt to evade or defeat his tax obligation," and (iii) "in evading or attempting to evade or defeat his tax obligations, the defendant acted willfully." (R. 55: Trial Tr. vol. 6, at PgID 1020-21.) An affirmative act of evasion is conduct "likely to have a misleading or concealing effect." (R. 55: Trial Tr. vol. 6, at PgID 1021.) It is an act that hinders the government's ability to collect on a tax due and owing. *See United States v. Mal*, 842 F.2d 682, 687 (9th Cir. 1991) (tax evasion requires "conduct designed to place assets beyond the government's reach after a tax liability has been assessed").

Because Pieron asserted a statute of limitations defense, the government also has the burden to prove Pieron committed an affirmative act of evasion on or after January 9, 2012. *Musacchio v. United States*, 136 S. Ct. 709, 718; 193 L. Ed. 2d

1

639 (2016).  The government's failure to meet this burden is grounds for granting Pieron's motion for acquittal.  *United States v. Davis*, 533 F.2d 921, 926-29 (5th Cir. 1976) (holding the trial court erred in denying acquittal where government did not meet is burden to prove overt acts within statute of limitations).

**A.    No evidence presented at trial established Pieron committed an affirmative act of evasion after January 9, 2012.**

The government's proofs at trial do not permit a reasonable inference that Pieron committed an affirmative act of evasion after January 9, 2012.

For the reasons stated in Pieron's initial brief (R. 66, Motion for Acquittal, PgID 1270-1277), no rational juror could draw a reasonable inference that Pieron committed an affirmative act of evasion based on the three post-January 9, 2012 events contained in the bill of particulars:  (i) the January 16, 2012 installment agreement request, (ii) the August 6, 2012 filing of FBARs for 2005 to 2010, and (iii) the March 27, 2014 offer and compromise.  The government's arguments to the contrary do not address the lack of evidence establishing the alleged intentional misrepresentations in these documents.  And with respect to the 2009 FBAR, the government cannot cite to the record to establish how the inaccurate information concerning one of many historical corporate account balances could have likely misled the government concerning Pieron's personal assets.

Nor does the post-January 9, 2012 evidence omitted from the bill of particulars, yet offered by the government at trial, permit a reasonable inference

2

that Pieron committed an affirmative act of evasion. The majority of it goes to ability to pay, which is irrelevant. This evidence is listed below.

1. Balance of the Komplique, Inc. savings account from December 31, 2011 to January 31, 2012.  (R. 53: Trial Tr. vol. 4, at PgID 761-62; Gov. Ex. 169.)

2. Balance of Komplique, Inc. checking account from March 30, 2013 to April 30, 2013.  (R. 53: Trial Tr. vol. 4, at PgID 762; Gov. Ex. 168.)

3. December 31, 2011 to January 31, 2012:  Evidence concerning the balance of Komplique's business savings account.  (R. 53: Trial Tr. vol. 4, at PgID 762; Gov. Ex. 169.)

4. March 30, 2013 to April 30, 2013:  Evidence concerning Komplique's checking account balance (beginning balance of $50,400 and ending balance of $25,340.94).  (R. 53: Trial Tr. vol. 4, at PgID 762; Gov. Ex. 68.)

5. April 21, 2012:  Evidence concerning the purchase of a 2012 motorcycle for $18,901.64.  (R. 53: Trial Tr. vol. 4, at PgID 742–43; Gov. Ex. 176.)

6. April 15, 2013 check from Krescent Media to James Pieron in the amount of $50,000.  (R. 53: Trial Tr. vol. 4, at PgID 761; Gov. Ex. 168.)

7. October 17, 2013:  Evidence concerning the trade-in of a 2009 Mercedes and purchase of 2013 Mercedes G63 by Krescent Media.  (R. 52: Trial Tr. vol. 3, at PgID 595-97; Gov. Exs. 170-72.)

With respect to items one through four above, the government presented evidence of the balance of various corporate bank accounts.  Based on this evidence, a rational juror cannot make a *reasonable* inference that Pieron engaged in conduct designed to mislead or conceal with intent to "place assets beyond the government's reach after a tax liability has been assessed."  *Mal*, 842 F.2d at 687.

3

With respect to item five, the April 21, 2012 purchase of a motorcycle by James Pieron, no juror could *reasonably* conclude that this was an affirmative act designed to mislead or conceal. To the contrary, it is an act that, by the very nature of the transactional records and regulatory reporting concerning ownership, would aid the government in identifying Pieron's assets for collections purposes. There was no testimony presented by the government—nor could there be—that buying a motorcycle and titling it in one's true name could frustrate collection efforts.

