# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMES D. PIERON, JR.,

        Defendant.

Case No. 18-cr-20489 (TLL)(PTM)
Hon. Thomas L. Ludington

# REPLY BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL

# **TABLE OF CONTENTS**

Argument ........................................................................................................................1

A. The jury instructions substantially impaired Pieron's defense ........................1

B. Pieron is entitled to a new trial because his trial counsel was ineffective. .....3

    1. Trial counsel's failure to investigate requires a new trial. ....................3

    2. Trial counsel's failure to object to inadmissible evidence
       requires a new trial. ...............................................................................4

    3. Trial counsel's failure to object to prosecutorial misconduct
       requires a new trial. ...............................................................................6

C. The verdict is against the great weight of the evidence .................................6

Conclusion ....................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cheek v. United States*,
498 U.S. 192; 111 S. Ct. 604; 112 L. Ed. 2d 617 (1991), and (ii)....................4, 5

*Griffin v. United States*,
502 U.S. 46 (1991)...............................................................................................2

*Johnson v. Zerbst*,
304 U.S. 458 (1938).............................................................................................3

*Musacchio v. United States*,
136 S. Ct. 709; 193 L. Ed. 2d 639 (2016)...........................................................2

*Tompsett v. State of Ohio*,
146 F.2d 95 (6th Cir. 1944) .................................................................................3

*United States v. Adams*,
583 F.3d 457 (6th Cir. 2009) ...............................................................................2

*United States v. Arny*,
831 F.3d 725 (6th Cir. 2016) ...............................................................................1

*United States v. Ashworth*,
836 F.2d 260 (6th Cir. 1988) ...............................................................................6

*United States v. Fuchs*,
218 F.3d 957 (9th Cir. 2000) ...............................................................................2

*United States v. Mal*,
942 F.2d 682 (9th Cir. 1991) ..........................................................................4, 5

*United States v. McQuarrie*,
No. 16-cr-20499-01, -02, -03, 2016 WL 3439358 (E.D. Mich. July
17, 2018) ..............................................................................................................6

*United States v. Munoz*,
605 F.3d 359 (6th Cir. 2010) ...............................................................................1

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cheek v. United States*,
498 U.S. 192; 111 S. Ct. 604; 112 L. Ed. 2d 617 (1991), and (ii)....................4, 5

*Griffin v. United States*,
502 U.S. 46 (1991)...............................................................................................2

*Johnson v. Zerbst*,
304 U.S. 458 (1938).............................................................................................3

*Musacchio v. United States*,
136 S. Ct. 709; 193 L. Ed. 2d 639 (2016)...........................................................2

*Tompsett v. State of Ohio*,
146 F.2d 95 (6th Cir. 1944) .................................................................................3

*United States v. Adams*,
583 F.3d 457 (6th Cir. 2009) ...............................................................................2

*United States v. Arny*,
831 F.3d 725 (6th Cir. 2016) ...............................................................................1

*United States v. Ashworth*,
836 F.2d 260 (6th Cir. 1988) ...............................................................................6

*United States v. Fuchs*,
218 F.3d 957 (9th Cir. 2000) ...............................................................................2

*United States v. Mal*,
942 F.2d 682 (9th Cir. 1991) ..........................................................................4, 5

*United States v. McQuarrie*,
No. 16-cr-20499-01, -02, -03, 2016 WL 3439358 (E.D. Mich. July
17, 2018) ..............................................................................................................6

*United States v. Munoz*,
605 F.3d 359 (6th Cir. 2010) ...............................................................................1

*United States v. Williams*,
　952 F.2d 1504 (6th Cir. 1991) ..............................................................................1

**OTHER AUTHORITIES**

Sixth Amendment ..............................................................................................1, 3

Fed. R. Crim. P. 7(f)................................................................................................6

Fed. R. Evid. 104(b)............................................................................................4, 5

Fed. R. Crim P. 29...................................................................................................7

Fed R. Crim. P. 33..................................................................................................7

**Argument**

James Pieron is entitled to a new trial in light of "error[s] of sufficient magnitude to require reversal on appeal." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). These errors include the failure to give a jury instruction that substantially impaired his defense, *United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir. 1991), and the denial of his Sixth Amendment right to effective assistance of trial counsel, *United States v. Arny*, 831 F.3d 725, 730-31 (6th Cir. 2016).

