## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

JAMES D. PIERON, JR.,

              Defendant.

Case No. 18-cr-20489 (TLL)(PTM)
Hon. Thomas L. Ludington

## DEFENDANT'S RESPONSE TO GOVERNMENT'S
## SECOND SUPPLEMETAL BRIEF CONCERNING TAX LOSS

At trial, the government told the jury it did not need "to decide how much [Pieron] owed . . . [because] [w]e're going to accept what he said to the IRS he owed when he filed his tax returns." (R. 51: Trial Tr. vol 2, at PgID 314.)

But at sentencing, the government does not want this Court to accept Pieron's 2008 and 2009 tax returns as true concerning (i) the theft loss positions, (ii) the basis calculations for JDFX Holdings AG stock, (iii) the claim of right doctrine, (iv) taxable income, and (v) tax due and owing.

Notwithstanding the government's position that nearly every aspect of the 2008 and 2009 tax returns are incorrect, the government asks this Court to accept Pieron's 2008 and 2009 tax returns as true—and prevent Pieron from arguing to the contrary—concerning the amount Trevor Cook (through Market Shot LLC)

invested in JDFX in 2008 and 2009 and whether Cook's investment created capital gains for Pieron.

The government asks this Court to accept only this aspect of the 2008 and 2009 tax returns as true despite source documents (and positions taken in the bill of particulars) that establish the figures and positions are based on erroneous facts and incorrect.  (Def.'s Second Supp. Br. Concerning Tax Loss, at pp. 4–7.)

This Court must make an independent determination concerning tax loss. Contrary to the government's arguments, there is no authority preventing Pieron from taking positions contrary to those taken in the 2008 and 2009 tax returns and arguing that there is no tax loss at sentencing.

### A.    The government's arguments concerning relevant conduct are misplaced

This Court asked the government to address, among other things, "what principle of law permits the Government to take up the question of Defendant's tax liability for 2008 and 2009 in a sentencing hearing in 2019, but forecloses the Defendant from furnishing evidence of a lower taxable income."  (R. 125, at PgID 2843.)

The government's response to this question is puzzling.  The government seems to take the position it can argue Pieron has no basis in JDFX stock, but Pieron cannot argue he did not have capital gains in 2008 and 2009 because Pieron should be held accountable for relevant conduct.  (R. 125, at PgID 2848 ("The

2

false basis amount that Pieron claimed on his amended 2008 return—which also included a frivolous theft-loss argument—was part of a common scheme or plan to not fully pay his 2008 and 2009 income tax liabilities.").)

As a preliminary matter, the federal tax liability (plus interest and penalties), if any, concerning tax years 2008 and 2009 is not relevant conduct.  It is the tax loss concerning the offense of conviction—evasion of payment for tax years 2008 and 2009.  While the concept of relevant conduct allows the government to argue for a higher sentence based on uncharged conduct in certain cases, the law concerning relevant conduct does not preclude a criminal defendant from disputing factual issues that will affect sentencing.

The government has not—because it cannot—offer any authority to the contrary.  Indeed, the government's argument (akin to a collateral estoppel argument) essentially asks this Court to disregard its obligation to "ensure that sentencing is based on reliable facts found by the court itself after deliberation, . . ."  *See Unites States v. Tarwater*, 308 F.3d 494, 518 (6th Cir. 2002) (emphasis added).

## B.     The government's understanding of basis is flawed

The government's position that "any basis that Pieron had in JDFX stock would be from capital contributions" (R. 125, at PgID 2845) is incorrect as a matter of tax law.

When a company is created and issues stock to its creator/owner, basis is not determined simply by the amount of money the creator/owner has contributed to the company.  Basis is also determined by valuing the work and other property contributed to the company.  This is accomplished by having a business valuation completed at the time the company issues stock.

According to the IRS, if stock is obtained "other than by purchase, . . . basis is usually determined by the fair market value (FMV) or the previous owner's adjusted basis of the stock."  IRS Publication 551, available at https://www.irs.gov/publications/ p551#en_US_201812_publink1000256962 (last visited Oct. 16, 2019).[1]

As this Court is aware, it is the government's burden to prove tax loss at sentencing by a preponderance of the evidence.  (R. 123, at PgID 2809.)  In this case, the government must establish that Pieron acquired stock and then sold that stock for an amount in excess of its basis.  While the government is correct that the guidelines do not require absolute precision in calculating tax loss, it does require

---

[1]  This Court cites a November 2009 SEC interview transcript concerning a purported interview of Pieron.  (R. 123, at PgID 2810–12.)  As a preliminary matter, Pieron did not speak to the SEC in November 2009; rather, Pieron's attorney John Fedders spoke to the SEC.  In that interview, Fedders stated that the valuation of JDFX at the time stock was issued in 2006 was $50 million.  (Id. at PgID 2811.)

4

more than the conclusory statement that Pieron had no basis in JDFX stock because he contributed no money to it.

## Conclusion

Pieron made a mistake.  He thought he had capital gains.  And, trying to comply with US tax law, he told his accountants and lawyers he had capital gains. But no one checked to confirm Pieron was correct.

Carol Nathan did not investigate the transactions underlying Cook's investment in JDFX.

Kim Pavlik did not investigate.

Pieron's trial attorneys did not investigate.

And before charging and taking Pieron to trial, the government did not investigate either.

Pieron's tax loss should be based on the transactions that actually occurred—Cook's direct investment in JDFX and JDFX's issuance of stock directly to Cook.  There is no tax loss for tax years 2008 and 2009 because Pieron has no capital gains due to the fact he never sold his own stock to Cook.

Even if this Court determines that Pieron sold his own stock to Cook, giving rise to a taxable event, Cook invested $2.1 million in 2008 (not approximately $10 million as stated in the 2008 returns) and $3.15 million in 2009 (not approximately $5 million as stated in the 2009 returns).  (R. 85: Gov. Tr. Ex. 138, at PgID 1598–

1610.)  As noted in Pieron's first Supplemental Brief on Tax Loss (pp. 8–9), Pieron has a legitimate theft loss claim and capital losses to completely offset any gains.

And finally, even assuming this Court finds Pieron sold his own stock to Cook for $15 million in 2008 and 2009, Pieron's basis in JDFX must be considered in calculating tax loss.  As noted above, this requires a valuation of JDFX at the time the stock was issued in December 2006.  The government's position that Pieron has no basis in JDFX stock requires evidence that the company had no value in December 2006 when at least two investors were considering investing millions in JDFX.  Indeed, based on the 2006 valuation of JDFX referred to above, Pieron had a $50 million basis in JDFX, which amounts to $5 per share (based on the issuance of 10 million shares in December 2006).  (See Def.'s Second Supp. Br. Concerning Tax Loss, Ex. 2.)

\*       \*       \*

This is a sentencing hearing.  This Court has an obligation to make an independent determination as to the amount of tax loss.  In meeting this obligation, this Court should consider all of the evidence, including evidence supporting Pieron's position that there is no tax loss.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Mark S. Pendery
Honigman LLP
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com

Dated:  October 16, 2019

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Honigman LLP
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com