## NIEDERER KRAFT & FREY
### RECHTSANWÄLTE

| | | | |
|---|---|---|---|
| Dr. Adolf E. Kammerer, LL.M. | Prof. Dr. Isabelle Romy | Lic. Ilona Schwarzenbach-Meixner | Dr. Thomas Jutzi |
| Dr. Hans Niederer, LL.M. | Lic. Philipp Haas, LL.M. | Lic. Saro A. Grano | Lic. Corinne Casanova |
| Prof. Dr. Peter Forstmoser, LL.M. | Lic. Daniel Eisele, LL.M. | Dr. Olivier Bloch, LL.M. | Lic. Bertrand G. Schott |
| Dr. Walter Meier, LL.M. | Dr. Christoph Balsiger | Lic. Carl H. Duisberg | Mag. Myriam A. Gstoehl [2] |
| Dr. Peter R. Isler, LL.M. | Lic. Markus E. Kronauer [1] | Lic. Andrea Huber, LL.M. | Lic. Arie Gerszt |
| Dr. Ulrich Benz | Dr. Ulysses von Salis, LL.M. | Lic. Patrick Schmutz, LL.M. | Lic. Roger Föhn, LL.M. |
| Dr. Rolf P. Jetzer, H.E.E. | PD Dr. Sandro Abegglen, LL.M. | Lic. Patrizia Schlatter | Mario Erni, MLaw [2] |
| Dr. Ernst Felix Schmid, LL.M. | Dr. Adrian W. Kammerer, M.M. | Lic. Sanna Maas Thumherr | Lic. Judith Weber |
| Dr. François M. Bianchi, LL.M. | Lic. Andreas Kolb | Lic. Brigitte Knecht | Lic. Oliver Groenewold |
| Dr. Peter C. Honegger, LL.M. | Lic. Debra E. Davatz Hörler | Dr. Patrik R. Peyer, LL.M. | |
| Dr. Gaudenz G. Zindel, LL.M. | Lic. Andreas F. Vögeli | Lic. Isabelle Debrunner | Eingetragen im Anwaltsregister |
| Dr. Markus A. Frey, LL.M. | Lic. Michaela Zehnder [2] | Dr. Petra Ginter | |
| Dr. Urs Pulver | Lic. Edith Kreis-Kolb | Lic. Hansjürg Christoffel | [1] dipl. Steuerexperte |
| Dr. Edgar H. Paltzer, LL.M. | Lic. Nicolas Birkhäuser, LL.M. | Lic. Allegra Sosso | [2] nicht als Rechtsanwalt zugelassen |
| Dr. Thomas Graf [1][2] | Lic. Catherine Grun, LL.M. | Lic. Stefan Thomann, LL.M. | |
| Dr. Dr. Thomas Sprecher, LL.M. | Lic. Marco Häusermann, LL.M. | Dr. Renato Costantini | |
| Dr. Thomas A. Frick, LL.M. | Lic. Manuel Werder, LL.M. | Lic. Eva R. Leuthold, LL.M. | |
| Dr. András A. Gurovits Kohli | Lic. Angela Petzold Theiler, LL.M. | Dr. Christian Laux, LL.M. | Konsulenten |
| Dr. Andreas Casutt, LL.M. | Dr. Valerie Meyer Bahar, LL.M. | Lic. Gian-Andrea Caprez | Dr. Stefan Kraft, LL.M. |
| Dr. Philippe Weber, LL.M. | Dr. Philipp Candreia, LL.M. | Lic. Dominic Studer | Prof. Dr. René Rhinow |
| Fürspr. Daniela Schmucki-Fricker [1] | Lic. Andrea Nordin [1][2] | Lic. Janine Meier | Dr. Jakob Baer |

**Pre-sent by Email**
Bär & Karrer AG
Mr. Eric Stupp
Brandschenkestrasse 90
8027 Zurich

Niederer Kraft & Frey AG
Bahnhofstrasse 13
CH-8001 Zürich

Telefon  +41-58-800-8000
Telefax  +41-58-800-8080
E-Mail   nkf@nkf.ch
Website  www.nkf.ch

July 6, 2009
FMB/31334/kem

### Project Mercury - Final request to repay CHF 2.5 Million Deposit

Dear Colleague

Reference is made to the correspondence between our firms in the above referenced matter of February 2009 (your letters to us dated February 9 and 17, 2009 and our letter to you dated February 12, 2009) as well as various discussions held between representatives of your client Du Bois Holdings Pte Ltd, Singapore ("Du Bois") and our client James Pieron, Zurich, ("Mr. Pieron") and his representatives (meeting of February 17, 2009, held in London, meeting of April 28, 2009, held in Singapore, meeting of June 10, 2009, held in London).

In each of these meetings Mr. Pieron requested either the repayment of the entire deposit in the amount of CHF 2.5 million (the "Deposit") paid on December 1, 2008, or a reasonable settlement in a best effort to avoid litigation. The Deposit is based on the offer letter between Mr. Pieron and Du Bois dated November 25, 2008 (the "Offer Letter") regarding the


GOVERNMENT EXHIBIT 215

NIEDERER KRAFT & FREY
RECHTSANWÄLTE

potential acquisition of all shares in Banque Du Bois AG, Zurich (the "Bank"). Mr. Pieron's requests for the repayment of the Deposit and his several attempts to achieve a reasonable settlement have thus far been ignored indicating the refusal of Du Bois to return the Deposit or to reasonably settle.

In the name and on behalf of Mr. Pieron, we hereby again demand that your client, Du Bois, repay the Deposit as per the instructions set forth at the end of this letter, since Du Bois is not entitled to keep such Deposit for the reasons summarized hereinafter and set forth in more detail below:

I.  SUMMARY OF THE LEGAL SITUATION

1.  The **Offer Letter, according to its article 1, second paragraph, second sentence, is null and void** due to Du Bois having made material misrepresentations. In particular, on page 37 of the Confidential Information Memorandum of Millenium Associates (the "Information Memorandum") Du Bois positively over-stated the "total shareholder's equity" by non-disclosing that the Bank had not taken into account deferred tax liabilities in relation to the so-called "reserve for general banking risks" in the amount of approx. CHF 1.7 million on such CHF 7.8 million position (if such position at all constitutes hidden reserves, which is contested until documentary evidence is provided), resulting in true shareholder's equity being at least CHF 1.7 million (if not CHF 7.8 million) lower than as confirmed orally and in writing to Mr. Pieron. Further, but equally important, Du Bois did not disclose that Mr. Pieron as per the clear intent of Du Bois upon closing of the transaction would have to secure and finance a bank guarantee issued by the Bank in the amount of CHF 10 million plus interest in favour of Ms. Agneta Pollock, the former owner of the Bank (the "Former Owner") to secure an existing or potential tax liability arising in connection with the purchase by Du Bois of the Bank from the Former Owner. Namely, the pertinent tax indemnity in favour of the Former Owner (which indemnity is guaranteed by the Bank) as set forth on page 38 of the Information Memorandum is not an obligation of the Bank but of Du Bois, and it had not been stated in the Information Memorandum or the Offer Letter or otherwise that the regulatory- and otherwise required back up of such bank guarantee was intended to be terminated by Du Bois and Mr. Sampoerna.

2.  The Offer was agreed to be subject to the completion of satisfactory due diligence. In our due diligence review, together with Mr. Pieron's staff, we detected various material adverse issues including but not limited to those as described herein; accordingly, **the due diligence proved to be far from satisfactory**, leading to the