# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES D. PIERON, JR.,<br><br>  Defendant. | Case No. 18-cr-20489 (TLL)(PTM)<br>Hon. Thomas L. Ludington |

## PIERON'S MOTION TO COMPEL
## IN ABSENCE OF THE GOVERNMENT'S MOTION TO QUASH
## TESTIMONY OF LEAD CASE AGENT

On October 4, 2019, the government accepted service of a subpoena for the testimony of IRS Special Agent Scott Hollabaugh, the lead case agent. (E-mails between counsel for Pieron and government, attached hereto as Exhibit A.)[1] The same day, after the government prompted counsel to "be mindful of *Touhy* requirements," counsel described the testimony Pieron seeks from SA Hollabaugh:

> We seek testimony from SA Scott Hallabaugh concerning matters he investigated during the course of the grand jury investigation. Including, but not limited to, his statement that he had reviewed and

---

[1] Counsel for Pieron sought, via e-mail at the end of business hours on November 21, 2019, confirmation that the government opposed the relief sought herein pursuant to Local Rule 7.1. As of the time of filing, the government has not responded. However, it is Pieron's position that the attached e-mails and the statements of the government at the tax loss hearing sufficiently establish its opposition to this motion.

32886153.3

was in possession of "bank records showing the wire transfers to Mr. Pieron for the $10,000,000 capital gain."

(*Id.*) Counsel also explained that *Touhy* does not apply in this instance. (*Id.*)

Over two weeks later, on October 21, 2019, the government responded that SA Hollabaugh's testimony is not relevant, and therefore objectionable under *Touhy*. (*Id.*) Counsel responded with disagreement regarding the relevance of the testimony and advised the government to consider the response a "Rule 7.1 opposition to the relief sought by the motion to quash" it expected the government to file. (*Id.*)

There was no motion to quash. Instead, the government stated, on the record, that *Touhy* applies and SA Hollabaugh could lose his job for testifying at a sentencing hearing concerning a criminal prosecution for which he is the lead case agent.

### A. The Government Has Waived Objections under *Touhy*

As a preliminary matter, the government waived its right to object to the subpoena for SA Hollabaugh's testimony because it did not move to quash. This Court should find, as did the court in *United States v. Lipshitz*, 18 F.R.D. 102 (E.D.N.Y. 1955), that the government is required to comply with the subpoena for SA Hollabaugh's testimony regardless of alleged deficiencies if it fails to move to quash the subpoena. *See Lipshitz*, 18 F.R.D. at 104.

2

32886153.3

Fed. R. Crim. P. 17, under which Pieron sought SA Hollabaugh's testimony, secures Pieron's right to evidence "relevant, material and useful to an adequate defense." *See United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013); *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (citations omitted). The government waived any objection it might have had to Pieron's exercise of that right, and this Court can—and should—recognize its waiver. *Cf. In re Meckley*, 50 F. Supp. 274, 275 (M.D. Pa.), *aff'd*, 137 F.2d 310 (3d Cir. 1943) (recognizing waiver of "any objection which [the testifying party] may have had as to the legality of the subpoena"); *United States v. Wolfson*, 299 F. Supp. 1246, 1251 (D. Del. 1969) (recognizing waiver of objections to a subpoena and observing that objections must be made "at the time that production is sought").

### B.     *Touhy* Does Not Apply Here

In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court upheld regulations that allow the DOJ to internally constrain the disclosure of information during legal proceedings. These regulations are commonly known as *Touhy* regulations; requests implicating the regulations are known as *Touhy* requests.

There is authority that *Touhy* is not applicable in criminal cases. *See Alexander v. F.B.I.,* 186 F.R.D. 66, 70 (D.D.C. 1998) (citing *Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992) and *Boron Oil Co. v. Downie*, 873 F.2d 67, 69

(4th Cir. 1989)); *NetJets Large Aircraft, Inc. v. United States*, No. 2:11-CV-1023, 2014 WL 3459645, at *6 (S.D. Ohio July 11, 2014) (declining to apply *Touhy* to a case in which the government is a party, recognizing that the Sixth Circuit Court of Appeals has cited the D.C. Circuit's explanation of the *Touhy* framework with approval). But this Court need not rule on that issue to resolve Pieron's motion.

The DOJ's *Touhy* regulations, 28 C.F.R. §§ 16.21 *et seq.*, do not apply to testimony sought from a "federal employee employed by an agency other than the Department of Justice." (Justice Manual §§ 1-6.111, 1-6.120, attached hereto as Exhibit B.) Rather, the regulations of the employee's agency apply—here, with respect to SA Hollabaugh, the IRS. *See* 26 C.F.R. §§ 301.9000-1–301.9000-7. Example 4 of the IRS's *Touhy* regulations is applicable to Pieron's case:

> The IRS opens a criminal investigation as to the tax liabilities of a taxpayer. This is an IRS matter. During the criminal investigation, the IRS refers the matter to the United States Department of Justice, requesting the institution of a Federal grand jury to investigate further potential criminal tax violations. The United States Department of Justice approves the request and initiates a grand jury investigation. The grand jury indicts the taxpayer. During the taxpayer's trial, the taxpayer subpoenas an IRS special agent for testimony regarding the investigation. The records and information collected during the administrative stage of the investigation, including the taxpayer's tax returns from IRS files, are IRS records and information. A testimony authorization is required for the IRS special agent to testify regarding this information. However, no IRS testimony authorization is required regarding the information collected by the IRS special agent when the IRS special agent was acting under the direction and control of the United States Attorney's Office in the Federal grand jury investigation. That information is not IRS records or information within the meaning

4

32886153.3

of § 301.9000-1(a). Disclosure of that information should be coordinated with the United States Attorney's Office.

