## 1-6.100 - Introduction

Subpart B of Part 16 of Title 28, Code of Federal Regulations, sometimes referred to as the Department's Touhy regulations, named after *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), provide that no present or former employee of the Department of Justice may testify or produce Departmental records in response to subpoenas or demands of courts or other authorities issued in any state or federal proceeding without obtaining prior approval by an appropriate Department official. Information regulated by 28 C.F.R. §§ 16.21 et seq., falls into the following categories:

   A. Any material contained in the files of the Department;

   B. Any information relating to material contained in the files of the Department; or

   C. Any information acquired by an employee of the Department as a part of the performance of that employee's official duties or because of the employee's official status.

The 1980 amendments to the regulations both decentralize the authorization power and establish different procedures to be followed in cases in which the United States is and those cases in which the United States is not a party. Additionally, alternate procedural steps are sometimes involved where the "originating component" is or is not a litigating division of the Department. A denial policy generally applicable to both situations exists.

As will be noted in Section 1-6.400, the regulations are not intended to create new privileges or to supersede existing discovery rules. They simply are intended to provide a procedure whereby the Department will have the opportunity to protect certain types of information from unwarranted and unconsidered disclosure. Specific questions should be referred to the appropriate litigating division of the Department.

[updated April 2018]

---

## 1-6.111 - Definitions—"Employee"

The term "employee" is defined to include "all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including United States Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials." 28 C.F.R. 16.21(b). A state or local law enforcement officer assigned to a joint task force or other working group is included within this definition to the extent the subpoena or demand relates to his or her work on the task force. However, if authorization is sought for testimony by a federal employee employed by an agency other than the Department of Justice, Department policy requires that such authorization be obtained from the employing agency even if the employee is a member of a joint team such as an Organized Crime Strike Force. Also included in the definition are former Department employees in cases in which the subpoena or demand seeks testimony as to information acquired while the person was employed by the Department.

[updated April 2018]

---

## 1-6.112 - "Originating Component"

The term "originating component" means the office, agency, division or bureau of the Department that was responsible for the collection, assembly, or other preparation of the materials demanded, or that, at the time the person whose testimony was demanded acquired the information in question, employed such person. 28 C.F.R. § 16.24(a).

[updated April 2018]

## 1-6.113 - "Motion to Quash"

The term "motion to quash" includes a motion for a protective order and appropriate objections to testimony.

[updated April 2018]

## 1-6.120 - Inapplicability of 28 C.F.R. § 16.21 et seq. in Certain Cases

The regulations are limited in their scope to subpoenas and demands issued for the testimony of Department of Justice employees or records only. The regulations do not apply to subpoenas received by an official of another government agency or to requests for that agency's documents, even if the Department of Justice is representing the agency in the litigation. Employees of another federal agency should be advised to contact the General Counsel's Office of their agency for appropriate instructions if they receive a subpoena.

In those cases in which a Department of Justice employee is required to testify in a matter unrelated to his/her official duties or to disclose information not contained in the Department's files nor acquired as part of his/her official duties, the regulations do not apply.

The regulations are not intended to impede the appropriate disclosure, in the absence of a demand, of information by Department law enforcement agencies to federal, state, local and foreign law enforcement, prosecutive, or regulatory agencies.  28 C.F.R. § 16.21(c).  Where Department employees are otherwise authorized by law and by their agency to share information with another law enforcement, prosecutive, or regulatory agency, they may do so without a demand from the other agency.  If the other agency issues a subpoena, order, or formal demand for the information in a state or federal proceeding, the regulations apply.

[updated April 2018]

## 1-6.200 - Procedure Where United States is Not a Party

Sections 1-6.210 through 1-6.270 describe procedures to be followed when the United States is not a party.

[updated April 2018]

## 1-6.210 - Notification on Receipt of Demand

Requests for authorization pursuant to the regulations are initiated when an employee of the Department informs the United States Attorney for the district in which the issuing authority for the demand is located of receipt of the demand. 28 C.F.R. § 16.22(b).

