**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-20489 (TLL)(PTM) |
| Plaintiff, | Hon. Thomas L. Ludington |
| vs. | |
| JAMES D. PIERON, JR., | |
| Defendant. | |

**PIERON'S MOTION FOR CLARIFICATION OR RECONSIDERATION**
**OF THE DECEMBER 6, 2019 ORDER,**
**OR IN THE ALTERNATIVE,**
**MOTION TO STAY SENTENCING PROCEEDINGS**

On December 16, 2019, the government informed undersigned counsel that, despite this Court's December 6, 2019 Order, its tax loss position continues to be the proffer of Pieron's 2008 and 2009 tax returns—a $10 million capital gain in 2008 and a $5.25 million capital gain in 2009.

But this Court held SA Hollabaugh's testimony is not necessary because the government's bill of particulars and government trial exhibit 138 demonstrate "that Cook only transferred $5,250,000 to JDFX entities in 2008 and 2009." (R. 141: Order, at PgID 3228.)

Accordingly, Pieron moves for clarification that this Court's December 6, 2019 Order eliminates the possibility of Pieron having 2008 or 2009 capital gains

as a result of the purported $10 million sale of stock to Market Shot LLC. Since the government's position, in disregard of this Court's Order, continues to be Pieron has a $10 million capital gain in 2008 and a $5.25 million capital gain in 2009, further tax loss proceedings are moot. As noted below, the government has proved no capital gain in 2008, and any capital gain in 2009 is offset by losses resulting from JDFX's 2009 liquidation.

In the event there remains an issue as to whether Pieron has tax liability due to capital gains in 2008 or 2009, we ask the Court to reconsider its order denying SA Hollabaugh's testimony as moot. His testimony is relevant if the government is allowed to argue Pieron has capital gains for the purported $10 million sale of stock in a year other than 2006 or 2007. SA Hollabaugh's testimony is also relevant if Pieron's 2008 or 2009 tax liability, based on capital gains from the purported $5.25 million sale of stock, remains an issue.

In the alternative, Pieron respectfully asks the Court to stay any sentencing proceedings until his motions for acquittal and new trial are resolved.

1. <u>Request for clarification that additional tax loss hearings are moot.</u>

James Pieron moves for clarification that the Court, in its December 6, 2019 Opinion and Order, made a finding of fact that Pieron has no 2008 or 2009 capital gains from the purported $10 million sale of stock to Cook's company, Market Shot LLC, as Pieron's receipt of such money (if at all) was in 2006 and 2007.

2

If this is the position of the Court, Pieron seeks further clarification that no further tax loss proceedings are necessary. The government's only remaining position is that Pieron has a $5.25 million capital gain in 2009 from a purported $5.25 million sale of JDFX stock by Pieron to Market Shot LLC.

But this position has been argued (without rebuttal) to be invalid. Ms. Rebeck explained on the record that under any conceivable characterization of Cook's $5.25 million transfers to JDFX entities—even as capital gains to Pieron—any amount of 2009 gain to Pieron is offset by JDFX's 2009 liquidation, resulting in no tax liability. (See, e.g., R. 139: Nov. 14 Hr'g Tr. ("Nov. 14 Tr."), at PgID 3139, 3155, 3170, 3172.) (It should be noted that this is true regardless of whether Pieron is given any offset, deduction, or basis associated with the purported $10 million sale of JDFX stock to Market Shot LLC.)[1]

---

[1] An additional basis for finding further tax loss proceedings unnecessary is the government's concession that it cannot meet its burden of establishing tax liability:

> Court: . . . You're relying on the return, not on the source documentation of the receipt of the revenue?
>
> Mr. DePorre: Correct.

(Nov. 14 Tr., PgID 3102.)
This Court has held that the government bears the burden to prove Pieron's taxable income in 2008 and 2009. (R. 129: Order, at PgID 2882.) It may not rely on Pieron's tax returns as "as appearing to be consistent with source documents. It must prove what the bank records demonstrate." (*Id.*); *see also Gregory v. Helvering*, 293 U.S. 465, 469 (1935).

3

2. <u>If further tax loss proceedings are not moot, we ask the Court to reconsider its Order and compel SA Hollabaugh's testimony.</u>

Local Rule 7.1(h) permits a party to move for reconsideration of an order if the movant demonstrates "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also* E.D. Mich. LR 1.1(c) ("These rules apply in civil and criminal cases.").

