UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| JAMES D. PIERON, JR., | |
| Defendant. | |
| _____/ | |

**Government's Motion to Strike Improperly
Filed Defense "Tax Loss Exhibits"**

James Pieron has filed a document entitled "Pieron's Tax Loss Hearing Exhibits," along with an assortment of documents. As discussed below, the documents should be stricken for a variety of reasons, among which are that one document was filed in violation of the court's express order and, contrary to the representations made by Pieron, the attached documents were not received in evidence in the intended tax loss hearings conducted by the court.

Counsel for the defendant has not indicated that they concur in this motion after inquiry by government counsel.

Brief

James Pieron filed a document entitled "Pieron's Tax Loss Hearing Exhibits," along with an assortment of documents. (R. 148: Pieron's Tax Loss

1

Hearing Exhibits, 3577-3729). As discussed below, those exhibits should be stricken.

Perhaps the most disturbing item filed by Pieron is the transcript of the grand jury testimony of Scott Hollabaugh, appended as defense exhibit 18. (R. 148-7: grand jury transcript, 3604-40). By filing that document, Pieron violated the explicit order of the court, which provides that "Defense counsel … shall not disclose or reveal the contents of those materials to any other persons, including in public filings, without further order of the Court." (R. 17: Order, 60-62, at 61). No order authorizing the filing of the grand jury testimony by Pieron is known to the government. In addition, the grand jury transcript was not received in evidence during the hearings regarding intended tax loss.

Furthermore, Pieron represented that "the tax loss hearing exhibits" made a part of R. 148 were "offered by the defense and received by the Court." (R. 148: Pieron's Tax Loss Hearing Exhibits, 3577). That characterization is inaccurate and is refuted by the transcripts of the hearings on intended tax loss. The only defense exhibits recorded as admitted in the record of the proceedings are defendant's exhibit 3 (which is a repeat of Govt. ex. 40), defense exhibit 4 (a repeat of Govt. ex. 42), defense exhibit 5 (a repeat of Govt. ex. 41), defense exhibit 6 (a repeat of

Govt. ex. 48), and defense exhibit 24 (a repeat of Govt. ex. 207),[1] all of which were admitted on December 20, 2019. (R. 144: Tr., at 3303).[2] The government recognizes that during the hearings, the court distinguished between documents that were identified for the record and those that were offered and admitted as evidence.[3] Pieron's pleading filed as R. 148 disregards that distinction. Consequently, Pieron has mischaracterized documents that simply were used during the course of the hearings, but not received as evidence for various reasons, as admitted intended tax loss hearings exhibits in R. 148.

The government also specifically objects to defense exhibits listed and filed as 14, 15, 16, 22, 27, 28, 30, 32, 38, 39, 45, and 47.

The government previously agreed to the authentication of documents it provided to the defense in discovery. The government's discovery documents

---

[1] Defense exhibits 3, 4, 5, 6 and 24 are redundant because those exhibits were already part of the record as government exhibits. Thus, they merely clutter the record and are likely to give rise to confusion on appeal. Those defense exhibits, listed but not included in R. 148, are not otherwise objectionable.

[2] No defense exhibits were indicated as received during the November 14, 2019 (R. 139: Tr., at 3090), December 3, 2019 (R. 142: Tr., at 3230), January 14, 2020 (R. 146: Tr., at 3468), or the February 5, 2020 hearings on intended tax loss.

[3] The government also acknowledges that the rules of evidence do not apply to sentencing hearings, and that the court may rely on any information that it finds credible during the sentencing phase of a criminal case. Conversely, when the court considers a document to lack sufficient indicia of reliability, the court is free to hold that the information in the document is not admitted as evidence of the assertions made therein.

included certificates of authenticity for the records the government provided to Pieron. The documents filed as defense exhibits 14, 15, 22, 27, 28 and 47, lack that or other indicia of authentication.[4] In addition, some of the defense witnesses were asked questions about some of the documents marked as defense exhibits but were unable to authenticate those exhibits, which is one of the reasons why some of those exhibits were not received during the hearings.[5] Thus, the documents filed as defense exhibits 14, 15, 22, 27, 28 and 47 should be stricken on those grounds.[6]

The document filed as defense exhibit 47 warrants special attention. That document is objectionable, in part, because it lacks a foundation for admission.

---

[4] Though not included in Pieron's Tax Loss Hearing Exhibits, R. 148, the documents that Pieron presented during the February 5, 2020 hearing, referenced as defense exhibits 68 and 69, were made a part of the record for appeal but not admitted as evidence by the court, in part due to the lack of authentication. As the court duly noted, those documents could have been created in someone's basement.

