# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

JAMES D. PIERON, JR.,

  Defendant.

Case No. 18-cr-20489 (TLL)(PTM)
Hon. Thomas L. Ludington

## PIERON'S REVISED TAX LOSS ASSESSMENT
## AND PAYMENT SUMMARY

  This Court has ordered the parties "to update and revise their respective Tax Loss Assessments if appropriately based upon anything learned during the sentencing hearing." (R. 152: Order, at PgID, 3798.) This Court has also ordered Pieron to provide a summary of tax payments made concerning the 2008 and 2009 tax years. (Id., at PgID 3799.)

  As a preliminary matter, this Court has held that Pieron is judicially estopped from arguing that Pieron did not sell his shares of JDFX to Cook/Marketshot LLC. (R. 129: Order, at PgID 2878.) Pieron continues to object to the application of the doctrine of judicial estoppel in a criminal proceeding. However, Pieron does not rely on that factual argument in this revised tax assessment to comply with the Court's order.

33894355.1

Second, the government has offered no evidence of Pieron's taxable revenue for 2008 and 2009 other than his 1040Xs. This was done, and allowed by this Court, despite this Court's order that the government "bear[s] the burden of proof of Defendant's taxable revenue for 2008 and 2009, . . . [and] may not simply rely upon Defendant's 1040Xs . . . ." (R. 129: Order, at PgID 2882.)

In response to the rulings by the Court and the position of the government, Pieron's tax loss assessment follows. For the tax year 2008, Pieron has $0 capital gain, resulting in $0 tax loss. For the tax year 2009, Pieron has a $5.25 million capital gain, which is entirely offset by capital loss due to JDFX's liquidation, resulting in $0 tax loss.

If the Court will entertain the notion, despite the government presenting no evidence and taking no position on the issue, that the second share purchase agreement creates capital gains in 2008, Pieron's tax loss assessment is as follows. For the tax year 2008, Pieron has $2.1 million in capital gains that is entirely offset by basis gained from the first stock transaction and/or ordinary loss based on either (i) a theft loss deduction due to funds stolen by Banque du Bois, or (ii) business bad debt, resulting in $0 tax liability.

This court ordered that Defendant provide a summary of tax payments made. Attached are copies of two checks sent to the IRS by prior counsel. On March 14, 2018 Defendant sent $627,244.62 to the Internal Revenue Service for tax year

3

2008 (Exhibit A). On October 1, 2018 the Defendant sent $242,872.52 to the Internal Revenue Service for tax year 2009 (Exhibit B). The Internal Revenue Service provided the tax, penalty, and interest owed by Defendant so that is reflected in the exact amount paid.

Respectfully submitted,

/s/ Patrick J. Hurford
Patrick J. Hurford
Mark S. Pendery
Honigman LLP
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7000
phurford@honigman.com

Dated:  February 21, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                        Respectfully submitted,

                                        /s/ Patrick J. Hurford
                                        Patrick J. Hurford
                                        Honigman LLP
                                        660 Woodward Ave.
                                        Detroit, MI  48226
                                        (313) 465-7000
                                        phurford@honigman.com

33894355.1