UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| | Patricia T. Morris |
| JAMES D. PIERON, JR., | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**GOVERNMENT'S RESPONSE TO PIERON'S OBJECTION TO CONDUCTING HEARING ON MOTIONS FOR ACQUITTAL AND NEW TRIAL VIA ZOOM**

Less than 24 hours before the scheduled start of the hearing on his post-trial motions for acquittal and for a new trial, James D. Pieron, Jr., filed an objection to the hearing being conducted via Zoom. (R. 163: Objection, 3899-3900). The objection is striking for a variety of reasons, some of which are:

Pieron has known for over a month that the hearing was to be conducted by Zoom on July 15, 2020, based on the court's written notice filed on June 8, 2020, but did not object to the hearing format until July 14, 2020. (R. 161: Notice, 3858).

Pieron gave no reason for his objection. (R. 163: Objection, 3899).

Pieron did not cite any legal authority to justify his objection. (*Id.*).

1

It should be noted that over the previous four months, counsel for the government have participated in initial appearances, arraignments, contested detention hearings, pleas, final status conferences, sentencing hearings (one which required the use of a foreign language interpreter for an incarcerated defendant), hearings on motions for substitution of counsel, bond revocation hearings and supervised release violation hearings, all via Zoom and without objection by any defendant or defense counsel. Consistent with Pieron's failure to provide legal authority to support his objection to conducting a hearing on his post-trial motions via Zoom, it is difficult to imagine a criminal proceeding more suited to being conducted by Zoom than a hearing on motions which merely require the court to consider the legal propriety of the already completed trial. Indeed, Pieron did not indicate that he would be prejudiced in any way by the use of Zoom to conduct a hearing on his motions.

A jury found Pieron guilty more than 18 months ago, on March 7, 2019. Briefing on Pieron's motions for acquittal and for a new trial was completed a year ago. During the interim time, the court conducted multiple evidentiary hearings on the tax loss issue at Pieron's behest. The court has since ruled on the tax loss claims made by Pieron (R. 162: Opinion, 3859-98), and in so doing, rejected some of the assertions made by Pieron in his pending post-trial motions.

Having already invested significant, valuable time preparing for the scheduled motion hearing before Pieron lodged his belated objection to the hearing format, the government respectfully submits that there is no need to have a hearing on Pieron's post-trial motions. The hearing on Pieron's post-trial motions is not contemplated to involve the presentation of new evidence, the attorneys for both sides have presented their respective positions in their briefs, and there is no legal requirement that a hearing be conducted on motions for acquittal or for a new trial. Thus, Pieron will not be deprived of any right if the court were to decide not to conduct a motion hearing. On the other hand, the public has a right not to have justice delayed further in Pieron's case.

Accordingly, the government respectfully requests that the court exercise its discretion to cancel the hearing on Pieron's post-trial motions and decide the motions on the briefs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: July 15, 2020 | Matthew Schneider<br>United States Attorney |
| s/Jules M. DePorre<br>Jules M. DePorre (P73999)<br>Assistant U. S. Attorney<br>600 Church Street<br>Flint, Michigan 48502-1280<br>(810) 766-5026<br>jules.deporre@usdoj.gov | s/Janet L. Parker<br>Janet L. Parker (P34931)<br>Assistant U.S. Attorney<br>101 First Street, Suite 200<br>Bay City, MI 48708<br>(989) 895-5712<br>janet.parker2@usdoj.gov |

Certificate

On July 15, 2020, I filed this pleading by using the Clerk of the Court's ECF system. The ECF system will automatically serve counsel of record.

<u>s/Janet L. Parker</u>