UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-20489 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| | Patricia T. Morris |
| JAMES D. PIERON, JR., | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF
REGARDING DEFENDANT'S MOTION FOR A NEW TRIAL AND FOR JUDGMENT OF
ACQUITTAL AND THE IMPACT OF POST-TRIAL EVIDENCE**

In deciding defendant's motions for a new trial and for judgment of acquittal, the Court should not consider post-trial evidence from sentencing hearings. Defendant had his chance to present evidence at trial, and he should not get another after an unfavorable verdict. The claims in the defendant's motions relate to the sufficiency and weight of the evidence presented at trial, the jury instructions, and the actions and decisions made by trial counsel. As discussed below, the evidence presented at the post-trial sentencing hearings does not support his claims and weighs against them.

## Background

In March 2019 a jury convicted defendant James D. Pieron, Jr., of one count of attempting to evade or defeat the payment of his 2008 and 2009 federal income

1

taxes. After the trial, Pieron filed a motion for judgment of acquittal (ECF No. 66, PageID.1262-1278) and a motion for a new trial (ECF No. 68, PageID.1404-1436).

The defendant's motion for judgment of acquittal raised just one claim in which he challenged the sufficiency of the government's evidence at trial. Specifically, the defendant claimed that "no rational juror could have found the government met its burden of proving an affirmative act of evasion occurred… prior to January 9, 2012." (ECF No. 66, PageID.1269). The defendant's motion for new trial, however, raised several claims. First, he claimed he was entitled to a jury instruction concerning the statute of limitations. (EFC No. 68, PageID.1413-1416). Second, he claimed that his team of trial attorneys was constitutionally ineffective (a) because they failed to investigate whether Pieron had a tax liability for 2008 and 2009 (ECF No. 68, PgID.1417, 1418-1422); (b) they failed did not object to evidence admitted at trial (ECF No. 68, PgID.1417, 1422-1430); and (c) they did not object to argument presented by the government in opening and closing statements (ECF No. 68, PgID.1417, 1430-1434). The third claim in the new trial motion was that the jury verdict was against the weight of the evidence.

The government opposed both the motion for judgment of acquittal and the motion for a new trial, and it filed a response addressing the merits of the claims. (ECF No. 113, PageID.1994-2023). The motions are currently pending before the court.

With the post-trial motions pending, the Court ordered briefing and evidentiary hearings regarding Pieron's criminal-tax-loss amount for the purpose of determining his base offense level under the United States Sentencing Guidelines. (ECF No. 59, Order Directing Government to File Draft Tax Loss Assessment; ECF No. 110, Order Directing Supplemental Briefing; ECF No. 123, Order Directing Additional Briefing From Government and Defendant; ECF No. 129, Opinion and Order Addressing Tax Loss Guidelines; ECF No. 130, Order Directing Supplemental Briefing; ECF No. 152, Order Directing Updated Tax Loss Assessments and Final Briefing). After multiple rounds of briefing and several days of evidentiary hearings, the Court issued an order adopting the government's criminal tax loss calculations (ECF No. 162).

The Court has now ordered the parties to file a brief on the extent to which post-trial evidence impacts Pieron's motion for acquittal and motion for new trial (ECF No. 167, PageID. 3908).

## Discussion

1. *When ruling on the defendant's motion for judgment of acquittal under Rule 29, the Court should only look at evidence presented at trial.*

Post-trial evidence should not impact a motion for acquittal under Rule 29. The case law concerning Rule 29 makes clear that motions under Rule 29(c) hinge solely on the evidence presented at trial, and motions under Rule 29(b) hinge only on the evidence presented in the government's case-in-chief. When considering a

3

Rule 29 motion, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir.2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). In doing so, the Court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.2001). Under Rule 29, the critical question is whether the government presented "insufficient evidence to sustain a conviction." FED. R CRIM. P. 29(a). Because Rule 29 focuses on the sufficiency of evidence presented at trial (or in the government's case-in-chief, under Rule 29(b)), it does not permit a court to look at post-trial evidence.

