UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES D. PIERON, JR.,<br><br>　　　　　Defendant. | Case No. 18-cr-20489 (TLL)(PTM)<br>Hon. Thomas L. Ludington |

**DEFENDANT'S SUPPLEMENTAL BRIEF
CONCERNING MOTION FOR NEW TRIAL**

As ordered, defendant James Pieron submits this supplemental brief to address "the extent to which the evidence heard since May 2019 impacts" the pending motions for new trial and acquittal. (Order: ECF No. 167, at PgID.3909.)

With respect to the motion for new trial, this evidence further supports ordering a new trial because of ineffective assistance of trial counsel. The testimony elicited at the tax loss hearings made clear "[t]rial counsel 'failed to investigate his options' to challenge the government's case concerning the existence of Pieron's alleged tax liability for 2008 and 2009." (ECF No. 68, Def.'s Mot. New Trial, at PgID.1420.)

The testimony elicited from Chelsea Rebeck and Kim Pavlik during the tax loss hearings establishes ineffective assistance of counsel.  Either witness's testimony at trial, standing alone, would create a reasonable probability of a different outcome.

With respect to 2008 tax liability, Chelsea Rebeck testified that any capital gains arising from the 2008 sale and purchase agreement did not result in taxable income to Pieron in 2008 (even assuming a stock sale). (Hr'g. Tr.: ECF No. 139, at PgID.2128–32.) And Kim Pavlik testified he made a mistake placing capital gains from the 2008 sale and purchase agreement in tax year 2008—any capital gains should have been reported in 2006 and 2007.  (Hr'g. Tr.: ECF No. 146, at PgID.3545–48.)

As to 2009 tax liability, Rebeck and Pavlik both testified, if the Market Shot LLC's money were sent directly to JDFX, Pieron has no tax liability for 2009 regardless of whether the loss upon liquidation is considered a capital loss or bad debt. (Hr'g. Tr.: ECF No. 139, at PgID.3139, 3155, 3170, 3172; Hr'g. Tr.: ECF No. 144, at PgID.3381.)[1]

---

[1] This Court found that all of Market Shot LLC's funds "were deposited into bank accounts owned solely by JDFX and not the defendant's personal account."  (Order: ECF No. 152, at PgID.3792.)

The government's only proof at trial concerning Pieron's 2008 and 2009 tax liability was Pieron's tax returns. Those tax returns were wrong. Rebeck and Pavlik (admitting he erred) testified they were wrong. Government Exhibit 138 is further proof the tax returns are wrong. And this Court's finding that Pieron had income of $9.5 million, $2.1 million, and $3.15 million in 2007, 2008, and 2009, respectively (Order: ECF. 162, at PgID.3897), is tantamount to a finding that the tax returns are wrong.[2] It is dishonest to reason and logic and trial practice to conclude other than this testimony would have likely affected the outcome of the trial.

In addition, even after Pieron's "new attorneys walked back Pavlik's application of the claim of right doctrine" (id. at PgID.3889), Pavlik continues to believe Pieron has no tax liability due to the claim of right doctrine. Pavlik told Pieron he had no tax liability. (Hr'g. Tr.: ECF. No. 146, at PgID.3554–55.) Pavlik testified he tried to contact the IRS numerous times on Pieron's behalf to assert Pieron's position and resolve the problem. (Id.)

As this Court noted during trial, Pavlik "is in a position to be able to testify, of personal knowledge, . . . of his belief in the application of the legal theory to

---

[2] The grand jury transcript of the government's lead case agent (whom this Court would not allow to testify) establishes that the government knew the tax returns were wrong before they used them to convict Pieron. (Br.: ECF No. 138, at PgID.3068.)

justify the zero tax return because the defendant is entitled to say I relied in good faith on the opinion that I received from the CPA." (Trial Tr.: ECF No. 53, at PgID.835.) The failure to present Pavlik's opinion (given to Pieron and the IRS) that Pieron had no tax liability cannot allow a determination Pieron was effectively represented at trial.

\* \* \*

Reasonable trial strategy cannot explain the failure to obtain and present the testimony of Rebeck and Pavlik to attack the only evidence of tax liability offered by the government. No reasonable trial strategy can explain the failure to cross examine government witnesses on these tax liability issues. No reasonable trial strategy can explain the failure to argue that Gov. Ex. 138 establishes JDFX, not Pieron, received proceeds from Market Shot LLC.

No reasonable trial strategy can explain the failure to present Pavlik's zero-tax-liability opinion given to Pieron to attack the "willful" evasion of payment.

There is a reasonable probability that trial counsel's failure to investigate and offer this evidence affected the outcome of trial.

Pieron's motion for a new trial should be granted.

                                                Respectfully submitted,

                                                /s/ Patrick J. Hurford
                                                Patrick J. Hurford
                                                Mark S. Pendery
                                                Honigman LLP
                                                2290 First National Building
                                                660 Woodward Ave.
                                                Detroit, MI  48226
                                                (313) 465-7000
                                                phurford@honigman.com

Dated:  November 9, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        /s/ Patrick J. Hurford
        Patrick J. Hurford
        Honigman LLP
        660 Woodward Ave.
        Detroit, MI  48226
        (313) 465-7000
        phurford@honigman.com