UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

                                                  Case No. 18-CR-20489
-vs-                                     Judge Thomas L. Ludington

JAMES D. PIERON, JR,
        Defendant.
_____/

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS WITH PREJUDICE

    Defendant James D. Pieron, Jr., through counsel, provides the following in reply to the Government's Response Opposing Defendant's Motion To Dismiss. (ECF No. 187, PageID 4080).

    I.  DEFENDANT IS ENTITLED TO RELIEF AS A RESULT OF THE BRADY AND RULE 16 VIOLATIONS.

    The government withheld, until mid-trial, over 900 pages of documents obtained from Peregrine Financial Group (PFG) as well as documents from American Tax Services and Internal Revenue Services Records.  All were documents that should have been provided pretrial pursuant to F.R.Crim.P. 16 and many were exculpatory.

A total of 47 pages of PFG documents- out of over 950 pages- were timely produced pretrial. They included no copies of documents where James Pieron had supplied PFG with his social security number. And they included no copies of James Pieron's passport. Most notably missing was a copy of James Pieron's passport which was a part of the same four page fax that included the W8-BEN that Mr. Pieron had mistakenly signed. Neither at trial nor in the most recent filing has the government provided any explanation for the pretrial production which withheld all of the exculpatory documents.

No Brady violation occurs "unless the defendant has been prejudiced by the delay in the disclosure." *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986). A conviction must be reversed "only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley*, 473 U.S. 667, 678 (1985). Evidence is material if, had it been disclosed to the defense in a timely manner, there is a reasonable probability that the result of the proceeding would have been different. *Id., at 682*. However, the question is not whether it was more likely than not that the defendant would have received a different verdict with the evidence. The question is "whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 433-434 (1995).

The Government argues that even if the Defendant had retained a

handwriting expert to testify at trial that the arguments of the parties would have been the same. (Government's Response, ECF No. 187, PageID.4087). Assuming the government made the same argument, however, the evidence showing that Mr. Pieron did not intentionally deny his U.S. citizenship would have been overwhelming.  In addition to the many copies of his passport and documents containing his social security number that Mr. Perion had already submitted to the same company, the evidence would have established that other W8-BEN forms had earlier been submitted by Mr. Pieron (making it more likely that he assumed this was a form that was to be submitted), that a copy of Perion's U.S. passport was attached to the very facimile on the page after the erroneous W8-BEN form submitted for his personal account, (see, Affidavit of Rosemarie Urbanski, ECF No. 185, PageID.4073; D.Ex. 1032, PFG Bates #623) and that, after a further request was made a few days later by PFG, he directed that another copy of his passport be sent to the company.

     Evidence that a defendant has intentionally denied his U.S. citizenship is, if true, likely to be considered as an extremely derogatory character trait by any juror.  It is the type of evidence that can eliminate the presumption of innocence. Here, had the defense had timely access to the PFG documents, it could have been clearly established that James Pieron did not intentionally try to deceive the company into believing he was not a citizen.  The government's unexplained

violation of Rule 16 and his rights under *Brady v. Maryland* deprived him of a fair trial.

II. DEFENDANT IS ENTITLED TO DISMISSAL BECAUSE THIS PROSECUTION DENIED HIM DUE PROCESS OF LAW.

The government's case relied upon the self-assessment of taxes by James Pieron. What the government ignores, however, is the fact that with the filing of his return in 2014 Mr. Pieron's "self-assessment" was that he owed no taxes. Of course, the IRS did not have to agree with this position. But the IRS was required, by its own regulations, by Acts of Congress, and by the Due Process Clause of the Fifth Amendment, to provide notice and other rights to Mr. Pieron if they disagreed with his position. The failure to do so was illegal. Prosecuting Mr. Pieron and convicting him is unconstitutional. James Pieron's self-assessment was that he owed no taxes. The government cannot simply ignore his filings, ignore the rights guaranteed him, and then prosecute for evading the taxes he did not believe were owed and which the IRS did not dispute.

Due process of law is a guarantee of respect for those personal immunities that are "so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105 (1934),* or are "implicit in the concept of ordered liberty." *Palko v. State of Connecticut, 302 U.S. 319, 325 (1937).* The words "due process of law" were

undoubtedly intended to convey the same meaning as the words, "by the law of the land," in Magna Charta. *Murray v. Hoboken Land & Imp. Co., 59 U.S. 272, 276 (1855).* The failure of the government here to provide James Pieron the most basic of rights goes to the very heart of this prosecution. His self-assessment was that he owed no taxes. They were obligated by statute and fundamental due process to address this claim. Having failed to do so, they should not be allowed to brand him a criminal for reliance on the clear "law of the land."

