**Andrews Hooper Pavlik PLC**
**5300 Gratiot Rd**
**Saginaw, MI 48638-6035**
**989-497-5300**

**Filing Instructions**

**Form 1040X**

**Amended Individual Income Tax Return**

**Taxable Year Ended December 31, 2011**

| | |
|---|---|
| **Name:** | James D Pieron, Jr. |
| **Date Due:** | AS SOON AS POSSIBLE. |
| **Remittance:** | None is required.  There is a total overpayment of $406,535, which is to be applied against tax liabilities from prior years. |
| **Mail To:** | Department of the Treasury<br>Internal Revenue Service<br>Fresno, CA 93888-0422<br><br>We recommend that you use certified mail with postmarked receipts for proof of timely filing. |
| **Signature:** | You should sign and date the return on Page 2. |
| **Other:** | Initial and date the copy of the return, and retain for your records. |

DEFENDANT'S
EXHIBIT
1001
US v. PIERON

00747

| Form **1040X** (Rev. December 2011) | Department of the Treasury—Internal Revenue Service **Amended U.S. Individual Income Tax Return** ▶ See separate instructions. | | OMB No. 1545-0074 |
|---|---|---|---|

**This return is for calendar year** [X] 2011   ☐ 2010   ☐ 2009   ☐ 2008
Other year. Enter one: calendar year ___ or fiscal year (month and year ended): ___

| Your first name and initial **JAMES D** | Last name **PIERON, JR.** | Your social security number ▨▨▨ 111 |
|---|---|---|
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |

Home address (number and street). If you have a P.O. box, see instructions. ▨

| City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions). **MT. PLEASANT    MI 48858** | | |
|---|---|---|
| Apt. no. | | Your phone number |
| Foreign country name | Foreign province/county | Foreign postal code |

**Amended return filing status.** You must check one box even if you are not changing your filing status.
**Caution.** You cannot change your filing status from joint to separate returns after the due date.
[X] Single   ☐ Married filing jointly   ☐ Married filing separately
☐ Qualifying widow(er)   ☐ Head of household (If the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on the back to explain any changes | | A. Original amount or as previously adjusted (see instructions) | B. Net change – amount of increase or (decrease) – explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 Adjusted gross income. If net operating loss (NOL) carryback is included, check here ▶ ☐ | 1 | -146,705 | 300,000 | 153,295 |
| 2 Itemized deductions or standard deduction | 2 | 5,800 | | 5,800 |
| 3 Subtract line 2 from line 1 | 3 | -152,505 | 300,000 | 147,495 |
| 4 Exemptions. If changing, complete Part I on the back and enter the amount from line 30 | 4 | 3,700 | | 3,700 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | -156,205 | 300,000 | 143,795 |
| **Tax Liability** | | | | |
| 6 Tax. Enter method used to figure tax: **TCW** | 6 | 0 | 33,880 | 33,880 |
| 7 Credits. If general business credit carryback is included, check here ▶ ☐ | 7 | 0 | 3,969 | 3,969 |
| 8 Subtract line 7 from line 6. If the result is zero or less, enter -0- | 8 | 0 | 29,911 | 29,911 |
| 9 Other taxes | 9 | 0 | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | 29,911 | 29,911 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 11 | 17,196 | | 17,196 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 0 | | |
| 13 Earned income credit (EIC) | 13 | 0 | | |
| 14 Refundable credits from ☐ Schedule M or Form(s) ☐ 2439 ☐ 4136 ☐ 5405 ☐ 8801 ☐ 5812 ☐ 8839 ☐ 8863 ☐ 8885 or [X] Other (specify): **IRC SEC 1341** | 14 | 0 | 436,446 | 436,446 |
| 15 Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | 15 | | | |
| 16 Total payments. Add lines 11 through 15 | 16 | | | 453,642 |
| **Refund or Amount You Owe** (Note. Allow 8-12 weeks to process Form 1040X.) | | | | |
| 17 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 17 | | | 17,196 |
| 18 Subtract line 17 from line 16 (If less than zero, see instructions) | 18 | | | 436,446 |
| 19 Amount you owe. If line 10, column C, is more than line 18, enter the difference | 19 | | | |
| 20 If line 10, column C, is less than line 18, enter the difference. This is the amount overpaid on this return | 20 | | | 406,535 |
| 21 Amount of line 20 you want refunded to you | 21 | | | 406,535 |
| 22 Amount of line 20 you want applied to your (enter year): estimated tax | 22 | | | |

Complete and sign this form on Page 2.

For Paperwork Reduction Act Notice, see instructions.          Form **1040X** (Rev. 12-2011)

DAA

**JAMES D PIERON, JR.** ▇▇▇▇▇▇ 111

Form 1040X (Rev. 12-2011)

Page **2**

## Part I    Exemptions

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by a Midwestern disaster in 2008 or 2009.

| See Form 1040 or Form 1040A instructions and Form 1040X instructions. | | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|---|
| 23  Yourself and spouse. Caution. If someone can claim you as a dependent, you cannot claim an exemption for yourself | 23 | | | |
| 24  Your dependent children who lived with you | 24 | | | |
| 25  Your dependent children who did not live with you due to divorce or separation | 25 | | | |
| 26  Other dependents | 26 | | | |
| 27  Total number of exemptions. Add lines 23 through 26 | 27 | | | |
| 28  Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending | 28 | | | |
| 29  If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | | | |
| 30  Add lines 28 and 29. Enter the result here and on line 4 on page 1 of this form | 30 | | | |

**31**  List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see instructions.

| (a) First name          Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see instructions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## Part II    Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does:

## Part III    Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

**SEE ATTACHED STATEMENT**

**Sign Here**

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| ▶ | | ▶ | |
|---|---|---|---|
| Your signature | Date | Spouse's signature, if a joint return, both must sign. | Date |

Paid Preparer Use Only

▶ *Kim D. Pavlik*     3/21/14     ANDREWS HOOPER PAVLIK PLC

| Preparer's signature | Date | Firm's name (or yours if self-employed) |
|---|---|---|

5300 GRATIOT RD

**KIM D. PAVLIK**          SAGINAW          MI 48638-6035

| Print/type preparer's name | | Firm's address and ZIP code | |
|---|---|---|---|
| P00044903 | ☐ Check if self-employed | 989-497-5300 | 38-3133790 |
| PTIN | | Phone number | EIN |

Form **8275**

(Rev. August 2013)

Department of the Treasury
Internal Revenue Service

## Disclosure Statement

Do not use this form to disclose items or positions that are contrary to Treasury regulations. Instead, use Form 8275-R, Regulation Disclosure Statement.

▶ Information about Form 8275 and its separate instructions is at *www.irs.gov/form8275*.

▶ Attach to your tax return.

OMB No. 1545-0889

Attachment
Sequence No. **92**

| Name(s) shown on return | Identifying number shown on return |
|---|---|
| James D. Pieron Jr. | ▇▇▇▇ |

If Form 8275 relates to an information return for a foreign entity (for example, Form 5471), enter:

Name of foreign entity ▶

Employer identification number, if any ▶

Reference ID number (see instructions) ▶

### Part I — General Information (see instructions)

| (a)<br>Rev. Rul., Rev. Proc., etc. | (b)<br>Item or Group<br>of Items | (c)<br>Detailed Description<br>of Items | (d)<br>Form or<br>Schedule | (e)<br>Line<br>No. | (f)<br>Amount |
|---|---|---|---|---|---|
| **1**<br>IRC Sec 108 | | Discharged indebtedness excluded from gross income | 982 | 2 | 13,370,885 |
| **2**<br>IRC Sec 108 | | Discharged indebtedness excluded from gross income | 1040 | 21 | 13,370,885 |
| **3**<br>IRC Sec 1341 | | IRC 1341 "Claim of Right" tax adjustment taken as<br>additional federal tax paid on 1040 line 71 | 1040 | 71 | 436,446 |
| **4** | | | | | |
| **5** | | | | | |
| **6** | | | | | |

### Part II — Detailed Explanation (see instructions)

**1** See attached statement describing tax reporting event, position on IRC Sec 108, reporting discharge of indebtedness excluded from gross income, and taking IRC 1341 "Claim of Right" tax adjustment as additional federal tax paid on 1040 line 71.

**2**

**3**

**4**

**5**

**6**

### Part III — Information About Pass-Through Entity. To be completed by partners, shareholders, beneficiaries, or residual interest holders.

**Complete this part only if you are making adequate disclosure for a pass-through item.**

**Note:** *A pass-through entity is a partnership, S corporation, estate, trust, regulated investment company (RIC), real estate investment trust (REIT), or real estate mortgage investment conduit (REMIC).*

| 1  Name, address, and ZIP code of pass-through entity | 2  Identifying number of pass-through entity |
|---|---|
| | 3  Tax year of pass-through entity<br>  /    /    to    /    / |
| | 4  Internal Revenue Service Center where the pass-through entity filed its return |

For Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 61935M          Form **8275** (Rev. 8-2013)

Form 8275 (Rev. 8-2013)

Page **2**

**Part V**  **Explanations** *(continued from Parts I and/or II)*

Form **8275** (Rev. 8-2013)

Tax overpayment/underpayment summary
James D. Pieron Jr.



12/31/2011

| | Returns as Last Filed | | Returns as Recalculated under Section 1341 | | | | Net |
|---|---|---|---|---|---|---|---|
| | Tax liability | | Tax liability | | Section 1341 Adjustment | | Tax Due |
| 2008 | $ 365,082 | | $ 8,690 | | $ 356,392 | | |
| 2009 | 74,272 | | - | | 74,272 | | |
| 2010 | 5,782 | | - | | 5,782 | | |
| | 445,136 | | 8,690 | | 436,446 | | |

| | |
|---|---|
| 2011 Tax Liability as Last filed | $ - |
| 2011 Tax Liability per this Amended Return | 29.911 |
| 2011 TAX LIABILITY AS ADJUSTED | 29.911 |
| 2011 Tax Payments | 17,196 |
| Balance Due | 12,715 |

| | Returns as Recalculated under Section 1341 Per Above | | Taxes Paid | | | Credit under Section 1341 Net of Amounts NotPaid | |
|---|---|---|---|---|---|---|---|
| | Tax | Withholding | Installment Agreement | Total | Net Credit | |
| 2008 | $ 8,690 | | $ 9,000 | $ 9,000 | $ (310) | |
| 2009 | - | $ - | - | - | - | |
| 2010 | - | 10,087 | - | 10,087 | (10,087) | |
| | | | | | 10,397 | (10,397) |

NET DUE for 2008-2011   $  2,318

2011 1040x amended return detail
James D. Pieron Jr.

■■■■■■

12/31/2011

| | 2008 | 2009 | 2010 | 2008-2010 Subtotal | 2011 | TOTAL |
|---|---|---|---|---|---|---|
| **AS AMENDED** | | | | | | |
| **WAGES** | 90,995 | 54,002 | 52,500 | | 90,000 | |
| Exclusion | (87,600) | (54,002) | - | | - | |
| Net Wages | 3,395 | 0 | 52,500 | | 90,000 | |
| **Interest** | - | - | 644 | | - | |
| **CG/CL** | | | | | | |
| JP Morgan - Sec 1256 | 1,046,617 | - | - | | - | |
| Saxobank - Sec 1256 | (600,141) | (33,919) | 249,330 | | (3,000) | |
| JDFX | 9,289,871 | 5,250,000 | - | | - | |
| I8 Technolgies 1244 Loss | - | - | - | | (50,000) | |
| Limited - C/O | (295,024) | - | - | | - | |
| Total Sch D | 9,441,323 | 5,216,081 | 249,330 | | (53,000) | |
| **ILQ - Sch E** | - | - | (183,977) | | (183,705) | |
| **Theft Loss** | (7,008,651) | (4,712,804) | | | | |
| AGI - As adjusted | 2,436,067 | 503,277 | 118,497 | 3,057,841 | (146,705) | 2,911,136 |
| Tax based on 1st amended return | 365,082 | 74,272 | 5,782 | 445,136 | 0 | 445,136 |

**AMENDED RETURNS, ADJUSTED AS FOLLOWS:**
**\*NO THEFT LOSS, JDFX GAIN EXCLUDED FOR THE PURPOSES OF SECTION 1341 CALCULATION**

| | 2008 | 2009 | 2010 | | 2011 | TOTAL |
|---|---|---|---|---|---|---|
| **WAGES** | 90,995 | 54,002 | 52,500 | | 90,000 | |
| Exclusion | (87,600) | (54,002) | - | | - | |
| Net Wages | 3,395 | 0 | 52,500 | | 90,000 | |
| **Interest** | - | - | 644 | | - | |
| **CG/CL** | | | | | | |
| JP Morgan - Sec 1256 | 1,046,617 | - | - | | - | |
| Saxobank - Sec 1256 | (600,141) | (33,919) | 249,330 | | (3,000) | |
| JDFX - Gain | 9,289,871 | 5,250,000 | - | | - | |
| JDFX - Gain Disregarded - IRC 1341 claim of right | (9,289,871) | (5,250,000) | - | | - | |
| Komplique Capital Loss (n/a) | - | - | - | | - | |
| I8 Technolgies 1244 Loss | - | - | - | | (50,000) | |
| Limited - C/O | (295,024) | 30,919 | (249,330) | | 0 | |
| Total Sch D | 151,452 | (3,000) | 0 | | (53,000) | |
| **ILQ - Sch E** | - | - | (183,977) | | (183,705) | |
| **Theft Loss** | - | - | - | | - | |
| AGI as adjusted | 154,847 | (3,000) | (130,833) | | (146,705) | (125,691) |
| | | | | | | |
| Debt Forgiveness Income added to tax year 2011 | - | - | - | | 300,000 | |
| AGI after Debt Forgiveness Income | 154,847 | 0 | (130,833) | | 153,295 | (125,691) |
| | | | | | | |
| Total Tax after credits | 8,690 | 0 | 0 | 8,690 | 29,911 | 38,601 |

| | | 2008-2010 | | 2011 | TOTAL |
|---|---|---|---|---|---|
| Total Tax liability 2008-2010 No JDFX gain | | 8,690 | | 29,911 | 38,601 |
| Total Tax liability 2008-2010 with JDFX gain | | 445,136 | | - | 445,136 |
| Difference reported as IRC 1341 payments (1) | (1) | 436,446 | | 29,911 | 406,535 |
| | | | | | |
| 2008 federal withheld | | - | | - | - |
| 2009 federal withheld | | - | | - | - |
| 2010 federal withheld | | 10,087 | | - | 10,087 |
| 2011 federal withheld (2) | | n/a | (2) | 17,196 | 17,196 |
| | | 10,087 | | 17,196 | 27,283 |
| Installment agreement payments | | | | | |
| 5/2012&0/2012 (1,500 for 6 months) | | 9,000 | | - | 9,000 |
| Total W/H and installment payments | | 19,087 | | 17,196 | 36,283 |
| IRC 1341 claim of right payments | | 436,446 | | - | 436,446 |
| Total payments incl. IRC 1341, WH and installments | | 455,533 | | 17,196 | 472,729 |
| Balance due (overpaid) after payments | | | | | |
| based on actual tax liability | | (446,843) | | 12,715 | (434,128) |
| Total Tax liability difference 2008-2010 with JDFX gain | | 436,446 | | | 436,446 |
| Due/(over paid) | | (10,397) | | 12,715 | 2,318 |

James D. Pieron Jr.

████████

**Statement regarding amended return (2011-1040x) and disclosure statement (form 8275)**

Taxpayer James Pieron Jr. ("Pieron") was a resident in Switzerland from approximately 1998 to 2010. During that time, he founded a company called JDFX Holding AG ("JDFX") that specialized in trading technologies. In 2007 he sold a 20% stake in JDFX for $10 million with an effective date of January 1, 2008. In a separate transaction, he sold an additional 15% stake for $5.25 million with an effective date of January 1, 2009.

During the period of 2007 through 2009, Pieron loaned a substantial portion of sale proceeds to JDFX as working capital. In Switzerland, there is no capital gain tax for Swiss nationals. For that reason, the sale and loan vehicles were properly structured. However, because Pieron was a US citizen first and Swiss resident second, the selling of corporate shares should have been made by the corporation, requiring no loans from Pieron. Because Pieron received no tax advice regarding the US impact, he sold his shares individually and then loaned a substantial portion of the proceeds back to JDFX.

In late 2009, the owner of Market Shot, namely Trevor Cook ("Cook"), was implicated in a Ponzi scheme. Cook was later indicted and convicted related to the Ponzi scheme. Because Cook owned 35% of JDFX, when the Ponzi scheme became public knowledge, banks and liquidity providers began terminating their relationships with JDFX. Shortly thereafter, JDFX was liquidated and Pieron's loans and reinvested capital were lost. Pieron was not accused, indicted, or prosecuted for any wrong doing.

Original returns were filed showing gains on JDFX stock in 2008 and in 2009. Subsequently, amended returns were filed in 2012 adjusting the JDFX gains and recording a theft loss that was an indirect result of the Ponzi scheme.

The income was reported under the claim of right doctrine.

Under the claim of right doctrine a taxpayer who receives any income under a claim of right that is free of restrictions must include that income in gross income for the year of receipt. [1] It does not matter that the taxpayer is not entitled to retain the income and might be obligated to return it.[2]

The Supreme Court has stated that if a taxpayer who included a receipt in gross income under the claim of right doctrine is required to repay it in a subsequent taxable year, the taxpayer is entitled to a deduction in the year of repayment. [3]

Because the deduction in the year of repayment of an item previously included in gross income under the claim of right doctrine might not provide as much a reduction in tax liability as the tax generated by the previous income inclusion, Congress enacted §1341 in order to mitigate that effect.[4]  Under §1341, taxpayers are permitted to forgo the deduction in the year of repayment so that they can reduce tax liability for that year by the amount of tax liability generated by the previous inclusion.[5]

In order to obtain the benefits of §1341, the following five requirements must be satisfied;

- the item was included in gross income in a previous taxable year: [6]

- the inclusion occurred because the taxpayer appeared to have an unrestricted right to the item: [7]

- in a later year, the taxpayer is entitled to a deduction: [8]

- the deduction is allowed because it was established after the close of the year of inclusion that the taxpayer did not have an unrestricted right to the item; [9] and

- the amount of the deduction exceeds $3,000. [10]

Pieron met all of these requirements.

If the requirements of §1341 are met, the taxpayer must use one of the two alternative tax computation methods.[11] The application of §1341 is mandatory if its requirements are met. [12] The taxpayer's tax liability for the year of repayment is the lesser of the tax liabilities computed under §1341(a)(4) or (5). [13]

- Under §1341(a)(4), the taxpayer computes tax liability by applying the applicable tax rates to taxable income computed with the deduction for repayment taken into account. [14]

- Under §1341(a)(5), the taxpayer computes tax liability through a three-step process. First, tax liability for the year of repayment is computed without taking into account the deduction for repayment.[15] Second, the taxpayer computes the decrease in tax liability for the year of inclusion that would result solely from excluding from gross income for that year an amount of income equal to the repayment subject to limitation described in III, C, 2, d, (3), (b) through (e).[16] Third, the taxpayer computes tax liability for the year of repayment by subtracting the result computed in the second step from the result computed in the first step.[17]

The applicability of these rules to losses as a result of a Ponzi scheme were discussed in an article by Agatha Jeffers, Ph.D.,CPA, and Leonard J. Lauricella, L.L.M., CPA in the May 2009 issue of Practical Tax Strategies. Below are some excerpts from that article emphasis added:

In an effort to ease the burden on investors, some of whom have lost their life savings, and to facilitate the administration of the claim for refunds of taxes, in mid-March the IRS issued Rev. Rul. 2009-9[18] and elective Rev. Proc. 2009-20.[19] The Ruling provides guidance on many of the contentious tax issues, and the Procedure contains a safe harbor for qualified investors as to the timing, character, and deduction amount, provided the taxpayer complies with the requirements.

Qualified investors are taxpayers:

- Who otherwise are able to deduct theft losses under Section 165.

- Who had no prior actual knowledge of the fraudulent nature of the Madoff scheme.

- With respect to whom the scheme is not a tax shelter.

- Who transferred cash or property directly to Madoff rather than through a fund or other entity.

The first question typically addressed was whether the loss from the Madoff Ponzi scheme could be treated as a theft loss. Section 165(a) provides that a deduction is allowed for any loss that is not covered by insurance. Theft losses include- but are not necessarily limited to-larceny, embezzlement, and robbery.

Whether a theft has occurred is determined under state law.

The Procedure goes on to describe cases where theft characterization would not be challenged. This includes, for example, the situation of a lead figure being charged under state or federal law with fraud, embezzlement, or similar crimes that, if proven, would meet the definition of theft.

**Timing of the deduction**. The next question to be addressed was the timing of the deduction.

Given the complicated nature of the Ponzi scheme; the significant possibility that claims for recovery would be made from the government; and that lawsuits would be filed against the Madoff organization, the auditors, and other investment advisors who may have channeled investors' money into the Madoff organization, the IRS could have reasonably asserted that investors (on whom the burden falls) could not prove with reasonable certainly what amount they would definitely not recover.

Initially there was some thought that the IRS might argue strenuously that the Madoff scheme did not involve a theft loss, and that the victims had a worthless security deduction under Section 165(g). This unfavorable result would have the losses treated as capital losses. Individuals can deduct capital losses, [20] but only against capital gains and up to $3,000 ($1,500 for married filing separately) of excess capital losses against ordinary income annually.[21]

*Once again the Ruling resolves this in a taxpayer-friendly manner as an ordinary loss.*

The most likely choices for a taxpayer to recoup the tax paid on the phantom income were thought to involve filing an amended return to remove the income and request a tax refund, or attempting to get relief under the claim of right doctrine. Implications of these two alternatives are discussed below, but the Ruling and the Procedure made the limitations period expiration date less important.

The Ruling and the Procedure provide for straightforward relief by allowing a phantom income reported to investors in 2008 to be excluded from the 2008 return and for phantom income for all prior years (even closed years) to be added to the taxpayer's adjusted basis and used in determining the theft loss. The Procedure requires the taxpayer to agree not to amend prior returns to claim a refund on the phantom income.

*Claim of right doctrine. Another possible course of action, which did not have a 4/15/09 deadline, was to attempt to use the claim of right doctrine.[22] This doctrine is normally employed when a taxpayer receives income and pays tax on it, but in a later year the taxpayer is required to pay the money back because it is determined that he or she was not entitled to it in the first place.*

*How would this be applied to the Madoff investors? The argument was that the taxpayers included the phantom income in the earlier years and paid tax on it. Now because of the theft, they have in effect paid the money back.* There are a couple benefits to this argument.

Practitioners who thought that the IRS would contest this extension of the claim of right doctrine to the Madoff facts were correct. The Ruling sets forth the IRS's argument about why the claim of right doctrine does not apply in this case. Section 1341(a)(2) requires that the deduction must arise because the taxpayer was under an obligation to restore the income. The Ruling concludes that when an investor incurs a loss from criminal fraud or embezzlement in a transaction entered into for profit, the investor's theft loss deduction does not arise from an obligation on the investor to restore the income.

Taxpayers electing under the Procedure must agree not to pursue a refund based on a claim of right. All other taxpayers can anticipate the IRS will contest any refund based on the doctrine, except possibly amounts repaid under the fraudulent conveyance statute as discussed below.

*If investors are required to return any funds received, a good argument can be made for applying the above-discussed claim of right doctrine in the year of repayment. Clearly the taxpayer will make the payment only if obligated to do so. Thus, the IRS argument stated above in the phantom income situation would not seem to be applicable.* If the taxpayer chooses to deduct the repayments in the year made, there is an issue as to the character of the deduction.

Under the Arrowsmith doctrine,[23] the character of the repayments will track the character of the income reported in the earlier years. Thus if the income in the earlier years was, for example, short-term capital gains, the deduction will be short-term capital losses.

No capital loss carryback is available, however, for individuals. In this case, the claim of right credit in the year of repayment might reduce the adverse impact of the repayments being characterized as capital losses. *As indicated above, election under the Procedure requires taxpayers to agree that they will not apply the alternative computation in Section 1341 with respect to the theft deduction. However, this presumably should not apply to payments that the taxpayer is required to make under the fraudulent conveyance or similar rules.*

**Income Tax-Ponzi Scheme Clawback Repayments:** The IRS issued FAQs regarding the tax treatment of clawback repayments for amounts previously reported as income from a Ponzi scheme. The term *clawback* describes the power of a trustee to recoup profits earned by an innocent investor in a Ponzi scheme that should have been available as part of a bankruptcy estate. The FAQs indicate that the repayments are not additional theft loss deductions, but are repayments of claim of right income that result in either a nontheft investment loss deduction or a credit calculated under IRC Sec. 1341, whichever results in lower tax.

