# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  August 30, 2022

Mr. Jules M. DePorre
Office of the U.S. Attorney
600 Church Street
Suite 210
Flint, MI 48502

Mr. Kenneth Robert Sasse
Mogill, Posner & Cohen
27 E. Flint Street
Second Floor
Lake Orion, MI 48362-0000

Re:  Case No. 21-2899, *USA v. James Pieron, Jr.*
Originating Case No. : 1:18-cr-20489-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0361n.06

No. 21-2899

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | **FILED** |
| | ) | Aug 30, 2022 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| JAMES D. PIERON, JR., | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. James Pieron, Jr. challenges his conviction for tax evasion, arguing among other things that the district court should have instructed the jury regarding the applicable limitations period for that offense. We conclude that any error on that point was harmless, and affirm.

I.

Pieron is a United States citizen. From about 1999-2009 he lived in Switzerland, where he founded a currency-trading company and paid Swiss taxes. Yet Pieron was required to pay United States income taxes as well. His stepfather, an accountant, told him as much in 2008; and Pieron later hired American Tax Solutions to help prepare his 2008 and 2009 tax returns. Pieron's 2008 return said that he owed the government $268,445; the 2009 return said he owed $125,490. Pieron submitted those returns in January 2011, but did not include payment of the amounts owed.

No.21-2899, *United States v. Pieron*

The next month, the Internal Revenue Service informed Pieron that he owed even more than his returns had said: namely, $379,617.86 for 2008 and $166,584.07 for 2009.

Pieron then contacted a CPA, Kim Pavlik, to get a second opinion. She prepared amended returns showing that Pieron owed $365,082 for 2008 and $74,272 for 2009. In January 2012, Pieron submitted those amended returns and a proposed installment agreement in which he offered to pay $1,500 per month to settle his tax liabilities. (At that rate, Pieron's payment schedule would run more than a quarter-century.) The IRS did not respond to that offer, and Pieron paid $1,500 per month for a total of six months.

In early 2013, based upon new advice from Pavlik, Pieron again amended his returns for 2008 and 2009, this time claiming he owed no taxes at all. Pieron also filed an "Offer to Compromise—Doubt as to Liability," in which he offered the IRS $30,000 to resolve his tax liabilities for 2007, 2008, 2009, 2010, and 2011. The IRS did not respond to that proposal either, and his taxes remained unpaid.

In 2018, the government indicted Pieron for "willfully attempt[ing] to evade and defeat the payment of income taxes due and owing by him to the United States of America for the calendar years 2008 and 2009, by committing affirmative acts of evasion." *See* 26 U.S.C. § 7201. Pieron then paid $870,117.14, the full amount (with penalties and interest) that the government said he owed. Pieron sent a cover letter with the checks, saying they were "tendered as a cash bond to be applied to [his] outstanding federal tax liabilities, if any," for 2008 and 2009.

Meanwhile, the government continued its prosecution. In August 2018, it filed a Bill of Particulars, which included 19 paragraphs of allegations regarding Pieron's evasion of his tax liabilities. The case went to trial, where the government presented extensive evidence that—while Pieron's 2008 and 2009 taxes remained unpaid—Pieron moved millions of dollars from his

personal bank accounts in Switzerland to U.S. companies (like Komplique, Krescent, Navitas, and IB Tech) that he wholly controlled. Pieron then used funds from those companies to pay for expensive vehicles and luxury items. After four days of argument and testimony, a jury found Pieron guilty of willfully attempting to evade his 2008 and 2009 income taxes. The district court sentenced him to 15 months' imprisonment. This appeal followed.

II.

A.

Pieron argues that the government presented insufficient evidence to support his conviction. We review de novo "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004).

Tax evasion has three elements: "willfulness; the existence of a tax deficiency; and an affirmative act constituting evasion or attempted evasion of the tax." *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008); *see* 26 U.S.C. § 7201. Pieron first contends that the government failed to establish the existence of a tax deficiency for 2008 or 2009, *i.e.*, that he owed any taxes for those years. That argument is meritless: Pieron's own initial tax returns for 2008 and 2009, and his amended returns for those years, along with the trial testimony of Pieron's own tax preparers, were basis enough for the jury to conclude that he paid less tax than he owed.