Similarly, with respect to item six, the April 13, 2013 check from Krescent Media to James Pieron, this act cannot be *reasonably* inferred to be one likely to conceal or mislead. Indeed, this is evidence that corporate funds are being paid to Pieron personally. The government offered no evidence at trial as to how this conduct could conceal Pieron's assets to frustrate government collection efforts.

Finally, with respect to item seven, there was no evidence presented at trial establishing that the Mercedes automobiles were Pieron's personal assets. The government may have established at trial that Pieron used the automobiles. But there was no evidence that the use of the vehicles was for other than a legitimate business purpose. Nor is there any evidence as to how trading-in one business asset (e.g., a corporate automobile) for the purchase of another misled or concealed Pieron's personal assets from the government to frustrate collection efforts.

The Court must make reasonable inferences in favor of the government. But the inferences must be *reasonable*. Here, the government failed to offer proof at trial to enable a rational juror to *reasonably* infer that Pieron committed an affirmative act of evasion after January 9, 2012. Accordingly, Pieron is entitled to a judgment of acquittal.

**B.     The Court is not required to consider evidence outside the bill of particulars.**

Pieron is aware of no authority suggesting this Court lacks the ability to exclude evidence outside the bill of particulars in deciding this motion.[1] The bill of particulars alleges three affirmative acts of evasion after January 9, 2012. (R. 5, Bill of Particulars, PgID 13-14.) All of these alleged affirmative acts involve Pieron making misrepresentations to the government that undervalue or exclude his assets. Hence, the government's bill of particulars alleges three affirmative acts that could have had a "misleading or concealing effect" on the government's ability to collect a tax due and owing. But, for the reasons stated in Pieron's initial brief, these proofs were insufficient to allow the jury to make a *reasonable*

---

[1]     The government's citation of *United States v. Garcia*, 758 F.3d 714, 721 (6th Cir. 2014) is unavailing. (R. 113: Government's Opposition Brief, at PgID 2005.) *Garcia*, unlike this case, did not involve a bill of particulars. Moreover, Pieron is not asking the Court to "consider the potential magnitude of the evidence not presented." *Id*. Pieron is asking this Court to consider the government's failure to put on sufficient evidence within the statute of limitations.

inference that there were intentional misrepresentations made to the government. (R. 66, PgID 1270-1277.)

With respect to post-January 9, 2012 conduct, the government entered evidence outside the bill of particulars as noted above. This was not evidence of additional misrepresentations, but evidence concerning an alleged ability and failure to pay taxes. The government then used this evidence to argue improperly for a conviction based on the failure to pay taxes. (R. 68: New Trial Motion, PgID 1431-33.) This is in stark contrast to the evidence alleged in the bill of particulars.

The government's evidence and arguments were a change of course that would catch competent, well-prepared trial counsel by surprise. And it is evidence and argument that effective trial counsel would have sought to exclude. The government's bill of particulars was not (and has not been) amended. Accordingly, the government's proofs are strictly limited to the alleged affirmative acts of evasion contained in the bill. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965).

The government argues, however, that had there been an objection, it would have amended the bill of particulars. (R. 113, Government Response, PgID 2005 n. 3.) But amendments are not freely given; rather, they are allowed if they will not prejudice the defendant. *Haskins*, 345 F.2d at 114.

Here, amendment would not satisfy "such conditions as justice requires," Fed. R. Crim. P. 7(f), because the amendment would defeat the purpose of the bill of particulars. That purpose to "(1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; [and] (2) to avoid or minimize the danger of surprise at the time of trial . . . ." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

The evidence presented by the government—outside the bill of particulars—was surprising and prejudiced Pieron's substantial rights. *See United States v. Green*, 202 F.3d 869, 873 (6th Cir. 2000); *United States v. Mahoney*, 949 F.2d 899, 903 (6th Cir. 1991) (suggesting prejudice results from permitting amendment of a bill of particulars where, as here, the government offers "constantly shifting . . . theories" of liability). Accordingly, no amendment should be permitted.

## Conclusion

For the reasons stated, Pieron should be acquitted.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com

Dated:  July 24, 2019

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                              Respectfully submitted,

                              /s/ Patrick J. Hurford
                              Patrick J. Hurford
                              Honigman LLP
                              660 Woodward Ave.
                              Detroit, MI  48226
                              (313) 465-7000
                              phurford@honigman.com