**A.   The jury instructions substantially impaired Pieron's defense.**

Despite the fact that Pieron raised the statute of limitations defense in a motion to dismiss (R. 14: Mot. to Dismiss, at PgID 51-52), submitted a proposed jury instruction concerning the statute of limitations defense prior to trial (R. 68-2: Def.'s Proposed Jury Instructions, at PgID 1442), and objected to the lack of such instruction after this Court sustained the government's objection to it (R. 55: Trial Tr. vol. 6, at PgID 1004-06, 1084), the government argues that Pieron did not assert the statute of limitations as a defense. (R. 113, Govt. Response Brief, PgID 2013-14 (arguing Pieron's defense was not impaired because trial counsel delivered a "lengthy opening statement . . . [that] did not make any reference to a statute of limitations defense" and the Court did not "prevent[] Pieron from presenting evidence in support of a statute of limitations claim").)

1

What Pieron sought to do—and what the jury instructions prevented him from—was argue that the government did not meet its burden of proving that this criminal case was timely filed. To suggest that the defense was not raised because there was no mention of it in opening statements—at a time when the Court was not considering proposed jury instruction—would create unfair and nonsensical procedural hurdles to asserting a statute of limitations defense that do not exist and for which there is no authority.

Because Pieron actively sought to hold the government to its burden of proof concerning the statute of limitations, the government was required to meet this burden. *Musacchio v. United States*, 136 S. Ct. 709, 718; 193 L. Ed. 2d 639 (2016). In this case, as a matter of law, Pieron's statute of limitations defense was substantially impaired because the government entered evidence of purported acts of evasion before January 9, 2012.

The jury deliberated and returned its verdict without an instruction that it must find that Pieron committed an affirmative act of evasion after January 9, 2012. Given that the majority of the government's evidence predated January 9, 2012, the jury *may* have returned a verdict on an improper basis. *See United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000); *see also United States v. Adams*, 583 F.3d 457, 470 (6th Cir. 2009). The *possibility* of an error of such magnitude is all that is necessary for granting a new trial. *Griffin v. United States*, 502 U.S. 46, 59 (1991)

2

("When . . . jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error."). Thus, Pieron is entitled to a new trial.

**B.     Pieron is entitled to a new trial because his trial counsel was ineffective.**

### 1.     Trial counsel's failure to investigate requires a new trial.

The government agrees that Pieron's attorneys assumed Pieron had capital gains as a result of Trevor Cook's purchase of JDFX stock. (R. 113, PgID 2017-18.) As noted in Pieron's initial brief, this assumption was based on trial counsel's failure to investigate the transaction concerning the stock purchase. (R. 68, PgID 1418-22.)[1] While there were arguments advanced at trial that Pieron did not have a tax liability for 2008 and 2009 based on theft loss and claim of right theories, all of these arguments assumed capital gains in 2008 and 2009.

Contrary to the government's assertion, Pieron's "newly minted" claim that there were no capital gains is accurate. (Id., PgID 2018 n. 12.) It is based on the

---

[1] The government claims Pieron acquiesced in this defense and cannot now argue ineffective assistance of counsel on this issue. (R. 113, at PgID 2018-19.) But it is difficult to comprehend how one can acquiesce in an attorney's failure in these circumstances. Here, the failure was to investigate. Had an investigation been conducted, trial counsel would have known that Pieron did not transfer stock to Cook. (R. 68, PgID 1418-20.) Waiver of a constitutional right, like the Sixth Amendment right to counsel, must be knowing and voluntary. *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938). An uninformed decision, one based on trial counsel's deficient performance, cannot undermine a defendant's right to a fair trial. Indeed, in circumstances such as this, the Sixth Circuit has stated acquiescence does not bar such argument. *See Tompsett v. State of Ohio*, 146 F.2d 95, 98 (6th Cir. 1944).

evidence presented at trial and produced by the government in discovery. This evidence established that Trevor Cook paid JDFX for stock (R. 68, PgID 1419-20), and JDFX—not Pieron—issued stock to Trevor Cook (id. at 1418).

By failing to investigate the capital gains issue and contest the government's proofs concerning the existence of a tax liability on such grounds, trial counsel's performance was deficient. And since the government had no proof at trial establishing that Pieron actually sold and transferred his JDFX shares to Trevor Cook, Pieron was significantly prejudiced by his counsel's deficient performance, and a new trial should be ordered.

### 2. **Trial counsel's failure to object to inadmissible evidence requires a new trial.**

In order to prove there was an affirmative act of evasion, the government must establish that (i) Pieron had a known tax liability for 2008 and/or 2009, *Cheek v. United States*, 498 U.S. 192, 201; 111 S. Ct. 604, 610; 112 L. Ed. 2d 617 (1991), and (ii) Pieron committed some affirmative act to hide or conceal assets from the government, *United States v. Mal*, 942 F.2d 682, 687 (9th Cir. 1991).

Congress recognized the relevance and admissibility of certain evidence – like the ski mask, pillow case, and fast car in the government's example (R. 113, PgID 2019) – "depends on whether a fact exists." Fed. R. Evid. 104(b). A trial court "may admit the proposed evidence on the condition that the proof be introduced later," but

4

"proof must be introduced sufficient to support a finding that the fact does exist." *Id*.

The relevance and admissibility of such evidence is conditioned on the government proving a fact. In the government's example, one conditional fact would be that the mask, pillow case, and fast car were used in the bank robbery at issue. Here, Pieron was charged with evading payment of taxes. In addition to proving the existence and knowledge of an unpaid tax liability, *Cheek*, 498 U.S. at 201, the government has to prove Pieron engaged in "conduct designed to place assets beyond the government's reach after a tax liability has been assessed," *Mal*, 942 U.S. at 687. In fact, Pieron's failure to pay his taxes is irrelevant.

If *Cheek* remains good law, Pieron cannot willfully evade a tax liability he did not know he had. 498 U.S. at 201. Indeed, it defies reason (and *Cheek*) to suggest that Pieron willfully evaded paying an *unknown* tax liability. But this is precisely the government's argument. (R. 113, at PgID 2021.)[2]

Accordingly, trial counsel was not effective because there was a consistent and pervasive failure to object to evidence on this basis. As noted in Pieron's initial

---

[2] The government suggests Pieron knew he had a tax liability because his stepfather informed him "he needed to file returns and pay taxes on income received while living in Switzerland. (R. 113, PgID 2021.) First, the timing of this conversation is unclear from the record. And, in any event, Pieron did not learn of a tax liability for tax years 2008 and 2009 from his stepfather because the stepfather testified that determining tax liability for those years was "too complex" and he should hire "an account who was capable of handling" it. (Trial Tr., at PgID 706.)

brief, this objection should have been made concerning the vast majority of the evidence presented at trial and, as a result, trial counsel's deficient performance prejudiced Pieron. (R. 68, PgID 1429-30.)

The government argues that evidence outside the bill of particulars was not inadmissible because, had there been an objection at trial, bills of particular can be freely amended under Fed. R. Crim. P. 7(f). (R. 113, PgID 2005 n. 3.) For the reasons stated in Pieron's reply brief in support of the motion for judgement of acquittal, any such amendment would be improper. (Motion for Acquittal Reply Brief, at pp. 6-7.)

It was not reasonable for trial counsel to allow the jury to consider evidence outside the bill of particulars, and Pieron was prejudiced by the failure to object.

### 3. Trial counsel's failure to object to prosecutorial misconduct requires a new trial.

The government ignored Pieron's argument that trial counsel was ineffective for failing to object to prosecutorial misconduct. Pieron should be given a new trial for this reasons stated in his initial brief. (R. 68, Motion, PgID 1430-34.)

### C. The verdict is against the great weight of the evidence

A new trial should be granted where the verdict is against the great weight of the evidence. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). And, unlike a motion for acquittal, in deciding a motion for new trial, the Court need not make inferences in favor of the government. *See, e.g., United States v. McQuarrie*,

6

No. 16-cr-20499-01, -02, -03, 2016 WL 3439358, at *1-*2 (E.D. Mich. July 17, 2018) (noting that in deciding a Rule 29 motion, "the government is entitled to the benefit of all reasonable inferences that can be drawn from the evidence" but omitting such inferences from Rule 33 discussion).

As noted in Pieron's reply brief in support of his Motion for Acquittal, no reasonable inferences can be drawn from the government's post-January 2, 2012 proofs at trial that would enable a rational juror to conclude Pieron committed an affirmative act of evasion within the statute of limitations period. (Acquittal Reply, pp. 3-5.) Accordingly, a new trial must be ordered because, applying the less stringent motion for new trial standard, the verdict was against the great weight of the evidence.

## Conclusion

For the reasons stated, Pieron should be given a new trial.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Honigman LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com

Dated:  July 24, 2019

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                              Respectfully submitted,

                              /s/ Patrick J. Hurford
                              Patrick J. Hurford
                              Honigman LLP
                              660 Woodward Ave.
                              Detroit, MI  48226
                              (313) 465-7000
                              phurford@honigman.com