*Id.* at § 301.9000-6, Example 4.

There is a limited set of circumstances in which the IRS would not authorize Pieron's demand in this IRS matter. *See id.* at § 301.9000-1(f). None are present in this case. Neither the IRS nor the government contends that SA Hollabaugh's testimony would:

(1) Violate a Federal statute . . . ;

(2) Violate a specific Federal regulation . . . ;

(3) Reveal classified national security information . . . ;

(4) Reveal the identity of an informant; or

(5) Reveal investigatory records or information compiled for law enforcement purposes that would permit interference with law enforcement proceedings or would disclose investigative techniques and procedures, the effectiveness of which could thereby be impaired.

*Id.* at § 301.9000-2(a). Moreover, the government has not complied with its requirement to "inform the court . . . of the reasons" for not authorizing SA Hollabaugh's testimony "or take other action in opposition . . . (including, but not limited to, filing a motion to quash . . . .)." *Id.* at § 301.9000-4(f).

Pieron fully complied with the IRS's *Touhy* requirements by (1) asking the government to accept service of a subpoena for SA Hollabaugh's testimony and (2) outlining the testimony Pieron seeks to elicit from SA Hollabaugh during the tax loss hearing. (Exhibit A); *see also* 26 C.F.R. § 301.9000-5 (requiring a written

5

statement of a demand for IRS testimony only "for use in a *non-IRS* matter") (emphasis added). An IRS official has not opposed Pieron's demand. Thus, it is fully within this Court's power to compel SA Hollabaugh's testimony on matters to which he already testified in this case.

Should the Court apply the DOJ's *Touhy* regulations to Pieron's demand, *see* 28 C.F.R. §§ 16.21 *et seq.*, the result is no different. The government has not identified any reason under § 16.26(a) or (b)[2] to bar SA Hollabaugh's testimony.

---

[2] Considerations in determining whether production or disclosure should be made pursuant to a demand.

  (a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:
    (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and
    (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.
  (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
    (3) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
    (4) Disclosure would violate a specific regulation;
    (5) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
    (6) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
    (7) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
    (8) Disclosure would improperly reveal trade secrets without the owner's consent.

28 C.F.R. §16.26(a)–(b).

6

Rather, the government has attempted to disguise a relevance objection as a *Touhy* objection. Because the DOJ has not opposed Pieron's demand under *Touhy*, the Court can and should compel SA Hollabaugh's testimony.

### C. Relevance

The government's objection to the relevance of SA Hollabaugh's testimony has no merit.

The government urged the jury and this Court to accept Pieron's 2008 and 2009 tax returns as true. This was done despite the government's knowledge that the 2008 and 2009 tax returns are incorrect. While it is true that Pieron signed the returns and they constitute a party-opponent admission, the fact remains that the government continues to knowingly present false evidence to this Court.

To prove that the 2008 and 2009 tax returns signed by Pieron are incorrect, Pieron seeks the ability to call the government's lead case agent, SA Hollabaugh, who has previously testified under oath that, among other things, the $10,000,000 in capital gains should have been reported in 2007, not 2008. (July 18, 2018 Transcript at pp. 13–15, at Tab 18 in Pieron's Tax Loss Hearing exhibit binder.) SA Hollabaugh also testified that he "had bank records showing the wire transfers to Mr. Pieron for the $10,000,000 capital gain in two thousand—mostly in 2007." (Id. at p. 15.)

7

This testimony is relevant and material to the resolution of sentencing issues that will affect Pieron's sentence. This information is critical to Pieron's defense at the tax loss hearing.

### D. Pieron's Right to Subpoena SA Hollabaugh is Protected by the Sixth Amendment

The Sixth Amendment explicitly safeguards a criminal defendant's right "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. The Supreme Court held that this right "is in plain terms the right to present a defense, . . . [and] is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). Trial courts have "no 'discretion' whether to deny a defendant his constitutional right to compulsory process to support his defense." *United States v. Walls*, 162 F.3d 1162 (6th Cir. 1998).

The Court must protect a defendant's right to compulsory process where the government's opposition to witness testimony "infring[es] upon a weighty interest of the accused and [is] arbitrary or disproportionate to the purposes" the government purports to serve. *Loza v. Mitchell*, 766 F.3d 466, 482 (6th Cir. 2014) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). The government's only proffered reason for excluding SA Hollabaugh's testimony—relevance—is meritless. Pieron has established that SA Hollabaugh's testimony is relevant, material, favorable, and necessary to his adequate defense. The Court must protect Pieron's Sixth Amendment right to compulsory process where, as here, his liberty

8

is at stake.

### E. Conclusion

"Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds*, 345 U.S. 1, 9–10 (1953). The government did not move to quash SA Hollabaugh's testimony, nor did it object to the testimony under IRS or DOJ *Touhy* regulations. SA Hollabaugh's testimony is relevant, and Pieron has a constitutional right to compel it. The Court should grant his motion.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Mark S. Pendery
Honigman LLP
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com

Dated:  November 22, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        /s/ Patrick J. Hurford
        Patrick J. Hurford
        Honigman LLP
        660 Woodward Ave.
        Detroit, MI  48226
        (313) 465-7000
        phurford@honigman.com