When an employee or former employee receives a subpoena or other demand in a proceeding in which the United States is not a party, the regulations direct the employee or former employee, immediately upon receipt of the demand, to notify the office of the United States Attorney for the district in which the "issuing authority" is located.  28 C.F.R. § 16.22(b).  If the individual is or was employed by a litigating component and the demand concerns the individual's work for the component, the individual should immediately notify the component's Touhy Officer, who in coordination with the individual, will notify the United States Attorney.  The United States Attorney for the district where the "issuing authority" is located is responsible for taking the steps to ensure that the procedures in the regulation are followed.  *Id*.  The "issuing authority" ordinarily should be understood to refer to the court or other authority that would be expected to issue either an order enforcing compliance with the demand or an order quashing the demand.  This understanding of "issuing authority" allows the demand to be handled by the office of the United States Attorney in the district where any formal legal action, such as the filing of a motion to quash or a response to a motion to compel, would likely be taken.  The "issuing authority" as used in the regulations thus should not be understood to carry the same meaning as the "issuing court" as defined in Federal Rule of Civil Procedure 45(a)(2), which often is not the district where action would be taken to enforce or resist compliance with a demand.

If the notification is made to the United States Attorney in a district that is not the "issuing authority," that office should immediately refer the notification to the office of the United States Attorney where the issuing authority is located.

If other United States Attorneys' offices or other divisions of the Department may have an interest in the proceeding, the office of the United States Attorney where the issuing authority is located should also consult, as appropriate, with the offices of the United States Attorney in those other districts and with the other divisions and the Civil Division, Federal Programs Branch.

All employees are directed to notify the appropriate USAO and their component's *Touhy* Officer immediately upon receipt of the subpoena or other demand. Unless the United States Attorney is made aware of the demand, the procedures prescribed in the regulations cannot be put into effect; thus, it is urgent that each USAO and the component *Touhy* Officer be notified promptly by the employee receiving the demand and that each USAO and component establish procedures to receive such notification and to take the appropriate steps under the regulations.

[Updated April 2018]

## 1-6.220 - Evaluation of the Demand

Section 16.22(c) requires that the party making a demand for oral testimony must provide the United States Attorney with an affidavit, or, if that is not feasible, with a statement setting forth a summary of the oral testimony sought by the demand and its relevance to the proceedings. This statement should be requested in writing.  If authorization for oral testimony is subsequently granted, it must be no broader than the scope of the demand as summarized in such affidavit or statement.

Where information other than oral testimony is sought by the demand, Section 16.22(d) requires the United States Attorney to request a statement setting forth a summary of the information sought and its relevance to the proceedings.  This statement should be requested in writing.  The recommended practice is that the authorization for release of information other than oral testimony be no broader than the demanding party's request, absent some special circumstances.

Negotiation with the party making the demand is, in many cases, appropriate. Often the issues can be narrowed so that authorization is possible or the demand may be withdrawn once the government's relevant concerns and supporting arguments are raised and discussed. Quite often a potentially lengthy litigative battle can be resolved without excess time or cost through negotiations. Such negotiations are actively encouraged by the Department. 28 C.F.R. § 16.24(c).

If the party making the demand fails to comply with the Department's *Touhy* regulations by furnishing the required affidavit or summary, the United States Attorney or his/her designated assistant should point out the need for compliance with these procedures and should consider appropriate options to enforce the *Touhy* regulations. Those options include simply declining to authorize the disclosure, objecting to the demand, or moving to quash any subpoena accompanying the demand. *See, e.g., Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *United States v. Soriano-Jarquin,* 492 F.3d 495, 504 (4th Cir. 2007); *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir.1994); *United States v. Allen*, 554 F.2d 398, 406-07 (10th Cir. 1977); *Davis v. Braswell Motor Freight Lines, Inc.,* 363 F.2d 600, 603 (5th Cir. 1966); *Marcoux v. Mid-States Livestock,* 66 F.R.D. 573, 575 n.1 (W.D. Mo. 1975).

If the subpoena originates from a state court, it should be noted that the Department's *Touhy* regulations have the force of federal law and must be followed even in state court proceedings and that sovereign immunity bars direct enforcement by the state court of the subpoena against the Department or its employees. *See, e.g., Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("the review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction"); *In re Elko County Grand Jury*, 109 F.3d 554 (9th Cir. 1997); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998).

If the demand or subpoena is not proper in view of any applicable privileges or the rules of the proceeding, including the rules of discovery and evidence, it should be resisted on that ground. In such cases, if the party issuing the demand has followed the *Touhy* procedures but is unwilling to limit the appropriate scope of the testimony through negotiation, the United States Attorney or his/her designated assistant should take prompt, appropriate steps, as may be necessary, including simply declining to authorize the disclosure, objecting to the demand, or moving to quash any subpoena accompanying the demand. *See* 28 C.F.R. § 16.24(c).

For both federal court and state court subpoenas, if a requester challenges the scope of the authorization in court, the assigned attorney should consider arguing, if governing precedent allows, that an arbitrary and capricious standard should apply to review of the Department's Touhy decision under the Administrative Procedure Act. *Compare COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 277 (4th Cir. 1999) (Administrative Procedure Act is sole avenue of review of agency decision regarding nonparty subpoena compliance; deferential Administrative Procedure Act standard of review applies) *with Watts v. SEC*, 482 F.3d 501, 508-10 (D.C. Cir. 2007) (for federal court actions, district court can review under federal discovery rules nonparty subpoenas against federal agencies and employees; standard of review under Federal Rules of Civil Procedure applies).

If a state court subpoena cannot be resolved amicably, including when a state court or litigant seeks to enforce the subpoena, the assigned attorney should timely remove the proceeding to federal court and seek to overturn the order on grounds of sovereign immunity. The defense of sovereign immunity remains after removal, as removal under the federal officer removal statute provides the federal employee with a federal forum without a change in the substance of the law and defenses applicable to the action removed (a concept sometimes referred to as the derivative jurisdiction doctrine). 28 U.S.C. §§ 1442(a), 1446(g); *In re Elko County Grand Jury*, 109 F.3d 554, 556-57 (9th Cir. 1997); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("the review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction."). It has been held that the only legitimate recourse for a state court litigant to obtain judicial review of the Department's response to a *Touhy* demand is through a lawsuit in federal court under the Administrative Procedure Act. *Edwards*, 43 F.3d at 316; *Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998).

[Updated April 2018]

## 1-6.230 - Consultation With the Originating Component

The United States Attorney must promptly notify the "originating component" when it receives a demand. 28 C.F.R. § 16.24(a); *see* JM 1-6.112 (defining "originating component"). For illustrative examples, see the DOJ Organization and Functions Manual at 19.

When the testimony or information is sought from the office of the United States Attorney, the office of the United States Attorney can itself be the "originating component." 28 C.F.R. § 16.24(a).  In such situations, the United States Attorney may make all determinations that the regulations vest in the originating component.

[Updated April 2018]

## 1-6.240 - Authorizing Disclosure in General

In cases in which the United States is not a party, the power to authorize the disclosure is initially vested in the United States Attorney. 28 C.F.R. 16.22.  As a general policy, the Department favors cooperation in state and federal cases in which the testimony of one of its employees is sought or in which information obtained by the Department is sought. Authorization in one form or another is usually granted if it is appropriate under the rules of procedure governing the case or matter in which the demand arose and if it is appropriate under the relevant substantive law concerning privilege, unless one of the factors set forth in 28 C.F.R. 16.26(b) is present.  *See* 28 C.F.R. § 16.26(a), (b) and JM 1-6.420.

[Updated April 2018]

## 1-6.250 - Procedure if the United States Attorney and the Originating Component Both Desire Disclosure

In cases in which the United States is not a party, the United States Attorney may authorize disclosure pursuant to 28 C.F.R. 16.24(b) if the originating component does not object and if disclosure is appropriate under both the rules of procedure and the law of privilege, 28 C.F.R. 16.26(a), and will not involve any of the factors that justify a denial pursuant to 28 C.F.R. 16.26(b). For an illustrative example, see the DOJ Organization and Functions Manual at 20.

If the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation that is supervised by a division of the Department, the Assistant Attorney General in charge of the division responsible for such litigation or investigation should be consulted before the United States Attorney authorizes the disclosure of the information. 28 C.F.R. § 16.24(c).

[Updated April 2018]

## 1-6.260 - Procedure if the United States Attorney and the Originating Component Either Disagree on Disclosure or Agree That No Disclosure Should be Made

Sections 1-6.261 and 1-6.262 address the procedure to be used when the United States Attorney and the originating component either disagree on disclosure, or agree that no disclosure should be made.  Section 1-6.261 applies when the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation that is supervised by a litigating division of the Department.  Section 1-6.262 applies when the demand does not involve information collected in connection with an investigation or litigation under the supervision of a division of the Department.

[Updated April 2018]

## 1-6.261 - Where Information Was Collected in Connection With a Matter Supervised by a Litigating Division

If the United States Attorney and the originating component determine that the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation that is supervised by a division of the Department, the United States Attorney must consult with the Assistant Attorney General in charge of the division responsible for such litigation or investigation. Such consultation will enable the relevant Assistant Attorney General to determine whether to require his/her approval before disclosure is authorized.  *See* 28 C.F.R. § 16.24(c).  Additionally, if the responsible U.S. Attorney and the originating component disagree with respect to the appropriateness of disclosure or they agree that no disclosure should be made, the Assistant Attorney General may:

A. Authorize disclosure;
B. Request that the United States Attorney seek to limit the demand through negotiations, objections, or the filing of a motion to quash the demand, if that has not already been done; or
C. Upon failure of all steps to sufficiently limit or quash the demand, refer the matter to the Deputy Attorney General or the Associate Attorney General for final resolution. 28 C.F.R. § 16.24(d)(1).

[Updated April 2018]

## 1-6.262 - Where Information Was Collected in Connection With a Matter Not Supervised by a Litigating Division

If the demand does not involve information collected in connection with an investigation or litigation under the supervision of a division of the Department, and there is a disagreement between the United States Attorney and the originating component on disclosure, the originating component has the authority to decide whether the disclosure is appropriate, except that, when an especially significant issue is raised, the United States Attorney may refer the matter to the Deputy Attorney General for higher level review. 28 C.F.R. § 16.24(d)(2). The term "especially significant issue" is not defined in the regulations. It would seem that the raising by either side of a factor set forth in 28 C.F.R. § 16.26(b) would qualify as an "especially significant issue." In addition, as a matter of comity, each of the two parties should give due deference to the views of the other in determining whether to seek higher level review. For an illustrative example, *see* the DOJ Organization and Functions Manual at 22.

If the demand does not involve information collected in connection with an investigation or litigation under the supervision of a division of the Department, and the United States Attorney and the originating component agree that no disclosure should be made, the originating component has the authority to decline to authorize the disclosure, except that, when an especially significant issue is raised, the United States Attorney may refer the matter to the Deputy Attorney General for higher level review. 28 C.F.R. § 16.24(d)(2).  The originating component's decision declining to authorize disclosure should be memorialized in a written document that states the reasons for the decision.

[Updated April 2018]

## 1-6.270 - Denial Policy—United States Not a Party

When the originating component declines to authorize disclosure of information sought through a demand, the United States Attorney may defend that position, for example, by way of a motion to quash, without seeking higher-level approval.  Declining to authorize disclosure differs from action by the Deputy Attorney General or the Associate Attorney General to deny disclosure in the face of a final court order requiring production.  If a federal court denies a motion to quash and issues a final order requiring production, only the Deputy Attorney General or the Associate Attorney General (depending upon which official supervises the component referring the demand) is authorized to determine whether to issue a final denial, which may constitute a decision not to comply with a final court order requiring disclosure.  See JM 1-6.380, 1-6.400 for a full discussion.

[Updated April 2018]

## 1-6.300 - Procedure Where United States is a Party

Sections 1-6.310 through 1-6.370 describe procedures to be followed when the United States is a party.

[Updated April 2018]

## 1-6.310 - Notification on Receipt of Demand

In cases in which the United States is a party, any employee of the Department receiving a subpoena is to immediately notify the attorney for the Department of Justice in charge of the case or matter. Occasionally information indicating the identity of such attorney will appear in the subpoena or demand that is served on the employee. In other cases, that information can be obtained by contacting the USAO for the district in which the demand arises or by contacting the appropriate division of the Department. It is essential that the specific attorney in charge of the case or matter be located and notified as soon as possible, as it is this attorney who is responsible for taking the appropriate actions under the regulations and who has the power to authorize testimony or the production of records in cases in which he/she deems such procedure to be appropriate.  For cases handled jointly by a USAO and a litigating division of the Department, attorneys from both offices should be contacted.  If testimony is sought or if it appears that the demand seeks privileged information or disclosures prohibited by 28 C.F.R. § 16.26(b), the USAO or litigating division's *Touhy* Officer should also be contacted.

In cases in which the United States or an agency is a party but appropriately is represented by an agency's own attorneys and not by the Department of Justice, the attorneys representing the federal government in

the case should be contacted, as well as the United States Attorney for the district in which the demand arises. The other agency will likely have its own T*ouhy* regulations that should be consulted.

[Updated April 2018]

## 1-6.320 - Evaluation of Demand

In all cases in which a Department of Justice employee informs the appropriate Departmental trial attorney or Assistant United States Attorney that he/she has been served with a demand for oral testimony, the assigned attorney should seek to clarify the demand by seeking, where possible, an affidavit or, if that is not feasible, a statement setting forth a summary of the testimony or other information sought from the party making the demand. 28 C.F.R. § 16.23(c). The attorney should consider controlling precedent and local practice in determining whether a court, in cases where the United States is a party, will enforce this regulatory requirement.

In cases in which the United States is a party and the demand is for information other than oral testimony, the regulation does not direct the United States Attorney to request that the demanding party provide a summary of the information sought or its relevance to the proceeding.

In cases in which the United States is a party, the designated attorney should refer to the discussion in JM 1-6.220 on the use of appropriate options and the efficacy of negotiations to narrow a demand. Those considerations are generally applicable, but the attorney should bear in mind the special considerations that are necessary in dealing directly with a litigative adversary. 28 C.F.R. § 16.24(c).

[Updated April 2018]

## 1-6.330 - Consultation With the Originating Component

Upon receipt of the notice of the demand, the attorney for the government must notify the official in charge of the originating component and consult with that component on the question of complying with the demand. *See* 28 C.F.R. § 16.24(a). Consultation in this context requires obtaining the views of the originating component, especially in the presence or absence of the factors set forth in 28 C.F.R. § 16.26.

[Updated April 2016]

## 1-6.340 - Authorizing Disclosure in General

Section 16.23 of 28 C.F.R. provides that every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the originating component, to disclose relevant unclassified material deemed necessary or desirable to the discharge of that attorney's official duties, provided the disclosure is appropriate under the rules of procedure and the law of privilege (28 C.F.R. § 16.26(a)), and further provided that disclosure would not violate statutes or regulations, or reveal confidential sources, classified information, trade secrets, ongoing investigations, or investigatory techniques. 28 C.F.R. § 16.26(b). For illustrative examples, *see* the DOJ Organization and Functions Manual at 23.

When, in the attorney's judgment, any of the factors set forth in Section 16.26(b) exists which preclude testimony or disclosure, no testimony or disclosure may be made without the express prior approval of the Assistant Attorney General in charge of the division responsible for supervising the case or matter or such person's designee. 28 C.F.R. § 16.23(a). An attorney in charge of a case or matter in which the United States is a party may also, at any time, request that the supervisory Assistant Attorney General or the component's *Touhy* Officer review his/her decision on complying with a demand. 28 C.F.R. § 16.23(b).

[updated April 2018]

## 1-6.350 - Procedure if the Department Attorney in Charge of a Case and the Originating Component Both Agree on Disclosure

If, after consultation, the originating component does not object to disclosure and the attorney in charge of the case or matter determines that disclosure is appropriate under 28 C.F.R. 16.26(a) and not barred by any factor set forth in 28 C.F.R. 16.26(b), the attorney is empowered to authorize the disclosure without seeking any further approval. 28 C.F.R. 16.24(b).

[updated April 2018]

## 1-6.360 - Procedure if the Department Attorney in Charge of a Case and the Originating Component Either Disagree on Disclosure or Agree that No Disclosure Should Be Made

There are three possible situations that can arise after consultation when there is disagreement on release or agreement on the appropriateness of not authorizing disclosure of the information sought through the demand.

A. If the attorney in charge of the case believes that disclosure is not appropriate because of the factors set forth in 28 C.F.R. § 16.26, but the originating component believes that disclosure is appropriate, the regulations provide for higher level review. This requires that the attorney in charge of the case refer the demand to the Assistant Attorney General in charge of the division responsible for the case or matter being litigated, which is usually accomplished through that division's *Touhy* Officer. *See* 28 C.F.R. § 16.23(a). The options open to that division on referral will be discussed later in this section.

B. If the attorney for the government believes that disclosure is appropriate under the factors set forth in 28 C.F.R. § 16.26, but, after consultation, the originating component takes the position that disclosure should not take place, a sensitive decision has to be made by the attorney in charge of the case, usually in consultation with his/her immediate supervisor and his/her component's *Touhy* Officer. Clearly, under the regulations, 28 C.F.R. § 16.23, the assigned attorney in charge of the case can authorize disclosure despite the views of the originating component and without higher level review if in that attorney's judgment disclosure is appropriate under § 16.26(a), none of the factors in § 16.26(b) exist, and disclosure is necessary or desirable to the discharge of his or her official duties. He/she can also refer the matter for higher level review and decision by the division that supervises the case or matter in litigation. *See* 28 C.F.R. § 16.23(b). The decision will depend on many factors, a number of which may well be unique to the individual case. As a rule of thumb, attorneys ought to give some deference to the views of the originating component, especially if that component's decision is based on its belief that a factor set forth in 28 C.F.R. § 16.26(b) is present. The attorney should seek guidance in such cases from his/her immediate supervisor and his/her component's *Touhy* Officer. There are no

> hard and fast rules, and the attorney, as noted, does retain ultimate authority under the regulations to authorize disclosure despite the originating component's objections. It should also be noted that pursuant to 28 C.F.R. § 16.26(d), the Assistant Attorney General in charge of each division is free to issue any instructions or to adopt any supervisory practices consistent with the regulations that would help foster consistent application of the standards promulgated and the other requirements of the regulations. In the context of this type of disagreement, care should be taken before overruling an originating component especially when the division in question has not issued an instruction in its supervisory capacity supporting such an overruling.
> C.  If both the attorney in charge of the case or matter and the component agree that declining to authorize disclosure is appropriate, the matter may be referred to the Assistant Attorney General in charge of the division that supervises the case or matter in litigation, through that division's *Touhy* Officer. See 28 C.F.R. § 16.23(a).

Once a demand has been referred for higher level review, the Assistant Attorney General in charge of the division may then take the same actions as can be taken in cases in which the United States is not a party, i.e.:

1. Authorize disclosure based on the factors in 28 C.F.R. § 16.26;
2. Authorize the attorney in charge of the case to seek to limit the demand through negotiations, objections, or a motion to quash the demand if that has not already been done; or
3. Upon failure of all appropriate steps to limit or quash the demand, refer the matter to the Deputy Attorney General or Associate Attorney General for final resolution. 28 C.F.R. § 16.24(e).

[Updated April 2018]

## 1-6.370 - Procedure if on a Referral the Material Demanded Arose in a Case Supervised by a Division Other Than the Division Receiving the Referral

Once a case or matter is referred for higher level review, a problem can arise if the demanded disclosure involves information originally collected, assembled, or prepared in connection with litigation or an investigation supervised by a unit of the Department other than the one which supervises the case or matter in litigation, and to which the matter has been referred. The division receiving the referral must notify the other division concerning the demand and the anticipated response. If the two litigating units of the Department are unable to resolve a disagreement concerning disclosure, the Assistant Attorneys General in charge of the two divisions in disagreement may refer the matter to either the Deputy Attorney General or the Associate Attorney General for decision, depending upon who supervises the originating component or, in the case of an independent agency that, for administrative purposes, is within the Department, to the Deputy Attorney General. 28 C.F.R. § 16.24(e).

[updated April 2018]

## 1-6.380 - Denial Policy—United States As Party

A United States Attorney or Assistant Attorney General may decline to authorize disclosure of information sought through a demand and may defend that decision by, for example, filing a motion to quash, without seeking higher-level approval.  Declining to authorize disclosure is without prejudice, of course, to action by the Deputy Attorney General or the Associate Attorney General, depending upon which official supervises the component referring the demand, in the face of a final court order requiring production.  If

a federal court issues a final order requiring production, only the Deputy Attorney General or the Associate Attorney General is authorized to determine whether to issue a final denial, which may constitute a decision not to comply with a final court order requiring disclosure. *See* JM 1-6.400 for a full discussion.

[Updated April 2018]

## 1-6.400 - Denial Policy in General

he regulations neither create new privileges nor supersede discovery obligations that exist under the Federal Rules of Civil Procedure. 28 C.F.R. § 16.21(d). They merely serve as a procedural vehicle to allow the Department the opportunity to protect information from unwarranted and unconsidered disclosure. It is only in infrequent situations, after all possible alternatives have been exhausted, that the Deputy Attorney General or Associate Attorney General should be requested to issue a denial. Therefore, pursuant to 28 C.F.R. § 16.24(d)(1), it is Departmental policy that all steps must be taken to limit the demand prior to referring the matter to the Deputy Attorney General for decision. These steps include, most importantly, the filing of a motion to quash the demand. In addition, negotiations should also be undertaken with the person making the demand to limit its scope. *See* 28 C.F.R. § 16.24(d)(1)(ii). Because each request for denial requires the personal review of the Deputy Attorney General or the Associate Attorney General, it is necessary to limit the number of such requests to those that are truly necessary; therefore, no memorandum requesting a denial should be submitted prior to the filing and denial of a motion to quash unless the filing of such motion is clearly inappropriate under the circumstances. 28 C.F.R. § 16.24(d)(1)(iii).

Because the denial of a demand made by a court is an extraordinary act, denial authority is strictly limited, and no Department official below the level of the Deputy Attorney General or the Associate Attorney General may issue a denial under the regulations in any situation. 28 C.F.R. § 16.25. Since there are cases in which the Attorney General may be personally involved, the regulations make it clear that his/her decision to authorize or deny disclosure in such cases is final. 28 C.F.R. § 16.24(g).

[updated April 2018]

## 1-6.420 - Presence of Factors Set Forth in 28 C.F.R. § 16.26(a), (b)

Subsection (a) of Section 16.26 identifies generally the areas of law that Department officials and attorneys should consider in deciding whether to make disclosures. That provision does not impose legal standards other than the applicable rules of the proceeding, including the rules of procedure and evidence, and the substantive law concerning privilege.  Subsection (a) adopts a highly general approach, instead of attempting a detailed list of considerations, because the factors relevant to a particular demand vary widely with the nature of the demand.

The factors to be considered in whether to make a disclosure are twofold, and as noted, general in nature. First, the official making the decision is to consider whether the disclosure in question is appropriate under the rules of procedure governing the case or matter in which the demand arose. Second, he/she is to consider whether disclosure is appropriate under the relevant substantive law concerning privilege. These general factors are, of course, the same factors to be considered in providing the appropriate objections or filing the appropriate motions to quash. At the initial stages, release cannot be authorized unless the official making the determination is assured, inter alia, that the demanded disclosure is appropriate under these general Section 16.26(a) factors. *See* 28 C.F.R. § 16.24(b)(3).

Subsection (b) of Section 16.26 contains a number of very specific factors that set forth areas where disclosure should not be made. For a discussion of these factors, *see* the DOJ Organization and Functions Manual at 25.

[Updated April 2018]

## 1-6.440 - Decision by the Deputy Attorney General or the Associate Attorney General

The authority of the Deputy Attorney General or the Associate Attorney General to order disclosure despite the presence of one or more of these factors is delineated in Section 16.26(b). If any of the factors set forth in paragraphs 1 to 3 (violation of law, violation of specific regulation or disclosure of classified information) is present, the regulations state that neither official will authorize a disclosure. If any of the factors set forth in paragraphs 4 to 6 is present, the regulations state that disclosure will not be authorized unless either official determines that the administration of justice requires disclosure. Remember that under the regulations only these officials can order a denial. Of course, as head of the Department, the Attorney General also possesses the power to order a denial.

If a disclosure is to be ordered, despite the presence of a factor set forth in paragraphs 4-6, as being in the interest of the administration of justice because disclosure is deemed necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, the regulations direct that consideration be given to: (a) the seriousness of the violation or crime involved; (b) the past history or criminal record of the violator or accused; (c) the importance of the relief sought; (d) the importance of the legal issues presented; and (e) any other matters brought to the attention of the Deputy Attorney General or the Associate Attorney General.

Finally, in all cases that are referred to the Deputy Attorney General or the Associate Attorney General in which none of the factors set forth in paragraphs 1 to 6 is present, those officials are to authorize disclosure, unless, in their judgment, after considering the factors set forth in Section 16.26(a), disclosure is unwarranted. See 28 C.F.R. § 16.26(c).

[updated April 2018]

## 1-6.500 - Procedure in the Event a Departmental Decision Has Not Been Made at the Time a Response is Required

It is the lack of authorization, rather than the issuance of a denial, that often precludes compliance with a demand at the proceeding. The regulation provides that if a subpoenaed official has not received authorization by the date of the appearance, the assigned attorney, where necessary, should respectfully inform the court that the subpoenaed official cannot comply. In a case in which the United States is a party and is represented by the United States Attorney or a Department attorney, it is presumed that the attorney in charge of that case or matter represents the subpoenaed Department employee in his/her official capacity for this purpose. In a case in which the United States is not a party, the United States Attorney should assign an attorney to provide representation to the subpoenaed Department employee in his/her official capacity for this purpose.

28 C.F.R. § 16.27 contains instructions on the procedures to be followed when a Department decision concerning a demand has not yet been made. Where necessary, the responsible attorney should provide the court with a copy of the applicable regulations and state that the demand has been referred for the

prompt consideration of the appropriate Department official. The assigned attorney should cite *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), in which the Supreme Court held that an employee may not be held in contempt for failing to produce the demanded information where appropriate authorization had not been given. 28 C.F.R. § 16.27, 28.  The assigned attorney should consult applicable court rules and requirements and local practice to determine whether it is appropriate and necessary for the attorney to file a motion or appear in court in these circumstances.

[Updated April 2018]

### 1-6.520 - Procedure in the Case of a Denial

In those cases in which either the Deputy Attorney General or the Associate Attorney General has issued a final denial, the Department employee to whom the demand has been made should, through the assigned attorney, respectfully decline to comply with the demand, citing the regulations and, as appropriate, provide the court with a copy of the written denial determination if time has permitted one to be obtained. Here, too, it is essential that the United States Attorney in cases in which the United States is not a party provide representation to the employee in his/her official capacity. In cases in which the United States is a party and is represented by a Department attorney or United States Attorney, such representation by the assigned attorney in charge of the case or matter is presumed. As with the preceding section, it may be necessary to cite the case of *United States ex rel. Touhy v. Ragen*. 28 C.F.R. § 16.28.

[Updated April 2018]

### 1-6.530 - Responding to a Contempt Citation for Failure to Respond to a Demand

When a witness receives a subpoena and appears in court personally but has not been authorized to provide information, or has been granted authorization to provide testimony that has been limited in a manner that is expected to raise concerns with the court, it is essential that an Assistant United States Attorney or other Department attorney appear in court with the witness. In the event that the court orders the witness incarcerated for contempt, the Assistant United States Attorney or other  Department attorney should immediately take appropriate steps, including petitioning for a writ of habeas corpus (28 U.S.C. §§ 2241, 2254). If the employee is in state custody, an alternative to habeas corpus is removal of the matter to federal court pursuant to 28 U.S.C. § 1442; removal is also an appropriate response to a contempt citation from a state court.  It is expected that contempt citations will be extremely rare. Action by the United States Attorney or other Department attorney in such cases is expected to be quick and vigorous.

[Updated April 2018]

### 1-6.600 - Special Drug Enforcement Authorization

The Drug Enforcement Administration receives unique treatment with respect to authorizing testimony under 28 C.F.R. § 0.103(a), a section of the regulations unaffected by the 1980 amendment to 28 C.F.R. §§ 16.21 et seq. Under Section 0.103(a), the Administrator of DEA may authorize the testimony of DEA officials in response to subpoenas issued by the prosecution in federal, state, or local criminal cases involving controlled substances. 28 C.F.R. § 0.103(a)(3). In addition, the Administrator may release information obtained by DEA and DEA investigative reports to federal, state, and local prosecutors and to

state licensing boards engaged in the institution and prosecution of cases before courts and licensing boards related to controlled substances. 28 C.F.R. § 0.103(a)(2). Note that this section only authorizes release to the government side of the covered cases. Any other production of information or testimony by DEA officials is covered by 28 C.F.R. § 16.21 et seq.

[updated April 2018]

## 1-6.620 - Reimbursement of Travel Expenses

A Department of Justice employee who is summoned to appear and testify, or who is assigned to present testimony or to identify official documents in connection with a judicial or agency proceeding, is entitled to travel expenses if authorized by the Department of Justice to appear. Expenses are paid in accordance with normal government travel provisions, 5 U.S.C. §§ 5701 to 5708, unless reimbursed by the court or by the party summoning the witness. See 5 U.S.C. § 5751. The appropriate amount chargeable for travel expenses is detailed in 28 C.F.R. § 21.1.

[updated April 2018]

## 1-6.630 - Official Time; Leave

When appearing in an official capacity on behalf of the United States, Department of Justice employees are serving on official duty, without charge to leave.  An employee who is summoned as a witness in a judicial proceeding in which the Federal, State, or local government is a party is entitled to court leave, without charge to personal leave. See 5 U.S.C. § 6322. Employees are not entitled to official time or leave to appear voluntarily as a witness for a private party.

[updated April 2018]

## 1-6.640 - Witness Fees

When an employee appears on behalf of the United States, he/she is not entitled to a witness fee. 5 U.S.C. § 5537. If the witness appears in an official capacity for a party other than the United States, any witness fee received belongs to the United States and must be reimbursed to the Treasury through deduction from the employee's pay. See 5 U.S.C. § 5515.

[updated  April 2018]