There is a palpable defect in the Court's Order if the government is permitted to argue, in spite of the Order, that Pieron had a $10 million capital gain in 2008 and $5.25 million capital gain in 2009. The Court found SA Hollabaugh's testimony unnecessary because the record reflects that Cook only transferred $5.25 million to JDFX entities in 2008 and 2009. If the government still is permitted to argue otherwise, the grounds on which the Court denied Pieron's motion to compel are defective. This defect is indeed material; if sentencing proceedings continue, the disposition of this case will turn on Pieron's ability to rebut the government's proffer.

SA Hollabaugh's testimony is relevant to rebut the government's proffer of tax liability (if the Court finds further tax loss proceedings are not moot) for several reasons:

4

- SA Hollabaugh's interview notes, the indictment, and the government's current tax liability position are inconsistent with SA Hollabaugh's grand jury testimony. In fact, SA Hollabaugh's testimony omitted the $5.25 purported stock sale in its entirety. But it appears in the indictment, conflicting with the notes of SA Hollabaugh's interview of Mr. Cook. Cook stated the second sale of JDFX stock for $5.25 million never existed and the funds were sent to JDFX in 2008 and 2009 for the purchase of a bank. (July 18, 2018 Transcript pp. 5, 13–15; a copy of this transcript was provided to the Court and the government and can be found behind Tab 18 in Pieron's Tax Loss Hearing exhibit binder. Additionally, the memorandum of Trevor Cook's August 23, 2012 interview is attached hereto as Exhibit A.)

- The government's current position—that Pieron has $10 million capital gain in 2008—conflicts with SA Hollabaugh's previous testimony. During the May 15, 2013 government interview of Kim Pavlik, SA Hollabaugh asked Pavlik to review a proxy agreement executed by Cook on September 26, 2007 that gave Pieron the right to vote Market Shot LLC's shares of JDFX. Pavlik told SA Hollabaugh that, based on the proxy agreement, the capital gain from the purported $10 million sale of stock "should have been reported in 2007." (A copy of the proxy agreement shown to Pavlik is attached hereto as Exhibit B, and the May 15, 2013 Memorandum of Kim Pavlik Interview ¶ 4, attached hereto as Exhibit C.)

SA Hollabaugh's testimony is not moot if the government takes the position that Pieron has capital gains in 2008 or 2009. SA Hollabaugh has information relevant to the issue of whether Pieron has 2008 capital gains from the purported $10 million sale of JDFX stock. He also has information relevant to the issue of whether the purported $5.25 million sale of JDFX stock was actually a sale of stock and whether Pieron actually received money from this purported sale.

5

Case 1:18-cr-20489-TLL-PTM ECF No. 143, PageID.3290 Filed 12/19/19 Page 6 of 8

3. <u>Sentencing proceedings should be stayed pending resolution of Pieron's motions for acquittal and new trial</u>.

Alternatively, Pieron asks the Court to stay sentencing proceedings. If this Court finds that further tax loss proceedings are not moot, Pieron requests all sentencing proceedings be stayed pending resolution of the motions for acquittal and new trial.

As a procedural matter, the motions for new trial and acquittal must be resolved by this Court. Because the resolution of these motions may render any sentencing proceedings moot, judicial economy requires resolving the motions first.

Fairness also requires staying the sentencing proceedings. Pieron should not be put in the position of making a decision to testify at a sentencing proceeding that could be rendered moot by the pending motions without the benefit of the Court ruling on such motions.

**Conclusion**

For the reasons stated, Pieron seeks clarification that under the Court's December 6 Order, he has no tax liability in 2008 or 2009 and further tax loss proceedings are moot. If the proceedings are not moot, Pieron respectfully asks the Court to reconsider its Order and compel SA Hollabaugh's testimony.

6

In the alternative, in the interests of judicial economy and fairness, Pieron moves to stay these sentencing proceedings while the Court resolves his pending motions for acquittal and new trial.

                                             Respectfully submitted,

                                             /s/ Patrick J. Hurford
                                             Patrick J. Hurford
                                             Mark S. Pendery
                                             Honigman LLP
                                             660 Woodward Ave.
                                             Detroit, MI 48226
                                             (313) 465-7000
                                             phurford@honigman.com

Dated: December 19, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                      Respectfully submitted,

                                      /s/ Patrick J. Hurford
                                      Patrick J. Hurford
                                      Honigman LLP
                                      660 Woodward Ave.
                                      Detroit, MI  48226
                                      (313) 465-7000
                                      phurford@honigman.com