[5] However, the document marked as defense exhibit 15 was authenticated and received in evidence as Govt. ex. 223 during the hearing on January 14, 2020. (R. 146: Tr., 3468). Govt. ex. 217, which defense exhibit 13 replicates, was received during the December 3, 2019 hearing. (R. 142: Tr., 3230). Govt. ex. 223 and Govt. ex. 217 therefore are admitted exhibits that may be used by either party in these proceedings. Likewise, the document identified as defense exhibit 23 corresponds to Govt. ex. 206, and though not filed in R. 148, was admitted on December 20, 2019. (R. 144: Tr., 3303). Govt. ex. 206 also is admitted evidence available to all.

[6] The documents filed as defense exhibits 16, 22, 27, 28, 30, 32, 38, 39, 45, and 47 are not marked as such other than on the exhibit list, further adding potential for undesirable confusion on appeal.

More important, that document was not admitted, and should not be treated as admitted, because it is inaccurate and unreliable on a critical point: The document fails to distinguish between the separate and distinct entities with names that begin with JDFX. The financial accounts of JDFX Fund Management, JDFX Technologies, JDFX Holdings, and other JDFX entities may have been, and probably were, controlled by James Pieron. However, Pieron sold Cook shares of stock in an entity called JDFX Holdings. JDFX Fund Management and other JDFX entities had separate accounts from those of JDFX Holdings, and no connection between the corporate entities has been demonstrated by Pieron. Because of the lack of specificity regarding which JDFX entity was involved in the transactions listed on the purported summary document filed as defense exhibit 47, that summary cannot be relied upon in making any finding relevant to the intended tax loss issue, and therefore should be stricken.

Moreover, the documents filed as defense exhibits 22, 28, 30, 32 and 45[7] were not used as evidence during the intended tax loss hearings, while the

---

[7] The document marked as defense exhibit 45 is a report of an interview of Trevor Cook, a person convicted of and still serving a sentence for masterminding a Ponzi scheme. Ironically, Pieron sought to keep references to Cook, his Ponzi scheme, and his association with Pieron, away from the jury. The government agreed that Cook had nothing to say that would have credibility. The government stands by that position, and adds that Agent Hollabaugh's report of his interview of Cook is just a summary of the information provided by Cook. The report is not an expression of Hollabaugh's conclusions regarding Cook's veracity nor an indication that Hollabaugh adopted Cook's statements as his own testimony.

documents filed as defense exhibits 38 and 39 were merely used to refresh the recollection of Kim Pavlik. Those documents should be stricken for those additional reasons.

Finally, as for the document marked as defense exhibit 12 (R. 148-2: July 6, 2009 Letter regarding bank purchase, 3581-95), the government does not object to that document being admitted and made a part of the record. Defense exhibit 12 is the complete letter produced by Pieron during the intended tax loss hearings, part of which was marked as Govt. ex. 215 (R. 131-7, Letter demanding return of bank purchase deposit, 2930-31), and used by the government during cross-examination of a defense witness. While the additional pages in defense exhibit 12 do not add anything relevant to Govt. ex. 215, the entirety of defense exhibit 12 is otherwise not objectionable and may be admitted.

## Conclusion

For all the reasons given above, the documents attached to "Pieron's Tax Loss Hearing Exhibits," (R. 148: Pieron's Tax Loss Hearing Exhibits, 3577-3729), other than defense exhibit 12 (R. 148-2: July 6, 2009 Letter regarding bank

purchase, 3581-95), and particularly the grand jury transcript identified as defense exhibit 18, should be stricken.

                                      Respectfully submitted,

Date: February 5, 2020              Matthew Schneider
                                              United States Attorney

| s/Jules M. DePorre | s/Janet L. Parker |
|---|---|
| Jules M. DePorre (P73999) | Janet L. Parker (P34931) |
| Assistant U. S. Attorney | Assistant U.S. Attorney |
| 600 Church Street | 101 First Street, Suite 200 |
| Flint, Michigan 48502-1280 | Bay City, MI 48708 |
| (810) 766-5026 | (989) 895-5712 |
| jules.deporre@usdoj.gov | janet.parker2@usdoj.gov |

Certificate of Service

On February 5, 2020, I filed the attached pleading via ECF. Counsel of record automatically will be served via the ECF system.

                                            s/Janet L. Parker