If courts were to look at evidence outside the trial record in deciding a Rule 29 motion, it would allow the government an unfair opportunity to supplement its evidence after a trial. This would undermine the purpose of the rule. Because Rule 29 does not permit courts to look beyond the trial record, the Court should not consider post-trial evidence in ruling on Pieron's motion for judgment of acquittal.

2. *When ruling on the defendant's claims in his motion for a new trial, the Court should only look at evidence presented at trial.*

The defendant's motion for a new trial was made under Rule 33, which permits a court to grant a new trial only if the interest of justice require it. Rule 33

allows for a court to look at evidence outside of the trial record only when there is newly discovered evidence.

None of Pieron's claims rely on "newly discovered evidence." Pieron has not claimed that there is "newly discovered evidence" and the evidence from the post-trial sentencing hearings does not meet the definition of "newly discovered evidence" and would not warrant a new trial. To obtain a new trial based on newly discovered evidence, "[t]he defendant must establish that (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991) (citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)). The Sixth Circuit has narrowly interpreted what sort of evidence qualifies as "newly discovered" and the narrow interpretation is "justified by the heightened finality concerns…." *Johnson v. United States*, 246 F.3d 655, 658 n. 5 (6th Cir. 2001) (citing *Seago*, 930 F.2d 488). Pieron's Rule 33 motion was filed before the sentencing hearings, and therefore did not rely on the evidence that was introduced at those hearings. In his motion, Pieron did not claim that new evidence undermined the verdict in his case. Even if he were to claim that now, none of the evidence from the post-trial hearings was discovered after the trial (Pieron himself knew about all his financial transactions), and none of it would

likely result in an acquittal. The evidence from the post-trial hearings simply does not fit the narrow definition of "newly discovered evidence."

Pieron's Rule 33 motion made three claims, and the post-trial evidence does not support any of them. First, he argued that he was entitled to a jury instruction concerning the statute of limitations. (EFC No. 68, PageID.1413-1416). This claim rests on whether or not the failure to give the instruction impaired the defendant's defense at trial, so the post-trial evidence is not relevant with respect to this claim.

In determining whether Pieron was entitled to a statute-of-limitations instruction, the Court should look only to the defense presented at trial, and not to any of the evidence presented after the trial. In *United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir. 1991), the Sixth Circuit stated that a refusal to give a requested jury instruction is only reversible if the instruction is (1) an accurate "statement of the law"; (2) "not substantially covered" by the other jury instructions; and (3) "concerns a point so important in the trial that the failure to give it substantially impairs the defendant's defense." The third prong of *Williams* focuses on the defense presented at trial, not other possible defenses that are not raised at trial. To instruct the jury as to matters which are not part of the trial record would confuse jurors, who take an oath to only consider evidence admitted at trial. At Pieron's trial, the defense did not present a statute-of-limitations instructions defense, and Pieron has not cited to any part of the trial record in

which he claims to have raised the defense. (Def.'s Reply Br., ECF No. 119, PageID.2790-2791).

With respect to Pieron's second claim—that his trial counsel was ineffective—the post-trial evidence does not support the claim. Pieron's motion for a new trial asserted that his trial team was ineffective for three reasons. First, his motion claimed—without evidence—that his retained attorneys failed to investigate whether Pieron had a tax liability for 2008 and 2009. The post-trial evidence presented at the sentencing hearings, however, did not focus on the actions of Pieron's trial attorneys. Specifically, it did not focus on whether trial counsel did or did not conduct a reasonable investigation of Pieron's tax liability. Defendant's motion for a new trial included a declaration from one of Pieron's retained experts, Fred Gavin. Gavin's declaration stated that Pieron's trial counsel "never asked" Gavin to "investigate the details of the underlying transactions that created the capital gains claimed on Pieron's 2008 and 2009 tax returns." (EFC No. 68-5, PageID.1451). Gavin's declaration only supports that <u>Gavin</u> did not investigate the underlying stock transaction. Gavin's declaration does not discuss whether counsel reasonably investigated the stock transactions by looking at the initial filed tax returns, the amended filed tax returns, the stock purchase agreements, and by speaking to Pieron about the transaction. Despite retaining

7

him as an expert, Pieron did not call Gavin during the post-trial sentencing hearings.

In his Rule 33 motion, Pieron offered no evidence to support his contention that counsel did not conduct a reasonable investigation. And there is no such evidence from the post-trial sentence hearings. The sentencing hearings did not include testimony from any of Pieron's trial attorneys (Michael Minns, Ashley Arnett, or Kenneth Sasse), or from the attorneys who represented him in this case prior to trial (Caroline Ciraolo, John Fedders, Jan Ghet) or the attorney who was hired as a jury consultant, or the tax attorney who assisted at trial (Mark Pendery), or the former IRS Criminal Investigation agent and supervisor who Pieron hired as an investigator and included on his witness list as an expert (Ronald Braver). Nor did Pieron personally testify after trial about his conversations with his attorneys regarding the stock transactions that created his tax liabilities.

The best evidence for the Court to consider regarding whether defense counsel failed to investigate the stock sale transactions comes from the trial transcript. During a colloquy outside the jury's presence, Pieron stood alongside his lead attorney Michael Minns and verbally affirmed Minns statement to the Court that Pieron personally sold the stock that created the tax liability. (ECF No.53, PageID. 805-808.) Pieron's motion for a new trial does not offer any reason as to why Minns would not believe his own client's representations as to how the

8

stock transaction was structured. And the court should strongly presume that Minns, and the legions of other lawyers retained by Pieron, all acted reasonably. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…") That presumption of reasonableness is especially important here because trial counsel's position regarding the stock sale is consistent with the position that Pieron advanced with the SEC in its investigation of the stock sale, and with the IRS on multiple sets of tax returns and other filings.

Because Pieron offers no evidence to overcome the presumption that his counsel conducted a reasonable investigation and made strategic decisions, the Court should deny Pieron's claim that his counsel was ineffective for failing to investigate his tax liability. There is no need for the Court to consider the evidence from the post-trial sentencing hearings because Pieron simply does not meet his burden with or without that evidence.

If the Court were to consider the post-trial evidence, the evidence would refute Pieron's claim that his counsel was ineffective under *Strickland's* prejudice prong. In the order adopting the government's tax loss calculation, the Court found that the post-trial evidence, as a whole, does not support Pieron's contention that he did not have a tax liability for 2008 and 2009. (ECF No. 162). If the court were

9

to consider it, the same post-trial evidence makes clear that Pieron did not suffer prejudice even if his trial counsel did not reasonably investigate the underlying stock transactions. If Pieron's trial attorneys had challenged the tax liability generated by the underlying stock transactions, the attorneys would have lost credibility with the jury. Before the trial, Pieron and his prior attorneys and accountants had made numerous and consistent representations regarding the nature of the stock sales (these representations include the tax returns and other tax filings, the prior statements of Pieron to his accountants, and Pieron's statements to the SEC investigators). If Pieron's trial attorneys litigated whether the stock sale resulted in a personal tax liability, it would have undermined their defense that Pieron was an honest guy who was trying to resolve his tax liability with the IRS and not attempting to evade taxes.

    Pieron's motion for a new trial also claimed that his trial attorneys were ineffective for failing to object to evidence that the government introduced at trial and to statements the government made in opening and closing argument. (ECF No. 68, PgID.1417, 1422-1434.) None of the evidence from the post-trial sentencing hearings has been relevant to these claims, and the Court should not consider it when deciding Pieron's Rule 33 motion. Under *Strickland*, the Court should assess the strategic decisions of trial counsel based on trial counsel's perspective at the time of trial, not based on evidence that has emerged after the

10

trial. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.") In this case, the government's evidence at trial was properly admitted and the government's statements during opening and closing were not objectionable as "prosecutorial misconduct." None of the post-trial evidence sheds any light on the defendant's claim that his counsel was ineffective for failing to object, and the Court should not consider the post-trial evidence in considering the defendant's claim.

  The final claim in Pieron's motion for a new trial was that the jury verdict was against the manifest weight of the evidence. The Sixth Circuit has noted that in weighing such a claim, a district court must "consider competing principles." *United States v. Burks,* 974 F.3d 622, 625 (6th Cir. 2020). "On the one hand," a court must "scrutinize the record" to ensure there is no miscarriage of justice. *Id*. "On the other hand, the court must respect the role of the jury and ensure that evidence-supported convictions are upheld." *Id*. The Sixth Circuit cautioned that a "court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id*. (quotations omitted).

  In determining whether a jury's verdict is "against the manifest weight of the evidence" the Court should only look at the evidence presented at trial. The Sixth

11

Circuit's directive to scrutinize the "record" refers only to the trial record. To look beyond the trial record would improperly undermine the jury's verdict. As noted above, jurors must only consider the evidence that is properly admitted at trial. The Court should do the same when determining whether the jury's verdict was against the manifest weight of the evidence.

If the Court looked beyond the trial record, it would unfairly penalize the prosecution. It would provide defendants an opportunity to present one defense at trial, and another defense to the court in a Rule 33 motion. Or defendants could avoid presenting evidence at trial, and then present evidence after conviction when there is no down-side to calling a particular witness who may or may not testify favorably. Allowing defendants to proceed in such fashion would eviscerate any notion of finality, which courts strongly consider when interpreting Rule 33. *See Johnson*, 246 F.3d 658 n. 5; *Seago*, 930 F.2d 488. The Court should not consider post-trial evidence in determining whether the verdict was against the weight of the evidence, because to do so would undermine the jury verdict and the need for finality.

If the Court were to consider it, the post-trial evidence supports the verdict and does not even approach the high standard required for a new trial. In *Burks*, the Sixth Circuit noted that a new trial should only be granted in "extraordinary circumstances… when the verdict exceeds the bounds of reasonableness…."

12

*Burks,* 974 F.3d 625 (internal citations and quotations omitted). A court should not grant a new trial just because it draws different inferences from the evidence or because it believes that a different result is more reasonable. *Id.*

During the trial in this case, the government introduced Pieron's initial 2008 Form 1040 Return (Gov. Ex. 40), his 2009 Form 1040 Return (Gov. Ex. 42), along with an Account Transcript for 2008 (Gov. Ex. 12) and an Account Transcript for 2009 (Gov. Ex. 20). At trial, the defense did not contest the tax liabilities reflected on the Account Transcripts. At the end of trial, the jury found—beyond a reasonable doubt—that Pieron attempted to evade the payment income taxes for 2008 and 2009.

After numerous briefs and post-trial evidentiary hearings, the Court adopted the government's criminal tax loss calculations, which were largely based on the defendant's initial tax returns and amended returns. In doing so, the Court noted that Pieron attested to the accuracy of those returns by signing them under penalty of perjury, and that in the post-trial hearings, Pieron "has not offered an adequate rebuttal to the Government's reliance on these returns." (ECF No. 162, PageID.3896.)

The same is true with respect to the jury's verdict. The evidence that Pieron has submitted at the post-trial sentencing hearings has not rebutted the jury's reliance on the initial 2008 and 2009 income tax returns and the Account

13

Transcripts that were introduced at trial. Pieron has fallen far short of showing the "extraordinary circumstances" that would require a new trial, and the Court should deny his claim even if it considers the post-trial evidence.

## Conclusion

The Court should not consider post-trial evidence from sentencing hearings when it considers the defendant's motions for a new trial and for judgment of acquittal. The post-trial sentencing evidence does not support any of the defendant's claims, and if the Court were to consider post-trial evidence, it would undermine the jury verdict and the principle of finality. It would open the door to defendants trying one defense before the jury and another in a Rule 33 motion to the judge.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/JULES M. DePORRE
Jules M. DePorre
Assistant United States Attorney
600 Church Street, Suite 200
Flint, MI  48502
Jules.DePorre@usdoj.gov
(810) 766-5177
P73999

## CERTIFICATE OF SERVICE

I certify that on November 9, 2020, 2020, I filed the forgoing document, *Government's Supplemental Brief Regarding Defendant's Motion for a New Trial and for Judgment of Acquittal and the Impact of Post-Trial Evidence* using the Court's CM/ECF system which will send notice to all registered parties.

*s/Jessica Szukhent*
Legal Assistant
United States Attorney's Office