This is not an issue that could have been decided pretrial and F.R.Crim.P. 12(b)(3) does not require it to be brought before trial. It was not until trial that Defendant was informed that the government would attempt to establish the "tax due and owing" through self-assessment. It was at trial, and post-trial proceedings, where the multiple attempts of James Pieron's accountant (who had his power of attorney) to obtain action, and the lack of any response from the agency, were clearly established. Assertions of a denial of due process of law must be tested by an appraisal of the totality of facts in a given case. *Betts v. Brady, 316 U.S. 455, 464 (1942).* Due process is not a technical concept that can not be determined pretrial based on what may develop. It is flexible and requires consideration of what a particular situation demands. *Mathews v. Eldridge, 424 U.S. 319, 334 (1976).*

The government points to the lack of case law stating that the rights in the

Taxpayer Bill of Rights are "fundamental rights" or are rights protected by the Fifth Amendment. (Government Response, ECF No. 187, PageID.4092). Yet many of the rights protected by this legislation, and IRS regulations, are required of any government agency by the Due Process Clause. A right to be heard, a right to a determination, these are rights that are clearly required by the Fifth Amendment. *See, e.g., Propert v. District of Columbia, 948 F.2d 1327 (D.C. Cir. 1991)(government must provide notice and a hearing); Yi v. I.N.S. 257 F.Supp.2d 791 (E.D.Pa. 2003)(notice and an opportunity to be heard are minimum requirements of due process).* Actions by the Internal Revenue Service that are inconsistent with statutes or their own regulations may violate the Due Process Clause. *See, e.g., Cox v. United States, 345 F.Supp.2d 1218 (W.D. Okla. 2004); United States v. Hefner, 420 F.2d 809, 811-812 (4th Cir. 1969).* The failure of the IRS to follow its own regulations are clearly relevant in determining if the defendant's constitutional rights have been violated. *United States v. McKee, 192 F.3d 535, 540-541 (6th Cir. 1999).* Here, it was not only the regulations of the agency but the statutes of Congress as well that were ignored. The lack of case law specifically considering a complete failure to comply with IRS statutes and rules, one would hope, has resulted because the IRS does not routinely fail to follow the law and then prosecute someone for conduct they had a right to expect they were allowed to do.

An IRS Notice of Deficiency was never issued with respect to James Pieron. The government points out that such a notice is only required when the IRS disagrees with the taxpayer's self-assessment. (Government Response, ECF No. 187, PageID.4093). What the government ignores, however, is that with the filing of the return in 2014 James Pieron's self-assessment was that he owed no taxes for the years in question. With this prosecution, it is clear that the IRS did not agree with this self-assessment. Yet the agency totally ignored its duty under the statues and its own regulations to provide a Notice of Deficiency or any other notice to Mr. Pieron.

It is asserted that the Defendant has made "numerous allegations against the IRS, without citing to the record or any evidence." (Government Response, ECF No. 187, PageID.4093). The basic facts, however, are very simple, are fully established by the record, and are uncontradicted. James Pieron made a series of filings, including an offer to compromise, and, most significantly, a tax return in 2014 showing no tax liability for the years in question. These documents are all part of the record and citations were provided in Defendant's Supplemental Memorandum, ECF No. 177. His accountant, with his power of attorney, attempted to contact the Internal Revenue Service repeatedly regarding the status of his return. There was no response. D. *Ex. 1007, 1026, 1027; ECF No. 54, PageID.878-881,883,885-886; ECF No. 146, PageID.3554-3555.*

The government points to the failure of Mr. Pieron to call testify or to call witnesses. In its concluding statement, the government says the "jury considered all of the evidence — including the evidence regarding the Taxpayer Bill of Rights, yet it still convicted him." (Government Response, ECF No. 187, PageID.4092, 4094)  They cite no authority, however, that would support a claim that he somehow waived his right to Due Process of Law by choosing not to present a case.  Nor do they cite authority that supports a claim that constitutional rights are to be determined by a jury.

James Pieron filed forms with the Internal Revenue Service.  Included was a tax return which concluded that no taxes were due for the years in question. He was entitled to rely upon his accountant's position, at least unless and until the agency determined otherwise.  If the IRS disagreed, they were required to notify him.  They did not.  Instead, after several years of inactivity, the government charged Mr. Pieron with evasion of payment of taxes.  This prosecution, relying in large part on Mr. Pieron's failure to pay taxes that he had no notice he was required to pay, is not "by the law of the land."  The government should not be permitted to tell the taxpayer that they will inform him if his "self-assessment" is wrong, fail to do so, and then brand him a criminal when he fails to pay a tax that he was not told was due.  By any standard of due process of law, what occurred here was wrong.  The conviction should not stand.

                                              <u>s/Kenneth R. Sasse</u>
                                              Kenneth R. Sasse
                                              Attorney for James D. Pieron
                                              Kenneth R Sasse PLLC
                                              27 E. Flint St., 2nd Floor
                                              Lake Orion, Michigan 48362
                                              (248) 821-7325
                                              (P24365)

May 24, 2021

CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the attached Reply Brief with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

        s/Kenneth R. Sasse
        Kenneth R. Sasse
        Attorney for James Pieron, Jr.
        Kenneth R Sasse PLLC
        27 E. Flint St., 2nd Floor
        Lake Orion, Michigan 48362
        (248) 821-7325
        (P24365)

Dated: May 24, 2021