The trustee in the Cook Ponzi scheme has continued to attempt to recover monies from various parties. If Pieron still had any liquid assets in 2011, the trustee would have tried to claw those funds back. Because Pieron had virtually no liquid assets, the debt was forgiven, we have re-calculated Pieron's adjusted tax for the years 2008-2011, including the forgiveness of debt income, and excluding the JDFX gains under the claim of right rules.

Based on the claim of rights calculations, Pieron's tax obligations for 2008 through 2011 total $38,601. His withholding and other tax payments related to those years totaled $36,283.

00760

Based on the above, there is substantial doubt as to Pieron's tax liability for the years 2008 through 2011. This is summarized below. A more complete analysis is attached.

|  | Tax Liability As Last Amended | Tax Liability As Adjusted Under Section 1341 |
|---|---|---|
| 2008 | $ 365,082 | $ 8,690 |
| 2009 | 74,272 | – |
| 2010 | 5,782 | – |
| 2011 | – | 29,911 |
| **TOTAL** | $445,136 | 38,601 |
| **TOTAL WITHHOLDINGS AND PAYMENTS** |  | 36,283 |
| **NET TOTAL TAX DUE** |  | $2,318 |

1. North American Oil Consol. Co. v. Burnet, 286 U.S. 417 (1932).

2. Id.

3. North American Oil Consol. Co. v. Burnet, 286 U.S. 417 (1932) (dictum).

4. See H.R. Rep. No. 1337, 83d Cong., 2d Sess., A294.

5. Id.

6. §1341 (a)(1).

7. Id.

8. §1341(a)(2).

9. Id.

10. §1341(a)(3).

11. §1341(a)(4), (5).

12. §1341(a).

13. Id.

14. § 1341(a)(4).

15. §1341(a)(5)(A).

16. Tax liability for purpose of §1341(a)(5)(B) includes alternative minimum tax as well as regular tax. FSA 200129001; CCA 200808019.

17. §1341(a)(5).

Reference related to Practical Tax Strategies article

18. 2009-14 IRB 735.

19. 2009-14 IRB 749.

20. Reg. 1. 165-8(d).

00762

Form **1040**   Department of the Treasury—Internal Revenue Service   (99)
**U.S. Individual Income Tax Return** **2011**   OMB No. 1545-0074   IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2011, or other tax year beginning _____, 2011, ending _____, 20___   See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JAMES D | PIERON, JR. | 111 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |

Home address (number and street). If you have a P.O. box, see instructions.   Apt. no.

▲ Make sure the SSN(s) above and on line 6c are correct

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
MT. PLEASANT     MI     48858

Foreign country name     Foreign province/county     Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to this fund. Checking a box below will not change your tax or refund.   ☐ You   ☐ Spouse

**Filing Status**
Check only one box.
1 ☒ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

**Exemptions**
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☐ Spouse
}  Boxes checked on 6a and 6b **1**

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax credit (see inst.) |
|---|---|---|---|

No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see instructions)
Dependents on 6c not entered above

If more than four dependents, see instructions and check here ▶ ☐

d Total number of exemptions claimed

Add numbers on lines above ▶ **1**

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 90,000 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | -3,000 |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | -50,000 |
| 15a | IRA distributions | 15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities | 16a | b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -183,705 |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits | 20a | b Taxable amount | 20b | |
| 21 | Other income. List type and amount   SEE STATEMENT 1 | 21 | 300,000 |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 153,295 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid   b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | 153,295 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.
DAA
Form **1040** (2011)

## AS AMENDED

00763

Form 1040 (20:1) JAMES D PIERON, JR.     111 Page **2**

| | | | |
|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | 153,295 |

| | | | |
|---|---|---|---|
| 39a | Check if: | You were born before January 2, 1947, ☐ Blind. Spouse was born before January 2, 1947, ☐ Blind. } Total boxes checked ▶ 39a | |

**Standard Deduction for—**

- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:

Single or Married filing separately, $5,800

Married filing jointly or Qualifying widow(er), $11,600

Head of household, $8,500

| | | | | |
|---|---|---|---|---|
| | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 5,800 |
| | 41 | Subtract line 40 from line 38 | 41 | 147,495 |
| | 42 | Exemptions. Multiply $3,700 by the number on line 6d | 42 | 3,700 |
| | 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 143,795 |
| | 44 | Tax (see instr.). Check if any from a ☐ Form(s) 8814 b ☐ Form 4972 c ☐ 962 elec. | 44 | 33,880 |
| | 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| | 46 | Add lines 44 and 45 ▶ | 46 | 33,880 |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | |
| | 49 | Education credits from Form 8863, line 23 | 49 | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| | 51 | Child tax credit (see instructions) | 51 | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | |
| | 53 | Other credits from Form ☒ 3800 b ☐ 8801 c ☐ | 53 | 3,969 |
| | 54 | Add lines 47 through 53. These are your total credits | 54 | 3,969 |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 29,911 |

| | | | | |
|---|---|---|---|---|
| **Other Taxes** | 56 | Self-employment tax. Attach Schedule SE | 56 | |
| | 57 | Unreported social security and Medicare tax from Form ☐ 4137 b ☐ 8919 | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| | 59a | Household employment taxes from Schedule H | 59a | |
| | b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| | 60 | Other taxes. Enter code(s) from instructions | 60 | |
| | 61 | Add lines 55 through 60. This is your total tax ▶ | 61 | 29,911 |

| | | | | |
|---|---|---|---|---|
| **Payments** | 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 17,196 | |
| If you have a qualifying child, attach Schedule EIC. | 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | | |
| | 64a | Earned income credit (EIC) | 64a | | |
| | b | Nontaxable combat pay election | 64b | | |
| | 65 | Additional child tax credit. Attach Form 8812 | 65 | | |
| | 66 | American opportunity credit from Form 8863, line 14 | 66 | | |
| | 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | |
| | 68 | Amount paid with request for extension to file | 68 | | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | |
| | 71 | Credits from Form: a ☐ 2439 b ☐ 8839 c ☐ 8801 d ☐ 8885 | 71 | 436 446 | **IRC 1341** |
| | 72 | Add lines 62, 63, 64a, and 65 through 71. These are your total payments ▶ | 72 | 453,642 |

| | | | | |
|---|---|---|---|---|
| **Refund** | 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you overpaid | 73 | 423,731 |
| | 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 423,731 |
| Direct deposit? See instructions. | b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number XXXXXXXXXXXXXXX | | |
| | 75 | Amount of line 73 you want applied to your 2012 estimated tax ▶ 75 | | |

| | | | | |
|---|---|---|---|---|
| **Amount You Owe** | 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| | 77 | Estimated tax penalty (see instructions) | 77 | |

| | | | |
|---|---|---|---|
| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see instructions)? ☒ Yes. Complete below. ☐ No | | |
| | Designee's name ▶ KIM D. PAVLIK | Phone no. ▶ 989-497-5300 | Personal identification number (PIN) ▶ 11111 |

| | | | |
|---|---|---|---|
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | |
| Joint return? See instr. | Your signature | Date | Your occupation SALES MANAGER | Daytime phone number |
| Keep a copy for your records. | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here (see instr.) |

| | | | | |
|---|---|---|---|---|
| **Paid Preparer Use Only** | Print/Type preparer's name KIM D. PAVLIK | Preparer's signature | Date | Check ☐ if self-employed | PTIN P00044903 |
| | Firm's name ▶ ANDREWS HOOPER PAVLIK PLC | | | Firm's EIN ▶ 38-3133790 |
| | Firm's address ▶ 5300 GRATIOT RD SAGINAW    MI 48638-6035 | | | Phone no. 989-497-5300 |

DAA                                    Form **1040** (2011)

# AS AMENDED

**SCHEDULE D**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service   (99)

**Capital Gains and Losses**

▶ Attach to Form 1040 or Form 1040NR. See Instructions for Schedule D (Form 1040).
▶ Use Form 8949 to list your transactions for lines 1, 2, 3, 8, 9, and 10.

OMB No. 1545-0074

**2011**

Attachment
Sequence No. **12**

Name(s) shown on return   **JAMES D PIERON, JR.**

Your social security number   **111**

### Part I   Short-Term Capital Gains and Losses – Assets Held One Year or Less

| Complete Form 8949 before completing line 1, 2, or 3. This form may be easier to complete if you round off cents to whole dollars. | (e) Sales price from Form(s) 8949, line 2, column (e) | (f) Cost or other basis from Form(s) 8949, line 2, column (f) | (g) Adjustments to gain or loss from Form(s) 8949, line 2, column (g) | (h) Gain or (loss) Combine columns (e), (f), and (g) |
|---|---|---|---|---|
| **1** Short-term totals from all Forms 8949 with box A checked in Part I | | ( | | |
| **2** Short-term totals from all Forms 8949 with box B checked in Part I | | | | |
| **3** Short-term totals from all Forms 8949 with box C checked in Part I | | | | |

| | | |
|---|---|---|
| **4** Short-term gain from Form 6252 and short-term gain or (loss) from Forms 4684, 6781, and 8824 | **4** | |
| **5** Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | **5** | |
| **6** Short-term capital loss carryover. Enter the amount, if any, from line 8 of your Capital Loss Carryover Worksheet in the instructions | **6** | ( ) |
| **7** Net short-term capital gain or (loss). Combine lines 1 through 6 in column (h). If you have any long-term capital gains or losses, go to Part II below. Otherwise, go to Part III on the back | **7** | 0 |

### Part II   Long-Term Capital Gains and Losses – Assets Held More Than One Year

| Complete Form 8949 before completing line 8, 9, or 10. This form may be easier to complete if you round off cents to whole dollars. | (e) Sales price from Form(s) 8949, line 4, column (e) | (f) Cost or other basis from Form(s) 8949, line 4, column (f) | (g) Adjustments to gain or loss from Form(s) 8949, line 4, column (g) | (h) Gain or (loss) Combine columns (e), (f), and (g) |
|---|---|---|---|---|
| **8** Long-term totals from all Forms 8949 with box A checked in Part II | | ( | | |
| **9** Long-term totals from all Forms 8949 with box B checked in Part II | | ( | | |
| **10** Long-term totals from all Forms 8949 with box C checked in Part II | 0 | 92,641 | -28,000 | -120,641 |

| | | |
|---|---|---|
| **11** Gain from Form 4797, Part I; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824 | **11** | |
| **12** Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | **12** | |
| **13** Capital gain distributions. See the instructions | **13** | |
| **14** Long-term capital loss carryover. Enter the amount, if any, from line 13 of your Capital Loss Carryover Worksheet in the instructions | **14** | ( ) |
| **15** Net long-term capital gain or (loss). Combine lines 8 through 14 in column (h). Then go to Part III on the back | **15** | -120,641 |

For Paperwork Reduction Act Notice, see your tax return instructions.

Schedule D (Form 1040) 2011

DAA

# AS AMENDED

**JAMES D PIERON, JR.**

Schedule D (Form 1040) 2011             ███ 111      Page **2**

## Part III    Summary

| | | | |
|---|---|---|---|
| 16 | Combine lines 7 and 15 and enter the result | 16 | **-120,641** |

- If line 16 is a **gain**, enter the amount from line 16 on Form 1040, line 13, or Form 1040NR, line 14. Then go to line 17 below.
- If line 16 is a **loss**, skip lines 17 through 20 below. Then go to line 21. Also be sure to complete line 22.
- If line 16 is **zero**, skip lines 17 through 21 below and enter -0- on Form 1040, line 13, or Form 1040NR, line 14. Then go to line 22.

**17**   Are lines 15 and 16 both gains?

☐   **Yes.** Go to line 18.

☐   **No.** Skip lines 18 through 21, and go to line 22.

**18**   Enter the amount, if any, from line 7 of the 28% Rate Gain Worksheet in the instructions   ▶   | 18 |

**19**   Enter the amount, if any, from line 18 of the Unrecaptured Section 1250 Gain Worksheet in the instructions   ▶   | 19 |

**20**   Are lines 18 and 19 both zero or blank?

☐   **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 44 (or in the instructions for Form 1040NR, line 42). **Do not** complete lines 21 and 22 below.

☐   **No.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the Schedule D Tax Worksheet in the instructions. Do not complete lines 21 and 22 below.

**21**   If line 16 is a loss, enter here and on Form 1040, line 13, or Form 1040NR, line 14, the smaller of:

- The loss on line 16 or
- ($3,000), or if married filing separately, ($1,500)

        | 21 | **3,000)** |

Note. When figuring which amount is smaller, treat both amounts as positive numbers.

**22**   Do you have qualified dividends on Form 1040, line 9b, or Form 1040NR, line 10b?

☐   **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 44 (or in the instructions for Form 1040NR, line 42).

☒   **No.** Complete the rest of Form 1040 or Form 1040NR.

Schedule D (Form 1040) 2011

DAA

# AS AMENDED

Form 8949 (2011)

Attachment Sequence No. **12A**    Page **2**

Name(s) shown on return. Do not enter name and social security number if shown on other side.

**JAMES D PIERON, JR.**

Your social security number

**111**

### Part II    Long-Term Capital Gains and Losses—Assets Held More Than One Year

**Note:** You must check **one** of the boxes below. Complete a separate Form 8949, page 2, for **each** box that is checked.
**\*Caution.** Do not complete column (b) or (g) until you have read the instructions for those columns (see the Instructions for Schedule
D (Form 1040)). Columns (b) and (g) do not apply for most transactions and should generally be left blank.

☐ **(A)** Long-term transactions reported on
Form 1099-B with basis reported to the IRS

☐ **(B)** Long-term transactions reported on Form
1099-B but basis not reported to the IRS

☒ **(C)** Long-term transactions for which
you cannot check box A or **B**

| (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Code, if any, for column (g)* | (c) Date acquired (Mo., day, yr.) | (d) Date sold (Mo., day, yr.) | (e) Sales price (see instructions) | (f) Cost or other basis (see instructions) | (g) Adjustments to gain or loss, if any* |
|---|---|---|---|---|---|---|
| EXCESS SECTION 1244 | O | STOCK LOSS | | 0 | 0 | -28,000 |
| IB TECHNOLOGIES | | 05/07/09 | 12/31/11 | 0 | 92,641 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **4** **Totals.** Add the amounts in columns (e) and (f). Also, combine the amounts in column (g). Enter here and include on Schedule D, line 8 (if box A above is checked), **line 9** (if box **B** above is checked), or **line 10** (if **box C** above is checked) ▶ | 4 | | | 0 | 92,641 | -28,000 |

DAA

Form **8949** (2011)

**AS AMENDED**

Schedule E (Form 1040) 2011

Attachment Sequence No. **13**   Page **2**

Name(s) shown on return. Do not enter name and social security number if shown on other side.

Your social security number

**JAMES D PIERON, JR.**   ███████████11

Caution. The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

**Part II    Income or Loss From Partnerships and S Corporations** Note. If you report a loss from an at-risk activity for which any amount is not at risk, you must check the box in column (e) on line 28 and attach Form 6198. See instructions

27  Are you reporting any loss not allowed in a prior year due to the at-risk or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see instructions before completing this section.      ☐ Yes  ☒ No

| 28 | (a)Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | (e)Check if any amount is not at risk |
|---|---|---|---|---|---|
| **A** | **NAVITAS  INVESTMENTS LLC** | P | | 27-2272008 | |
| **B** | | | | | |
| **C** | | | | | |
| **D** | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (f) Passive loss allowed (attach Form 8582 if required) | (g) Passive income from Schedule K-1 | (h) Nonpassive loss from Schedule K-1 | (i) Section 179 expense deduction from Form 4562 | (j) Nonpassive income from Schedule K-1 |
| **A** | * | | 183,705 | | |
| **B** | | | | | |
| **C** | | | | | |
| **D** | | | | | |

| 29a | Totals | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **b** | Totals | | | 183,705 | | | | |
| 30 | Add columns (g) and (j) of line 29a | | | | | | **30** | 0 |
| 31 | Add columns (f), (h), and (i) of line 29b | | | | | | **31** | 183,705) |
| 32 | Total partnership and S corporation income or (loss). Combine lines 30 and 31. Enter the result here and include in the total on line 41 below | | | | | | **32** | -183,705 |

**Part III    Income or Loss From Estates and Trusts**

| 33 | (a)Name | (b) Employer identification number |
|---|---|---|
| **A** | | |
| **B** | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| **A** | | | | |
| **B** | | | | |

| 34a | Totals | | | | |
|---|---|---|---|---|---|
| **b** | Totals | | | | |
| 35 | Add columns (d) and (f) of line 34a | | | **35** | |
| 36 | Add columns (c) and (e) of line 34b | | | **36** | |
| 37 | Total estate and trust income or (loss). Combine lines 35 and 36. Enter the result here and include in the total on line 41 below | | | **37** | |

**Part IV    Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)—Residual Holder**

| 38 | (a)Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| 39 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below | | | | | **39** | |
|---|---|---|---|---|---|---|---|

**Part V    Summary**

| 40 | Net farm rental income or (loss) from Form 4835. Also, complete line 42 below | | | | **40** | |
|---|---|---|---|---|---|---|
| 41 | Total income or (loss). Combine lines 26, 32, 37, 39, & 40. Enter the result here and on Form 1040, line 17, or Form 1040NR, line 18 | | | | **41** | -183,705 |
| 42 | Reconciliation of farming and fishing income. Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 14, code B; Schedule K-1 (Form 1120S), box 17, code U; and Schedule K-1 (Form 1041), line 14, code F (see instructions) | | **42** | | | |
| 43 | Reconciliation for real estate professionals. If you were a real estate professional (see instructions), enter the net income or (loss) you reported anywhere on Form 1040 or Form 1040NR from all rental real estate activities in which you materially participated under the passive activity loss rules | | **43** | | | |

DAA        ***LOSS LIMITED BY BASIS***        Schedule E (Form 1040) 2011

## AS AMENDED

| Form **3800** | **General Business Credit** | OMB No. 1545-0895 |
|---|---|---|
| Department of the Treasury Internal Revenue Service   (99) | ▶ See separate instructions.  ▶ Attach to your tax return. | **2011** Attachment Sequence No.   **22** |

Name(s) shown on return

**JAMES D PIERON, JR.**

Identifying number: ████████ 111

## Part I — Current Year Credit for Credits Not Allowed Against Tentative Minimum Tax (TMT)
(See instructions and complete Part(s) III before Parts I and II)

| | | | |
|---|---|---|---|
| 1 | General business credit from line 2 of all Parts III with box A checked | **1** | 9,621 |
| 2 | Passive activity credits from line 2 of all Parts III with box B checked ........ | **2** | |
| 3 | Enter the applicable passive activity credits allowed for 2011 (see instructions) | **3** | |
| 4 | Carryforward of general business credit to 2011. Enter the amount from line 2 of Part III with box C checked. See instructions for schedule to attach | **4** | 6,714 |
| 5 | Carryback of general business credit from 2012. Enter the amount from line 2 of Part III with box D checked (see instructions) | **5** | |
| 6 | Add lines 1, 3, 4, and 5 | **6** | 16,335 |

## Part II — Allowable Credit

| | | | |
|---|---|---|---|
| 7 | Regular tax before credits:  • Individuals. Enter the amount from Form 1040, line 44, or Form 1040NR, line 42  • Corporations. Enter the amount from Form 1120, Schedule J, Part I, line 2; or the applicable line of your return  • Estates and trusts. Enter the sum of the amounts from Form 1041, Schedule G, lines 1a and 1b; or the amount from the applicable line of your return | **7** | 33,880 |
| 8 | Alternative minimum tax:  • Individuals. Enter the amount from Form 6251, line 35  • Corporations. Enter the amount from Form 4626, line 14  • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 56 | **8** | |
| 9 | Add lines 7 and 8 | **9** | 33,880 |
| 10a | Foreign tax credit .............................. | 10a | |
| b | Personal credits from Form 1040 or 1040NR (see instructions) | 10b | |
| c | Add lines 10a and 10b | **10c** | |
| 11 | **Net income tax.** Subtract line 10c from line 9. If zero, skip lines 12 through 15 and enter -0- on line 16a | **11** | 33,880 |
| 12 | **Net regular tax.** Subtract line 10c from line 7. If zero or less, enter -0- | **12**   33,880 | |
| 13 | Enter 25% (.25) of the excess, if any, of line 12 over $25,000 (see instructions) | **13**   2,220 | |
| 14 | Tentative minimum tax:  • Individuals. Enter the amount from Form 6251, line 33  • Corporations. Enter the amount from Form 4626, line 12  • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 54 | **14**   29,911 | |
| 15 | Enter the greater of line 13 or line 14 | **15** | 29,911 |
| 16a | Subtract line 15 from line 11. If zero or less, enter -0- | **16a** | 3,969 |
| b | For a corporation electing to accelerate the research credit, enter the bonus depreciation amount attributable to the research credit (see instructions) | 16b | |
| c | Add lines 16a and 16b | **16c** | 3,969 |
| 17a | Enter the smaller of line 6 or line 16c | **17a** | 3,969 |
| | C corporations: See the line 17a instructions if there has been an ownership change, acquisition, or reorganization. | | |
| b | Enter the smaller of line 6 or line 16a. If you made an entry on line 16b, go to line 17c; otherwise, skip line 17c (see instructions) | 17b | 3,969 |
| c | Subtract line 17b from line 17a. This is the refundable amount for a corporation electing to accelerate the research credit. Include this amount on Form 1120, Schedule J, Part II, line 19c (or the applicable line of your return) | 17c | |

For Paperwork Reduction Act Notice, see separate instructions.
DAA

Form **3800** (2011)

# AS AMENDED

**JAMES D PIERON, JR.**

Form 3800 (2011) ▮▮▮▮111 Page 2

| Part II | Allowable Credit (Continued) |
|---|---|

Note. If you are not required to report any amounts on lines 22 or 24 below, skip lines 18 through 25 and enter -0- on line 26.

| | | | |
|---|---|---|---|
| 18 | Multiply line 14 by 75% (.75) (see instructions) | 18 | |
| 19 | Enter the greater of line 13 or line 18 | 19 | |
| 20 | Subtract line 19 from line 11. If zero or less, enter -0- | 20 | |
| 21 | Subtract line 17b from line 20. If zero or less, enter -0- | 21 | |
| 22 | Combine the amounts from line 3 of all Parts III with box A, C, or D checked | 22 | |
| 23 | Passive activity credit from line 3 of all Parts III with box B checked | 23 | |
| 24 | Enter the applicable passive activity credit allowed for 2011 (see instructions) | 24 | |
| 25 | Add lines 22 and 24 | 25 | |
| 26 | Empowerment zone and renewal community employment credit allowed. Enter the smaller of line 21 or line 25 | 26 | 0 |
| 27 | Subtract line 13 from line 11. If zero or less, enter -0- | 27 | 31,660 |
| 28 | Add lines 17b and 26 | 28 | 3,969 |
| 29 | Subtract line 28 from line 27. If zero or less, enter -0- | 29 | 27,691 |
| 30 | Enter the general business credit from line 5 of all Parts III with box A checked | 30 | |
| 31 | Enter the total eligible small business credit from line 6 of all Parts III with box E checked | 31 | |
| 32 | Passive activity credits from line 5 of all Parts III with box B checked and line 6 of all Parts III with box F checked | 32 | |
| 33 | Enter the applicable passive activity credits allowed for 2011 (see instructions) | 33 | |
| 34 | Carryforward of business credit to 2011. Enter the amount from line 5 of Part III with box C checked and line 6 of Part III with box G checked. See Instructions for schedule to attach | 34 | |
| 35 | Carryback of business credit from 2012. Enter the amount from line 5 of Part III with box D checked and line 6 of Part III with box H checked (see instructions) | 35 | |
| 36 | Add lines 30, 31, 33, 34, and 35 | 36 | |
| 37 | Enter the smaller of line 29 or line 36 | 37 | |
| 38 | Credit allowed for the current year. Add lines 28 and 37. Report the amount from line 38 (if smaller than the sum of Part I, line 6, and Part II, lines 25 and 36, see instructions) as indicated below or on the applicable line of your return: • Individuals, Form 1040, line 53, or Form 1040NR, line 50 • Corporations, Form 1120, Schedule J, Part I, line 5c • Estates and trusts, Form 1041, Schedule G, line 2b | 38 | 3,969 |

Form **3800** (2011)

DAA

# AS AMENDED

00770

Form 3800 (2011)  **JAMES D PIERON, JR.**　　　　　　2111　　　　　　　　　Page **3**

| Part III | General Business Credits or Eligible Small Business Credits (see instructions) |
|---|---|

Complete a separate Part III for each box checked below. (see instructions)

| | | | |
|---|---|---|---|
| A | ☐ General Business Credit From a Non-Passive Activity | E | ☐ Eligible Small Business Credit From a Non-Passive Activity |
| B | ☐ General Business Credit From a Passive Activity | F | ☐ Eligible Small Business Credit From a Passive Activity |
| C | ☐ General Business Credit Carryforwards | G | ☐ Eligible Small Business Credit Carryforwards |
| D | ☐ General Business Credit Carrybacks | H | ☐ Eligible Small Business Credit Carrybacks |
| I | If you are filing more than one Part III with box A, B, E, or F checked, complete and attach first an additional Part III combining amounts from all Parts III with box A, B, E, or F checked. Check here if this is the consolidated Part III | | ▶ ☒ |

| (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| **Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | | |
| 1a Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b Reserved for future use | 1b | | |
| c Increasing research activities (Form 6765) | 1c | | 16,335 |
| d Low-income housing (Form 8586, Part I only) | 1d | | |
| e Disabled access (Form 8826) (do not enter more than $5,000 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1e | | |
| f Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g Indian employment (Form 8845) | 1g | | |
| h Orphan drug (Form 8820) | 1h | | |
| i New markets (Form 8874) | 1i | | |
| j Small employer pension plan startup costs (Form 8881) (do not enter more than $500 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1j | | |
| k Employer-provided child care facilities and services (Form 6882) | 1k | | |
| l Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n Distilled spirits (Form 8906) | 1n | | |
| o Nonconventional source fuel (Form 8907) | 1o | | |
| p Energy efficient home (Form 8908) | 1p | | |
| q Energy efficient appliance (Form 8909) | 1q | | |
| r Alternative motor vehicle (Form 8910) | 1r | | |
| s Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t Reserved for future use | 1t | | |
| u Mine rescue team training (Form 8923) | 1u | | |
| v Agricultural chemicals security (Form 8931) (do not enter more than $2 million in column (c) of Parts III with box A, B, E, or F checked, combined) | 1v | | |
| w Employer differential wage payments (Form 8932) | 1w | | |
| x Carbon dioxide sequestration (Form 8933) | 1x | | |
| y Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z Qualified plug-in electric vehicle (Form 8834, Part I only) | 1z | | |
| aa New hire retention (Form 5884-B) | 1aa | | |
| bb General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz Other | 1zz | | |
| 2 Add lines 1a through 1zz and enter here | 2 | | 16,335 |
| 3 Enter the amount from Form 8844 | 3 | | |
| 4a Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b Work opportunity (Form 5884) | 4b | | |
| c Alcohol and cellulosic biofuel fuels (Form 6478) | 4c | | |
| d Low-income housing (Form 8586, Part II) | 4d | | |
| e Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g Qualified railroad track maintenance (Form 8900) | 4g | | |
| h Small employer health insurance premiums (Form 8941) | 4h | | |
| i Reserved for future use | 4i | | |
| j Reserved for future use | 4j | | |
| z Other | 4z | | |
| 5 Add lines 4a through 4z and enter here | 5 | | |
| 6 Add lines 2, 3, and 5 | 6 | | 16,335 |

DAA　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Form **3800** (2011)

## AS AMENDED

Form 3800 (2011) **JAMES D PIERON, JR.** ▮▮▮▮▮▮ 111                                    Page 3

**Part III    General Business Credits or Eligible Small Business Credits** (see instructions)

Complete a separate Part III for each box checked below. (see instructions)

| | | | | |
|---|---|---|---|---|
| A | [X] General Business Credit From a Non-Passive Activity | E | [ ] | Eligible Small Business Credit From a Non-Passive Activity |
| B | [ ] General Business Credit From a Passive Activity | F | [ ] | Eligible Small Business Credit From a Passive Activity |
| C | [ ] General Business Credit Carryforwards | G | [ ] | Eligible Small Business Credit Carryforwards |
| D | [ ] General Business Credit Carrybacks | H | [ ] | Eligible Small Business Credit Carrybacks |
| I | If you are filing more than one Part III with box A, B, or F checked, complete and attach first an additional Part III combining amounts from all Parts III with box A, B, E, or F checked. Check here if this is the consolidated Part III | | | ▶ [ ] |

| (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| Note: On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | | |
| 1a Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b Reserved for future use | 1b | | |
| c Increasing research activities (Form 6765) | 1c | 27-2272008 | 9,621 |
| d Low-income housing (Form 8586, Part I only) | 1d | | |
| e Disabled access (Form 8826) (do not enter more than $5,000 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1e | | |
| f Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g Indian employment (Form 8845) | 1g | | |
| h Orphan drug (Form 8820) | 1h | | |
| i New markets (Form 8874) | 1i | | |
| j Small employer pension plan startup costs (Form 8881) (do not enter more than $500 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1j | | |
| k Employer-provided child care facilities and services (Form 8882) | 1k | | |
| l Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n Distilled spirits (Form 8906) | 1n | | |
| o Nonconventional source fuel (Form 8907) | 1o | | |
| p Energy efficient home (Form 8908) | 1p | | |
| q Energy efficient appliance (Form 8909) | 1q | | |
| r Alternative motor vehicle (Form 8910) | 1r | | |
| s Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t Reserved for future use | 1t | | |
| u Mine rescue team training (Form 8923) | 1u | | |
| v Agricultural chemicals security (Form 8931) (do not enter more than $2 million in column (c) of Parts III with box A, B, E, or F checked, combined) | 1v | | |
| w Employer differential wage payments (Form 8932) | 1w | | |
| x Carbon dioxide sequestration (Form 8933) | 1x | | |
| y Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z Qualified plug-in electric vehicle (Form 8834, Part I only) | 1z | | |
| aa New hire retention (Form 5884-B) | 1aa | | |
| bb General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz Other | 1zz | | |
| 2 Add lines 1a through 1zz and enter here | 2 | | 9,621 |
| 3 Enter the amount from Form 8844 | 3 | | |
| 4a Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b Work opportunity (Form 5884) | 4b | | |
| c Alcohol and cellulosic biofuel fuels (Form 6478) | 4c | | |
| d Low-income housing (Form 8586, Part II) | 4d | | |
| e Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g Qualified railroad track maintenance (Form 8900) | 4g | | |
| h Small employer health insurance premiums (Form 8941) | 4h | | |
| i Reserved for future use | 4i | | |
| j Reserved for future use | 4j | | |
| z Other | 4z | | |
| 5 Add lines 4a through 4z and enter here | 5 | | |
| 6 Add lines 2, 3, and 5 | 6 | | 9,621 |

DAA                                                                                    Form **3800** (2011)

# AS AMENDED

Form 3800 (2011) **JAMES D PIERON, JR.**                 ███████ 111                 Page **3**

| Part III | General Business Credits or Eligible Small Business Credits (see instructions) |
|---|---|

Complete a separate Part III for each box checked below. (see instructions)

| A | ☐ | General Business Credit From a Non-Passive Activity | E | ☐ | Eligible Small Business Credit From a Non-Passive Activity |
|---|---|---|---|---|---|
| B | ☐ | General Business Credit From a Passive Activity | F | ☐ | Eligible Small Business Credit From a Passive Activity |
| C | ☒ | General Business Credit Carryforwards | G | ☐ | Eligible Small Business Credit Carryforwards |
| D | ☐ | General Business Credit Carrybacks | H | ☐ | Eligible Small Business Credit Carrybacks |

**I**   If you are filing more than one Part III with box A, B, E, or F checked, complete and attach first an additional Part III combining amounts from all Parts III with box A, B, E, or F checked. Check here if this is the consolidated Part III   ▶ ☐

| (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| Note: On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | | |
| **1a** Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| **b** Reserved for future use | 1b | | |
| **c** Increasing research activities (Form 6765) | 1c | | 6,714 |
| **d** Low-income housing (Form 8586, Part I only) | 1d | | |
| **e** Disabled access (Form 8826) (do not enter more than $5,000 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1e | | |
| **f** Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| **g** Indian employment (Form 8845) | 1g | | |
| **h** Orphan drug (Form 8820) | 1h | | |
| **i** New markets (Form 8874) | 1i | | |
| **j** Small employer pension plan startup costs (Form 8881) (do not enter more than $500 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1j | | |
| **k** Employer-provided child care facilities and services (Form 8882) | 1k | | |
| **l** Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| **m** Low sulfur diesel fuel production (Form 8896) | 1m | | |
| **n** Distilled spirits (Form 8906) | 1n | | |
| **o** Nonconventional source fuel (Form 8907) | 1o | | |
| **p** Energy efficient home (Form 8908) | 1p | | |
| **q** Energy efficient appliance (Form 8909) | 1q | | |
| **r** Alternative motor vehicle (Form 8910) | 1r | | |
| **s** Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| **t** Reserved for future use | 1t | | |
| **u** Mine rescue team training (Form 8923) | 1u | | |
| **v** Agricultural chemicals security (Form 8931) (do not enter more than $2 million in column (c) of Parts III with box A, B, E, or F checked, combined) | 1v | | |
| **w** Employer differential wage payments (Form 8932) | 1w | | |
| **x** Carbon dioxide sequestration (Form 8933) | 1x | | |
| **y** Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| **z** Qualified plug-in electric vehicle (Form 8834, Part I only) | 1z | | |
| **aa** New hire retention (Form 5884-B) | 1aa | | |
| **bb** General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| **zz** Other | 1zz | | |
| **2** Add lines 1a through 1zz and enter here | 2 | | 6,714 |
| **3** Enter the amount from Form 8844 | 3 | | |
| **4a** Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| **b** Work opportunity (Form 5884) | 4b | | |
| **c** Alcohol and cellulosic biofuel fuels (Form 6478) | 4c | | |
| **d** Low-income housing (Form 8586, Part II) | 4d | | |
| **e** Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| **f** Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| **g** Qualified railroad track maintenance (Form 8900) | 4g | | |
| **h** Small employer health insurance premiums (Form 8941) | 4h | | |
| **i** Reserved for future use | 4i | | |
| **j** Reserved for future use | 4j | | |
| **z** Other | 4z | | |
| **5** Add lines 4a through 4z and enter here | 5 | | |
| **6** Add lines 2, 3, and 5 | 6 | | 6,714 |

DAA                                                                 Form **3800** (2011)

**AS AMENDED**

| Form **4797** | | **Sales of Business Property** | | | | OMB No. 1545-0184 |
|---|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | | (Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2)) ▶ Attach to your tax return. ▶ See separate instructions. | | | | **2011** Attachment Sequence No. **27** |

Name(s) shown on return    **JAMES D PIERON, JR.**     Identifying number   ▆▆▆▆111

**1** Enter the gross proceeds from sales or exchanges reported to you for 2011 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20 (see instructions) ............ **1**

**Part I**   Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft—Most Property Held More Than 1 Year (see instructions)

| **2** (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | |
|---|---|---|
| **3** Gain, if any, from Form 4684, line 39 ................................................ | **3** | |
| **4** Section 1231 gain from installment sales from Form 6252, line 26 or 37 ................ | **4** | |
| **5** Section 1231 gain or (loss) from like-kind exchanges from Form 8824 ................. | **5** | |
| **6** Gain, if any, from line 32, from other than casualty or theft ........................ | **6** | |
| **7** Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: | **7** | 0 |

Partnerships (except electing large partnerships) and S corporations. Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

Individuals, partners, S corporation shareholders, and all others. If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you did not have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | |
|---|---|---|
| **8** Nonrecaptured net section 1231 losses from prior years (see instructions) ............ | **8** | |
| **9** Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return (see instructions) ...................... | **9** | |

**Part II**   Ordinary Gains and Losses (see instructions)

**10** Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less):

| | (b) | (c) | (d) | (e) | (f) | (g) |
|---|---|---|---|---|---|---|
| SECTION 1244 LOSS LIMITATION | | | | | | 28,000 |
| IB TECHNOLOGIES | 05/07/09 | 12/31/11 | | | 78,000 | -78,000 |

| | | |
|---|---|---|
| **11** Loss, if any, from line 7 ........................................................ | **11** | ( ) |
| **12** Gain, if any, from line 7 or amount from line 8, if applicable ...................... | **12** | |
| **13** Gain, if any, from line 31 ...................................................... | **13** | |
| **14** Net gain or (loss) from Form 4684, lines 31 and 38a ............................. | **14** | |
| **15** Ordinary gain from installment sales from Form 6252, line 25 or 36 ................ | **15** | |
| **16** Ordinary gain or (loss) from like-kind exchanges from Form 8824 .................. | **16** | |
| **17** Combine lines 10 through 16 ................................................... | **17** | -50,000 |

**18** For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below:

**a** If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as from "Form 4797, line 18a." See instructions ................................................................ **18a**

**b** Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 **18b**   -50,000

For Paperwork Reduction Act Notice, see separate instructions.      Form **4797** (2011)

THERE ARE NO AMOUNTS FOR PAGE 2

DAA

AS AMENDED

Form **6251**

Department of the Treasury
Internal Revenue Service (99)

### Alternative Minimum Tax—Individuals

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR.

OMB No. 1545-0074

**2011**

Attachment
Sequence No. **32**

Name(s) shown on Form 1040 or Form 1040NR
JAMES D PIERON, JR.

Your social security number
███ ███ 111

| Part I | Alternative Minimum Taxable Income (See instructions for how to complete each line.) | | |
|---|---|---|---|
| 1 | If filing Schedule A (Form 1040), enter the amount from Form 1040, line 41, and go to line 2. Otherwise, enter the amount from Form 1040, line 38, and go to line 7. (If less than zero, enter as a negative amount.) | **1** | 153,295 |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2.5% (.025) of Form 1040, line 38. If zero or less, enter -0- | **2** | |
| 3 | Taxes from Schedule A (Form 1040), line 9 | **3** | |
| 4 | Enter the home mortgage interest adjustment, if any, from line 6 of the worksheet in the instructions for this line | **4** | |
| 5 | Miscellaneous deductions from Schedule A (Form 1040), line 27 | **5** | |
| 6 | Skip this line. It is reserved for future use | **6** | |
| 7 | Tax refund from Form 1040, line 10 or line 21 | **7** | ( ) |
| 8 | Investment interest expense (difference between regular tax and AMT) | **8** | |
| 9 | Depletion (difference between regular tax and AMT) | **9** | |
| 10 | Net operating loss deduction from Form 1040, line 21. Enter as a positive amount | **10** | |
| 11 | Alternative tax net operating loss deduction | **11** | ( ) |
| 12 | Interest from specified private activity bonds exempt from the regular tax | **12** | |
| 13 | Qualified small business stock (7% of gain excluded under section 1202) | **13** | |
| 14 | Exercise of incentive stock options (excess of AMT income over regular tax income) | **14** | |
| 15 | Estates and trusts (amount from Schedule K-1 (Form 1041), box 12, code A) | **15** | |
| 16 | Electing large partnerships (amount from Schedule K-1 (Form 1065-B), box 6) | **16** | |
| 17 | Disposition of property (difference between AMT and regular tax gain or loss) | **17** | |
| 18 | Depreciation on assets placed in service after 1986 (difference between regular tax and AMT) | **18** | |
| 19 | Passive activities (difference between AMT and regular tax income or loss) | **19** | |
| 20 | Loss limitations (difference between AMT and regular tax income or loss) | **20** | 0 |
| 21 | Circulation costs (difference between regular tax and AMT) | **21** | |
| 22 | Long-term contracts (difference between AMT and regular tax income) | **22** | |
| 23 | Mining costs (difference between regular tax and AMT) | **23** | |
| 24 | Research and experimental costs (difference between regular tax and AMT) | **24** | |
| 25 | Income from certain installment sales before January 1, 1987 | **25** | ( ) |
| 26 | Intangible drilling costs preference | **26** | |
| 27 | Other adjustments, including income-based related adjustments | **27** | |
| 28 | Alternative minimum taxable income. Combine lines 1 through 27. (If married filing separately and line 28 is more than $223,900, see instructions.) | **28** | 153,295 |

| Part II | Alternative Minimum Tax (AMT) | | |
|---|---|---|---|
| 29 | Exemption. (If you were under age 24 at the end of 2011, see instructions.) | | |

| IF your filing status is ... | AND line 28 is not over ... | THEN enter on line 29 ... | | |
|---|---|---|---|---|
| Single or head of household | $112,500 | $48,450 | | |
| Married filing jointly or qualifying widow(er) | 150,000 | 74,450 | | |
| Married filing separately | 75,000 | 37,225 | **29** | 38,251 |

If line 28 is over the amount shown above for your filing status, see instructions.

| 30 | Subtract line 29 from line 28. If more than zero, go to line 31. If zero or less, enter -0- here and on lines 31, 33, and 35, and go to line 34 | **30** | 115,044 |
|---|---|---|---|
| 31 | • If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter.<br>• If you reported capital gain distributions directly on Form 1040, line 13; you reported qualified dividends on Form 1040, line 9b; or you had a gain on both lines 15 and 16 of Schedule D (Form 1040) (as refigured for the AMT, if necessary), complete Part III on the back and enter the amount from line 54 here.<br>• All others: If line 30 is $175,000 or less ($87,500 or less if married filing separately), multiply line 30 by 26% (.26). Otherwise, multiply line 30 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result. | **31** | 29,911 |
| 32 | Alternative minimum tax foreign tax credit (see instructions) | **32** | |
| 33 | Tentative minimum tax. Subtract line 32 from line 31 | **33** | 29,911 |
| 34 | Tax from Form 1040, line 44 (minus any tax from Form 4972 and any foreign tax credit from Form 1040, line 47). If you used Schedule J to figure your tax, the amount from line 44 of Form 1040 must be refigured without using Schedule J (see instructions) | **34** | 33,880 |
| 35 | **AMT.** Subtract line 34 from line 33. If zero or less, enter -0-. Enter here and on Form 1040, line 45 | **35** | 0 |

For Paperwork Reduction Act Notice, see your tax return instructions.

Form **6251** (2011)

DAA

## AS AMENDED

| Form **982** | **Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment)** | OMB No. 1545-0046 |
|---|---|---|
| (Rev. February 2011) | | Attachment Sequence No. **94** |
| Department of the Treasury Internal Revenue Service | ▶ Attach this form to your income tax return. | |

| Name shown on return | Identifying number |
|---|---|
| JAMES D PIERON, JR. | ▓▓▓▓ 111 |

### Part I   General Information (see instructions)

| | | | | |
|---|---|---|---|---|
| 1 | Amount excluded is due to (check applicable box(es)): | | | |
| a | Discharge of indebtedness in a title 11 case | | | ☐ |
| b | Discharge of indebtedness to the extent insolvent (not in a title 11 case) | | | ☒ |
| c | Discharge of qualified farm indebtedness | | | |
| d | Discharge of qualified real property business indebtedness | | | |
| e | Discharge of qualified principal residence indebtedness | | | |
| 2 | Total amount of discharged indebtedness excluded from gross income | | **2** | **13,370,885** |
| 3 | Do you elect to treat all real property described in section 1221(a)(1), relating to property held for sale to customers in the ordinary course of a trade or business, as if it were depreciable property? | | ☐ Yes | ☐ No |

### Part II   Reduction of Tax Attributes. You must attach a description of any transactions resulting in the reduction in basis under section 1017. See Regulations section 1.1017-1 for basis reduction ordering rules, and, if applicable, required partnership consent statements. (For additional information, see the instructions for Part II.)

| | Enter amount excluded from gross income: | | |
|---|---|---|---|
| 4 | For a discharge of qualified real property business indebtedness applied to reduce the basis of depreciable real property | **4** | |
| 5 | That you elect under section 108(b)(5) to apply first to reduce the basis (under section 1017) of depreciable property | **5** | |
| 6 | Applied to reduce any net operating loss that occurred in the tax year of the discharge or carried over to the tax year of the discharge | **6** | |
| 7 | Applied to reduce any general business credit carryover to or from the tax year of the discharge | **7** | **6,714** |
| 8 | Applied to reduce any minimum tax credit as of the beginning of the tax year immediately after the tax year of the discharge | **8** | |
| 9 | Applied to reduce any net capital loss for the tax year of the discharge, including any capital loss carryovers to the tax year of the discharge | **9** | **120,641** |
| 10a | Applied to reduce the basis of nondepreciable and depreciable property if not reduced on line 5. DO NOT use in the case of discharge of qualified farm indebtedness | **10a** | |
| b | Applied to reduce the basis of your principal residence. Enter amount here ONLY if line 1e is checked | **10b** | |
| 11 | For a discharge of qualified farm indebtedness applied to reduce the basis of: | | |
| a | Depreciable property used or held for use in a trade or business or for the production of income if not reduced on line 5 | **11a** | |
| b | Land used or held for use in trade or business of farming | **11b** | |
| c | Other property used or held for use in a trade or business or for the production of income | **11c** | |
| 12 | Applied to reduce any passive activity loss and credit carryovers from the tax year of the discharge | **12** | |
| 13 | Applied to reduce any foreign tax credit carryover to or from the tax year of the discharge | **13** | |

### Part III   Consent of Corporation to Adjustment of Basis of Its Property Under Section 1082(a)(2)

Under section 1081(b), the corporation named above has excluded $ _____ from its gross income
for the tax year beginning _____ , and ending _____
Under that section, the corporation consents to have the basis of its property adjusted in accordance with the regulations prescribed under section 1082(a)(2) in effect at the time of filing its income tax return for that year. The corporation is organized under the laws
of _____
(State of incorporation)

**Note.** You must attach a description of the transactions resulting in the nonrecognition of gain under section 1081.

For Paperwork Reduction Act Notice, see page 5 of this form.                              Form **982** (Rev. 2-2011)

DAA

# AS AMENDED

# Federal Statements

## Statement 1 - Form 1040, Line 21 - Other Income

| Description | Amount |
|---|---|
| TOTAL DEBT CANCELED | $  13,670,885 |
| EXCLUDED CANCELED DEBT | -13,370,885 |
| TOTAL | $     300,000 |

# AS AMENDED

1

| Form **1040** | **Insolvency Worksheet** | **2011** |
|---|---|---|

| Name | Taxpayer Identification Number |
|---|---|
| JAMES D PIERON, JR. | ▮▮▮▮11 |

**Part I. Total liabilities immediately before the cancellation (do not include the same liability in more than one category)**

| Liabilities (Debt) | | Amount Owed Immediately Before the Cancellation |
|---|---|---|
| 1. Credit card debt | 1. | |
| 2. Mortgage(s) on real property (including first and second mortgages and home equity loans) (mortgage(s) can be on personal residence, any additional residence, or property held for investment or used in trade or business) | 2. | |
| 3. Car and other vehicle loans | 3. | |
| 4. Medical bills | 4. | |
| 5. Student loans | 5. | |
| 6. Accrued or past-due mortgage interest | 6. | |
| 7. Accrued or past-due real estate taxes | 7. | |
| 8. Accrued or past-due utilities (water, gas, electric) | 8. | |
| 9. Accrued or past-due child care costs | 9. | |
| 10. Federal or state income taxes remaining due (for prior years) | 10. | 445,136 |
| 11. Loans owed to IRA accounts, 401(k) accounts, and other retirement accounts | 11. | |
| 12. Loans against insurance policies | 12. | |
| 13. Judgements | 13. | |
| 14. Business debts (including those owed as a sole proprietor or partner) | 14. | |
| 15. Margin debt on stocks and other debt to purchase or secured by investment assets other than real property | 15. | |
| 16. Other liabilities (debts) not included above | 16. | 13,225,749 |
| 17. Total liabilities immediately before the cancellation. Add lines 1 through 16. | 17. | 13,670,885 |

**Part II. Fair market value (FMV) of assets owned immediately before the cancellation (do not include the FMV of the same asset in more than one category)**

| Assets | | FMV Immediately Before the Cancellation |
|---|---|---|
| 18. Cash and bank account balances | 18. | 100 |
| 19. Residences (including the value of land) (can be personal residence, and additional residence, or property held for investment or used in trade or business) | 19. | |
| 20. Cars and other vehicles | 20. | 25,000 |
| 21. Computers | 21. | |
| 22. Household goods and furnishings (for example, appliances, electronics, and furniture) | 22. | |
| 23. Tools | 23. | |
| 24. Jewelry | 24. | |
| 25. Clothing | 25. | |
| 26. Books | 26. | |
| 27. Stocks and bonds | 27. | |
| 28. Investments in coins, stamps, paintings, or other collectibles | 28. | |
| 29. Firearms, sports, photographic, and other hobby equipment | 29. | |
| 30. Interest in retirement accounts (IRA accounts, 401(k) accounts, and other retirement accounts) | 30. | |
| 31. Interest in a pension plan | 31. | |
| 32. Interest in education accounts | 32. | |
| 33. Cash value of life insurance | 33. | |
| 34. Security deposits with landlords, utilities, and others | 34. | |
| 35. Interest in partnerships | 35. | |
| 36. Value of investment in a business | 36. | 251,000 |
| 37. Other investments (for example, annuity contracts, guaranteed investment contracts, mutual funds, commodity accounts, interest in hedge funds, and options) | 37. | |
| 38. Other assets not included above | 38. | 23,900 |
| 39. FMV of total assets immediately before the cancellation. Add lines 18 through 38 | 39. | 300,000 |

**Part III. Insolvency**

| | | |
|---|---|---|
| 40. Amount of insolvency. Subtract line 39 from line 17. If zero or less, you are not insolvent. | 40. | 13,370,885 |

**Part IV. Total cancelled debt due to insolvency**

| | | |
|---|---|---|
| 41. Amount of insolvency - line 40 | 41. | 13,370,885 |
| 42. Total income requested to be excluded due to insolvency (total amount from Cancellation of Debt Worksheet) | 42. | 13,370,885 |
| 43. Total income excluded due to insolvency. Lesser of line 41 and line 42. | 43. | 13,370,885 |

# AS AMENDED

Form **1040**  |  **Cancellation of Debt Worksheet**  |  **2011**

Name
**JAMES D PIERON, JR.**

Taxpayer Identification Number
▮▮▮11

| Form 1099-C Creditor Name | Form | Unit | (A) 1099-C Box 2 Debt Canceled | (B) 1099-C Box 3 Deduct. Interest | (C) Box 2 Exception/ Exclusion Amount | Net Amount in Income (A) - (B) - (C) | Exception/Exclusion to Inclusion in Income |
|---|---|---|---|---|---|---|---|
| U.S. TREASURY | 1040 | | 445,136 | | 145,136 | 300,000 | INCOME TAXES |
| | 1040 | | 13,225,749 | | 13,225,749 | 0 | GAIN REIMBURSEMENT FORGIV |
| TOTAL REPORTED ON 1040, LINE 21 | | | 13,670,885 | | 13,370,885 | 300,000 | |

**AS AMENDED**

# Federal Statements

**T**

## Insolvency Worksheet, Line 10 - Federal or State Income Taxes Due from Prior Years

| Description | Amount |
|---|---|
| 2008 - 2010 | $  445,136 |
| TOTAL | $  445,136 |

**T**

## Insolvency Worksheet, Line 16 - Other Liabilities

| Description | Amount |
|---|---|
| GAIN REIMBURSEMENT | $ 13,225,749 |
| TOTAL | $ 13,225,749 |

**T**

## Insolvency Worksheet, Line 18 - Fair Market Value of Cash and Bank Account Balances

| Description | Amount |
|---|---|
| PNC BANK | $       100 |
| TOTAL | $       100 |

**T**

## Insolvency Worksheet, Line 20 - Fair Market Value of Cars and Other Vehicles

| Description | Amount |
|---|---|
| (CAR) VW | $    25,000 |
| TOTAL | $    25,000 |

**T**

## Insolvency Worksheet, Line 36 - Fair market Value of Investments in Businesses

| Description | Amount |
|---|---|
| NAVITAS INVESTMENTS, LLC | $     1,000 |
| KOMPLIQUE, INC. | 250,000 |
| TOTAL | $   251,000 |

**T**

## Insolvency Worksheet, Line 38 - Fair Market Value of Other Assets

| Description | Amount |
|---|---|
| USED FITNESS EQUIPMENT | $    20,000 |
| ASSET ROUND TO 300,000 | 3,900 |
| TOTAL | $    23,900 |

# AS AMENDED

00780

**Federal Statements**

**6765**

## Increasing research activities Adjustment from Form 982

| Description | Amount |
|---|---:|
| CREDIT UTILIZED IN CURRENT YEAR | $ -3,969 |
| CREDIT REDUCED BY ATTRIBUTE REDUCTION, FORM 982, LINE 7 | -6,714 |
| TOTAL | $ -10,683 |

**AS AMENDED**

| Form **1040** | **General Business Credit Carryover Report** | **2011** |

| Name | Taxpayer Identification Number |
| --- | --- |
| JAMES D PIERON, JR. | ▮▮▮111 |

## General Business Credit Carryover for Form 6765

### INCREASING RESEARCH ACTIVITIES

| Prior Tax Year | Prior Year Carryover Amount | Credit Amount Generated/Utilized | Credit Carryover to Next Year |
| --- | --- | --- | --- |
| 1996 | | | |
| 1997 | | | |
| 1998 | | | |
| 1999 | | | |
| 2000 | | | |
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| 2010 | 6,714 | | 6,714 |
| | Utilized in 2011 | * -10,683 | -10,683 |
| | Generated in 2011 | 9,621 | 9,621 |
| | General Business Credit Carryover to 2012 | | 5,652 |

*CARRYOVER REDUCED BY ATTRIBUTE REDUCTION, FORM 982

# AS AMENDED

Form **1040** Department of the Treasury—Internal Revenue Service  (99)  **U.S. Individual Income Tax Return** **2011** OMB No. 1545-0074  IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2011, or other tax year beginning , 2011, ending , 20  See separate instructions.

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JAMES D | PIERON, JR. | ███████ 11 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |

Home address (number and street). If you have a P.O. box, see instructions. | Apt. no.

▲ Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
MT. PLEASANT MI 48858

Foreign country name | Foreign province/county | Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. You ☐ Spouse ☐

**Filing Status**
Check only one box.
1 ☒ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child

**Exemptions**
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a .........
b ☐ Spouse ..................................................
c Dependents:

| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qual. for child tax credit (see instr.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

If more than four dependents, see instructions and check here ▶ ☐

Boxes checked on 6a and 6b ........... **1**
No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see instructions)
Dependents on 6c not entered above
Add numbers on lines above ▶ **1**

d Total number of exemptions claimed ..........................

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 90,000 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | –3,000 |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | –50,000 |
| 15a | IRA distributions 15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities 16a | b Taxable amount | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | –183,705 |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits 20a | b Taxable amount | 20b | |
| 21 | Other income. List type and amount | 21 | |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | –146,705 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Educator expenses | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | –146,705 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.
DAA

**AS ORIGINALLY FILED**

Form **1040** (2011)

00783

Form 1040 (2011)   JAMES D PIERON, JR.   ▮▮▮▮ 111 Page **2**

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | -146,705 |
| | 39a | Check if: ☐ You were born before January 2, 1947, ☐ Blind. ☐ Spouse was born before January 2, 1947, ☐ Blind. **Total boxes checked ▶** 39a | | |
| **Standard Deduction for—** | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| • People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions. | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 5,800 |
| | 41 | Subtract line 40 from line 38 | 41 | -152,505 |
| | 42 | Exemptions. Multiply $3,700 by the number on line 6d | 42 | 3,700 |
| | 43 | Taxable income Subtract line 42 from line 41. If line 42 is more than line 41, enter -0-. | 43 | 0 |
| • All others: | 44 | Tax (see instr.). Check if any from: a ☐ Form(s) 8814  b ☐ Form 4972  c ☐ 962 elec. | 44 | 0 |
| Single or Married filing separately, $5,800 | 45 | Alternative minimum tax (see instructions). Attach Form 6251 | 45 | |
| Married filing jointly or Qualifying widow(er), $11,600 | 46 | Add lines 44 and 45 ▶ | 46 | |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| Head of household, $8,500 | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | |
| | 49 | Education credits from Form 8863, line 23 | 49 | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| | 51 | Child tax credit (see instructions) | 51 | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | |
| | 53 | Other credits from Form a ☐ 3800  b ☐ 8801  c ☐ | 53 | |
| | 54 | Add lines 47 through 53. These are your **total credits** | 54 | |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 0 |
| **Other Taxes** | 56 | Self-employment tax. Attach Schedule SE | 56 | |
| | 57 | Unreported social security and Medicare tax from Form: a ☐ 4137  b ☐ 8919 | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| | 59a | Household employment taxes from Schedule H | 59a | |
| | b | First-time homebuyer credit repayment. Attach Form 5405 if required | 59b | |
| | 60 | Other taxes. Enter code(s) from instructions | 60 | |
| | 61 | Add lines 55 through 60. This is your **total tax** ▶ | 61 | 0 |
| **Payments** | 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 17,196 |
| | 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | |
| If you have a qualifying child, attach Schedule EIC. | 64a | Earned income credit (EIC) | 64a | |
| | b | Nontaxable combat pay election | 64b | | |
| | 65 | Additional child tax credit. Attach Form 8812 | 65 | |
| | 66 | American opportunity credit from Form 8863, line 14 | 66 | |
| | 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | |
| | 68 | Amount paid with request for extension to file | 68 | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | |
| | 71 | Credits from Form: a ☐ 2439  b ☐ 8839  c ☐ 8801  d ☐ 8885 | 71 | |
| | 72 | Add lines 62, 63, 64a, and 65 through 71. These are your **total payments** ▶ | 72 | 17,196 |
| **Refund** | 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you **overpaid** | 73 | 17,196 |
| | 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 74a | 17,196 |
| Direct deposit? See instructions. | ▶ b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | |
| | ▶ d | Account number XXXXXXXXXXXXXXXXX | | |
| | 75 | Amount of line 73 you want applied to your 2012 estimated tax ▶ | 75 | |
| **Amount You Owe** | 76 | Amount you owe. Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | 76 | |
| | 77 | Estimated tax penalty (see instructions) | 77 | |

| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see instructions)? ☒ Yes. Complete below. ☐ No | | |
|---|---|---|---|
| | Designee's name ▶ KIM D. PAVLIK | Personal identification number (PIN) ▶ 11111 | Phone no. ▶ 989-497-5300 |

**Sign Here**
Joint return?
See instr.
Keep a copy
for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation SALES MANAGER | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here (see instr.) |

| **Paid Preparer Use Only** | Print/Type preparer's name KIM D. PAVLIK | Preparer's signature | Date | Check ☐ if self-employed | PTIN P00044903 |
|---|---|---|---|---|---|
| | Firm's name ▶ ANDREWS HOOPER PAVLIK PLC | | | Firm's EIN ▶ 38-3133790 | |
| | Firm's address ▶ 5300 GRATIOT RD  SAGINAW  MI 48638-6035 | | | Phone no. 989-497-5300 | |

Form **1040** (2011)

DAA

**AS ORIGINALLY FILED**

00784

**SCHEDULE B**
**(Form 1040A or 1040)**

Department of the Treasury
Internal Revenue Service    (99)

**Interest and Ordinary Dividends**

▶ Attach to Form 1040A or 1040.    ▶ See Instructions on back.

OMB No. 1545-0074

**2011**

Attachment
Sequence No.  **08**

Name(s) shown on return
**JAMES D PIERON, JR.**

Your social security number
█████████ **111**

| | | | | Amount |
|---|---|---|---|---|
| **Part I** | 1 | List name of payer. If any interest is from a seller-financed mortgage and the buyer used the property as a personal residence, see instructions on back and list this interest first. Also, show that buyer's social security number and address ▶ | | |
| **Interest** | | | | |
| | | | | |
| (See instructions on back and the instructions for Form 1040A, or Form 1040, line 8a.) | | | 1 | |
| Note. If you received a Form 1099-INT, Form 1099-OID, or substitute statement from a brokerage firm, list the firm's name as the payer and enter the total interest shown on that form. | | | | |
| | 2 | Add the amounts on line 1 | 2 | |
| | 3 | Excludable interest on series EE and I U.S. savings bonds issued after 1989. Attach Form 8815 | 3 | |
| | 4 | Subtract line 3 from line 2. Enter the result here and on Form 1040A, or Form 1040, line 8a                ▶ | 4 | |

Note. If line 4 is over $1,500, you must complete Part III.

| | | | | Amount |
|---|---|---|---|---|
| **Part II** | 5 | List name of payer ▶ | | |
| **Ordinary Dividends** | | | | |
| (See instructions on back and the instructions for Form 1040A, or Form 1040, line 9a.) | | | 5 | |
| Note. If you received a Form 1099-DIV or substitute statement from a brokerage firm, list the firm's name as the payer and enter the ordinary dividends shown on that form. | | | | |
| | 6 | Add the amounts on line 5. Enter the total here and on Form 1040A, or Form 1040, line 9a                ▶ | 6 | |

Note. If line 6 is over $1,500, you must complete Part III.

| | | | Yes | No |
|---|---|---|---|---|
| | You must complete this part if you (a) had over $1,500 of taxable interest or ordinary dividends; (b) had a foreign account; or (c) received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | | | |
| **Part III** | 7a | At any time during 2011, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions | | X |
| **Foreign Accounts and Trusts** | | If "Yes," are you required to file Form TD F 90-22.1 to report that financial interest or signature authority? See Form TD F 90-22.1 and its instructions for filing requirements and exceptions to those requirements | | X |
| (See instructions on back) | b | If you are required to file Form TD F 90-22.1, enter the name of the foreign country where the financial account is located                ▶ **SWITZERLAND** | | |
| | 8 | During 2011, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See instructions on back | | X |

For Paperwork Reduction Act Notice, see your tax return Instructions.                Schedule B (Form 1040A or 1040) 2011

DAA

AS ORIGINALLY FILED

**SCHEDULE D**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service        (99)

**Capital Gains and Losses**

▶ Attach to Form 1040 or Form 1040NR.▶ See Instructions for Schedule D (Form 1040).
▶ Use Form 8949 to list your transactions for lines 1, 2, 3, 8, 9, and 10.

OMB No. 1545-0074

**2011**

Attachment
Sequence No. **12**

Name(s) shown on return

**JAMES D PIERON, JR.**

Your social security number

███████████**11**

## Part I    Short-Term Capital Gains and Losses – Assets Held One Year or Less

| Complete Form 8949 before completing line 1, 2, or 3. This form may be easier to complete if you round off cents to whole dollars. | (e) Sales price from Form(s) 8949, line 2, column (e) | (f) Cost or other basis from Form(s) 8949, line 2, column (f) | (g) Adjustments to gain or loss from Form(s) 8949, line 2, column (g) | (h) Gain or (loss) Combine columns (e), (f), and (g) |
|---|---|---|---|---|
| 1 Short-term totals from all Forms 8949 with box A checked in Part I | | | | |
| 2 Short-term totals from all Forms 8949 with box B checked in Part I | | | | |
| 3 Short-term totals from all Forms 8949 with box C checked in Part I | | | | |

| | | |
|---|---|---|
| 4  Short-term gain from Form 6252 and short-term gain or (loss) from Forms 4684, 6781, and 8824 . . . . . . . . . . . . . | 4 | |
| 5  Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | 5 | |
| 6  Short-term capital loss carryover. Enter the amount, if any, from line 8 of your **Capital Loss Carryover** Worksheet in the instructions | 6 | ( ) |
| 7  **Net short-term capital gain or (loss).** Combine lines 1 through 6 in column (h). If you have any long-term capital gains or losses, go to Part II below. Otherwise, go to Part III on the back . . . . . . . | 7 | 0 |

## Part II    Long-Term Capital Gains and Losses – Assets Held More Than One Year

| Complete Form 8949 before completing line 8, 9, or 10. This form may be easier to complete if you round off cents to whole dollars. | (e) Sales price from Form(s) 8949, line 4, column (e) | (f) Cost or other basis from Form(s) 8949, line 4, column (f) | (g) Adjustments to gain or loss from Form(s) 8949, line 4, column (g) | (h) Gain or (loss) Combine columns (e), (f), and (g) |
|---|---|---|---|---|
| 8 Long-term totals from all Forms 8949 with box A checked in Part II . . . . . . . . . . . . . | | | | |
| 9 Long-term totals from all Forms 8949 with box B checked in Part II . . . . . . . . . . . . . | | | | |
| 10 Long-term totals from all Forms 8949 with box C checked in Part II . . . . . . . . . . . . . | 0 | 92,641 | -28,000 | -120,641 |

| | | |
|---|---|---|
| 11  Gain from Form 4797, Part I; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824 . . . . . . . . | 11 | |
| 12  Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 . . . | 12 | |
| 13  Capital gain distributions. See the instructions . . . . . . . . . . . . . . . | 13 | |
| 14  Long-term capital loss carryover. Enter the amount, if any, from line 13 of your **Capital Loss Carryover** Worksheet in the instructions | 14 | ( ) |
| 15  **Net long-term capital gain or (loss).** Combine lines 8 through 14 in column (h). Then go to Part III on the back . . . . . . . . . . . . . . | 15 | -120,641 |

For Paperwork Reduction Act Notice, see your tax return instructions.

Schedule D (Form 1040) 2011

DAA

## AS ORIGINALLY
## FILED

**JAMES D PIERON, JR.**

Schedule D (Form 1040) 2011     11

Page **2**

## Part III   Summary

| | | |
|---|---|---|
| 16 | Combine lines 7 and 15 and enter the result ........................................................... | **16**    **-120,641** |

- If line 16 is a **gain**, enter the amount from line 16 on Form 1040, line 13, or Form 1040NR, line 14. Then go to line 17 below.
- If line 16 is a **loss**, skip lines 17 through 20 below. Then go to line 21. Also be sure to complete line 22.
- If line 16 is **zero**, skip lines 17 through 21 below and enter -0- on Form 1040, line 13, or Form 1040NR, line 14. Then go to line 22.

**17** Are lines 15 and 16 both gains?

☐ **Yes.** Go to line 18.

☐ **No.** Skip lines 18 through 21, and go to line 22.

**18** Enter the amount, if any, from line 7 of the **28% Rate Gain Worksheet** in the instructions .......... ▶ | **18** |

**19** Enter the amount, if any, from line 18 of the **Unrecaptured Section 1250 Gain Worksheet** in the instructions ................................................................................ ▶ | **19** |

**20** Are lines 18 and 19 both zero or blank?

☐ **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 44 (or in the instructions for Form 1040NR, line 42). **Do not** complete lines 21 and 22 below.

☐ **No.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the **Schedule D Tax Worksheet** in the instructions. **Do not** complete lines 21 and 22 below.

**21** If line 16 is a loss, enter here and on Form 1040, line 13, or Form 1040NR, line 14, the **smaller of:**

- The loss on line 16 or
- ($3,000), or if married filing separately, ($1,500) .............................. | **21**    **3,000**)

**Note.** When figuring which amount is smaller, treat both amounts as positive numbers.

**22** Do you have qualified dividends on Form 1040, line 9b, or Form 1040NR, line 10b?

☐ **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 41. Then complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 44 (or in the instructions for Form 1040NR, line 42).

☒ **No.** Complete the rest of Form 1040 or Form 1040NR.

Schedule D (Form 1040) 2011

DAA

## AS ORIGINALLY FILED

Form 8949 (2011)

Attachment Sequence No. **12A**

Page **2**

Name(s) shown on return. Do not enter name and social security number if shown on other side.

**JAMES D PIERON, JR.**

Your social security number

▮▮▮▮11

### Part II    Long-Term Capital Gains and Losses—Assets Held More Than One Year

Note: You must check one of the boxes below. Complete a separate Form 8949, page 2, for each box that is checked.

*Caution. Do not complete column (b) or (g) until you have read the instructions for those columns (see the Instructions for Schedule D (Form 1040)). Columns (b) and (g) do not apply for most transactions and should generally be left blank.

[ ] **(A)** Long-term transactions reported on Form 1099-B with basis reported to the IRS

[ ] **(B)** Long-term transactions reported on Form 1099-B but basis not reported to the IRS

[X] **(C)** Long-term transactions for which you cannot check box A or B

| (a) Description of property 3 (Example: 100 sh. XYZ Co.) | (b) Code, if any, for column (g)* | (c) Date acquired (Mo., day, yr.) | (d) Date sold (Mo., day, yr.) | (e) Sales price (see instructions) | (f) Cost or other basis (see instructions) | (g) Adjustments to gain or loss, if any* |
|---|---|---|---|---|---|---|
| EXCESS SECTION 1244 STOCK LOSS | O | | | 0 | 0 | -28,000 |
| IB TECHNOLOGIES | | 05/07/09 | 12/31/11 | 0 | 92,641 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**4**  Totals. Add the amounts in columns (e) and (f). Also, combine the amounts in column (g). Enter here and include on Schedule D, line 8 (if box A above is checked), line 9 (if box B above is checked), or line 10 (if box C above is checked) ............................. | 0 | 92,641 | -28,000 |

AS ORIGINALLY FILED

DAA

Form **8949** (2011)

Schedule E (Form 1040) 2011

Name(s) shown on return. Do not enter name and social security number if shown on other side.

Attachment Sequence No. **13**    Page **2**

Your social security number

**JAMES D PIERON, JR.**

|111

Caution. The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

**Part II**  **Income or Loss From Partnerships and S Corporations** Note. If you report a loss from an at-risk activity for which any amount is not at risk, you **must** check the box in column (e) on line 28 and attach Form 6198. See instructions.

27  Are you reporting any loss not allowed in a prior year due to the at-risk or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see instructions before completing this section.      ☐ Yes  ☒ No

**28**

| | (a)Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | (e) Check if any amount is not at risk |
|---|---|---|---|---|---|
| A | NAVITAS INVESTMENTS LLC | P | | 27-2272008 | |
| B | | | | | |
| C | | | | | |
| D | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (f) Passive loss allowed (attach Form 8582 if required) | (g) Passive income from Schedule K-1 | (h) Nonpassive loss from Schedule K-1 | (i) Section 179 expense deduction from Form 4562 | (j) Nonpassive income from Schedule K-1 |
| A | * | | 183,705 | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| 29a | Totals | | | | |
| b | Totals | | 183,705 | | |

30  Add columns (g) and (j) of line 29a ........................................................ **30**                   0

31  Add columns (f), (h), and (i) of line 29b ................................................. **31** (        183,705)

32  Total partnership and S corporation income or (loss). Combine lines 30 and 31. Enter the result here and include in the total on line 41 below .............................. **32**      -183,705

**Part III**  **Income or Loss From Estates and Trusts**

**33**

| | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 34a | Totals | | | |
| b | Totals | | | |

35  Add columns (d) and (f) of line 34a ........................................................ **35**

36  Add columns (c) and (e) of line 34b ....................................................... **36** (        )

37  Total estate and trust income or (loss). Combine lines 35 and 36. Enter the result here and include in the total on line 41 below ................................................. **37**

**Part IV**  **Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)—Residual Holder**

**38**

| (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

39  Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below ............ **39**

**Part V**  **Summary**

40  Net farm rental income or (loss) from Form 4835. Also, complete line 42 below ....................... **40**

41  Total income or (loss). Combine lines 26, 32, 37, 39, & 40. Enter the result here & on Form 1040, line 17, or Form 1040NR, line 18 ▶ **41**      -183,705

42  Reconciliation of farming and fishing income. Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), box 14, code B; Schedule K-1 (Form 1120S), box 17, code U; and Schedule K-1 (Form 1041), line 14, code F (see instructions) ............  **42**

43  Reconciliation for real estate professionals. If you were a real estate professional (see instructions), enter the net income or (loss) you reported anywhere on Form 1040 or Form 1040NR from all rental real estate activities in which you materially participated under the passive activity loss rules ..........  **43**

*LOSS LIMITED BY BASIS

DAA                                                                 Schedule E (Form 1040) 2011

AS ORIGINALLY FILED

Form **3800**

Department of the Treasury
Internal Revenue Service   (99)

**General Business Credit**

▶ See separate Instructions.

▶ Attach to your tax return.

OMB No. 1545-0895

**2011**

Attachment
Sequence No.   **22**

Name(s) shown on return

**JAMES D PIERON, JR.**

Identifying number

███████111

### Part I — Current Year Credit for Credits Not Allowed Against Tentative Minimum Tax (TMT)
(See instructions and complete Part(s) III before Parts I and II)

| | | | |
|---|---|---|---:|
| 1 | General business credit from line 2 of all Parts III with box A checked | **1** | **9,621** |
| 2 | Passive activity credits from line 2 of all Parts III with box B checked | **2** | |
| 3 | Enter the applicable passive activity credits allowed for 2011 (see instructions) | **3** | |
| 4 | Carryforward of general business credit to 2011. Enter the amount from line 2 of Part III with box C checked. See instructions for schedule to attach | **4** | |
| 5 | Carryback of general business credit from 2012. Enter the amount from line 2 of Part III with box D checked (see instructions) | **5** | |
| 6 | Add lines 1, 3, 4, and 5 | **6** | **9,621** |

### Part II — Allowable Credit

| | | | |
|---|---|---|---:|
| 7 | Regular tax before credits: | | |
| | • Individuals. Enter the amount from Form 1040, line 44, or Form 1040NR, line 42 | | |
| | • Corporations. Enter the amount from Form 1120, Schedule J, Part I, line 2; or the applicable line of your return | **7** | **0** |
| | • Estates and trusts. Enter the sum of the amounts from Form 1041, Schedule G, lines 1a and 1b; or the amount from the applicable line of your return | | |
| 8 | Alternative minimum tax: | | |
| | • Individuals. Enter the amount from Form 6251, line 35 | | |
| | • Corporations. Enter the amount from Form 4626, line 14 | **8** | |
| | • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 56 | | |
| 9 | Add lines 7 and 8 | **9** | |
| 10a | Foreign tax credit | **10a** | |
| b | Personal credits from Form 1040 or 1040NR (see instructions) | **10b** | |
| c | Add lines 10a and 10b | **10c** | |
| 11 | Net income tax. Subtract line 10c from line 9. If zero, skip lines 12 through 15 and enter -0- on line 16a | **11** | |
| 12 | Net regular tax. Subtract line 10c from line 7. If zero or less, enter -0- | **12** | |
| 13 | Enter 25% (.25) of the excess, if any, of line 12 over $25,000 (see instructions) | **13** | |
| 14 | Tentative minimum tax: | | |
| | • Individuals. Enter the amount from Form 6251, line 33 | | |
| | • Corporations. Enter the amount from Form 4626, line 12 | **14** | |
| | • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 54 | | |
| 15 | Enter the greater of line 13 or line 14 | **15** | |
| 16a | Subtract line 15 from line 11. If zero or less, enter -0- | **16a** | **0** |
| b | For a corporation electing to accelerate the research credit, enter the bonus depreciation amount attributable to the research credit (see instructions) | **16b** | |
| c | Add lines 16a and 16b | **16c** | |
| 17a | Enter the smaller of line 8 or line 16c | **17a** | |
| | C corporations: See the line 17a instructions if there has been an ownership change, acquisition, or reorganization. | | |
| b | Enter the smaller of line 6 or line 16a. If you made an entry on line 16b, go to line 17c; otherwise, skip line 17c (see instructions) | **17b** | |
| c | Subtract line 17b from line 17a. This is the refundable amount for a corporation electing to accelerate the research credit. Include this amount on Form 1120, Schedule J, Part II, line 19c (or the applicable line of your return) | **17c** | |

For Paperwork Reduction Act Notice, see separate instructions.

DAA

Form **3800** (2011)

AS ORIGINALLY FILED

**JAMES D PIERON, JR.**

Form 3800 (2011)

▓▓▓▓▓▓ 11

Page 2

## Part II 🔲 Allowable Credit (Continued)

Note. If you are not required to report any amounts on lines 22 or 24 below, skip lines 18 through 25 and enter -0- on line 26.

| | | |
|---|---|---|
| 18 Multiply line 14 by 75% (.75) (see instructions) | 18 | |
| 19 Enter the greater of line 13 or line 18 | 19 | |
| 20 Subtract line 19 from line 11. If zero or less, enter -0-. | 20 | |
| 21 Subtract line 17b from line 20. If zero or less, enter -0- | 21 | |
| 22 Combine the amounts from line 3 of all Parts III with box A, C, or D checked | 22 | |
| 23 Passive activity credit from line 3 of all Parts III with box B checked   [ 23 ] | | |
| 24 Enter the applicable passive activity credit allowed for 2011 (see instructions) | 24 | |
| 25 Add lines 22 and 24 | 25 | |
| 26 Empowerment zone and renewal community employment credit allowed. Enter the smaller of line 21 or line 25 | 26 | 0 |
| 27 Subtract line 13 from line 11. If zero or less, enter -0- | 27 | 0 |
| 28 Add lines 17b and 26 | 28 | |
| 29 Subtract line 28 from line 27. If zero or less, enter -0- | 29 | 0 |
| 30 Enter the general business credit from line 5 of all Parts III with box A checked | 30 | |
| 31 Enter the total eligible small business credit from line 6 of all Parts III with box E checked | 31 | |
| 32 Passive activity credits from line 5 of all Parts III with box B checked and line 6 of all Parts III with box F checked   [ 32 ] | | |
| 33 Enter the applicable passive activity credits allowed for 2011 (see instructions) | 33 | |
| 34 Carryforward of business credit to 2011. Enter the amount from line 5 of Part III with box C checked and line 6 of Part III with box G checked. See instructions for schedule to attach | 34 | |
| 35 Carryback of business credit from 2012. Enter the amount from line 5 of Part III with box D checked and line 6 of Part III with box H checked (see instructions) | 35 | |
| 36 Add lines 30, 31, 33, 34, and 35 | 36 | |
| 37 Enter the smaller of line 29 or line 36 | 37 | |
| 38 Credit allowed for the current year. Add lines 28 and 37. Report the amount from line 38 (if smaller than the sum of Part I, line 6, and Part II, lines 25 and 36, see instructions) as indicated below or on the applicable line of your return: • Individuals. Form 1040, line 53, or Form 1040NR, line 50 • Corporations Form 1120, Schedule J, Part I, line 5c • Estates and trusts. Form 1041, Schedule G, line 2b | 38 | |

Form **3800** (2011)

DAA



AS ORIGINALLY
FILED

Form 3800 (2011) **JAMES D PIERON, JR.** ████████ 11 Page 3

## Part III — General Business Credits or Eligible Small Business Credits (see instructions)

Complete a separate Part III for each box checked below. (see instructions)

A ☒ General Business Credit From a Non-Passive Activity    E ☐ Eligible Small Business Credit From a Non-Passive Activity
B ☐ General Business Credit From a Passive Activity    F ☐ Eligible Small Business Credit From a Passive Activity
C ☐ General Business Credit Carryforwards    G ☐ Eligible Small Business Credit Carryforwards
D ☐ General Business Credit Carrybacks    H ☐ Eligible Small Business Credit Carrybacks
I ☐ If you are filing more than one Part III with box A, B, E, or F checked, complete and attach first an additional Part III combining amounts from all Parts III with box A, B, E, or F checked. Check here if this is the consolidated Part III ........................................ ▶ ☐

| | (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|---|
| | Note: On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | | |
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b | Reserved for future use | 1b | ▨▨▨▨▨▨ | ▨▨▨▨▨▨ |
| c | Increasing research activities (Form 6765) | 1c | 27-2272008 | 9,621 |
| d | Low-income housing (Form 8586, Part I only) | 1d | | |
| e | Disabled access (Form 8826) (do not enter more than $5,000 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1e | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g | Indian employment (Form 8845) | 1g | | |
| h | Orphan drug (Form 8820) | 1h | | |
| i | New markets (Form 8874) | 1i | | |
| j | Small employer pension plan startup costs (Form 8881) (do not enter more than $500 in column (c) of Parts III with box A, B, E, or F checked, combined) | 1j | | |
| k | Employer-provided child care facilities and services (Form 8882) | 1k | | |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m | Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n | Distilled spirits (Form 8906) | 1n | | |
| o | Nonconventional source fuel (Form 8907) | 1o | | |
| p | Energy efficient home (Form 8908) | 1p | | |
| q | Energy efficient appliance (Form 8909) | 1q | | |
| r | Alternative motor vehicle (Form 8910) | 1r | | |
| s | Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t | Reserved for future use | 1t | ▨▨▨▨▨▨ | ▨▨▨▨▨▨ |
| u | Mine rescue team training (Form 8923) | 1u | | |
| v | Agricultural chemicals security (Form 8931) (do not enter more than $2 million in column (c) of Parts III with box A, B, E, or F checked, combined) | 1v | | |
| w | Employer differential wage payments (Form 8932) | 1w | | |
| x | Carbon dioxide sequestration (Form 8933) | 1x | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z | Qualified plug-in electric vehicle (Form 8834, Part I only) | 1z | | |
| aa | New hire retention (Form 5884-B) | 1aa | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz | Other | 1zz | | |
| 2 | Add lines 1a through 1zz and enter here | 2 | ▨▨▨▨▨▨ | 9,621 |
| 3 | Enter the amount from Form 8844 | 3 | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b | Work opportunity (Form 5884) | 4b | | |
| c | Alcohol and cellulosic biofuel fuels (Form 6478) | 4c | | |
| d | Low-income housing (Form 8586, Part II) | 4d | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g | Qualified railroad track maintenance (Form 8900) | 4g | | |
| h | Small employer health insurance premiums (Form 8941) | 4h | | |
| i | Reserved for future use | 4i | ▨▨▨▨▨▨ | ▨▨▨▨▨▨ |
| j | Reserved for future use | 4j | ▨▨▨▨▨▨ | ▨▨▨▨▨▨ |
| z | Other | 4z | | |
| 5 | Add lines 4a through 4z and enter here | 5 | ▨▨▨▨▨▨ | |
| 6 | Add lines 2, 3, and 5 | 6 | ▨▨▨▨▨▨ | 9,621 |

AS ORIGINALLY FILED

CAA

Form **3800** (2011)

00792

| Form **4797** | | **Sales of Business Property** (Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2)) ▶ Attach to your tax return.   ▶ See separate instructions. | | OMB No. 1545-0184 **2011** Attachment Sequence No. **27** |

Department of the Treasury
Internal Revenue Service    (99)

Name(s) shown on return: **JAMES D PIERON, JR.**    Identifying number: ▮▮▮▮▮**11**

| 1 | Enter the gross proceeds from sales or exchanges reported to you for 2011 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20 (see instructions) | **1** | |

**Part I    Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft—Most Property Held More Than 1 Year (see instructions)**

| 2 (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| 3 | Gain, if any, from Form 4684, line 39 | **3** | |
| 4 | Section 1231 gain from installment sales from Form 6252, line 26 or 37 | **4** | |
| 5 | Section 1231 gain or (loss) from like-kind exchanges from Form 8824 | **5** | |
| 6 | Gain, if any, from line 32, from other than casualty or theft | **6** | |
| 7 | Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: | **7** | **0** |

Partnerships (except electing large partnerships) and S corporations. Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

Individuals, partners, S corporation shareholders, and all others. If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you did not have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| 8 | Nonrecaptured net section 1231 losses from prior years (see instructions) | **8** | |
| 9 | Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return (see instructions) | **9** | |

**Part II    Ordinary Gains and Losses (see instructions)**

| 10 | Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less): | | | | | | |
|---|---|---|---|---|---|---|---|
| | SECTION 1244 LOSS LIMITATION | | | | | | **28,000** |
| | IB TECHNOLOGIES | 05/07/09 | 12/31/11 | | | 78,000 | **-78,000** |

| 11 | Loss, if any, from line 7 | **11** | ( ) |
| 12 | Gain, if any, from line 7 or amount from line 8, if applicable | **12** | |
| 13 | Gain, if any, from line 31 | **13** | |
| 14 | Net gain or (loss) from Form 4684, lines 31 and 38a | **14** | |
| 15 | Ordinary gain from installment sales from Form 6252, line 25 or 36 | **15** | |
| 16 | Ordinary gain or (loss) from like-kind exchanges from Form 8824 | **16** | |
| 17 | Combine lines 10 through 16 | **17** | **-50,000** |
| 18 | For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below: | | |
| a | If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as from "Form 4797, line 18a." See instructions | **18a** | |
| b | Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 | **18b** | **-50,000** |

For Paperwork Reduction Act Notice, see separate instructions.    Form **4797** (2011)

THERE ARE NO AMOUNTS FOR PAGE 2

AS ORIGINALLY FILED

DAA

Form **6251**

**Alternative Minimum Tax—Individuals**

OMB No. 1545-0074

**2011**

Attachment Sequence No. **32**

Department of the Treasury
Internal Revenue Service (99)

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR.

Name(s) shown on Form 1040 or Form 1040NR
**JAMES D PIERON, JR.**

Your social security number
███████ **11**

### Part I — Alternative Minimum Taxable Income (See instructions for how to complete each line.)

| | | |
|---|---|---|
| 1 | If filing Schedule A (Form 1040), enter the amount from Form 1040, line 41, and go to line 2. Otherwise, enter the amount from Form 1040, line 38, and go to line 7. (If less than zero, enter as a negative amount.) | **1** | **-146,705** |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2.5% (.025) of Form 1040, line 38. If zero or less, enter -0- | **2** | |
| 3 | Taxes from Schedule A (Form 1040), line 9 | **3** | |
| 4 | Enter the home mortgage interest adjustment, if any, from line 6 of the worksheet in the instructions for this line | **4** | |
| 5 | Miscellaneous deductions from Schedule A (Form 1040), line 27 | **5** | |
| 6 | Skip this line. It is reserved for future use | **6** | |
| 7 | Tax refund from Form 1040, line 10 or line 21 | **7** | ( ) |
| 8 | Investment interest expense (difference between regular tax and AMT) | **8** | |
| 9 | Depletion (difference between regular tax and AMT) | **9** | |
| 10 | Net operating loss deduction from Form 1040, line 21. Enter as a positive amount | **10** | |
| 11 | Alternative tax net operating loss deduction | **11** | ( ) |
| 12 | Interest from specified private activity bonds exempt from the regular tax | **12** | |
| 13 | Qualified small business stock (7% of gain excluded under section 1202) | **13** | |
| 14 | Exercise of incentive stock options (excess of AMT income over regular tax income) | **14** | |
| 15 | Estates and trusts (amount from Schedule K-1 (Form 1041), box 12, code A) | **15** | |
| 16 | Electing large partnerships (amount from Schedule K-1 (Form 1065-B), box 6) | **16** | |
| 17 | Disposition of property (difference between AMT and regular tax gain or loss) | **17** | |
| 18 | Depreciation on assets placed in service after 1986 (difference between regular tax and AMT) | **18** | |
| 19 | Passive activities (difference between AMT and regular tax income or loss) | **19** | |
| 20 | Loss limitations (difference between AMT and regular tax income or loss) | **20** | 0 |
| 21 | Circulation costs (difference between regular tax and AMT) | **21** | |
| 22 | Long-term contracts (difference between AMT and regular tax income) | **22** | |
| 23 | Mining costs (difference between regular tax and AMT) | **23** | |
| 24 | Research and experimental costs (difference between regular tax and AMT) | **24** | |
| 25 | Income from certain installment sales before January 1, 1987 | **25** | ( ) |
| 26 | Intangible drilling costs preference | **26** | |
| 27 | Other adjustments, including income-based related adjustments | **27** | |
| 28 | Alternative minimum taxable income. Combine lines 1 through 27. (If married filing separately and line 28 is more than $223,900, see instructions.) | **28** | **-146,705** |

### Part II — Alternative Minimum Tax (AMT)

| | | |
|---|---|---|
| 29 | Exemption. (If you were under age 24 at the end of 2011, see instructions.) | | |

| IF your filing status is . . . | AND line 28 is not over . . . | THEN enter on line 29 . . . | | |
|---|---|---|---|---|
| Single or head of household | $112,500 | $48,450 | | |
| Married filing jointly or qualifying widow(er) | 150,000 | 74,450 | **29** | **48,450** |
| Married filing separately | 75,000 | 37,225 | | |

| | | |
|---|---|---|
| | If line 28 is over the amount shown above for your filing status, see instructions. | |
| 30 | Subtract line 29 from line 28. If more than zero, go to line 31. If zero or less, enter -0- here and on lines 31, 33, and 35, and go to line 34 | **30** | 0 |
| 31 | • If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter.<br>• If you reported capital gain distributions directly on Form 1040, line 13; you reported qualified dividends on Form 1040, line 9b; or you had a gain on both lines 15 and 16 of Schedule D (Form 1040) (as refigured for the AMT, if necessary), complete Part III on the back and enter the amount from line 54 here.<br>• All others: If line 30 is $175,000 or less ($87,500 or less if married filing separately), multiply line 30 by 26% (.26). Otherwise, multiply line 30 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result. | **31** | |
| 32 | Alternative minimum tax foreign tax credit (see instructions) | **32** | |
| 33 | Tentative minimum tax. Subtract line 32 from line 31 | **33** | 0 |
| 34 | Tax from Form 1040, line 44 (minus any tax from Form 4972 and any foreign tax credit from Form 1040, line 47). If you used Schedule J to figure your tax, the amount from line 44 of Form 1040 must be refigured without using Schedule J (see instructions) | **34** | |
| 35 | AMT. Subtract line 34 from line 33. If zero or less, enter -0-. Enter here and on Form 1040, line 45 | **35** | 0 |

For Paperwork Reduction Act Notice, see your tax return instructions.

Form **6251** (2011)

DAA

NOT ORIGINALLY FILED

Year Ending: December 31, 2011 ███████ 11

James D Picron, Jr.
███████
Mt. Pleasant, MI 48858

## NOL Carryback Election

Under IRC Section 172(b)(3), the taxpayer elects to relinquish the entire carryback period with respect to the regular tax and AMT net operating losses incurred during the current tax year.

# AS ORIGINALLY FILED

00795

| Form **1040** | | Form 8949 - Sales and Other Dispositions of Capital Assets, Page 2 | | | | | | **2011** |
|---|---|---|---|---|---|---|---|---|
| Name<br>  JAMES D PIERON, JR. | | | | | | | Taxpayer Identification Number<br>  █████11 | |

**Part II** Long-Term Capital Gains and Losses—Assets Held More Than One Year **NOT REPORTED ON 1099-B**

| (a) Description of property | (b) Code, if any<br>for column (g) | (c) Date acquired<br>(Mo., day, yr.) | (d) Date sold<br>(Mo., day, yr.) | (e) Sales price | (f) Cost or other basis | (g) Adjustments to<br>gain or loss, if any | (h) Gain/ (loss) -Combine<br>columns (e), (f), and (g) |
|---|---|---|---|---|---|---|---|
| EXCESS SECTION 1244 STOCK LOSS | O | | | 0 | 0 | -28,000 | -28,000 |
| IB TECHNOLOGIES | | 05/07/09 | 12/31/11 | 0 | 92,641 | | -92,641 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

AS ORIGINALLY FILED

Totals Columns (e), (f), (g), and (h)        0        92,641        -28,000        -120,641

| Form **1040** | **Return Carryover Summary** | **2010** |
|---|---|---|

Name
**JAMES D PIERON, JR.**

Taxpayer Identification Number
~~███~~ 11

| Activity/Form | Unit | Description |
|---|---|---|
| D | | SHORT-TERM CAPITAL LOSS |
| D | | SHORT-TERM CAPITAL LOSS AMT |
| 3800 | | GENERAL BUSINESS CREDITS |

*Will not CF*
*to 2011 ⅙ -*
*OIC accepted*

Carryover to 2011
1,917,547
1,917,547
12,204

*1040X*

| Form **1040** | **Business Credit Carryover Report, Page 1** | **2010** |

Name

Taxpayer Identification Number

**JAMES D PIERON, JR.**

111

### General Business Credit

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 1995 | | | |
| 1996 | | | |
| 1997 | | | |
| 1998 | | | |
| 1999 | | | |
| 2000 | | | |
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | 3,357 | | 3,357 |
| Utilized in 2010 | | | |
| Generated in 2010 | | 8,847 | 8,847 |
| Carryover to 2011 | | | 12,204 |

### Empowerment Zone Credit

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 1995 | | | |
| 1996 | | | |
| 1997 | | | |
| 1998 | | | |
| 1999 | | | |
| 2000 | | | |
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| Utilized in 2010 | | | |
| Generated in 2010 | | | |
| Carryover to 2011 | | | |

### Alcohol & Cellulosic Biofuels

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| Utilized in 2010 | | | |
| Generated in 2010 | | | |
| Carryover to 2011 | | | |

### Renewable Electricity, Refined Coal, and Indian Coal Production Credit - Part 2

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| Utilized in 2010 | | | |
| Generated in 2010 | | | |
| Carryover to 2011 | | | |

### Work Opportunity Credit

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| Utilized in 2010 | | | |
| Generated in 2010 | | | |
| Carryover to 2011 | | | |

### Credit for Employer Social Security and Medicare Taxes Paid on Certain Tips

| Year | Prior Year Carryover | Generated -Utilized | Carryover to 2011 |
|------|---------------------|---------------------|-------------------|
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| Utilized in 2010 | | | |
| Generated in 2010 | | | |
| Carryover to 2011 | | | |

00798

| Form **1040** | | **Carryover Report** | *CF to 2011 from 2010* | **2010** |

Name
**JAMES D PIERON, JR.**

Taxpayer Identification Number
█████111

| Carryover Item | Available to 2010 | | 2010 Amounts | Carryover to 2011 |
|---|---|---|---|---|
| Excess section 179 | | | | |
| Minimum tax credit | | | | |
| Investment interest | | | | |
| Investment interest - AMT | | | | |
| Short-term capital loss | 2,146,526 | UTILIZED | -228,979 | 1,917,547 |
| Short-term capital loss - AMT | 2,146,526 | UTILIZED | -228,979 | 1,917,547 |
| Long-term capital loss | 20,351 | UTILIZED | -20,351 | 0 |
| Long-term capital loss - AMT | 20,351 | UTILIZED | -20,351 | 0 |
| Residential energy efficient property | | | | |
| D.C. first-time homebuyer credit | | | | |
| Tax credit bonds | | | | |

| Nonrecaptured Section 1231 Losses - Line 8, Form 4797 | | | AMT Nonrecaptured Section 1231 Losses - Line 8, Form 4797 | | |
|---|---|---|---|---|---|
| 2005 Amounts | | | 2005 Amounts | | |
| 2006 Amounts | | | 2006 Amounts | | |
| 2007 Amounts | | | 2007 Amounts | | |
| 2008 Amounts | | | 2008 Amounts | | |
| 2009 Amounts | | | 2009 Amounts | | |
| Available to 2010 | | | Available to 2010 | | |
| 2010 Amounts | | | 2010 Amounts | | |
| Carryover to 2011 | | | Carryover to 2011 | | |

00799

| Form **1040** | **Return Carryover Summary** | 2011 |
|---|---|---|

Name
JAMES D PIERON, JR.

Taxpayer Identification Number
111

| Activity/Form | Unit | Description | | Carryover to 2012 |
|---|---|---|---|---|
| 3800 | | GENERAL BUSINESS CREDIT | | |
| | | INCREASING RESEARCH ACTIVITIES | | 21,825 |
| K-1 | 1 | NAVITAS INVESTMENTS LLC | | |
| | | BASIS - ORDINARY BUSINESS | May not CF | 1,580,006 |
| | | ORDINARY BUSINESS AMT | to 2012 if | 1,580,006 |
| D | | SHORT-TERM CAPITAL LOSS | OiC accepted | 1,917,547 |
| D | | SHORT-TERM CAPITAL LOSS AMT | | 1,917,547 |
| D | | LONG-TERM CAPITAL LOSS | | 120,641 |
| D | | LONG-TERM CAPITAL LOSS AMT | | 120,641 |
| NOL | | NET OPERATING LOSS | | 275,182 |
| NOL | | NET OPERATING LOSS AMT | | 274,538 |

| Form **1040** | **General Business Credit Carryover Report** | 2011 |
|---|---|---|

| Name | Taxpayer Identification Number |
|---|---|
| JAMES D PIERON, JR. | ███████ 111 |

## General Business Credit Carryover for Form 6765

### INCREASING RESEARCH ACTIVITIES

| Prior Tax Year | Prior Year Carryover Amount | Credit Amount Generated/Utilized | Credit Carryover to Next Year |
|---|---|---|---|
| 1996 | | | |
| 1997 | | | |
| 1998 | | | |
| 1999 | | | |
| 2000 | | | |
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | 3,357 | | 3,357 |
| 2010 | 8,847 | | 8,847 |
| | Utilized in 2011 | | |
| | Generated in 2011 | 9,621 | 9,621 |
| | General Business Credit Carryover to 2012 | | 21,825 |

| Form **1040** | **AMT Passive Activity and Loss Limit Adjustment Worksheet** | **2011** |
|---|---|---|

Name
**JAMES D PIERON, JR.**

Taxpayer Identification Number
▓▓▓▓▓**11**

| | Activity Name | Form/Schedule | Unit | Basis | At-risk | Passive | PTP | Farm |
|---|---|---|---|---|---|---|---|---|
| Column A | **NAVITAS INVESTMENTS LLC** | **K-1** | **1** | **X** | | | | |
| Column B | | | | | | | | |
| Column C | | | | | | | | |
| Column D | | | | | | | | |
| Column E | | | | | | | | |

| | Column A | Column B | Column C | Column D | Column E |
|---|---|---|---|---|---|
| **Current Inc / (Loss) Before Adjustments:** | | | | | |
| 1a  Sch C, E, F / 4835 Inc/(Loss) | | | | | |
| 1b  K1 Rec Sch E, P2 Inc / (Loss) | -1,763,711 | | | | |
| 1c  K1 Rec Sch E, P1 Inc / (Loss) | | | | | |
| 1d  K1 Rec 1040, P1 Inc / (Loss) | | | | | |
| 1e  K1 Rec Sch A Deductions | | | | | |
| 1f  K1 Rec Form 4684 Losses | | | | | |
| 1g  K1 Rec Other Deductions | | | | | |
| 1  Total Current Inc / (Loss) (Lines 1a to 1g) | -1,763,711 | | | | |
| **Adjustments & Preference Items:** | | | | | |
| 2a  Depreciation post '86 | | | | | |
| 2b  Depletion | | | | | |
| 2c  Circulation expenditures | | | | | |
| 2d  Depreciation pre '87 | | | | | |
| 2e  Long-term contracts | | | | | |
| 2f  Research & experimental | | | | | |
| 2g  Tax shelter farm | | | | | |
| 2h  Large partnership | | | | | |
| 2i  Mining costs / amortization | | | | | |
| 2j  Trust/Estate adjustment | | | | | |
| 2  Total Adjustment & Preference (Lines 2a to 2j) | | | | | |
| **Alternative Minimum Tax Income:** | | | | | |
| 3a  Current Inc/(Loss) (from Line 1) At-risk recapture Excess distribution | -1,763,711 | | | | |
| 3b  Adjustments & Preference (from Line 2) | | | | | |
| 3c  PY Suspended Basis | | | | | |
| 3d  Disallowed Basis | 1,580,006 | | | | |
| 3e  PY Suspended At-Risk | | | | | |
| 3f  Disallowed At-Risk | | | | | |
| 3g  Section 179 Adjustment + Excess Farm | | | | | |
| 3h  PY Suspended Passive | | | | | |
| 3i  Disallowed Passive | | | | | |
| 3  AMT Income / Loss (Line 3a to 3i) | -183,705 | | | | |
| **Regular Tax Income:** | | | | | |
| 4a  Current Inc/(Loss) (from Line 1) At-risk recapture Excess distribution | -1,763,711 | | | | |
| 4b  PY Suspended Basis | | | | | |
| 4c  Disallowed Basis | 1,580,006 | | | | |
| 4d  PY Suspended At-Risk | | | | | |
| 4e  Disallowed At-Risk | | | | | |
| 4f  Section 179 Adjustment + Excess Farm | | | | | |
| 4g  PY Suspended Passive | | | | | |
| 4h  Disallowed Passive | | | | | |
| 4  Regular Tax Inc / (Loss) (Lines 4a to 4h) | -183,705 | | | | |
| **Form 6251, Line 19 - Passive Activities** (All activities marked passive or PTP) | | | | | |
| 5  Passive Activities (Line 3 less Line 4) | | | | | |
| **Form 6251, Line 20 - Loss Limitations** (All activities not marked passive or PTP) | | | | | |
| 6  Loss Limitation Activities (Line 3 less Line 4) | 0 | | | | |

**TOTAL OF ALL LOSS LIMITATION ACTIVITIES TO FORM 6251, LINE 20**    **0**

| Form **1040** $\chi$ | **General Business Credit Carryover Report** | **2011** |

| Name | Taxpayer Identification Number |
| JAMES D PIERON, JR. | [REDACTED]11 |

**General Business Credit Carryover for Form** 6765

INCREASING RESEARCH ACTIVITIES

| Prior Tax Year | Prior Year Carryover Amount | Credit Amount Generated/Utilized | Credit Carryover to Next Year |
|---|---|---|---|
| 1996 | | | |
| 1997 | | | |
| 1998 | | | |
| 1999 | | | |
| 2000 | | | |
| 2001 | | | |
| 2002 | | | |
| 2003 | | | |
| 2004 | | | |
| 2005 | | | |
| 2006 | | | |
| 2007 | | | |
| 2008 | | | |
| 2009 | | | |
| 2010 | 6,714 | | 6,714 |
| Utilized in 2011 | | * -9,519 | -9,519 |
| Generated in 2011 | | 9,621 | 9,621 |
| General Business Credit Carryover to 2012 | | | 6,816 |

**\*CARRYOVER REDUCED BY ATTRIBUTE REDUCTION, FORM 982**

| Form **1040** X | **Return Carryover Summary** | **2011** |
| --- | --- | --- |

| Name | Taxpayer Identification Number |
| --- | --- |
| JAMES D PIERON, JR. | ▮▮▮▮▮▮▮-11 |

| Activity/Form | Unit | Description | Carryover to 2012 |
| --- | --- | --- | --- |
| 3800 | | GENERAL BUSINESS CREDIT | |
| | | INCREASING RESEARCH ACTIVITIES | 5,652 |
| K-1 | 1 | NAVITAS INVESTMENTS LLC | |
| | | BASIS - ORDINARY BUSINESS | 1,580,006 |
| | | ORDINARY BUSINESS AMT | 1,580,006 |

| Form **1040** | **Return Carryover Summary** | **2010** |
|---|---|---|

Name
**JAMES D PIERON, JR.**

Taxpayer Identification Number
111

| Activity/Form | Unit | Description | Carryover to 2011 |
|---|---|---|---|
| 3800 | | GENERAL BUSINESS CREDITS | 6,714 |

IRS 6/13 *WP Only* **17-45**

## APPENDIX 17C

### Avoiding a Section 6694 Return Preparer Penalty
### (See section 1706)

Name/ID: _James D Pierson Jr_     Year: _2008 - 2011_

Preparer's Initials and Date: _Dmv 3/19/14_     Reviewer's Initials and Date: _____

---

**Purpose:** To avoid exposure to a Section 6694 preparer penalty during the return preparation process.

---

A "Yes" answer to the following questions indicates possible exposure to a penalty:

#### Tax Return

|  | Yes | No | Comments |
|---|---|---|---|
| 1. Is the return one of the types of returns that can be subject to a penalty under Rev. Proc. 2009-1 1ᵃ? | X | | |
| a. Tax return reporting a tax liability (see section 3.02). | X | | |
| b. Information return constituting a substantial portion of the taxpayer's tax return [see section 3.03(2)]. | | X | |
| 2. If the document does not constitute a substantial portion of the return, was it prepared willfully to understate tax or in reckless/intentional disregard of the rules or regulations [see section 3.02(4)]? | | | |

#### Tax Return Preparer

|  | Yes | No | Comments |
|---|---|---|---|
| 3. Did you sign the tax return (signing preparer)? K D P | X | | |
| 4. If you did not sign the return, did you provide advice on transactions or events that have already occurred (nonsigning preparer)?ᵇ | | | |
| 5. Were you compensated for preparing the return?ᶜ | X | | |
| 6. Did you prepare all or a substantial portion of the return?ᵈ | X | | |
| 7. Did your entries constitute a substantial portion of another tax return?ᵉ | | X | |

#### Prerequisites for Penalty

|  | Yes | No | Comments |
|---|---|---|---|
| 8. Did you know of or reasonably should have known of the position creating the understatement? | X | | |
| 9. Were you primarily responsible for the position(s) on the return giving rise to the understatement?ᶠ K D P | X | | |
| 10. Was there an understatement of the taxpayer's tax liability attributable to the tax return position?ᵍ | X | | |

IRS 6/13

A "No" answer to the following questions indicates possible exposure to a penalty:

### Exceptions for Certain Preparers

| | Yes | No | Comments |
|---|---|---|---|
| 11. Are you within one of the categories of persons who are not tax return preparers, including:[h] | | | |
| a. An employee, officer, general partner, member, or shareholder preparing a return for the entity. | | X | |
| b. A person who prepares a return for a taxpayer with no explicit or implicit agreement for compensation, even if the person receives an insubstantial gift, favor, or service in return. | | X | |

### Undisclosed Tax Return Positions

| | Yes | No | Comments |
|---|---|---|---|
| 12. If the position was not disclosed and is not a tax shelter or reportable transaction, did you have substantial authority for the position?[i] | X | | |
| a. Did you rely in good faith on the advice of or information provided by the taxpayer?[j] | X | | |
| b. Did you rely in good faith on the advice of or information provided by another advisor, tax return preparer, or other party?[k] | | X | |
| 13. If the position was not disclosed and is a tax shelter or reportable transaction, did you reasonably believe that the position would more likely than not be sustained on its merits?[l] | X | | |

### Disclosed Tax Return Positions

| | Yes | No | Comments |
|---|---|---|---|
| 14. Was the position (other than a tax shelter or reportable transaction) adequately disclosed and did you have a reasonable basis?[m] | X | | |
| a. If you are a signing preparer, did you make a disclosure on Form 8275 (Disclosure Statement) or 8275-R (Regulation Disclosure Statement), or on the tax return in accordance with the annual revenue procedure described in Reg. 1.6662-4(f)(2)? | X | | |
| b. If you are a nonsigning preparer, did you make a disclosure on Form 8275 or 8275-R, or on the tax return in accordance with the annual revenue procedure described in Reg. 1.6662-4(f)(2)? | | | N/A |

### Reasonable Cause Exception

| | Yes | No | Comments |
|---|---|---|---|
| 15. Was the understatement due to reasonable cause and did you act in good faith?[n] | X | | |
| a. Did you rely in good faith without verification on information furnished by the taxpayer, or information or advice furnished by another advisor, tax return preparer, or other party? | | | |
| b. Did you rely in good faith on a generally accepted administrative or industry practice? | | | |
| c. Do you have quality control procedures and were those procedures followed in preparing the return?[o] | X | | |

**Appendix 17C
(Continued)**

IRS 6/13

# APPENDIX 17B

### Meeting the Substantial Authority Test
### (See section 1701)

Under Reg. 1.6662-4(d), substantial authority for a tax position does *not* require a greater than 50% likelihood of being upheld (i.e., the "more likely than not" standard does not apply). A tax position that is arguable but fairly unlikely to prevail in court may satisfy the "reasonable basis" standard to avoid the negligence penalty—but such a position does *not* satisfy the substantial authority standard. The likelihood of an audit (i.e., *audit lottery* odds) on the issue cannot be taken into account in evaluating whether substantial authority exists.

The following is a list of valid authorities [per Reg. 1.6662-4(d)(3)]:

- The Internal Revenue Code and other statutory provisions.

- Proposed, temporary, and final regulations.

- Revenue rulings and revenue procedures.

- Tax treaties, treaty regulations, and Treasury Department and other official explanations of treaties.

- Court cases.

- Congressional intent as reflected in committee reports, joint statements of managers, floor statements by bill managers prior to enactment, and the "Blue Book" prepared by the Joint Committee on Taxation.

- PLRs and TAMs issued after October 31, 1976.

- AODs and GCMs issued after March 12, 1981, and GCMs published in pre-1955 volumes of the Cumulative Bulletin.

- IRS notices, announcements, information releases, press releases, and other IRS administrative pronouncements published in the Internal Revenue Bulletin.

- Certain taxpayer-specific guidance issued by the IRS to the taxpayer—for example, a TAM or an affirmative statement in a revenue agent's report (RAR) for a prior year of the taxpayer. [See Reg. 1.6662-4(d)(3)(iv)(A).]

Taxpayers *cannot* rely on treatises, IRS Publications, articles in periodicals, legal opinions, or opinions of tax professionals to establish substantial authority—except to the extent the actual underlying authorities behind such guidance are relevant to the facts in the taxpayer's situation.

Notwithstanding the preceding list, an authority does not continue to be an authority to the extent it is overruled or modified, implicitly or explicitly, by a body with the power to overrule or modify the earlier authority. In the case of court decisions, a District Court opinion on an issue is not an authority if overruled or reversed by the Court of Appeals for such district. However, a Tax Court opinion is not considered to be overruled or modified by a Court of Appeals decision to which a taxpayer does not have a right of appeal, unless the Tax Court adopts that holding. Similarly, a private letter ruling is not authority if revoked or if inconsistent with a subsequent regulation, revenue ruling, or other administrative pronouncement published in the Internal Revenue Bulletin.

00808

or evading federal income tax) is involved, the substantial authority defense is not available, even for noncorporate taxpayers [IRC Sec. 6662(d)(2)(C)]. However, the reasonable cause/good faith defense under IRC Sec. 6664(c) may still be available for tax shelter items (see paragraph 1701.29).

1701.16   In determining whether substantial authority exists, the following factors should be considered:

a.   Substantial authority can be determined as of (1) the time the return is filed, or (2) the last day of the tax year to which the return relates [Reg. 1.6662-4(d)(3)].

b.   There can be more than one position on any item with substantial authority.

c.   Different authorities have different weights. For example, a revenue ruling generally has greater weight than a private letter ruling (PLR). All other things being equal, current guidance has greater weight than older pronouncements. See section 1710 for more on weighing the authorities.

d.   A taxpayer can use a well reasoned construction of the Code section to show substantial authority—even though other guidance (e.g., regulations or letter rulings) is lacking.

e.   An authority does not continue to apply if it is overruled, reversed, modified, or revoked (see section 1710 and Appendix 17B).

f.   Generally, the taxpayer's residence in a particular jurisdiction does not matter when establishing substantial authority. However, substantial authority *automatically* exists if the Court of Appeals for the taxpayer's area has issued a decision that provides precedent for the taxpayer's position.

1701.17   Appendix 17B lists authorities for the substantial authority defense.

1701.18   Thorough research should be performed when the return is prepared to establish substantial authority. The authority for the position should be documented in a dated memorandum. (Dating the memo is important because substantial authority can exist either at year-end or when the return is filed.) IRS rulings and court cases should be *cite checked* through the current date to ensure they have not been revised or overturned by more recent authority. A copy of the memo should be reviewed by a colleague or other practitioner, if possible, and placed in the client's file.

1701.19   If there is conflicting authority, an analysis of the differences should be provided, along with the reasons for selecting the tax return position. This should all be communicated to the client, preferably in writing. (Under the Circular 230 rules, a practitioner advising a client to take a position on a return, or preparing or signing a return, must inform the client of the penalties reasonably likely to apply, opportunities to avoid the penalties by disclosure, and the requirements for adequate disclosure. See section 1904.)

1701.20   **Adequate Disclosure Defense.** The substantial understatement penalty cannot be assessed if two conditions are satisfied. First, the tax position and relevant facts must be *adequately disclosed* in the return or in a statement attached to the return—even if the tax position does not have substantial authority. Regs. 1.6662-4(e) and (f) contain strict rules on what constitutes adequate disclosure. These rules provide the *only* way to make adequate disclosure—they are not merely a safe harbor.

1701.21   In addition to adequate disclosure, there must also be a *reasonable basis* for the taxpayer's treatment of the item. The preamble to the understatement penalty regulations observes that the *reasonable basis* standard is significantly higher than the prior *not frivolous* disclosure standard, and is not satisfied by a return position that is merely an arguable or colorable (i.e., apparent) claim [Reg. 1.6662-3(b)(3)].

1701.22   Although noting that reasonable basis "is a relatively high standard of tax reporting," the IRS did not define the standard. A return position reasonably based on one or more of the authorities set forth in Reg. 1.6662-4(d)(3) will generally satisfy the reasonable basis standard (i.e., a more than merely arguable or colorable claim). This analysis must take into account the relevance and persuasiveness of the authorities, as well as any subsequent developments. (See Appendix 17B for a list of the authorities.)

1701.22

1701.23   Even if the reasonable basis standard is met, adequate disclosure will not help if the return item or position is attributable to a tax shelter, or is not properly substantiated (e.g., travel and entertainment expenses), or if the taxpayer has not maintained "adequate books and records" for the item or position [Reg. 1.6662-4(e)(2)]. As illustrated by the following example, recurring disclosure may be required.

### Example 17-6:   Recurring disclosure to avoid future penalties.

A taxpayer acquires a 150,000 square-foot distribution facility for $10 million, financed with a note to the seller with a below-market rate of interest. The purchase price and the depreciation computations do not take into consideration the decrease in the purchase price due to the discount that should have been applied under the imputed interest rules.

Failure to consider the imputed interest component of the purchase price and to accordingly adjust the depreciation computations for its effect could result in application of the substantial understatement penalty. Assuming adequate disclosure of this tax return position was made in the Year 1 return, the preparer must also make disclosure in the Year 2 return [Reg. 1.6662-4(f)(3)]. This is because the controversial tax position will affect returns for future years as the building is depreciated.

1701.24   Although the decision to disclose hinges on a number of different facts and circumstances, in the authors' experience, disclosure should be considered when:

a.   The client wants to avoid *all* penalties.

b.   The position is based on an unsettled area of the law, and little or no authority for any position exists.

c.   The amount of tax due, if the IRS prevails, is substantial.

d.   The position is contrary to IRS guidance, although reasonable basis does exist for the position.

e.   The position is supported by a court case, although not the court to which the taxpayer would appeal if the IRS disagreed with the position.

1701.25   In certain cases, proper completion of the required tax form is treated as adequate disclosure [Reg. 1.6662-4(f)(2)]. While adequate disclosure under that year's revenue procedure is limited to certain items, no additional disclosure form or statement is required. For the revenue procedure to apply, the dollar amount(s) on the form must be verifiable (the taxpayer can prove origin of amount and can show good faith in entering that amount), and the amount must be clearly described if entered on an "Other" or similar line. Disclosure may not be adequate if the understatement arises from a transaction between related parties, and will have no effect for accuracy-related penalty purposes if the item or position (a) does not have a reasonable basis, (b) is attributable to a tax shelter, (c) is not properly substantiated, or (d) the taxpayer failed to keep adequate books and records for the item or position.

1701.26   If disclosure under Reg. 1.6662-4(f) will not work, Form 8275 (Disclosure Statement) should be completed and attached to the return unless the position is contrary to a Treasury regulation, in which case Form 8275-R (Regulation Disclosure Statement) should be filed. The form filed should recite all pertinent facts. Failure to include even one important fact can result in an IRS argument that adequate disclosure has not been made. (See Appendix 17D for a sample completed Form 8275 and Appendix 17E for a sample completed Form 8275-R. See also Appendix 17F for a checklist for preparing these forms.)

### Example 17-7:   Disclosure contrary to a Code section.

The Estate of Tom Lewis made a residuary bequest of its entire interest in certain rental property to a beneficiary. The return preparer believes the distribution is a disposition of an entire interest in a fully taxable transaction that will free up the estate's suspended passive activity losses under IRC Sec. 469(g)(1). He knows that IRC Sec. 469(j)(12) denies the deduction of a suspended loss upon the distribution of a passive activity by an estate or trust to a beneficiary, but does not believe IRC Sec. 469(j)(12) contemplates a fully taxable transaction. The suspended passive activity loss was $40,000 at the time of the distribution.

To avoid potential imposition of the accuracy-related penalty, the fiduciary should attach Form 8275 to the final Form 1041. See Appendix 17D for a completed Form 8275 using the facts of this example.

**Example 17-8:   Disclosure contrary to a regulation.**

Bobcat, Inc. is an S corporation that terminates S status: Jeanne Marshall, its sole shareholder, has $15,000 of suspended losses she cannot use because of lack of basis. Five years later, the corporation reelects S status. Since she has sufficient basis after S status is reelected, Jeanne wants to deduct her previously unused S corporation losses.

Under Reg. 1.1366-2(a)(2), disallowed losses retain their character and are treated as incurred by the corporation in subsequent tax years. However, the regulation does not state that the losses survive a termination of the S election. While the next to last sentence of Reg. 1.1366-2(b)(2) states that carryover losses in excess of a shareholder's adjusted stock basis are "permanently disallowed," Jeanne's practitioner concludes that this relates to the previous sentence in the regulation, which addresses the computation of basis when a shareholder disposes of his or her stock during the year.

Jeanne's practitioner believes that the loss is available when S status is reelected but recommends that she attach Form 8275-R (Regulation Disclosure Statement) to her Form 1040 to disclose this fact. See Appendix 17E for a sample completed Form 8275-R using the facts of this example.

1701.27   **Practice Tip:**   Once the decision to disclose is made, full disclosure of all facts and tax arguments should be made on Form 8275 or 8275-R to avoid any claim that the disclosure is inadequate. The client transmittal letter should include a note that a Form 8275 or 8275-R is included in the taxpayer's return. This could help avoid a preparer penalty if the client removes the disclosure form before filing the return.

1701.28   Schedule UTP (Uncertain Tax Position Statement) must be attached to Forms 1120, 1120-L, 1120-PC, or 1120-F if (a) the corporation (or a related party) issued an audited financial statement reporting operations for part or all of the corporation's tax year, (b) the corporation has one or more tax positions that must be reported on the schedule, and (c) the corporation has assets equal to or exceeding $50 million for the 2013 tax year ($10 million beginning in the 2014 tax year). A proper disclosure of a tax position on Schedule UTP is treated as if Form 8275 or Form 8275-R had been filed for the position.

1701.29   **Reasonable Cause/Good Faith Defense.** Even if the taxpayer did not have substantial authority for a position and failed to make adequate disclosure, the substantial understatement penalty does *not* apply if the taxpayer had reasonable cause for the tax underpayment and acted in good faith [IRC Sec. 6664(c); Reg. 1.6664-4]. This defense is applied on a "facts and circumstances" basis [Reg. 1.6664-4(b)]. However, the key factor seems to be whether the taxpayer made a reasonably energetic attempt to determine the correct tax liability. For example, an honest misunderstanding of fact or law, an isolated computational error, reliance on professional tax advice, or reliance on information returns all indicate reasonable cause/good faith. See Appendix 17G for further discussion.

1701.30   Reg. 1.6664-4(c) discusses when a taxpayer is considered to have reasonably relied in good faith upon someone else's advice (including that of a professional tax advisor). Meeting the following requirements, while not guaranteeing that the accuracy-related penalty will be avoided, tends to indicate that the "reasonable reliance" and "good faith" aspects have been met:

a.   The advice must be based on all pertinent facts and circumstances and the law as it relates to those facts and circumstances. For example, the advice must take into account the taxpayer's purposes for entering into a transaction and for structuring a transaction in a particular manner.

b.   The taxpayer must inform the adviser of all facts relevant to the proper tax treatment of an item.

c.   The advice must not be based on unreasonable factual or legal assumptions (including assumptions about future events) and must not unreasonably rely on the representations, statements, findings, or agreements of the taxpayer or any other person.

**1701.30**

d.  Reliance on the adviser may not be reasonable or in good faith if the taxpayer knew, or should have known, that the adviser lacked knowledge in the relevant aspects of federal tax law.

1701.31  When taxpayers reasonably relied on the advice of an expert concerning a sham investment, the 5th Circuit Court held that the reasonable cause defense applied and stated that the taxpayers were not required to challenge the expert, seek a second opinion, or try to monitor the expert on the provisions of the Code. To require otherwise would nullify the purpose of seeking expert advice (*Chamberlain*). But in another case, the Tax Court held that taxpayers could not rely in good faith on their attorney's and practitioner's advice when they "disregarded their longtime preparer's concerns and then provided no explanation of their decision to follow controversial advice other than that they wanted the refunds" (*Larry Wadsworth*).

1701.32  In a recent case, taxpayers provided 160-plus information returns to their tax firm (*Woodsum*). However, the firm omitted a Form 1099-MISC reporting $3.4 million of gain [which was substantial in absolute and in relative (about 10% of taxpayers' AGI) terms] from the resulting 115 page return. After admitting that a taxpayer need not duplicate the work of the return preparer, the Tax Court concluded that the taxpayers' review was not "reasonable under the circumstances"—they could not remember how long they reviewed the return and could not recall comparing the return with the information returns they had received. In a more recent case involving a much smaller tax deficiency, taxpayers were entitled to rely upon their CPA. Although the preparers in both cases were credentialed professionals with years of tax experience and a longstanding relationship with the clients, the Tax Court concluded that the taxpayers in the more recent case "had no reason not to trust the judgment of [their CPA]" (*Samarasinghe*).

1701.33  **Observation:**  Whenever the penalty is not asserted because the taxpayer has met the "advice" standard under the reasonable cause exception, IRM 20.1.5.6.4 requires the examiner to contact the return preparer to confirm that the advice was provided and the standard under the reasonable cause exception was met before the case can be closed from the group. The IRM adds that the contact is authorized by IRC Sec. 6103(k)(6) (disclosure of return information to the extent necessary to obtain information not otherwise available to make a correct determination of tax liability). Since the preparer may not be the person who prepared or provided the advice, the examiner may have to contact both.

1701.34  Reliance on an information return can constitute reasonable cause and good faith [Reg. 1.6664-4(b)(1)]. For example, reliance on an erroneous Form W-2 or Form 1099 indicates reasonable cause and good faith if the taxpayer had no reason to believe the information was incorrect (e.g., consistent with the taxpayer's knowledge of the transaction or other information furnished to the taxpayer).

1701.35  In arguing for the reasonable cause exception, the most important factor is the extent of the taxpayer's efforts to determine the correct tax liability [Reg. 1.6664-4(b)(1)]. Steps should be taken to:

a.  Provide the examiner with any and all support for the position. This can include guidance that does not qualify as substantial authority but nevertheless represents a reasonable interpretation of the tax law, such as treatises or discussions occurring at tax seminars or conferences.

b.  Discuss the complexity and/or uncertainty of the issue with the examiner, particularly when there is an honest misunderstanding of the tax law.

c.  Inform the examiner of the taxpayer's education, knowledge of taxes, business experience, etc., to demonstrate that a similarly situated person could have reached the same conclusion.

d.  Provide evidence that reliance on third parties or third-party information was reasonable.

1701.36  According to Reg. 1.6664-4(c)(2), the advice must be provided by a "person other than the taxpayer." In one case, a consolidated group's preparer was an outside CPA when he prepared the 2000 and 2001 tax returns but was hired in early 2002 to be the group's vice president of taxes. From that point on, the preparer no longer qualified as a "person other than the taxpayer" with respect to the tax returns he prepared and signed on his employer's behalf (*Seven W Enterprises*).

1701.37  **Complexity of Tax Law.** In early 2013, the IRS nonacquiesced in a 2012 Tax Court ruling recognizing the changing nature of the tax law as reasonable cause for avoiding an accuracy-related penalty. In *Patel*,

**1701.31**

IRS 6/13

# APPENDIX 17B

### Meeting the Substantial Authority Test
### (See section 1701)

Under Reg. 1.6662-4(d), substantial authority for a tax position does *not* require a greater than 50% likelihood of being upheld (i.e., the "more likely than not" standard does not apply). A tax position that is arguable but fairly unlikely to prevail in court may satisfy the "reasonable basis" standard to avoid the negligence penalty—but such a position does *not* satisfy the substantial authority standard. The likelihood of an audit (i.e., *audit lottery* odds) on the issue cannot be taken into account in evaluating whether substantial authority exists.

The following is a list of valid authorities [per Reg. 1.6662-4(d)(3)]:

- The Internal Revenue Code and other statutory provisions.

- Proposed, temporary, and final regulations.

- Revenue rulings and revenue procedures.

- Tax treaties, treaty regulations, and Treasury Department and other official explanations of treaties.

- Court cases.

- Congressional intent as reflected in committee reports, joint statements of managers, floor statements by bill managers prior to enactment, and the "Blue Book" prepared by the Joint Committee on Taxation.

- PLRs and TAMs issued after October 31, 1976.

- AODs and GCMs issued after March 12, 1981, and GCMs published in pre-1955 volumes of the Cumulative Bulletin.

- IRS notices, announcements, information releases, press releases, and other IRS administrative pronouncements published in the Internal Revenue Bulletin.

- Certain taxpayer-specific guidance issued by the IRS to the taxpayer—for example, a TAM or an affirmative statement in a revenue agent's report (RAR) for a prior year of the taxpayer. [See Reg. 1.6662-4(d)(3)(iv)(A).]

Taxpayers *cannot* rely on treatises, IRS Publications, articles in periodicals, legal opinions, or opinions of tax professionals to establish substantial authority—except to the extent the actual underlying authorities behind such guidance are relevant to the facts in the taxpayer's situation.

Notwithstanding the preceding list, an authority does not continue to be an authority to the extent it is overruled or modified, implicitly or explicitly, by a body with the power to overrule or modify the earlier authority. In the case of court decisions, a District Court opinion on an issue is not an authority if overruled or reversed by the Court of Appeals for such district. However, a Tax Court opinion is not considered to be overruled or modified by a Court of Appeals decision to which a taxpayer does not have a right of appeal, unless the Tax Court adopts that holding. Similarly, a private letter ruling is not authority if revoked or if inconsistent with a subsequent regulation, revenue ruling, or other administrative pronouncement published in the Internal Revenue Bulletin.

# Instructions for Form 8275
## (Rev. August 2013)
### Disclosure Statement

**Department of the Treasury
Internal Revenue Service**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about developments related to Form 8275 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form8275*.

## What's New

In the filer identification section, additional lines have been added to request the name, employer identification number (if any), and reference ID number of any foreign entity for which the taxpayer is making a disclosure on Form 8275.

## General Instructions

### Purpose of Form

Form 8275 is used by taxpayers and tax return preparers to disclose items or positions, except those taken contrary to a regulation, that are not otherwise adequately disclosed on a tax return to avoid certain penalties. The form is filed to avoid the portions of the accuracy-related penalty due to disregard of rules or to a substantial understatement of income tax for non-tax shelter items if the return position has a reasonable basis. It can also be used for disclosures relating to the economic substance penalty and the preparer penalties for tax understatements due to unreasonable positions or disregard of rules.


*The portion of the accuracy-related penalty attributable to the following types of misconduct cannot be avoided by disclosure on Form 8275.*

- Negligence.
- Disregard of regulations.
- Any substantial understatement of income tax on a tax shelter item.
- Any substantial valuation misstatement under chapter 1.
- Any substantial overstatement of pension liabilities.
- Any substantial estate or gift tax valuation understatement.

- Any claim of tax benefits from a transaction lacking economic substance (within the meaning of section 7701(o)) or failing to meet the requirements of any similar rule of law.
- Any otherwise undisclosed foreign financial asset understatement.

## Who Should File

Form 8275 is filed by individuals, corporations, pass-through entities, and tax return preparers. If you are disclosing a position taken contrary to a regulation, use Form 8275-R, Regulation Disclosure Statement, instead of Form 8275.

For items attributable to a pass-through entity, disclosure should be made on the tax return of the entity. If the entity does not make the disclosure, the partner (or shareholder, etc.) can make adequate disclosure of these items.

### Exception to filing Form 8275.

Guidance is published annually in a revenue procedure in the Internal Revenue Bulletin. This can be found on the Internet at IRS.gov. The revenue procedure identifies circumstances when an item reported on a return is considered adequate disclosure for purposes of the substantial understatement aspect of the accuracy-related penalty and for avoiding the preparer's penalty relating to understatements due to unreasonable positions. See the *Example* below. You do not have to file Form 8275 for items that meet the requirements listed in this revenue procedure.

*Example.* Generally, you will have met the requirements for adequate disclosure of a charitable contribution deduction if you complete the contributions section of Schedule A (Form 1040) and supply all the required information. If you make a contribution of property other than cash that is over $500, the form required by the Schedule A instructions must be attached to your return.

## How To File

File Form 8275 with your original tax return. Keep a copy for your records. You may be able to file Form 8275 with an amended return. See Regulations sections 1.6662-4(f)(1) and 1.6664-2(c)(3) for more information.

To make adequate disclosure for items reported by a pass-though entity, you must complete and file a separate Form 8275 for items reported by each entity.

To make adequate disclosure for a position or positions related to more than one foreign entity, you must complete and file a separate Form 8275 for each foreign entity.

**Carryovers, carrybacks, and recurring items.** Carryover items must be disclosed for the tax year in which they originated. You do not have to file another Form 8275 for those items for the tax years in which the carryover is taken into account.

Carryback items must be disclosed for the tax year in which they originated. You do not have to file another Form 8275 for those items for the tax years in which the carryback is taken into account.

However, if you disclose items of a recurring nature (such as depreciation expense), you must file Form 8275 for each tax year in which the item occurs.

If you are disclosing a position that is contrary to a rule, and the position relates to a reportable transaction as defined in Regulations section 1.6011-4(b), you must also make the disclosure as indicated in Regulations section 1.6011-4(d). See Form 8886, Reportable Transaction Disclosure Statement, its instructions, Notice 2006-6, 2006-5 I.R.B. 385, available at *http://www.irs.gov/irb/2006-05_IRB/ar10.html*, and Notice 2010-62, 2010-40 I.R.B. 411, available at *www.irs.gov/irb/2010-40_IRB/ar09.html*.

Sep 06, 2013          Cat. No. 62063F

## Accuracy-Related Penalty

Generally, the accuracy-related penalty is 20% of any portion of a tax underpayment attributable to:

1. Negligence or disregard of rules or regulations,

2. Any substantial understatement of income tax,

3. Any substantial valuation misstatement under chapter 1 of the Internal Revenue Code,

4. Any substantial overstatement of pension liabilities,

5. Any substantial estate or gift tax valuation understatement, or

6. Any claim of tax benefits from a transaction lacking economic substance, as defined by section 7701(o), or failing to meet the requirements of any similar rule of law.

The penalty is 40% of any portion of a tax underpayment attributable to one or more gross valuation misstatements in (3), (4), or (5) above if the applicable dollar limitation under section 6662(h)(2) is met. The penalty also increases to 40% for failing to adequately disclose a transaction that lacks economic substance in (6) above. See *Economic substance,* below. The penalty is 40% of any portion of an underpayment that is attributable to any undisclosed foreign financial asset understatement.

**Economic substance.** To satisfy the disclosure requirements under section 6662(i), you may adequately disclose with a timely filed original return (determined with regard to extensions) or a qualified amended return (as defined under Regulations section 1.6664-2(c)(3)) the relevant facts affecting the tax treatment of the transaction.

**Note.** If you filed a Schedule UTP, you may not need to file Form 8275 to satisfy the disclosure requirements of section 6662(i). See the Instructions for Schedule UTP.

**Reasonable cause exception.** Generally, no accuracy-related penalty will be imposed on any portion of an underpayment if you show that there was reasonable cause for that portion and that you acted in good faith with respect to that portion.

 *The reasonable cause and good faith exception does not apply to any portion of an underpayment attributable to a transaction that lacks economic substance under section 7701(o).*

**Adequate disclosure.** Generally, you can avoid the disregard of rules and substantial understatement portions of the accuracy-related penalty if the position is adequately disclosed and the position has at least a reasonable basis.

*Reasonable basis.* Reasonable basis is a relatively high standard of tax reporting that is significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable.

If the return position is reasonably based on one of the authorities set forth in Regulations section 1.6662-4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments), the return position will generally satisfy the reasonable basis standard even though it may not satisfy the substantial authority standard as defined in Regulations section 1.6662-4(d)(2). For details, see Regulations section 1.6662–4(d).

If you failed to keep proper books and records or failed to substantiate items properly, you cannot avoid the penalty by disclosure.

### Substantial Understatement

An understatement is the excess of—

1. The amount of tax required to be shown on the return for the tax year, over

2. The amount of tax shown on the return for the tax year, reduced by any rebates.

There is a substantial understatement of income tax if the amount of the understatement for any tax year exceeds the greater of:

1. 10% of the tax required to be shown on the return for the tax year, or

2. $5,000.

An understatement of a corporation (other than an S corporation or a personal holding company, as defined in section 542) is substantial if it exceeds in any year the lesser of:

1. 10% of the tax required to be shown on the return for the tax year (or, if greater, $10,000), or

2. $10,000,000.

**Reduction of understatement.** The amount of the understatement will be reduced by the part that is attributable to the following items.

• An item (other than a tax shelter item) for which there was substantial authority for the treatment claimed at the time the return was filed or on the last day of the tax year to which the return relates.

• An item (other than a tax shelter item) that is adequately disclosed on this form if there is a reasonable basis for the tax treatment of the item. (In no event will a corporation be treated as having a reasonable basis for its tax treatment of an item attributable to a multi-party financing transaction entered into after August 5, 1997, if the treatment does not clearly reflect the income of the corporation.)

For corporate tax shelter transactions (and for tax shelter items of other taxpayers for tax years ending after October 22, 2004), the only exception to the substantial understatement portion of the accuracy-related penalty is the reasonable cause exception. For more details, see *Reasonable cause exception* (earlier), section 6662(d) and Regulations section 1.6664-4.

*Tax shelter items.* A tax shelter, for purposes of the substantial understatement portion of the accuracy-related penalty, is a partnership or other entity, plan, or arrangement, with a significant purpose to avoid or evade federal income tax. For transactions on or before August 5, 1997, a tax shelter is a partnership or other entity, plan, or arrangement, whose principal purpose is to avoid or evade federal income tax.

A tax shelter item is any item of income, gain, loss, deduction, or credit that is directly or indirectly attributable to the principal or significant purpose of the tax shelter to avoid or evade federal income tax.

### Tax Return Preparer Penalties

A preparer who files a return or claim for refund is subject to a penalty in an amount equal to the greater of $1,000 or 50 percent of the income derived

**-2-**

(or to be derived) by the tax return preparer, with respect to the return or claim, for taking a position which the preparer knew or reasonably should have known would understate any part of the liability if:

• There is or was no substantial authority for the position.

• The position is a tax shelter (as defined in section 6662(d)(2)(C)(ii)) or a reportable transaction to which section 6662A applies and it was not reasonable to believe that the position would more likely than not be sustained on its merits.

• The position disclosed as provided in section 6662(d)(2)(B)(ii), is not a tax shelter or a reportable transaction to which section 6662A applies, and there was no reasonable basis for the position.

The penalty will not apply if it can be shown that there was reasonable cause for the understatement and that the preparer acted in good faith.

In cases where any part of the understatement of the liability is due to a willful attempt by the return preparer to understate the liability, or if the understatement is due to reckless or intentional disregard of rules or regulations by the preparer, the preparer is subject to a penalty equal to the greater of $5,000 or 50 percent of the income derived (or to be derived) by the tax return preparer with respect to the return or claim. This penalty shall be reduced by the amount of the penalty paid by such person for taking an unreasonable position, or a position with no reasonable basis, as described immediately above.

A preparer is not considered to have recklessly or intentionally disregarded a rule or regulation if a position has a reasonable basis.

**Note.** For more information about the accuracy-related penalty and preparer penalties, and the means of avoiding these penalties, see the regulations under sections 6662, 6664, and 6694.

## Specific Instructions

Be sure to supply all the information for Parts I, II, and, if applicable, Part III. Your disclosure will be considered adequate if you file Form 8275 and supply the information requested in detail.

Use Part IV on page 2 if you need more space for Part I or II. Indicate the corresponding part and line number from page 1. You can use a continuation sheet(s) if you need additional space. Be sure to put your name and identifying number on each sheet.

**Reference ID number.** If you are filing Form 8275 to disclose a position related to a foreign entity for which an information return (such as Form 5471) is filed, enter on Form 8275 the same reference ID number for the foreign entity that is entered on the information return.

If you are filing Form 8275 to report a position or positions related to multiple foreign entities, file a separate Form 8275 for each foreign entity.

## Part I

**Column (a).** If you are disclosing a position contrary to a rule (such as a statutory provision or IRS revenue ruling), you must identify the rule in column (a).

**Column (b).** Identify the item by name.

If any item you disclose is from a pass-through entity, you must identify the item as such. If you disclose items from more than one pass-through entity, you must complete a separate Form 8275 for each entity. Also, see *How To File* on page 1.

**Column (c).** Enter a complete description of the item(s) you are disclosing.

*Example.* If entertainment expenses were reported in column (b), then list in column (c) "theater tickets, catering expenses, and banquet hall rentals."

If you claim the same tax treatment for a group of similar items in the same tax year, enter a description identifying the group of items you are disclosing rather than a separate description of each item within the group.

**Columns (d) through (f).** Enter the location of the item(s) by identifying the form number or schedule and the line number in columns (d) and (e) and the amount of the item(s) in column (f).



## Part II

Your disclosure statement must include a description of the relevant facts affecting the tax treatment of the item. To satisfy this requirement, you must include information that reasonably can be expected to apprise the IRS of the identity of the item, its amount, and the nature of the controversy or potential controversy. Information concerning the nature of the controversy can include a description of the legal issues presented by the facts.

> **CAUTION** *Unless provided otherwise in the General Instructions above, your disclosure will not be considered accurate unless the information described above is provided using Form 8275. For example, your disclosure will not be considered adequate if you attach a copy of an acquisition agreement to your tax return to disclose the issues involved in determining the basis of certain acquired assets. If Form 8275 is not completed and attached to the return, the disclosure will not be considered valid even if the information described above is provided using another method, such as a different form or an attached letter.*

## Part III

**Line 4.** Contact your pass-through entity if you do not know where its return was filed. However, for partners and S corporation shareholders, information for line 4 can be found on the Schedule K-1 that you received from the partnership or S corporation.

If the pass-through entity filed its return electronically using *e-file*, enter "e-file" on line 4.

**Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information if you wish to use this form to make adequate disclosure to avoid the portion of the accuracy-related penalty due to a substantial understatement of income tax or disregard of rules, or to avoid certain preparer penalties. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

-3-

00816

Form 982 (Rev. 7-2013)                                                                                                              Page **2**

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form 982 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form982*.

## Purpose of Form

Generally, the amount by which you benefit from the discharge of indebtedness is included in your gross income. However, under certain circumstances described in section 108, you can exclude the amount of discharged indebtedness from your gross income.

You must file Form 982 to report the exclusion and the reduction of certain tax attributes either dollar for dollar or 33$^1/_3$ cents per dollar (as explained below).

## How To Complete the Form

| IF the discharged debt you are excluding is . . . | THEN follow these steps . . . |
|---|---|
| Qualified principal residence indebtedness | **1.** Be sure to read the definition of qualified principal residence indebtedness in the instructions for line 1e on page 4. Part or all of your debt may not qualify for the exclusion on line 1e but may qualify for one of the other exclusions. |
| | **2.** Check the box on line 1e. |
| | **3.** Include on line 2 the amount of discharged qualified principal residence indebtedness that is excluded from gross income. Any amount in excess of the excluded amount may result in taxable income. See Pub. 4681 for more information. If you disposed of your residence, you may also be required to recognize a gain on its disposition. For details, see Pub. 523, Selling Your Home. |
| | **4.** If you continue to own your residence after the discharge, enter on line 10b the smaller of (a) the amount of qualified principal residence indebtedness included on line 2 or (b) the basis (generally, your cost plus improvements) of your principal residence. |
| | ⚠ **CAUTION** *If the discharge occurs in a title 11 case, you cannot check box 1e. You must check box 1a and complete the form as discussed below under A nonbusiness debt. If you are insolvent (and not in a title 11 case), you can elect to follow the insolvency rules by checking box 1b instead of box 1e and completing the form as discussed below under A nonbusiness debt.* |
| A nonbusiness debt (other than qualified principal residence indebtedness, such as a car loan or credit card debt) | Follow these instructions if you do not have any of the tax attributes listed in Part II (other than a basis in nondepreciable property). Otherwise, follow the instructions for *Any other debt* below. |
| | **1.** Check the box on line 1a if the discharge was made in a *title 11 case* (see *Definitions* on page 3) or the box on line 1b if the discharge occurred when you were *insolvent* (see *Line 1b* on page 3). |
| | **2.** Include on line 2 the amount of discharged nonbusiness debt that is excluded from gross income. If you were insolvent, do not include more than the excess of your liabilities over the fair market value of your assets. |
| | **3.** Include on line 10a the smallest of (a) the basis of your nondepreciable property, (b) the amount of the nonbusiness debt included on line 2, or (c) the excess of the aggregate bases of the property and the amount of money you held immediately after the discharge over your aggregate liabilities immediately after the discharge. |
| Any other debt | Use *Part I* of Form 982 to indicate why any amount received from the discharge of indebtedness should be excluded from gross income and the amount excluded. |
| | Use *Part II* to report your reduction of tax attributes. The reduction must be made in the following order unless you check the box on line 1d for qualified real property business indebtedness or make the election on line 5 to reduce basis of depreciable property first. |
| | **1.** Any net operating loss (NOL) for the tax year of the discharge (and any NOL carryover to that year) (dollar for dollar); |
| | **2.** Any general business credit carryover to or from the tax year of the discharge (33$^1/_3$ cents per dollar); |
| | **3.** Any minimum tax credit as of the beginning of the tax year immediately after the tax year of the discharge (33$^1/_3$ cents per dollar); |
| | **4.** Any net capital loss for the tax year of the discharge (and any capital loss carryover to that tax year) (dollar for dollar); |
| | **5.** The basis of property (dollar for dollar); |
| | **6.** Any passive activity loss (dollar for dollar) and credit (33$^1/_3$ cents per dollar) carryovers from the tax year of the discharge; and |
| | **7.** Any foreign tax credit carryover to or from the tax year of the discharge (33$^1/_3$ cents per dollar). |
| | Use *Part III* to exclude from gross income under section 1081(b) any amounts of income attributable to the transfer of property described in that section. |

Form 982 (Rev. 7-2013)                                                                                                Page **3**

 *Certain individuals may need to complete only a few lines on Form 982. For example, if you are completing this form because of a discharge of indebtedness on a personal loan (such as a car loan or credit card debt) or a loan for the purchase of your principal residence, follow the chart on page 2 to see which lines you need to complete. Also, see Pub. 4681, Canceled Debts, Foreclosures, Repossessions, and Abandonments, for additional information including many examples and sample forms.*

## Definitions

### Title 11 Case

A *title 11 case* is a case under title 11 of the United States Code (relating to bankruptcy), but only if you are under the jurisdiction of the court in the case and the discharge of indebtedness is granted by the court or is under a plan approved by the court.

### Discharge of Indebtedness

The term *discharge of indebtedness* conveys forgiveness of, or release from, an obligation to repay.

## When To File

File Form 982 with your federal income tax return for a year a discharge of indebtedness is excluded from your income under section 108(a).

The election to reduce the basis of depreciable property under section 108(b)(5) and the election made on line 1d of Part I regarding the discharge of qualified real property business indebtedness must be made on a timely filed return (including extensions) and can be revoked only with the consent of the IRS.

If you timely filed your tax return without making either of these elections, you can still make either election by filing an amended return within 6 months of the due date of the return (excluding extensions). Write "Filed pursuant to section 301.9100-2" on the amended return and file it at the same place you filed the original return.

N/A

## Specific Instructions

### Part I

The American Recovery and Reinvestment Act of 2009 allows certain businesses to elect under section 108(i) to defer and include ratably over a 5-taxable-year period, beginning with the taxpayer's fourth or fifth taxable year following the taxable year of the reacquisition, any income from the discharge of business debt arising from the reacquisition of certain types of business debt repurchased in 2009 and 2010. For more details, including how to make this election, see section 108(i) and Rev. Proc. 2009-37, 2009-36 I.R.B. 309, available at *www.irs.gov/irb/2009-36_IRB/ar07.html*.

 *If you made an election under section 108(i) to defer income from the discharge of business debt arising from the reacquisition of a debt instrument, you cannot exclude on lines 1a through 1d the income from the discharge of such indebtedness for the taxable year of the election or any subsequent taxable year.*

### Line 1b

The insolvency exclusion does not apply to any discharge that occurs in a title 11 case. It also does not apply to a discharge of qualified principal residence indebtedness (see the instructions for line 1e on page 4) unless you elect to have the insolvency exclusion apply instead of the exclusion for qualified principal residence indebtedness.

Check the box on line 1b if the discharge of indebtedness occurred while you were insolvent. You were insolvent to the extent that your liabilities exceeded the fair market value (FMV) of your assets immediately before the discharge. For details and a worksheet to help calculate insolvency, see Pub. 4681.

*Example.* You were released from your obligation to pay your credit card debt in the amount of $5,000. The FMV of your total assets immediately before the discharge was $7,000 and your liabilities were $10,000. You were insolvent to the extent of $3,000 ($10,000 ($10,000 total liabilities minus $7,000 of total assets). Check the box on line 1b and include $3,000 on line 2.

### Line 1c

Check this box if the income you exclude is from the discharge of qualified farm indebtedness. The exclusion relating to qualified farm indebtedness does not apply to a discharge that occurs in a title 11 case or to the extent you were insolvent.

*Qualified farm indebtedness* is the amount of indebtedness incurred directly in connection with the trade or business of farming. In addition, 50% or more of your aggregate gross receipts for the 3 tax years preceding the tax year in which the discharge of such indebtedness occurs must be from the trade or business of farming. For more information, see sections 108(g) and 1017(b)(4).

The discharge must have been made by a qualified person. Generally, a *qualified person* is an individual, organization, etc., who is actively and regularly engaged in the business of lending money. This person cannot be related to you, be the person from whom you acquired the property, or be a person who receives a fee with respect to your investment in the property. A qualified person also includes any federal, state, or local government or agency or instrumentality thereof.

If you checked line 1c and did not make the election on line 5, the debt discharge amount will be applied to reduce the tax attributes in the order listed on lines 6 through 9. Any remaining amount will be applied to reduce the tax attributes in the order listed on lines 11a through 13.

You cannot exclude more than the total of your (a) tax attributes (determined under section 108(g)(3)(B)) and (b) basis of property used or held for use in a trade or business or for the production of income. Any excess is included in income.

### Line 1d

If you check this box, the discharge of qualified real property business indebtedness is applied to reduce the basis of depreciable real property on line 4. The exclusion relating to qualified real property business indebtedness does not apply to a discharge that occurs in a title 11 case or to the extent you were insolvent.

*Qualified real property business indebtedness* is indebtedness (other than qualified farm indebtedness) that (a) is incurred or assumed in connection with real property used in a trade or business, (b) is secured by that real property, and (c) with respect to which you have made an election under this provision. This provision does not apply to a corporation (other than an S corporation).

Indebtedness incurred or assumed after 1992 is not qualified real property business indebtedness unless it is either (a) debt incurred to refinance qualified real property business indebtedness incurred or assumed before 1993 (but only to the extent the amount of such debt does not exceed the amount of debt being refinanced) or (b) qualified acquisition indebtedness.

Form 982 (Rev. 7-2013)

Page **4**

*Qualified acquisition indebtedness* is (a) debt incurred or assumed to acquire, construct, reconstruct, or substantially improve real property that is secured by such debt and (b) debt resulting from the refinancing of qualified acquisition indebtedness to the extent the amount of such debt does not exceed the amount of debt being refinanced.

You cannot exclude more than the excess of the outstanding principal amount of the debt (immediately before the discharge) over the net FMV (as of that time) of the property securing the debt reduced by the outstanding principal amount of other qualified real property business indebtedness secured by that property (as of that time). The amount excluded is further limited to the aggregate adjusted basis (as of the first day of the next tax year or, if earlier, the date of disposition) of depreciable real property (determined after any reductions under sections 108(b) and (g)) you held immediately before the discharge (other than property acquired in contemplation of the discharge). Any excess is included in income.

### Line 1e

Check this box if the income you exclude is from discharge of qualified principal residence indebtedness. Also, be sure you complete line 2 (and line 10b if you continue to own the residence after discharge). However, if the discharge occurs in a title 11 case, you must check the box on line 1a and not this box. If you are insolvent (and not in a title 11 case), you can elect to follow the insolvency rules by checking box 1b instead of checking this box. For more information, see Pub. 4681.

**Principal residence.** Your principal residence is your *main home*, which is the home where you ordinarily live most of the time. You can have only one main home at any one time.

**Qualified principal residence indebtedness.** This indebtedness is a mortgage you took out to buy, build, or substantially improve your main home. It also must be secured by your main home. If the amount of your original mortgage is more than the cost of your main home plus the cost of any substantial improvements, only the debt that is **not** more than the cost of your main home plus improvements is qualified principal residence indebtedness. Any debt secured by your main home that you use to refinance qualified principal residence indebtedness is treated as qualified principal residence indebtedness, but only up to the amount of the old mortgage principal just before the refinancing. Any additional debt you incurred to substantially improve your main home is also treated as qualified principal residence indebtedness.

**Amount eligible for the exclusion.** The exclusion applies only to debt discharged after 2006. The maximum amount you can treat as qualified principal residence indebtedness is $2 million ($1 million if married filing separately). You cannot exclude from gross income discharge of qualified principal residence indebtedness if the discharge was for services performed for the lender or on account of any other factor not directly related to a decline in the value of your residence or to your financial condition.

**Ordering rule.** If only a part of a loan is qualified principal residence indebtedness, the exclusion applies only to the extent the amount discharged exceeds the amount of the loan (immediately before the discharge) that is **not** qualified principal residence indebtedness. For example, assume your main home is secured by a debt of $1 million, of which $800,000 is qualified principal residence indebtedness. If your main home is sold for $700,000 and $300,000 of debt is discharged, only $100,000 of the debt discharged can be excluded (the $300,000 that was discharged minus the $200,000 of nonqualified debt). The remaining $200,000 of nonqualified debt may qualify in whole or in part for one of the other exclusions, such as the insolvency exclusion.

### Line 2

Enter the total amount excluded from your gross income due to discharge of indebtedness under section 108. If you checked any box on lines 1b through 1e, do not enter more than the limit explained in the instructions for those lines. If you checked line 1a, 1b, or 1c, this amount will not necessarily equal the total reductions on lines 5 through 13 (excluding line 10b) because the debt discharge amount may exceed the total tax attributes. If you checked line 1e, this amount will not necessarily equal the total basis reduction on line 10b (which is required only if you continue to own the residence after the discharge).

See section 382(l)(5) for a special rule regarding a reduction of a corporation's tax attributes after certain ownership changes.

### Line 3

You can elect under section 1017(b)(3)(E) to treat all real property held primarily for sale to customers in the ordinary course of a trade or business as if it were depreciable property. This election does not apply to the discharge of qualified real property business indebtedness. To make the election, check the "Yes" box.

## Part II

### Basis Reduction

If you check any of the boxes on lines 1a through 1c, you can elect, by completing line 5, to apply all or a part of the debt discharge amount to first reduce the basis of depreciable property (including property you elected on line 3 to treat as depreciable property). Any balance of the debt discharge amount will then be applied to reduce the tax attributes in the order listed on lines 6 through 13 (excluding line 10b). You must attach a statement describing the transactions that resulted in the reduction in basis under section 1017 and identifying the property for which you reduced the basis. If you do not make the election on line 5, complete lines 6 through 13 (excluding line 10b) to reduce your attributes. See section 1017(b)(2) and (c) for limitations of reductions in basis on line 10a.

### Line 7

If you have a general business credit carryover to or from the tax year of the discharge, you must reduce that carryover by 33 1/3 cents for each dollar excluded from gross income. See Form 3800, General Business Credit, for more details on the general business credit, including rules for figuring any carryforward or carryback.

### Line 10a

In the case of a title 11 case or insolvency, the reduction in basis is limited to the aggregate of the basis of your property immediately after the discharge over the aggregate of your liabilities immediately after the discharge. However, this limit does not apply to a reduction in basis reported on line 5 pursuant to section 108(b)(5).

### Line 10b

If box 1e is checked and you continue to own the residence after discharge, enter the smaller of:

• The part of line 2 that is attributable to the exclusion of qualified principal residence indebtedness, or

• The basis of your main home.



## Part III

### Adjustment to Basis

Unless it specifically states otherwise, the corporation, by filing this form, agrees to apply the general rule for adjusting the basis of property (as described in Regulations section 1.1082-3(b)).

If the corporation desires to have the basis of its property adjusted in a manner different from the general rule, it must attach a request for variation from the general rule. The request must show the precise method used and the allocation of amounts.

Consent to the request for variation from the general rule will be effective only if it is incorporated in a closing agreement entered into by the corporation and the Commissioner of Internal Revenue under the rules of section 7121. If no agreement is entered into, then the general rule will apply in determining the basis of the corporation's property.

**Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated burden for individual taxpayers filing this form is approved under OMB control number 1545-0074 and is included in the estimates shown in the instructions for their individual income tax return. The estimated burden for all other taxpayers who file this form is shown as follows: **Recordkeeping,** 5 hr., 58 min.; **Learning about the law or the form,** 2 hr., 34 min.; **Preparing and sending the form to the IRS,** 2 hr., 48 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. See the instructions for the tax return with which this form is filed.

**PPC**

Website: http://ppc.thomsonreuters.com/subscriptions/tabn   (User Name: LTC121, Password: ALA122)

# Tax Action Memo®

TAM-1396
February 2, 2010

### Quick-and-dirty Guide to Provisions That Make Cancellation of Debt Income Tax-free

| | |
|---|---|
| **Type of Clients:** Individuals with Cancellation of Debt (COD) income.<br><br>**Situation:** In this down economy, COD income is all too common.<br><br>**Deadline:** Before filing client returns for years when COD income is triggered. | **Tax Action Required:** Read this release for a quick-and-dirty summary of the most widely available federal income tax provisions that can make an individual's COD income tax-free instead of taxable. |

### Background

Lenders will sometimes discharge all or part of debts owed by financially distressed individuals. This may occur in bankruptcy proceedings when the bankruptcy court orders that certain debts be reduced or eliminated, or it may occur outside of bankruptcy in a so-called voluntary loan workout. In either case, the debtor will have Cancellation of Debt (COD) income. According to the general rule, COD income must be included in the debtor's gross income for federal income tax purposes. [See IRC Sec. 61(a)(12).] In other words, it's taxable.

**Note:** In theory, lenders are supposed to report COD income to borrowers in box 2 of Form 1099-C (Cancellation of Debt) for the year the debt discharge transaction occurs. Any accrued but unpaid interest included in the box 2 amount should be reported separately in box 3. In the real world, Forms 1099-C are sometimes issued for the wrong year, and the amounts reported are sometimes wrong too. See NTA-726 (also in this issue) for a discussion of a couple of recent court cases dealing with incorrect Forms 1099-C.

Thankfully, there are a number of exceptions to the general rule that COD income is taxable. These exceptions are found in Section 108 of our beloved Internal Revenue Code, and they are generally mandatory rather than elective. This release provides quick summaries of the Section 108 exceptions that are most commonly available to individual taxpayers. Here goes.

### Bankruptcy Exception

COD income that occurs while the debtor in a Title 11 bankruptcy proceeding is automatically excluded from gross income. [See IRC Sec. 108(a)(1)(A) and (d)(2).] As explained later, however, certain tax attributes of the borrower (such as NOLs and capital loss and tax credit carryovers) may have to be reduced as the price to be paid for benefitting from this exception.

**Note:** Title 11 of the U.S. Code is *not* part of the Internal Revenue Code. It covers bankruptcies filed under Chapter 7 (so-called liquidations), Chapter 11 (so-called reorganizations), Chapter 12 (for farmers and fishermen), and Chapter 13 (so-called wage earner filings). Thanks to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, it's now harder for individuals to file under Chapter 7 and thereby get completely off the hook for unsecured debts. However, COD income can still occur in Chapter 7 cases, as well as in Chapter 11, 12, and 13 cases.

**THOMSON REUTERS**

**Tax Treatment of Bankruptcy Estate and Debtor in Chapter 7 and 11 Cases.** When an individual files for bankruptcy under Chapter 7 (liquidation) or Chapter 11 (reorganization), a new legal and taxable entity called the bankruptcy estate comes into existence. The estate takes over the bankrupt individual's assets until the bankruptcy process is completed. The transfer of assets from the debtor to the estate is a federal-income-tax-free transaction. [See IRC Sec. 1398(a) and (f)(1).]

Because the estate is a separate taxable entity, it owes the federal income tax attributable to income or gains from assets it owns during the bankruptcy proceeding. The estate's taxes are calculated using the married filing separate tax rate brackets. The estate's initial tax year begins on the bankruptcy commencement date. In calculating the estate's taxable income, the estate takes over the following tax attributes of the debtor, determined as of the first day of the debtor's tax year that includes the bankruptcy commencement date [IRC Sec. 1398(c) and (g)]:

- Net operating loss carryovers.

- Charitable contribution carryovers.

- Recovery of tax-benefit items under IRC Sec. 111.

- Tax credit carryovers.

- Capital loss carryovers.

- Basis, holding period, and character of assets.

- Methods of accounting.

- Other attributes, such as passive activity loss and credit carryovers and at-risk loss carryovers. (See Regs. 1.1398-1 and -2.)

**Tax Filing Implications in Chapter 7 and 11 Cases.** The bankruptcy trustee is responsible for obtaining an Employer Identification Number (EIN) for the estate and filing the estate's federal income tax returns. Form 1041 (U.S. Income Tax Return for Estates and Trusts) is used as a transmittal form for the estate's Form 1040. Income earned by the debtor after the bankruptcy commencement date belongs to the debtor rather than the estate. Such income should be reported on the debtor's Form 1040 under the normal rules. [See IRC Sec. 1398(e).] Therefore, for periods after the bankruptcy commencement date, two federal income tax returns are required. The first one reports the bankruptcy estate's income, deductions, and credits. The second one reports the debtor's income, deductions, and credits. When the bankruptcy proceeding is over, the bankruptcy estate ceases to exist for both legal and tax purposes. The debtor takes back any of the estate's remaining tax attributes, and life goes on.

**Tax Filing Implications in Chapter 12 and 13 Cases.** In Chapter 12 and Chapter 13 bankruptcy cases, the bankruptcy estate doesn't file a separate federal income tax return. Instead, all the tax information during the bankruptcy proceedings—for both the debtor and the bankruptcy estate—continues to be reported on the debtor's Form 1040.

---

### Insolvency Exception

When an *insolvent* debtor (as opposed to one who is in bankruptcy) has COD income, it's excluded from gross income to the extent of the debtor's insolvency immediately before the COD transaction. Insolvent means the debtor's liabilities exceed the FMV of his or her assets. Any COD income in excess of the amount of insolvency immediately before the debt discharge transaction generates an equal amount of gross income. Put another way, debt discharge that causes the debtor to become solvent must be included in the debtor's gross income. [See IRC Sec. 108(a)(1)(B), (a)(3), and (d)(3).] Therefore, determining the amount of the debtor's insolvency immediately before a debt discharge transaction is crucial.

---

When determining whether a taxpayer is insolvent or the extent of insolvency, the following rules apply:

- *Exempt Assets.* Under applicable law, some personal assets, such as the debtor's residence and retirement plan assets, are generally off limits for creditors. We will call those assets *exempt assets.* Nevertheless, in *Carlson,* the Tax Court agreed with the current IRS position that all assets, including exempt assets, should be included as assets in the insolvency calculation. Rats!

- *Nonrecourse Debts.* For purposes of calculating insolvency, a nonrecourse debt is counted as a liability only to the extent of the FMV of the property that secures it. Any nonrecourse debt above the FMV of the security is treated as a liability to the extent it is discharged by the lender. Otherwise, such excess nonrecourse debt is completely ignored in the insolvency calculation. (See Rev. Rul. 92-53.)

- *Spouse's Separate Property.* Separate property assets of the debtor's spouse are *not* taken into account in the debtor's insolvency calculation. This is the case even if the couple files jointly. (See PLR 8920019.)

### Example 1: Excludable debt discharge income for insolvent taxpayer.

All of Max's personal assets and liabilities are from his sole proprietorship business. As of 8/1/09, business operating debts owed to Last Bank were $500,000, and the FMV of business assets was only $350,000. The bank discharges $200,000 of Max's debts in exchange for his promise to take no money out of the business until it becomes healthy. This debt discharge occurs outside of bankruptcy in a voluntary "workout" between the borrower and lender.

Just before the debt discharge, Max was insolvent to the extent of $150,000 ($500,000 of liabilities less $350,000 FMV of assets). Thus, he can exclude $150,000 of the $200,000 discharge from income. However, he must reduce tax attributes by up to $150,000. (See later discussion.) The remaining $50,000 of debt discharge income must be included in Max's income. After the debt discharge, his assets are still worth $350,000, and his liabilities are only $300,000. Thus, $50,000 is taxable because he has been made solvent by that amount as a result of the debt discharge transaction.

### Example 2: Effect of nonrecourse debt on insolvency calculations.

In 2007, Sally borrowed $200,000 from Bob to purchase land valued at $200,000. The note bore interest at a fixed market rate payable annually; no principal payments were due until 2009. The note was secured by the land and was nonrecourse to Sally. In 2009 (when the outstanding note balance was still $200,000 and the FMV of the property had declined to $100,000), Bob agreed to reduce the note's principal balance to $150,000. At that time, Sally had other assets valued at $100,000 and other liabilities (for which she was personally liable) of $90,000. She had not declared bankruptcy.

Sally was discharged from $50,000 of debt in 2009. However, she will not recognize debt discharge income to the extent she was insolvent immediately before the discharge. The FMV of Sally's assets before the debt discharge was $200,000 ($100,000 land plus $100,000 other assets). In calculating Sally's insolvency, her liabilities were $240,000 ($100,000 nonrecourse financing, included to the extent of the FMV of the secured property, plus $50,000 nonrecourse financing in excess of the secured property's FMV, included to the extent discharged, plus $90,000 other recourse debt). Thus, Sally is insolvent to the extent of $40,000 ($200,000 assets − $240,000 liabilities) immediately before the discharge. She will recognize $10,000 ($50,000 debt discharged − $40,000 excluded under the insolvency rule) of debt discharge income in 2009.

**Bankruptcy Exception Takes Precedence over Insolvency Exception.** When debt discharge occurs in bankruptcy, the bankruptcy exception takes precedence, and the insolvency exception is inapplicable. In other words, if the debtor is in bankruptcy, no COD income is taxable irrespective of the debtor's solvency or lack thereof. [See IRC Sec. 108(a)(2)(A).]

### Reducing Tax Attributes under Bankruptcy or Insolvency Exception

The cost of being allowed to exclude COD income from taxation under the bankruptcy or insolvency exception is a reduction of the debtor's so-called *tax attributes*. These tax attributes are generally reduced by one dollar for each dollar of excluded COD income. However, tax credits are reduced by one dollar for each three dollars of excluded COD income.

**Timing of Attribute Reduction.** When the debtor's tax attributes are reduced because COD income has been excluded, the reductions are deemed to occur *after* calculating the debtor's taxable income and tax liability for the year of the debt discharge. [See IRC Sec. 108(b)(4).] This beneficial rule allows the debtor to take full advantage of any tax attributes available for the year of the debt discharge *before* those attributes are reduced.

**Ordering Rule for Reducing Attributes.** The following tax attributes are reduced (but not below zero) by one dollar for each dollar of excluded COD income (or, for credits, one dollar for each three dollars of COD income) in the following order. [See IRC Sec. 108(b)(2).]

1. *NOLs*—any NOL generated in the tax year of the debt discharge and then any NOL carried into that year.

2. *General Business Credits*—any credit carryover to/from the year of the debt discharge.

3. *Minimum Tax Credits*—any credit as of the beginning of the year following the year of the debt discharge.

4. *Capital Loss Carryovers*—any capital loss carryover arising in the year of the debt discharge, and then any capital loss carryover into that year.

5. *Property Basis*—the debtor's depreciable and nondepreciable property basis is reduced under rules set forth in IRC Sec. 1017 and related regulations. Basis reduction occurs after calculating the taxpayer's depreciation deductions for the year of the debt discharge. Also, the aggregate basis of debtor's assets is not reduced below the debtor's aggregate liabilities immediately after the discharge [IRC Sec. 1017(b)(2)].

6. *Passive Activity Losses and Credits*—any loss or credit carryover from the year of the debt discharge.

7. *Foreign Tax Credits*—any credit carryover to/from the year of the debt discharge.

**Example 3: Attribute reduction for insolvent taxpayer.**

Roxanne runs a toy distribution business as a sole proprietorship. National Bank continued to lend money to her even though she had financial problems. Roxanne stopped paying interest to the bank for most of 2009. As a result, she made a profit. At the end of 2009, the bank agreed (outside of bankruptcy proceedings) to forgive $150,000 of Roxanne's debts. Before the debt forgiveness, her liabilities were $500,000, and the FMV of her assets was $490,000. After the discharge, she had $350,000 of liabilities.

Roxanne had the following 2009 tax information:

| | |
|---|---:|
| NOL carryover into 2009 | $ 60,000 |
| Capital loss carryover into 2009 | 5,000 |
| Credit carryover into 2009 | 1,000 |
| Tax basis of depreciable assets at 12/31/09 | 120,000 |
| Tax basis of inventory at 12/31/09 | 124,000 |

TAM-1396/Page 5

| | |
|---|---|
| Tax basis of other property at 12/31/09 | 100,000 |
| 2009 taxable income before any debt discharge income | 25,000 |

The $150,000 debt discharge is treated as follows. Roxanne can exclude only $10,000 from gross income—the amount by which her predischarge liabilities ($500,000) exceeded the FMV of her assets ($490,000). The $10,000 of excludable debt discharge income means tax attributes must be reduced by that amount, to the extent possible. The remaining $140,000 of debt discharge income is included in Roxanne's 2009 income.

Roxanne's tax attributes are reduced only after her 2009 taxable income has been computed. Thus, her NOL carryover of $60,000 into 2009 is used to offset 2009 taxable income of $165,000 ($25,000 + $140,000 of nonexcludable debt discharge income). Of her $5,000 capital loss carryover into 2009, $3,000 (the annual maximum) is used, leaving only $2,000. Finally, Roxanne can use all of her $1,000 credit carryover to reduce her 2009 tax liability. Thus, the only carryover remaining for attribute reduction after the determination of Roxanne's 2009 taxable income is the $2,000 capital loss carryover. That carryover is eliminated under the attribute reduction rules. Because her aggregate liabilities after the discharge ($350,000) exceed the aggregate tax basis of her property ($344,000), no basis reduction is required. Therefore, no further attribute reduction occurs [IRC Sec. 1017(b)(2)].

In summary, Roxanne can exclude $10,000 of debt discharge from taxable gross income, and her tax attributes are reduced by only $2,000. The remaining $8,000 of excluded debt discharge income vanishes without impacting Roxanne's tax situation.

Is why they lose their capital loss carryover, but do not have to reduce basis of property.

**Basis Reduction Options:** Instead of reducing tax attributes in the order just described, the debtor can elect to reduce the basis of depreciable property first. Then any remaining excluded COD income (after what's absorbed by the basis reduction) is used to reduce the debtor's other tax attributes in the order specified earlier. [See IRC Sec. 108(b)(5).] Debtors who make this basis-reduction election can make another election to treat real property inventory as depreciable property for purposes of the basis-reduction election. [See IRC Sec. 1017(b)(3)(E).] Making these elections can help a debtor who has NOL carryovers or other valuable tax attributes that are expected to be utilized in the relatively near future and long-lived depreciable assets.

### Principal Residence Mortgage Debt Exception

As you know, legislation enacted in 2007 and 2008 created a new, but temporary, exception for COD income from qualifying discharges of home mortgage debt that occur in 2007–2012. [See IRC Sec. 108(a)(1)(E) and (h).] Under this exception, a debtor can have up to $2 million of federal-income-tax-free COD income from the discharge of *qualified principal residence indebtedness*, which means debt that was used to acquire, build, or improve the debtor's principal residence and that is secured by that residence. (*Principal residence* is defined in the same way as for purposes of the IRC Section 121 home sale gain exclusion privilege.) Refinanced debt can qualify to the extent it replaces debt that was used to acquire, build, or improve the debtor's principal residence.

The basis of the principal residence is reduced (but not below zero) by the amount of COD income excluded under this exception. None of the debtor's other tax attributes are reduced. Note that this exception is not available for debt discharges that occur in bankruptcy. [See IRC Sec. 108(a)(2)(A).]

Finally, an insolvent debtor can elect to forego this exception and instead rely on the more-general insolvency exception explained earlier. [See IRC Sec. 108(a)(2)(C).]

**Warning:** This exception only applies to COD income from the discharge of mortgage debt that was used to acquire, build, or improve a principal residence. Discharges of home equity loans used for other purposes won't qualify for this exception, nor will discharges of vacation home loans or investment property loans. (However, other exceptions covered in this release may be available.)

### Other Exceptions May Apply in Specific Circumstances

In addition to the exceptions covered earlier, IRC Sec. 108 includes other exceptions that grant federal-income-tax-free treatment to certain types of COD income:

- *Qualified Real Property Business Indebtedness Exception.* Debtors can elect to exclude from gross income any income from the discharge of *qualified real property business debt.* The COD amount excluded from gross income under this exception reduces the tax basis of the debtor's depreciable real property. Other tax attributes are not reduced. The debtor need not be insolvent and this exception is not available to debt discharges that occur in bankruptcy. [See IRC Sec. 108(a)(1)(D) and (2)(A).]

- *Qualified Farm Indebtedness Exception.* Farmers do not have to recognize COD income if the forgiven debt is *qualified farm indebtedness.* The COD amount excluded from gross income under this exception reduces the debtor's *adjusted tax attributes* and the tax basis of *qualified property.* The debtor need not be insolvent and this exception is not available to debt discharges that occur in bankruptcy. [See IRC Sec. 108(a)(1)(C) and (2)(A) and (g).]

- *Seller-financed Debt Exception.* This exception is available when: 1) the debtor is not bankrupt or insolvent, and (2) the discharged debt was incurred to acquire property in a seller-financed transaction. In other words, the debt is owed to the previous owner of the property. In this case, the discharged amount is simply treated as a reduction in the property's purchase price (which effectively reduces the property's basis by the discharged amount). Other tax attributes are unaffected. [See IRC Sec. 108(e)(5).]

- *Exception for Deductible Interest.* To the extent COD income is from accrued but unpaid interest that was added to the loan principal and then forgiven, that amount of COD income is excluded from the debtor's gross income if the interest could have been deducted if it had been paid. The debtor need not be bankrupt or insolvent. Tax attributes are unaffected. [See IRC Sec. 108(e)(2).]

- *Student Loan Exception.* This exception applies to discharges of certain student loans when the debtor works in certain professions that are deemed to be in the public interest. [See IRC Sec. 108(f).] The debtor need not be bankrupt or insolvent. Tax attributes are unaffected.

### Form 982 Usually Must Be Filed with Return for Year COD Income Is Excluded

Form 982 (Reduction of Tax Attributes Due to Discharge of Indebtedness) must be filed by the debtor with his or her Form 1040 for the year in which COD income is excluded from gross income under the exceptions covered in this release—except for the last three.

**References:**

IRC Secs. 61, 108, 1017, and 1398.
Rev. Rul. 92-53, 1992-2 CB 48.
PLR 8920019.
*Carlson, Roderick E.,* 116 TC 87 (Tax Court, 2001).

**Subscriber Note:** This *Tax Action Memo* was written by Tax Action Panel member William R. Bischoff, CPA of Colorado Springs, Colorado.

*Copyright © 2010 Thomson Reuters/Practitioners Publishing Company. All Rights Reserved. Practitioners Tax Action Bulletins®, Five-Minute Tax Briefing®, Tax Action Memo®, and National Tax Advisory® are registered trademarks used herein under license. For subscription information, call (800) 431-9025. This publication is designed to provide accurate information on the subject matter covered. The publisher is not engaged in rendering professional advice or service. If such expert assistance is required, the services of a competent professional should be sought.*

00826