Likewise meritless is Pieron's contention that the government failed to show that he committed "an affirmative act constituting evasion or attempted evasion of the tax." *Heath*, 525 F.3d at 456 (internal quotation marks omitted). Affirmative acts of evasion include "concealment of assets" and "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943). The parties here agreed that the relevant statute-of-

No.21-2899, *United States v. Pieron*

limitations date was January 9, 2012, so the government was required to prove that Pieron committed an affirmative act of tax evasion after that date.

The government presented evidence of at least three such acts within the limitations period. First, in August 2012, Pieron submitted a Foreign Bank Account Report in which he told the IRS that the balance for his JDFX Credit Suisse account had not exceeded $250,000 in 2009. Yet the government introduced records showing that Pieron transferred almost $750,000 from that same account to his IB Tech account in November 2009. Second, in January 2012, Pieron submitted Form 433-F—also known as a collection information statement—in which he told the IRS that his only assets were $3,500 in two checking accounts, a $25,000 Volkwagen, and a $1,000 interest in Navitas and also in Komplique. Yet at the same time Pieron was driving a $110,000 Mercedes that he paid for with Komplique funds and titled in Komplique's name; and, the month before he filed the 433-F, Pieron had access to $200,000 in Komplique's account. Third, two years later, Pieron traded in that Mercedes for a new one costing $139,000, paid for with funds from a Krescent account, and titled in Krescent's name. Yet Pieron's 433-F for 2014 omitted any mention of Krescent or the Mercedes. Suffice it to say that we agree with the district court that "the Government introduced compelling evidence that [Pieron] continued to evade his taxes after January 9, 2012."

## B.

That same conclusion defeats Pieron's more serious argument, which is that the district court should have instructed the jury that it could convict Pieron only if it found that he committed an evasive act within the five-year limitations period, meaning after January 9, 2012. Most of the actions alleged in the government's Bill of Particulars took place before that date; Pieron's proposed instruction correctly stated that, "[t]o be guilty of the crime alleged, the defendant must

No.21-2899, *United States v. Pieron*

have committed an affirmative act of tax evasion after January 9, 2012"; and that instruction likely would have focused both the jury's attention and the parties' presentations at trial. But we conclude that any error as to the district court's failure to give the instruction was harmless. *See generally Skilling v. United States*, 561 U.S. 358, 414 (2010); Fed. R. Crim. P. 52(a). In closing arguments, the government emphasized the 433-F forms that Pieron filed in 2012 and 2014. Those forms, as discussed above, were patently misleading; and Pieron made little effort to persuade the jury otherwise during trial and particularly during his closing argument. True, in closing arguments, the government also emphasized several instances of evasive conduct before January 9, 2012. But we see no reason to think that the jury might have overlooked his 2012 and 2014 433-F forms or otherwise found them non-evasive. Moreover, in the context of the trial record as a whole, the jury had every reason to think that Pieron's August 2012 Foreign Bank Account Report (in which he claimed a $250,000 maximum balance for a Swiss account that held $750,000 during the relevant year) was evasive as well. The government has shown by a preponderance of evidence that the district court's decision not to give Pieron's proposed instruction neither affected nor "substantially swayed" the verdict. *See United States v. Kettles*, 970 F.3d 637, 643 (6th Cir. 2020). The omission of that instruction therefore does not entitle Pieron to a new trial.

C.

Pieron's remaining arguments are insubstantial. He argues that his prosecution violated due process because, he says, the IRS had violated the "Taxpayer Bill of Rights" before then. *See* 26 U.S.C. § 7803(a)(3). Suffice it to say that Pieron has not identified any legal authority affording § 7803(a)(3) constitutional status. Pieron likewise argues that the IRS violated due process when it failed to follow its own regulations. But he does not identify a single regulation that the IRS failed to follow. Nor, as to his final argument, has Pieron demonstrated that he suffered any

No.21-2899, *United States v. Pieron*

prejudice as a result of the government's mid-trial production of documents relating to his W-8BEN form.  *See United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995); *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986).  Pieron made effective use of those documents during cross examination, and did not request a continuance during trial.  *See Joseph v. Coyle*, 469 F.3d 441, 472 (6th Cir. 2006)

The district court's judgment is affirmed.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-2899

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

JAMES D. PIERON, JR.,

      Defendant - Appellant.

> **FILED**
> Aug 30, 2022
> DEBORAH S. HUNT, Clerk

Before:  KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk